UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

Circuit Mediation Office
Phone (415) 355-7900 Fax (415) 355-8566
http://www.ca9.uscourts.gov/mediation

# MEDIATION QUESTIONNAIRE

The purpose of this questionnaire is to help the court's mediators provide the best possible mediation service in this case; it serves no other function. Responses to this questionnaire are *not* confidential. Appellants/Petitioners must electronically file this document within 7 days of the docketing of the case. 9th Cir. R. 3-4 and 15-2. Appellees/Respondents may file the questionnaire, but are not required to do so.

| | |
|---|---|
| 9th Circuit Case Number(s): | 12-57245 |
| District Court/Agency Case Number(s): | CV-10-3633 |
| District Court/Agency Location: | Central District of California, Western Division |
| Case Name: | DC Comics  v.  Pacific Pictures Corporation, et al. |
| If District Court, docket entry number(s) of order(s) appealed from: | 540 |
| Name of party/parties submitting this form: | Defendants, Pacific Pictures Corp. et al. |

Please briefly describe the dispute that gave rise to this lawsuit.

The Estate of Superman co-creator Joseph Shuster ("Shuster") exercised its rights under section 304(d) of the Copyright Act, to recover Shuster's Superman copyright interests by terminating his old copyright grants to DC Comics ("DC"). In 1997, the heirs of Superman's other co-creator, Jerome Siegel ("Siegel"), had served/filed a parallel termination notice which was upheld in Siegel v. Warner Bros. Entertainment Inc., C.D. Cal. Case No. 04-CV-08400. DC filed this lawsuit in 2010 seeking to invalidate or limit the Shuster Termination. DC also sought, in the alternative, declaratory relief under the Copyright Act and California's Unfair Competition Law against the Shuster Estate, the Siegel heirs, and their attorney, Mr. Toberoff, regarding agreements relating to the Termination. DC also brought baseless tortious interference claims against its long-time opposing counsel, Mr. Toberoff.

Briefly describe the result below and the main issues on appeal.

On October 17, 2012, the District Court granted DC summary judgment on both its First and alternative Third Claim. On the First Claim, the Court found a 1992 agreement between DC and Joseph Shuster's siblings precluded the Estate from exercising its statutory termination right by purportedly revoking Shuster's Superman copyright grants and re-granting his copyrights, despite the lack of any such contractual language and the fact that siblings did not then and do not now hold termination rights. On the Third Claim (although pled in the alternative if the First Claim was not granted), the court invalidated three Estate agreements (two of which had been voluntarily cancelled in 2004) as violating DC's supposed exclusive right of negotiation under 17 U.S.C. § 304(c)(6)(D). On December 11, 2012, the Court, on Defendants' motion, entered a Rule 54(b) judgment on DC's First and Third Claims that Defendants challenge on appeal.

| Describe any proceedings remaining below or any related proceedings in other tribunals. |
|---|
| The Siegel case was transferred to the current District Court on November 20, 2009. Thereafter, a Rule 54(b) judgment was entered, wherein the Siegel heirs' statutory termination was upheld, and the remainder of the case was stayed pending an appeal by both sides of the Rule 54(b) judgment, currently before this Circuit. 9th Cir. Appeal Nos. 11-55863, 11-56034. On October 25, 2011, the District Court in this case denied Defendants' Anti-SLAPP motion on the grounds that DC's Fourth, Fifth and Sixth Claims were purportedly not subject to California's Anti-SLAPP statute. Defendants' appeal of that order is currently before this Circuit. 9th Cir. Appeal No. 11-56934. On November 5, 2012, oral argument was heard as to both the cross-appeals in the Siegel case and on the Anti-SLAPP appeal by the Honorable Stephen R. Reinhardt, Sidney R. Thomas, and John H. Sedwick. Defendants intend to move early next year to have the same panel hear this appeal, and for expedited briefing.<br><br>There are currently discovery motions pending in the District Court, and DC intends to bring a motion for fees and costs on its First and Third Claims in early 2013.<br><br>Previously in this action, the District Court held that defendants had waived the attorney-client privilege on numerous documents that had been stolen from Mr. Toberoff's law firm and furnished by the thief to Warner Bros./DC, due to the firm's sharing such documents with the government in order to investigate/prosecute the crime. Defendants' petition for a writ of mandamus on this issue was denied after full briefing and oral argument on April 17, 2012. 9th Cir. Appeal No. 11-71844. |

| Provide any other thoughts you would like to bring to the attention of the mediator. |
|---|
| The parties engaged in formal mediation sessions before the Hon. Daniel Weinstein (Ret.) in May-June 2008, September 2009, April 2010, and December 2011; however, these efforts did not result in a settlement. |

Any party may provide additional information *in confidence* directly to the Circuit Mediation Office at ca09_mediation@ca9.uscourts.gov. Please provide the case name and Ninth Circuit case number in your message. Additional information might include interest in including this case in the mediation program, the case's settlement history, issues beyond the litigation that the parties might address in a settlement context, or future events that might affect the parties' willingness or ability to mediate the case.

## CERTIFICATION OF COUNSEL

I certify that:

☒ a current service list with telephone and fax numbers and email addresses is attached (see 9th Circuit Rule 3-2).

☒ I understand that failure to provide the Court with a completed form and service list may result in sanctions, including dismissal of the appeal.

| Signature | s/ Marc Toberoff |
|---|---|

("s/" plus attorney name may be used in lieu of a manual signature on electronically-filed documents.)

| Counsel for | Laura Siegel Larson, Jean Adele Peavy and Mark Warren Peary. |
|---|---|

**Note:** Use of the Appellate ECF system is mandatory for all attorneys filing in this Court, unless they are granted an exemption from using the system. **To file this form electronically** in Appellate ECF, complete the form, and then print the filled-in form to PDF (File > Print > PDF Printer/Creator). Then log into Appellate ECF and choose Forms/Notices/Disclosure > File a Mediation Questionnaire.