APPELLATE CASE NO. 12-57245

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

———————

DC COMICS,

*Plaintiff – Appellee,*

v.

PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF; MARK WARREN PEARY, as personal representative of the Estate of Joseph Shuster; LAURA SIEGEL LARSON, individually and as personal representative of the Estate of Joanne Siegel; JEAN ADELE PEAVY,

*Defendants – Appellants.*

———————

### APPELLANTS' EXCERPTS OF RECORD (VOL. VII OF VII)

———————

Appeal From The United States District Court for the Central District of California,
Case No. CV-10-03633 ODW (RZx), Hon. Otis D. Wright II

———————

TOBEROFF & ASSOCIATES, P.C.
Marc Toberoff  (188547)
 *mtoberoff@toberoffandassociates.com*
Keith G. Adams (240497)
 *kgadams@toberoffandassociates.com*
Pablo D. Arredondo (241142)
 *parredondo@toberoffandassociates.com*
22337 Pacific Coast Highway #348
Malibu, California 90265
Telephone:  (310) 246-3333
Facsimile:   (310) 246-3101

*Attorneys for Defendants-Appellants*

## <u>INDEX TO APPELLANTS' ELECTRONIC EXCERPTS OF RECORD</u>

| Date | Docket | Title | Vol. | Page |
|------|--------|-------|------|------|
| 10/17/2012 | 507 | Order on Cross-Motions for Summary Judgment | I | 1 |
| 12/11/2012 | 541 | Notice of Appeal of Rule 54(b) Judgment | II | 19 |
| 12/11/2012 | 540 | Rule 54(b) Judgment | II | 22 |
| 12/5/2012 | 533 | Order re: Motions for Evidentiary Hearing, for Reconsideration, to vacate, and for entry of Rule 54(b) Judgment | II | 24 |
| 11/12/2012 | 514 | Defendants' Motion to Vacate October 17, 2012 Order | II | 28 |
| 10/5/2012 | 499 | Defendants' Objection re: DC's New Evidence on Sur-Reply re: Defendants' Motion for Summary Judgment | II | 49 |
| 10/5/2012 | 499-1 | Declaration of Pablo D. Arredondo re: Objection | II | 54 |
| | | *Exhibit B – Ju1y 12, 2012 Kline-Toberoff e-mail* | II | 56 |
| | | *Exhibit C – September 25-27, 2012 e-mail chain* | II | 57 |
| 10/4/2012 | 498 | DC's Response re: Defendants' Objection to Bonesteel Declaration re: Defendants' Motion for Summary Judgment | II | 58 |
| 10/4/2012 | 498-1 | Declaration of Jason Tokoro re: Defendants' Objection to Bonesteel Declaration re: Defendants' Motion for Summary Judgment | II | 62 |
| | | *Exhibit 1 – June 12, 2006 Affidavit of Damon Bonesteel* | II | 66 |
| | | *Exhibit 2 – September 10, 2007 filing with Canadian Audio-Visual Certification Office* | II | 80 |
| 10/1/2012 | 495 | Defendants' Reply re: Defendants' Motion for Summary Judgment | II | 84 |

| Date | Docket | Title | Vol. | Page |
|------|--------|-------|------|------|
| 10/1/2012 | 495-1 | Defendants' Reply re: DC's Statement of Genuine Issues re: Defendants' Motion for Summary Judgment | II | 100 |
| 10/1/2012 | 495-2 | Defendants' Objections re: DC's Statement of Genuine Issues re: Defendants' Motion for Summary Judgment | II | 185 |
| 10/1/2012 | 495-3 | Defendants' Response re: DC's Evidentiary Objections re: Defendants' Motion for Summary Judgment | II | 194 |
| 10/1/2012 | 495-4 | Defendants' Response re: Rule 56(d) Declaration re: Defendants' Motion for Summary Judgment | II | 199 |
| 10/1/2012 | 495-5 | Reply Declaration of Keith G. Adams re: Defendants' Motion for Summary Judgment | II | 209 |
| | | *Exhibit B – March 16, 2012 Interrogatory Responses* | II | 211 |
| 9/21/2012 | 493 | Declaration of Dan Petrocelli re: Defendants' Motion for Summary Judgment | II | 221 |
| | | *Exhibit 1 – August 30, 2012 Tentative Order re: Motions for Summary Judgment* | II | 236 |
| | | *Excerpts from Exhibit 3 – September 18, 2012 Deposition of Marc Toberoff* | II | 256 |
| | | *Exhibit 5 – January 23, 1940 Letter from Leibowitz to Siegel* | II | 273 |
| | | Exhibit 6 – January 22, 1940 letter from Ellsworth to Siegel | II | 276 |
| | | Exhibit 7 – January 25, 1940 letter from Ellsworth to Siegel | II | 279 |
| | | *Exhibit 8 – February 8, 1940 Letter from Leibowitz to Siegel* | II | 282 |
| | | *Exhibit 9 – May 2, 1940 letter from Leibowitz to Siegel* | II | 284 |
| | | *Exhibit 10 – "Superboy" script by Siegel* | II | 287 |

| Date | Docket | Title | Vol. | Page |
|------|--------|-------|------|------|
| | | *Exhibit 14 – August 21, 1992 Letter from Peavy to Payson* | II | 301 |
| | | *Excerpts from Exhibit 15 – November 8, 2002 Superboy Notice of Termination* | III | 319 |
| | | *Exhibit 19 – June 21, 1941 Saturday Morning Post Article* | III | 333 |
| | | *Exhibit 21 – August 8, 1988 Letter from Payson to Shuster* | III | 340 |
| | | *Exhibit 22 – March 5, 1991 Letter from Payson to Joanne Siegel* | III | 342 |
| | | *Exhibit 23 – "Copyright Research Report" dated August 22, 1992* | III | 344 |
| | | *Exhibit 25 – "Copyright Renewal Registrations" dated 1972* | III | 346 |
| | | *Exhibit 26 – "Copyright Renewal Registrations" dated November 15, 1972* | III | 348 |
| | | *Exhibit 27 – "Copyright Renewal Registrations" dated 1973* | III | 352 |
| | | *Exhibit 29 – February 14, 1982 letter from Joanne Siegel to Ross* | III | 354 |
| | | *Exhibit 31 – Excerpts of April 3, 1997 termination notices* | III | 359 |
| | | *Exhibit 34 – October 3, 2002 Agreement between Mr. Toberoff and Ariel Emanuel, on behalf of IP Worldwide, and Joanne Siegel and Laura Siegel Larson* | III | 423 |
| | | *Exhibit 39 – Excerpts of November 11, 2006 deposition of Peavy* | III | 428 |
| 9/21/2012 | 492 | DC's Objections re: Defendants' Motion for Summary Judgment | III | 436 |
| 9/21/2012 | 491 | DC's Opposition re: Defendants' Motion for Summary Judgment | III | 447 |

| Date | Docket | Title | Vol. | Page |
|------|--------|-------|------|------|
| 9/21/2012 | 491-1 | Declaration of Damon Bonesteel re: Defendants' Motion for Summary Judgment | III | 477 |
| 9/11/2012 | 489 | Transcript for September 5, 2012 Proceeding | III | 480 |
| 8/20/2012 | 479 | Declaration of Keith Adams re: Defendants' Motion for Summary Judgment | III | 541 |
| | | *Exhibit A – March 1, 1938 Agreement between Detective Comics, Inc., Joseph Shuster and Jerome Siegel* | III | 552 |
| | | *Exhibit B – March 5, 1947 Complaint in the 1947 Action* | III | 553 |
| | | *Exhibit C – April 12, 1948 Findings of Facts in the 1947 Action* | IV | 596 |
| | | *Exhibit D – May 19, 1948 Stipulation of Settlement in the 1947 Action* | IV | 642 |
| | | *Exhibit E – May 21, 1948 Final Consent Judgment in the 1947 Action* | IV | 649 |
| | | *Exhibit F – November 22, 1975 New York Times Article* | IV | 660 |
| | | *Exhibit G – December 10, 1975 New York Times Article* | IV | 661 |
| | | *Exhibit H – December 23, 1975 Agreement between Warner Communications, Inc., Jerome Siegel, and Joseph Shuster* | IV | 662 |
| | | *Exhibit I – February 25, 1979 Los Angeles Times Article* | IV | 674 |
| | | *Exhibit J – October 10, 1980 Agreement between DC Comics, Inc. and Swampfilms, Inc.* | IV | 675 |
| | | *Exhibit K – August 3, 1992 New York Times Article* | IV | 699 |
| | | *Exhibit L – August 10, 1992 State of California Certificate of Death for Joseph Shuster* | IV | 700 |

| Date | Docket | Title | Vol. | Page |
|------|--------|-------|------|------|
| | | *Exhibit M – August 17, 1992 Affidavit signed by Jean Peavy* | IV | 701 |
| | | *Exhibit N – October 2, 1992 Letter from Frank Shuster to Paul Levitz* | IV | 703 |
| | | *Exhibit O – October 2, 1992 Agreement between DC Comics, Inc., Frank Shuster and Jean Peavy* | IV | 704 |
| | | *Exhibit P – November 5, 1992 Letter from Paul Levitz to Jean Peavy* | IV | 705 |
| | | *Exhibit Q – September 7, 1993 Letter from Paul Levitz to Jean Peavy* | IV | 706 |
| | | *Exhibit R – July 11, 1994 Letter from Paul Levitz to Frank Shuster and Jean Peavy* | IV | 708 |
| | | *Exhibit S – June 7, 1995 Letter from Paul Levitz to Jean Peavy* | IV | 709 |
| | | *Exhibit T – February 29, 1996 Copyright Research Report generated by Thompson & Thompson.* | IV | 710 |
| | | *Exhibit U – March 25, 1996 Letter from Paul Levitz to Jean Peavy* | IV | 719 |
| | | *Exhibit V – July 9, 1998 Letter from Paul Levitz to Jean Peavy* | IV | 720 |
| | | *Exhibit W – December 18, 1998 Agreement between Warner Bros., Hasbro, Inc. and Hasbro International, Inc.* | IV | 721 |
| | | *Exhibit X – October 18, 1999 Letter from Paul Levitz to Jean Peavy* | IV | 753 |
| | | *Exhibit Y – November 20, 2000 Letter from Paul Levitz to Jean Peavy* | IV | 754 |
| | | *Exhibit Z – November 28, 2001 Agreement between Pacific Pictures Corporation, Mark Warren Peary and Jean Peavy* | IV | 755 |

| Date | Docket | Title | Vol. | Page |
|------|--------|-------|------|------|
| | | *Exhibit AA – December 11, 2001 Letter from Paul Levitz to Jean Peavy* | IV | 759 |
| | | *Exhibit BB – December 2, 2002 Agreement between Warner Bros. and Edgar Rich Burroughs, Inc.* | IV | 760 |
| | | *Exhibit CC – July 23, 2003 Petition filed by Mark Warren Peary in the Superior Court of California, County of Los Angeles* | IV | 855 |
| | | *Exhibit DD – October 7, 2003 Order issued by the Superior Court of California, County of Los Angeles* | IV | 869 |
| | | *Exhibit EE – October 27, 2003 Agreement between Pacific Pictures Corporation, Jean Peavy and the Executor of Joseph Shuster's Estate (Mark Warren Peary)* | IV | 874 |
| | | *Exhibit FF – December 8, 2003 United States Copyright Office Certificate of Recordation* | IV | 878 |
| | | *Exhibit GG – September 10, 2004 Letter from Marc Toberoff to the Executor of the Estate of Joseph Shuster (Mark Warren Peary)* | IV | 894 |
| | | *Exhibit HH – April 28, 2005 Letter from Paul Levitz to Jean Peavy and Mark Warren Peary* | V | 895 |
| | | *Exhibit II – Excerpts from August 1, 2006 deposition of Laura Siegel Larson* | V | 902 |
| | | *Exhibit JJ – Excerpts from November 11, 2006 deposition of Mark Warren Peary* | V | 907 |
| | | *Exhibit KK – November 15, 2006 Letter from Alexander Merino to Adam Hagen* | V | 929 |
| | | *Exhibit LL – Excerpts from November 17, 2006 deposition of Marc Toberoff* | V | 930 |
| | | *Exhibit SS – Excerpts from deposition of Mark Warren Peary, dated June 29, 2011* | V | 951 |

| Date | Docket | Title | Vol. | Page |
|------|--------|-------|------|------|
| | | *Exhibit TT – Excerpts from deposition of Laura Siegel Larson, dated July 22, 2011* | V | 973 |
| | | *Exhibit UU – August 2, 2011 Letter from Marc Toberoff to Mark Warren Peary and Jean Peavy* | V | 984 |
| 8/20/2012 | 478 | Defendants' Notice of Motion and Motion for Partial Summary Judgment | V | 986 |
| 8/13/2012 | 474 | Defendants' Statement of Further Genuine Issues re: DC's Motion for Summary Judgment | V | 1022 |
| 8/6/2012 | 473 | DC's Objections re: Defendants' Evidence in Statement of Additional Undisputed Facts re: DC's Motion for Summary Judgment | V | 1026 |
| 8/6/2012 | 472 | DC's Response re: Defendants' Evidentiary Objections re: DC's Motion for Summary Judgment | V | 1035 |
| 8/6/2012 | 471 | DC's Response re: Defendants' Statement of Genuine Issues re: DC's Motion for Summary Judgment | V | 1065 |
| 8/6/2012 | 469 | Declaration of Cassandra Seto re: DC's Motion for Summary Judgment | V | 1139 |
| | | *Exhibit 2 – January 1, 1944 Letter from Siegel to DC* | V | 1143 |
| | | *Exhibit 6 – Stock Printouts for the week of August 14, 1992* | V | 1146 |
| 8/6/2012 | 468 | DC's Reply re: DC's Motion for Summary Judgment | V | 1151 |
| 7/30/2012 | 464 | Defendants' Evidentiary Objections re: DC's Motion for Summary Judgment | V | 1168 |
| 7/30/2012 | 463 | Declaration of Keith Adams re: DC's Motion for Summary Judgment | V | 1178 |
| | | *Exhibit 6 – January 31, 1996 New York Times Article* | V | 1185 |

| Date | Docket | Title | Vol. | Page |
|------|--------|-------|------|------|
| | | *Exhibit 15 – May 12, 2005 Letter from Marc Toberoff to Patrick Perkins* | V | 1186 |
| | | *Exhibit 20 – March 26, 2007 Declaration of Wayne Smith* | V | 1187 |
| | | *Exhibit 21 – 2010 New York State Division of Corporations Entity Information entry for Pacific Pictures Corporation* | V | 1193 |
| | | *Exhibit 28 – November 9, 2011 Mediation Questionnaire* | VI | 1195 |
| 7/30/2012 | 462 | Defendants' Opposition re: DC's Motion for Summary Judgment | VI | 1198 |
| 7/16/2012 | 460 | Declaration of Paul Levitz re: DC's Motion for Summary Judgment | VI | 1229 |
| | | *Exhibit 1 – July 9, 1990 Letter from Levitz to Joe Shuster* | VI | 1234 |
| | | *Exhibit 3 – August 21, 1992 Letter from Peavy to Levitz* | VI | 1236 |
| | | *Exhibit 4 – August 21, 1992 Letter from Levitz to Frank Shuster* | VI | 1237 |
| | | *Exhibit 5 – September 8, 1992 Letter from Levitz to Frank Shuster* | VI | 1239 |
| | | *Exhibit 6 – September 10, 1992 Letter from Peavy to Levitz* | VI | 1241 |
| | | *Exhibit 7 – September 15, 1992 Letter from Peary to Levitz* | VI | 1244 |
| 7/16/2012 | 459 | Declaration of Dan Petrocelli re: DC's Motion for Summary Judgment | VI | 1246 |
| | | *Exhibit 1 – December 4, 1937 Agreement between Siegel, Shuster and DC* | VI | 1254 |
| | | *Exhibit 3 – September 22, 1938 Agreement between Siegel, Shuster and DC* | VI | 1257 |

| Date | Docket | Title | Vol. | Page |
|------|--------|-------|------|------|
| | | *Exhibit 4 – September 22, 1938 Agreement between DC, the McClure Newspaper Syndicate, Siegel and Shuster* | VI | 1261 |
| | | *Exhibit 5 – September 28, 1938 Letter from Leibowitz to Siegel* | VI | 1265 |
| | | *Exhibit 6 – December 19, 1939 Agreement between DC, Siegel and Shuster* | VI | 1269 |
| | | *Exhibit 8 – Renewal Certificate for Action Comics No. 1* | VI | 1272 |
| | | *Exhibit 13 – March 1, 1973 Affidavit of Jerome Siegel* | VI | 1277 |
| | | *Exhibit 14 – March 7, 1973 Affidavit of Joe Shuster* | VI | 1289 |
| | | *Exhibit 16 – November 12, 1978 Letter by Joe Shuster* | VI | 1292 |
| | | *Exhibit 18 – March 12, 1991 Letter from Payson to Joanne Siegel* | VI | 1294 |
| | | *Exhibit 23 – September 8, 1992 Letter from Payson to Peavy* | VI | 1296 |
| 7/16/2012 | 458 | DC's Motion for Summary Judgment | VI | 1298 |
| 6/21/2012 | 451 | Order re: Documents Reviewed *en camera* | VI | 1331 |
| 11/25/2011 | 349 | Shuster Defendants' Answer to First Amended Complaint | VI | 1337 |
| 11/25/2011 | 348 | Siegel Defendants' Answer to First Amended Complaint | VI | 1378 |
| 11/25/2011 | 347 | Toberoff Defendants' Answer to First Amended Complaint | VI | 1416 |
| 10/24/2011 | 335 | DC's Response to Request for Judicial Notice re: Defendants' Consolidated Motion to Dismiss | VI | 1454 |
| 10/14/2011 | 333-1 | Request for Judicial Notice re: Defendants' Consolidated Motion to Dismiss | VI | 1456 |

| Date | Docket | Title | Vol. | Page |
|------|--------|-------|------|------|
| 10/14/2011 | 333 | Excerpts from Defendants' October 14, 2011 Consolidated Motion to Dismiss | VII | 1466 |
| 5/23/2011 | 252 | Order denying Motion for Review | VII | 1512 |
| 5/2/2011 | 231 | Excerpts from Defendants' Opposition to DC's Motion for Review | VII | 1515 |
| 4/11/2011 | 209 | Order on Motion to Compel | VII | 1521 |
| 2/8/2011 | 160 | Excerpts from Joint Stipulation re: Motion to Compel | VII | 1535 |
| 9/3/2011 | 49 | First Amended Complaint | VII | 1540 |
| 2/26/2013 | N/A | Docket for Central District of California Case No. 10-CV-03633 ODW (RZx) as of February 26, 2013 | VII | 1616 |

1   Marc Toberoff (State Bar No. 188547)
      *mtoberoff@ipwla.com*
2   Keith G. Adams (State Bar No. 240497)
      *kgadams@ipwla.com*
3   TOBEROFF & ASSOCIATES, P.C.
    2049 Century Park East, Suite 3630
4   Los Angeles, California, 90067
    Telephone:   (310) 246-3333
5   Fax:         (310) 246-3101

6   Attorneys for Defendants Mark Warren
    Peary, as personal representative of the
7   Estate of Joseph Shuster, Jean Adele Peavy,
    and Laura Siegel Larson, individually and
8   as personal representative of the Estate of
    Joanne Siegel

9

10                     **UNITED STATES DISTRICT COURT**

11          **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

12  DC COMICS,                        | Case No: CV 10-03633 ODW (RZx)

            Plaintiff,                | Hon. Otis D. Wright II, U.S.D.J.
13                                    | Hon. Ralph Zarefsky, U.S.M.J.
        vs.

14                                    | **DEFENDANTS'**
    PACIFIC PICTURES CORPORATION;     | **CONSOLIDATED NOTICE OF**
15  IP WORLDWIDE, LLC; IPW, LLC;      | **MOTION AND MOTION TO**
    MARC TOBEROFF, an individual;     | **DISMISS PURSUANT TO FED.**
16  MARK WARREN PEARY, as personal    | **R. CIV. P. 12(b)(6)**
    representative of the ESTATE OF
17  JOSEPH SHUSTER; JEAN ADELE        | Complaint filed:   May 14, 2010
    PEAVY, an individual; LAURA       | Discovery Cutoff:  None Set
18  SIEGEL LARSON, individually and as | Trial Date:        None Set
    personal representative of the ESTATE
19  OF JOANNE SIEGEL, and DOES 1-10,  | Date:   November 14, 2011
    inclusive,                        | Time:   1:30 p.m.
20                                    | Place:  Courtroom 11
21
            Defendants.
22

23

24

25

26

27

28

ER-1466

governs the 1992 Agreement,[15] the contract's unambiguous terms can be resolved readily on a motion to dismiss as a matter of law: "Whether a contract is ambiguous is a threshold question of law to be determined by the court." *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 390 (2d Cir. 2005) (granting Rule 12(b)(6) dismissal of contract claim). *See Seiden Assoc., Inc. v. ANC Holdings, Inc.*, 959 F.2d 425, 428 (2d Cir. 1992) ("[L]anguage of a contract is not made ambiguous simply because the parties urge different interpretations. Nor does ambiguity exist where one party's view 'strain[s] the contract language beyond its reasonable and ordinary meaning.'") (citations omitted).

Applicable New York law requires express language for a revocation and replacement of prior contracts. *See Simply Fit of N. Am., Inc. v. Poyner*, 579 F. Supp. 2d 371, 377 (E.D.N.Y. 2008) (holding prior contract remained in effect where later contract "did not expressly manifest an intention to substitute or replace" it).[16] Yet, there is no language whatsoever in the 1992 Agreement of a revocation or rescission of Joe Shuster's valuable Superman grants to DC and of a re-grant.

In sum, the 1992 Agreement by Jean Peavy and Frank Shuster was totally irrelevant to the Shuster Termination as a matter of law. It involved parties legally incapable of exercising the termination right. It could not have waived or encumbered the termination right. It therefore was not breached by the Shuster Executor's exercise of his termination rights. DC's Fourth Claim thus fails.

///

---

[15] This Court applies California choice of law principles, which dictate that the laws of the state with a "materially greater interest" control. *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1087 (9th Cir. 2009). The 1992 Agreement was drafted by DC, a New York partnership; was sent from DC's N.Y.C. headquarters, on N.Y.C. stationary; was between two New York parties (DC and Frank Shuster) and a New Mexican party (Peavy); and concerned property owned and managed by DC in New York. RJN, Ex. A.

[16] *See, e.g., Flaum v. Birnbaum*, 508 N.Y.S.2d 115, 120 (N.Y. App. 1986) (holding that, to rescind and replace a existing contract, all parties must have "clearly expressed their intention that a subsequent agreement superseded or substituted for an old agreement"); *Beck v. Mfrs. Hanover Trust Co.*, 481 N.Y.S.2d 211, 218 (N.Y. Sup. Ct. 1984) (same; rescission and replacement of a contract "'must never be presumed'") (citations omitted).

privilege, even if "they are, or are alleged to be, fraudulent, perjurious, unethical, or even illegal," so long as they are "'logically related'" to the action).

*Third*, even if Mr. Toberoff was not acting as an attorney – and he expressly was – the California Supreme Court has clearly held that there can be <u>no</u> liability <u>whatsoever</u> for tortious interference with contract based on the inducement of a party to file suit by a non-attorney. *PG&E*, 50 Cal. 3d at 1127 ("This conclusion will bring us face to face with the question … [of] whether it is proper to impose liability for inducing a potentially meritorious lawsuit. We will conclude that it is not."). *PG&E* held that where a non-attorney defendant contacted an agency, convinced them to seek declaratory relief in order to terminate a contract, paid "for legal, engineering and marketing studies," and retained and paid for outside counsel, in exchange for a percentage of any increased revenues, such activities were protected by the litigation privilege and could not, as a matter of law, give rise to a claim for tortious interference. *Id.* at 1123-24, 1136. The Fifth Claim is similarly premised on alleged inducement of the Siegels to reject a settlement offer, and to file a declaratory judgment action. As such, it is plainly barred as a matter of law.

## CONCLUSION

For the foregoing reasons, DC's First, Third, Fourth, Fifth and Sixth Claims should be dismissed, and DC's Second Claim should be dismissed in part and the remainder stayed as set forth above.

Dated: October 14, 2011       RESPECTFULLY SUBMITTED,

/s/ Marc Toberoff

Marc Toberoff

TOBEROFF & ASSOCIATES, P.C.
Attorneys for Defendants Mark Warren Peary *et al.*

/s/ Richard Kendall

Richard Kendall

KENDALL BRILL & KLIEGER LLP
Attorneys for Defendants Marc Toberoff *et al.*

DEFENDANTS' CONSOLIDATED MOTION TO DISMISS          **ER-1468**

Marc Toberoff (State Bar No. 188547)
 mtoberoff@ipwla.com
Keith G. Adams (State Bar No. 240497)
 kgadams@ipwla.com
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 3630
Los Angeles, California, 90067
Telephone:  (310) 246-3333
Fax:        (310) 246-3101

Attorneys for Defendants Mark Warren
Peary, as personal representative of the
Estate of Joseph Shuster, Jean Adele Peavy,
and Laura Siegel Larson, individually and
as personal representative of the Estate of
Joanne Siegel

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DC COMICS,<br><br>                    Plaintiff,<br><br>        vs.<br><br>PACIFIC PICTURES CORPORATION;<br>IP WORLDWIDE, LLC; IPW, LLC;<br>MARC TOBEROFF, an individual;<br>MARK WARREN PEARY, as personal<br>representative of the ESTATE OF<br>JOSEPH SHUSTER; JEAN ADELE<br>PEAVY, an individual; LAURA<br>SIEGEL LARSON, individually and as<br>personal representative of the ESTATE<br>OF JOANNE SIEGEL, and DOES 1-10,<br>inclusive,<br><br>                    Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>**DEFENDANTS'**<br>**CONSOLIDATED NOTICE OF**<br>**MOTION AND MOTION TO**<br>**DISMISS PURSUANT TO FED.**<br>**R. CIV. P. 12(b)(6)**<br><br>Complaint filed:  May 14, 2010<br>Discovery Cutoff:  None Set<br>Trial Date:        None Set<br><br>Date:   November 14, 2011<br>Time:   1:30 p.m.<br>Place:  Courtroom 11 |

1   KENDALL BRILL & KLIEGER LLP
    Richard B. Kendall (State Bar No. 90072)
2    *rkendall@kbkfirm.com*
    Laura W. Brill (State Bar No. 195889)
3    *lbrill@kbkfirm.com*
    Nicholas F. Daum (State Bar No. 236155)
4    *ndaum@kbkfirm.com*
    10100 Santa Monica Blvd., Suite 1725
5   Los Angeles, California  90067
    Telephone:   (310) 556-2700
6   Facsimile:    (310)556-2705

7   Attorneys for Defendants Marc Toberoff,
    Pacific Pictures Corporation, IP
8   Worldwide, LLC, and IPW, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' CONSOLIDATED MOTION TO DISMISS

**ER-1470**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on November 14, 2011 at 1:30 p.m., or as soon thereafter as counsel may be heard, in Courtroom 11 of the above-captioned Court, located at 312 N. Spring Street, Los Angeles, California, 90012, defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, and Jean Adele Peavy (the "Shuster Defendants"), defendant Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel (the "Siegel Defendant"), and defendants Marc Toberoff, Pacific Pictures Corporation, IP Worldwide, LLC and IPW, LLC (the "Toberoff Defendants") (collectively, "Defendants"), will and hereby do move to dismiss the claims for relief in the plaintiff DC Comics' ("DC") first amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) and this Court's September 27, 2011 order (Docket No. 328) as follows:

- The Shuster Defendants move to dismiss the First Claim for Relief, in which they are the only named defendants, as it is barred by the statute of limitations. The Shuster Defendants also move to dismiss sub-part (3) of the First Claim, which incorrectly alleges that a 1992 Agreement prevents the Shuster Estate from pursuing its termination rights, and sub-part (4) as barred by the judgment in the closely related case *Siegel v. Warner Bros. Entertainment, Inc.*, C.D. Cal. Case No. 04-CV-08400 ODW (RZx) ("*Siegel*") (Request for Judicial Notice, Ex. J) under the doctrine of issue preclusion.

- The Shuster Defendants move to dismiss sub-parts (a) and (c) of the Second Claim for Relief, in which they are the only named defendants, as such sub-parts are barred by the judgment in *Siegel* under the doctrine of issue preclusion.

- All Defendants move to dismiss the Third Claim and Sixth Claims for Relief, for declaratory relief under the Copyright Act and California's Unfair Competition Law, respectively, as both claims are barred by (i) the statute of limitations. Both claims also fail to state a claim because (ii) they are premised

NOTICE OF DEFENDANTS' CONSOLIDATED MOTION TO DISMISS

ER-1471

on the erroneous legal position that DC has a statutory "right" to a so-called "period of exclusivity" under 17 U.S.C. § 304, and (iii) DC consequently lacks standing and the claims are subject to dismissal under F.R.C.P. 12(b)(1). The Sixth Claim is also (iv) barred by the "litigation privilege," Cal. Civil Code § 47, (v) preempted by the Copyright Act and (vi) fails to state a claim because DC fails to plead "unfair, unlawful or fraudulent" conduct.

- Defendants Marc Toberoff and Pacific Pictures Corporation move to dismiss the Fourth Claim for Relief, for tortious interference with contract, for which they are the only named defendants, as it is barred (i) by the statute of limitations, (ii) by the "litigation privilege" of California Civil Code § 47, and (iii) because it fails to state a claim, as neither interference nor a valid contract has been alleged.

- Defendant Marc Toberoff moves to dismiss the Fifth Claim for Relief, for tortious interference with prospective economic advantage, in which he is the only named defendant, as it is barred (i) by the statute of limitations, and (ii) by the "litigation privilege" of California Civil Code § 47.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on September 15, 2010 and on October 6, 2011. This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

Dated:  October 14, 2011

RESPECTFULLY SUBMITTED,

/s/ Richard Kendall

Richard Kendall

KENDALL BRILL & KLIEGER LLP
Attorneys for Defendants Marc Toberoff,  Pacific
Pictures Corporation, IP Worldwide, LLC, and
IPW, LLC

ER-1472

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

/s/ Marc Toberoff
Marc Toberoff

TOBEROFF & ASSOCIATES, P.C.
Attorneys for Defendants Mark Warren Peary, as
personal representative of the Estate of Joseph
Shuster, Jean Adele Peavy, and Laura Siegel
Larson, individually and as personal representative
of the Estate of Joanne Siegel

NOTICE OF DEFENDANTS' CONSOLIDATED MOTION TO DISMISS

**ER-1473**

# **TABLE OF CONTENTS**

INTRODUCTION ....................................................................................... 1

ARGUMENT ............................................................................................... 4

    I.     Legal Standard ................................................................................ 4

    II.    The First Claim .............................................................................. 5

          A.    The First Claim Is Barred By the Statute of Limitations ....... 5

          B.    The 1992 Agreement Does Not Bar the Shuster Termination ............................................................................ 6

          C.    The 1948 Consent Judgment Does Not Bar the Shuster Termination ............................................................................ 6

    II.    The Second Claim ......................................................................... 6

    III.   The Third and Sixth Claims .......................................................... 7

          A.    The Third Claim Is Barred By the Statute of Limitations ............................................................................. 7

          B.    The Sixth Claim Is Barred By the Statute of Limitations ...... 8

          C.    DC Has No Legal "Right" to Negotiate (Third and Sixth Claims) ........................................................................ 8

          D.    DC Lacks Standing to Bring the Third and Sixth Claims ... 10

          E.    The Sixth Claim Is Barred By the Litigation Privilege ....... 11

          F.    The Sixth Claim Is Preempted By the Copyright Act ......... 12

          G.    The Sixth Claim Fails To Plead Conduct That Violates the UCL ................................................................................ 13

    IV.   The Fourth Claim ........................................................................ 15

          A.    The Fourth Claim Is Barred By the Statute of Limitations ........................................................................... 15

          B.    The Fourth Claim Is Barred By the Litigation Privilege ..... 16

          C.    DC Fails to State a Claim For Tortious Interference ........... 17

    V.    The Fifth Claim ........................................................................... 22

          A.    The Fifth Claim Is Barred By the Statute of Limitations .... 22

          B.    The Fifth Claim Is Barred By the Litigation Privilege ........ 23

CONCLUSION ......................................................................................... 25

<div align="center">

**<u>TABLE OF AUTHORITIES</u>**

</div>

**<u>Federal Cases</u>**                                                     **Pages**

*Aalmuhammed v. Lee*,
202 F.3d 1227 (9th Cir. 2000) .................................................................5

*Alexander v. Sandoval*,
532 U.S. 275 (2001) ...........................................................................11

*Altera Corp. v. Clear Logic, Inc.*,
424 F.3d 1079 (9th Cir. 2005) ...............................................................12

*Ashcroft v. Iqbal*,
129 S.Ct. 1937 (2009) ...........................................................................4

*Blue Nile, Inc. v. Ice.com, Inc.*,
478 F. Supp. 2d 1240 (W.D. Wash. 2007) .................................................13

*Bourne Co. v. MPL Commc'ns, Inc.*,
675 F. Supp. 859 (S.D.N.Y. 1987) ...................................................... 9-10

*Brown v. Dunbar*,
2010 U.S. App. LEXIS 8160 (9th Cir. Apr. 20, 2010) ................................ 6-7

*Campbell v. PMI Food Equipment Group, Inc.*,
509 F.3d 776 (6th Cir. 2007) ..................................................................8

*Classic Media, Inc. v. Mewborn*,
532 F.3d 978 (9th Cir. 2008) ............................................................1, 20

*Clinton v. Jones*,
520 U.S. 681 (1997) ..............................................................................7

*Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*,
819 F.2d 1519 (9th Cir. 1987) .................................................................6

*Del Madera Properties v. Rhodes & Gardner, Inc.*,
820 F.2d 973 (9th Cir. 1987) .................................................................13

*Delano Farms Co. v. Cal. Table Grape Comm'n*,
623 F. Supp. 2d 1144 (E.D. Cal. 2009) .....................................................6

*Doe 1 v. AOL LLC*,
552 F.3d 1077 (9th Cir. 2009) ...............................................................21

*Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*,
411 F.3d 384 (2d Cir. 2005) ..................................................................21

*E.E.O.C. v. Waffle House, Inc.*,
534 U.S. 279 (2002) ............................................................................19

*Eagle Precision Tech., Inc. v. Eaton Leonard Robolix, Inc.*,
2006 WL 6544087, No. 03-CV-352 BEN (WMc) (S.D. Cal. 2006) ..................16

<div align="center">

ii
TABLES OF CONTENTS AND AUTHORITIES

</div>

**ER-1475**

*Estate of Blue v. County of Los Angeles*,
120 F.3d 982 (9th Cir. 1997) ............................................................... 4-5

*Forcier v. Microsoft Corp.*,
123 F. Supp. 2d 520 (N.D. Cal. 2000) ............................................... 15-16

*Gardner v. Nike, Inc.*,
279 F.3d 774 (9th Cir. 2002) ................................................................ 11

*Idema v. Dreamworks, Inc.*,
162 F. Supp. 2d 1129 (C.D. Cal. 2001) ................................................ 12

*In re Conseco Ins. Co. Annuity Mktg. & Sales Practices Litig.*,
2007 U.S. Dist. LEXIS 12786 (N.D. Cal. Feb. 12, 2007) ......................... 8

*Kodadek v. MTV Networks*,
152 F.3d 1209 (9th Cir. 1998) ......................................................... 12-13

*Marvel Characters, Inc. v. Simon*,
310 F.3d 280 (2d Cir. 2002) ................................................................ 19

*Medimatch, Inc. v. Lucent Techs., Inc.*,
120 F. Supp. 2d 842 (N.D. Cal. 2000) .................................................... 8

*MEECO Mfg. Co. v. True Value Co.*,
Copy. L. Rep. (CCH) P29,368,
2007 U.S. Dist. LEXIS 25986 (W.D. Wash. Apr. 3, 2007) ......................... 8

*Metro. Transp. Comm'n v. Motorola, Inc.*,
342 Fed. Appx. 269 (9th Cir. 2009) ........................................................ 6

*Milne v. Stephen Slesinger, Inc.*,
430 F.3d 1036 (9th Cir. 2005) ........................................................ 10, 20

*Mindys Cosmetics, Inc. v. Dakar*,
611 F.3d 590 (9th Cir. 2010) ............................................................... 17

*Morcote v. Oracle Corp.*,
2005 WL 3157512 (N.D. Cal. Nov. 23, 2005) ......................................... 8

*Motown Record Corp. v. George A. Hormel & Co.*,
657 F. Supp. 1236 (C.D. Cal. 1987) ..................................................... 13

*Nasr v. Geary*,
2003 U.S. Dist. LEXIS 13887 (C.D. Cal. June 9, 2003) ......................... 11

*Oei v. N. Star Capital Acquisitions, LLC*,
486 F. Supp. 2d 1089 (C.D. Cal. 2006) .................................................. 5

*Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*,
469 U.S. 189 (1985) ............................................................................. 10

*Parrino v. FHP, Inc.*,
146 F.3d 699 (9th Cir. 1997) ................................................................. 5

iii
TABLES OF CONTENTS AND AUTHORITIES

ER-1476

*Preminger v. Peake*,
536 F.3d 1000 (9th Cir. 2008) .................................................................11

*Ritchie v. Williams*,
395 F.3d 283 (6th Cir. 2005) ...................................................................12

*Rivers v. Walt Disney Co.*,
980 F. Supp. 1358 (C.D. Cal. 1997) ..........................................................7

*Seiden Assoc., Inc. v. ANC Holdings, Inc.*,
959 F.2d 425 (2d Cir. 1992) .....................................................................21

*Shroyer v. New Cingular Wireless Servs.*,
606 F.3d 658 (9th Cir. 2010) ...................................................................14

*Siegel v. Warner Bros. Entertainment Inc.*,
Case No. 04-CV-08400 ODW (RZx) .................................................*passim*

*Siegel v. Warner Bros. Entertainment Inc.*,
542 F. Supp. 2d 1098 (C.D. Cal. 2008) ............................................ 5-6, 19

*Siegel v. Warner Bros. Entertainment Inc.*,
658 F. Supp. 2d 1036 (C.D. Cal. 2009) ................................................ 6-7

*Simply Fit of N. Am., Inc. v. Poyner*,
579 F. Supp. 2d 371 (E.D.N.Y. 2008) .....................................................21

*Stewart v. Abend*,
495 U.S. 207 (1990) ................................................................................19

*Streamcast Networks, Inc. v. Skype Techs., S.A.*,
2006 WL 5441237 (C.D. Cal. Sept. 14, 2006) ........................................15

*Super Tire Eng'g Co. v. McCorkle*,
416 U.S. 115 (1974) ..................................................................................8

*Trenton v. Infinity Broadcast'g Corp.*,
865 F. Supp. 1416 (C.D. Cal. 1994) ........................................................13

*Zuill v. Shanahan*,
80 F.3d 1366 (9th Cir. 1996) .....................................................................5

**Federal Statutes and Rules**

17 U.S.C. § 203(a)(5) ...............................................................................19

17 U.S.C. § 301(a) ...................................................................................12

17 U.S.C. § 304(c)(5) ...................................................................... 3, 6, 19-20

17 U.S.C. § 304(c)(6)(B) ...........................................................................5

17 U.S.C. § 304(c)(6)(D) ..................................................................*passim*

iv
TABLES OF CONTENTS AND AUTHORITIES

**ER-1477**

17 U.S.C. § 304(d) .................................................................................2, 16

17 U.S.C. § 507(b) ....................................................................................5, 7

F.R.C.P. 8(a)(2) ............................................................................................4

F.R.C.P. 9(b) ...............................................................................................14

F.R.C.P. 12(b)(1) ..........................................................................................3

F.R.C.P. 12(b)(6) ....................................................................................4, 21

**State Cases**

*Aronson v. Kinsella,*
58 Cal. App. 4th 254 (1997) .......................................................................11

*Asia Inv. Co. v. Borowski,*
133 Cal. App. 3d 832 (1982) .......................................................................12

*Beck v. Mfrs. Hanover Trust Co.,*
481 N.Y.S.2d 211 (N.Y. Sup. Ct. 1984) ....................................................21

*Bed, Bath & Beyond of La Jolla, Inc. v. La Jolla Vill. Square Venture Partners,*
52 Cal. App. 4th 867 (1997) .......................................................................19

*Brandlin v. Belcher,*
67 Cal. App. 3d 997 (1977) .........................................................................24

*Cabral v. Martins,*
177 Cal. App. 4th 471 (2009) .....................................................................17

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Telephone Co.,*
20 Cal. 4th 163 (1999) ................................................................................14

*Chang v. Lederman,*
172 Cal. App. 4th 67 (2009) .......................................................................17

*Crowley v. Katleman,*
8 Cal. 4th 666 (1994) ..................................................................................24

*Dove Audio, Inc. v. Rosenfeld, Meyer & Susman,*
47 Cal. App. 4th 777 (2008) .......................................................................24

*Drum v. Bleau, Fox & Associates,*
107 Cal. App. 4th 1009 (2003) ...................................................................17

*Durell v. Sharp Healthcare,*
183 Cal. App. 4th 1350 (2010) ...................................................................14

*Flaum v. Birnbaum,*
508 N.Y.S.2d 115 (N.Y. App. 1986) ..........................................................21

*Fox v. Ethicon Endo-Surgery, Inc.*,
35 Cal. 4th 797 (2005) ................................................................. 22-23

*Frank Pisano & Associates v. Taggart*,
29 Cal. App. 3d 1 (1972) .................................................................. 17

*GeneThera, Inc. v. Troy & Gould Professional Corp.*,
171 Cal. App. 4th 901 (2009) ............................................................ 12

*Grisham v. Philip Morris U.S.A., Inc.*,
40 Cal.4th 623 (2007) ...................................................................... 8

*Jolly v. Eli Lilly & Co.*,
44 Cal. 3d 1103 (1988) ............................................................... 16, 22

*Kashian v. Harriman*,
98 Cal. App. 4th 892 (2002) .......................................................... 24-25

*Olszewski v. Scripps Health*,
30 Cal. 4th 798 (2003) .................................................................... 13

*Pacific Gas & Electric Co. v. Bear Stearns & Co.*,
50 Cal. 3d 1118 (1990) ........................................................... 17-18, 25

*People's Choice Wireless v. Verizon Wireless*,
131 Cal. App. 4th 656 (2005) ............................................................ 14

*Rosenthal v. Irell & Manella*,
135 Cal. App. 3d 121 (1982) .....................................................*passim*

*Rothman v. Jackson*,
49 Cal. App. 4th 1134 (1996) ............................................................ 11

*Rubin v. Green*,
4 Cal. 4th 1187 (1993) .............................................................*passim*

*Rusheen v. Cohen*,
37 Cal. 4th 1048 (2006) ................................................................... 11

*Samuels v. Forest*,
2007 WL 3149285 (Cal. App. Oct. 30, 2007) ......................................... 16

*Seltzer v. Barnes*,
182 Cal. App. 4th 953 (2010) ............................................................ 12

*Silberg v. Anderson*,
50 Cal. 3d 205 (1990) ..................................................................... 11

*Snapp & Associates Ins. Services, Inc. v. Robertson*,
96 Cal. App. 4th 884 (2002) .............................................................. 8

*Stutz Motor Car of Am. v. Reebok Int'l*,
909 F. Supp. 1353 (C.D. Cal. 1995) ..................................................... 8

*Taheri Law Group v. Evans*,
160 Cal. App. 4th 482 (2008) .................................................................24

*Trembath v. Digardi*,
43 Cal. App. 3d 834 (2000) ...................................................................15

*Wilton v. Mountain Wood Homeowners Assn.*,
18 Cal.App.4th 565 (1993) ...................................................................17

**State Statutes and Rules**

Cal. Bus. & Prof. Code §§ 17200 *et seq.* .........................................2, 14

Cal. Bus. & Prof. Code § 17208 .............................................................8

Cal. Civil Code §47(b)..................................................................*passim*

Cal. Code Civ. Proc. § 339(1)..........................................................15, 22

**Other Authorities**

H.R. Rep. No. 94-1476 (1976).........................................................12-13

61 CAL. JUR. 3d UNFAIR COMPETITION § 3 (2008) ...............................14

M. Nimmer & D. Nimmer, *Nimmer on Copyright* (2010) ("*Nimmer*")
1 *Nimmer* § 1.01[B][1] ..................................................................12-13

3 *Nimmer* § 11.01...............................................................................20

3 *Nimmer* § 11.08[A], n.6 ..................................................................10

W. Patry, *Patry on Copyright* (2010)*,*
3 *Patry on Copyright* § 7:47 ..............................................................10

3 *Patry on Copyright* § 21:18 ............................................................10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **INTRODUCTION**

The Copyright Act's "termination" provisions, which preempt ordinary contract principles and empower authors and designated heirs after lengthy periods to terminate old copyright grants without cause, were enacted by Congress in recognition of the "unequal bargaining position of authors" and to enable them to secure "the monetary rewards of a work that may have been initially undervalued, but which later becomes a commercial success." *Classic Media, Inc. v. Mewborn*, 532 F.3d 978, 983-84 (9th Cir. 2008). This Court has determined, in three published opinions and a judgment in the related case of *Siegel v. Warner Bros. Entertainment Inc.*, Case No. 04-CV-08400 ODW (RZx) ("*Siegel*"), that plaintiff DC Comics ("DC") has neither the facts nor the law on its side in its long-running dispute with the heirs of Superman's co-creators, Jerome Siegel ("Siegel") and Joseph Shuster ("Shuster"), over the exercise of their termination rights under the Copyright Act.

After this Court ruled in *Siegel* that Siegel's heirs had at long last recaptured his copyright in his iconic co-creation, DC filed this retaliatory lawsuit in 2010 against (a) Joanne Siegel (now deceased) and Laura Siegel Larson, individually and now personal representative of Joanne Siegel's Estate (the "Siegel Defendants"); (b) Mark Warren Peary, personal representative of the Estate of Joseph Shuster (the "Shuster Executor"), and Shuster's sister, Jean Adele Peavy (the "Shuster Defendants") (with the Siegel Defendants, the "Heirs"), and (c) their long-time attorney, Marc Toberoff, and affiliated entities, Pacific Pictures Corp. (dissolved), IP Worldwide, LLC (inactive) and IPW, LLC (the "Toberoff Defendants").

The transparent purpose of DC's lawsuit is to re-litigate the issues DC has already lost in the *Siegel* case; to disrupt the successful relationship between Mr. Toberoff and his clients; to obtain economic leverage by driving up Defendants' litigation costs, and to delay the final reckoning between DC and the Heirs.[1]

---

[1] Detailed background concerning the Copyright Act's termination provisions, the dispute between the Heirs and DC, the *Siegel* action, and DC's current allegations is set forth in the Toberoff Defendants' pending Anti-SLAPP Motion. *See* Docket No. 145-1 at 4-12.

Since filing this baseless suit, DC has run roughshod with burdensome and unwarranted motion practice, filing 15 discovery motions covering 30 issues, and has lost or withdrawn 24 of them. *See* Docket No. 313, ¶ 8; No. 323. The time has come to put an end to DC's sideshow, and dismiss its infirm claims as a matter of law.

First Claim (against the Shuster Defendants): DC's First Claim (First Amended Complaint (Docket No. 49) ("FAC"), ¶¶ 105-134) seeks to invalidate the Shuster Executor's notice of termination served on DC in 2003 and filed with the Copyright Office pursuant to 17 U.S.C. § 304(d) (the "Shuster Termination"). DC's First Claim presents five erroneous legal arguments in the hopes of undermining the Shuster Termination. However, this Court need not decide them as the First Claim accrued in 2003 and is clearly barred by the three-year statute of limitations. DC's alleged defenses based on a 1992 agreement and a 1948 consent judgment also fail as a matter of law.

Second Claim (against the Shuster Defendants): DC's Second Claim (FAC ¶¶ 135-164) seeks to adjudicate the "scope" of the Shuster Termination. This claim substantially duplicates issues already decided or pending in *Siegel*. Sub-parts (a) and (c) of this claim must be dismissed as barred by the judgment in *Siegel* (*see* Request for Judicial Notice ("RJN"), Ex. J) under the doctrine of issue preclusion, and the remainder of this claim should be stayed pending resolution of the more advanced *Siegel* litigation.

Third and Sixth Claims (against all Defendants): DC's Third Claim (FAC ¶¶ 165-173) for declaratory relief under the Copyright Act, and Sixth Claim (FAC ¶¶ 187-189) for declaratory relief under California's "Unfair Competition Law" (Cal. Bus. & Prof. Code §§ 17200 et seq.) ("UCL") both fail as a matter of law.

Both claims are barred by the statute of limitations: the Third Claim accrued by no later than 2006 and is subject to a three-year statute of limitations; the Sixth Claim accrued by no later than 2003 and is subject to a four-year statute.

Both claims are falsely premised on a nonexistent "right" to exclusively

negotiate with the Heirs to buy back the copyrights that are subject to termination. As DC has no such "right" under 17 U.S.C. § 304(c)(6)(D), its Third and Sixth Claims must fail as a matter of law. Furthermore, as the statute grants DC no rights, DC also lacks standing under F.R.C.P. 12(b)(1) to pursue either claim.

The Sixth Claim is also barred by the litigation privilege under Cal. Civil Code §47(b), because it targets settlement and litigation related activity. It is also preempted by the Copyright Act, as it concerns the same subject matter. It also fails to state a viable UCL claim because it pleads no "unlawful, unfair or fraudulent" acts.

<u>The Fourth Claim</u>: DC's Fourth Claim (FAC ¶¶ 174-79), for intentional interference with contract against defendants Marc Toberoff and Pacific Pictures Corporation, alleges that they induced defendant Mark Warren Peary to file statutory notices of termination and that these filings supposedly *breached* a 1992 agreement between DC and Joseph Shuster's siblings, Frank Shuster and defendant Jean Peavy (the "1992 Agreement"). The Fourth Claim is barred by the applicable two-year statute of limitations, since it is based on a purported breach in 2001, which DC indisputably discovered no later than 2006. The claim is based on supposedly interfering agreements that were entered into for the purpose of effecting the Shuster Termination, and that Mr. Toberoff would provide legal support for that effort, and is therefore also barred by the litigation privilege under Cal. Civil Code § 47(b).

In addition, the Shuster Termination could not breach the 1992 Agreement as a matter of law because Shuster's siblings <u>never</u> possessed, exercised, or transferred a termination right under the Copyright Act. Finally, even if the 1992 Agreement had attempted to prohibit the Shuster Termination in any way – and it did not – it would be void under the Copyright Act as a matter of law. 17 U.S.C. § 304(c)(5).

<u>The Fifth Claim</u>: DC's Fifth Claim (FAC ¶¶ 180-86), for intentional interference with prospective economic advantage, against Mr. Toberoff, alleges that Mr. Toberoff interfered with the Siegel Defendants' settlement negotiations with DC. The FAC indisputably alleges that the purported interference took place in 2002

DEFENDANTS' CONSOLIDATED MOTION TO DISMISS     **ER-1483**

1    (FAC ¶¶ 74-81), and DC was on inquiry notice of all the alleged facts underlying this

2    claim by 2006 at the very latest, rendering it time-barred by the applicable two-year

3    statute of limitations.  Like the Fourth and Sixth Claims, this claim is also barred by

4    the litigation privilege.  The gravamen of the Fifth Claim is Mr. Toberoff's supposed

5    encouragement of the Siegel Defendants (a) to reject a "settlement offer" (FAC ¶

6    181) designed to "avoid the possibility of an expensive and protracted lawsuit

7    regarding ownership of rights" (FAC ¶ 183), and (b) to solicit an agreement that

8    expressly provided for Mr. Toberoff's legal services (FAC ¶ 83).  However, even if

9    these false allegations were true, such communications relating to the rejection of

10   settlement offers (*see Rosenthal v. Irell & Manella*, 135 Cal. App. 3d 121, 126

11   (1982)) and the alleged "solicitation" of clients (*see Rubin v. Green*, 4 Cal. 4th 1187

12   (1993)) are protected by law under Cal. Civil Code § 47(b)'s litigation privilege.

## ARGUMENT

### I.    LEGAL STANDARD

15          Under F.R.C.P. 8(a)(2), a complaint must contain "a short and plain statement

16   of the claim showing that the pleader is entitled to relief."  To survive a motion to

17   dismiss under F.R.C.P. 12(b)(6), "a complaint must contain sufficient factual matter

18   … to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct.

19   1937, 1949 (2009) (citations omitted).  "[W]here the well-pleaded facts do not permit

20   the court to infer more than the mere possibility of misconduct, the complaint has

21   alleged – but it has not 'shown' – 'that the pleader is entitled to relief'" and, on that

22   basis, must be dismissed.  *Id.,* 129 S.Ct. at 1950 (quoting F.R.C.P. 8(a)(2)).  Legal

23   conclusions "are not entitled to an assumption of truth."  *Id.* at 1950.

24          It is further well-established that courts can and should apply the statute of

25   limitations or other dispositive defenses on a motion to dismiss if the relevant facts

26   are alleged in the complaint or can be judicially noticed.  *See Estate of Blue v. County*

27   *of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997) ("[T]he pleadings themselves

28   contain a detailed account of the procedural history…. [W]e may properly take

1  judicial notice of the papers filed…. It therefore was not error to decide the statute of
2  limitations question on a motion to dismiss"); *Oei v. N. Star Capital Acquisitions,*
3  *LLC*, 486 F. Supp. 2d 1089, 1101-1103 (C.D. Cal. 2006) (determining litigation
4  privilege at the pleading stage). It is also proper to take judicial notice of documents
5  referenced in a complaint, which are effectively incorporated by such reference. *See*
6  *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-706 (9th Cir. 1997).

7  **II.**   **THE FIRST CLAIM**

8    **A.**   <u>**The First Claim Is Barred By the Statute of Limitations**</u>

9    DC's First Claim (FAC ¶¶ 105-134) is for declaratory relief under the
10  Copyright Act that the Shuster Termination is invalid and that DC will continue to
11  co-own the Superman copyrights as the successor to Shuster's co-authorship share.
12  The Ninth Circuit has held that such a claim for declaratory relief as to copyright co-
13  ownership must be brought under 17 U.S.C. § 507(b) "within three years after the
14  claim accrued," and that such a claim accrues upon a "plain and express repudiation"
15  of ownership. *Zuill v. Shanahan*, 80 F.3d 1366, 1370-71 (9th Cir. 1996); *see also*
16  *Aalmuhammed v. Lee*, 202 F.3d 1227, 1231 (9th Cir. 2000) (same); *Siegel*, 542 F.
17  Supp. 2d 1098, 1134 (C.D. Cal. 2008) (same).

18    The Shuster Termination, served on November 10, **2003**, which terminates
19  Shuster's Superman copyright grants to DC, clearly constitutes a "plain and express
20  repudiation" of DC's copyright co-ownership – triggering the three-year statute of
21  limitations under *Zuill* and *Aalmuhammed*. FAC ¶ 92. Moreover, the Shuster
22  Executor's termination interest "vested on the [2003] date the notice of termination
23  ha[d] been served." 17 U.S.C. § 304(c)(6)(B). DC's claims are thus time-barred.

24    DC itself argued in the closely-related *Siegel* litigation for the application of
25  the three-year statute of limitations to declaratory relief claims regarding termination
26  notices, *see Siegel*, 542 F. Supp. 2d at 1134-36, yet for nearly five years since that
27  action began and six years since receiving the Shuster Termination, DC chose to sit
28  on its hands. DC's First Claim should be dismissed as clearly barred by the statute of

DEFENDANTS' CONSOLIDATED MOTION TO DISMISS   **ER-1485**

1   limitations.

2   **B.    The 1992 Agreement Does Not Bar the Shuster Termination**

3        Part (3) of DC's First Claim that the 1992 Agreement bars termination (FAC

4   ¶¶ 112-17) fails as a matter of law.[2]  As set forth in detail in Section IV.C regarding

5   the Fourth Claim, the 1992 Agreement, as a matter of law, has no relevance to or

6   effect on the Shuster Termination and, even if it was designed to prevent such

7   termination, it could have no such effect, according to 17 U.S.C. § 304(c)(5).

8   **C.    The 1948 Consent Judgment Does Not Bar the Shuster Termination**

9        Part (4) of DC's First Claim that the May 21, 1948 consent judgment in an old

10  Westchester, NY action (FAC ¶¶ 125-28) bars statutory termination also fails as a

11  matter of law.  DC's exact same argument was rejected in *Siegel*, in an order now

12  entered as a Rule 54(b) judgment.  *Siegel*, 542 F. Supp. 2d at 1131-32; Request for

13  Judicial Notice ("RJN"), Ex. J.  The doctrine of issue preclusion or collateral estoppel

14  bars re-litigation of such issues that have already been decided against DC on the

15  merits, and applies with equal force to a Rule 54(b) judgment.  *See Continental*

16  *Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987);

17  *Brown v. Dunbar*, 2010 U.S. App. LEXIS 8160 (9th Cir. Apr. 20, 2010).

18  **II.    SECOND CLAIM**

19       DC's Second Claim (FAC ¶¶ 135-164) addresses the "scope" of the Shuster

20  Termination.  Sub-parts (a) and (c) of DC's Second Claim concern "work for hire"

21  issues which were thoroughly litigated and resolved in the *Siegel* action, and which

22  are equally applicable to the Siegel and Shuster Terminations, since Siegel and

23  Shuster co-authored the same Superman works and executed the same Superman

24  grants subject to such terminations.  *Compare* FAC ¶¶ 153-54, 158-59 *with Siegel*,

25  542 F. Supp. 2d at 1126-30; *Siegel*, 658 F. Supp. 2d 1036, 1063-68, 1083 (C.D. Cal.

26

27  _____

[2] Where one claim presents multiple theories, courts can dismiss those portions or sub-parts of a claim that are barred as a matter of law.  *See, e.g., Metro. Transp. Comm'n v. Motorola,*

28  *Inc.*, 342 Fed. Appx. 269, 272 (9th Cir. 2009); *Delano Farms Co. v. Cal. Table Grape Comm'n*, 623 F. Supp. 2d 1144, 1180 (E.D. Cal. 2009).

2009) (work for hire issues); and FAC ¶¶ 153-54 *with Siegel*, 658 F. Supp. 2d at 1061 (unpublished Superman works).  Accordingly, sub-parts (a) and (c) of DC's Second Claim are clearly barred by the judgment in *Siegel* (RJN, Ex. J) under the doctrine of issue preclusion or collateral estoppel.  *See Brown v. Dunbar,* 2010 U.S. App. LEXIS 8160.  The remaining parts of the claim should be stayed pending resolution of the more advanced *Siegel* litigation.  *See, e.g., Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (staying action pending related litigation to "serve the interests of judicial economy"); *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (a court "has broad discretion to stay proceedings as an incident to its power to control its own docket").

## III.  THE THIRD AND SIXTH CLAIMS

DC's Third Claim (for declaratory relief under the Copyright Act; FAC ¶¶ 165-73) and Sixth Claim (for declaratory relief under California's UCL; FAC ¶¶ 187-89) overlap as both focus on the 2001 and 2003 Pacific Pictures Agreements ("PPC Agreements") with the Shuster Defendants, which expired in 2004; a 2002 IP Worldwide Agreement with the Siegel Defendants, which expired in 2005 ("IPWW Agreement"); and a collective bargaining agreement between the Siegel Defendants and the Shuster Defendants made in *Siegel* ("Consent Agreement").[3]  RJN, Ex. I.  DC erroneously claims that these agreements "interfered" with a non-existent "right" of DC to negotiate with the Heirs regarding their statutory terminations.  Both claims are barred as a matter of law on numerous grounds:

### A.  The Third Claim Is Barred By the Statute of Limitations

The Third Claim for declaratory relief under the Copyright Act is subject to 17 U.S.C. § 507(b)'s three-year statute of limitations.  The Third Claim is expressly based on the old PPC Agreements and IPWW Agreement.  FAC ¶ 169.  DC knew about these agreements by **November 15, 2006** (if not earlier) when the agreements

---

[3] DC's allegations as to the Consent Agreement (FAC ¶¶ 101, 170, 188) are solely based on disclosures in Court-ordered settlement mediation, and willfully breach the explicit JAMS Confidentiality Agreement entered into by DC and the Heirs.  *See* Docket No. 160 at 51-57.

Case 2:13-cv-05245-DW3/05/2013 ID: 8538472 DktEntry: 10-8 Page 34 of 228 Page ID
Case 2:10-cv-03633-ODW-RZ Document 393 Filed 10/14/11 Page 20 of 37 Page ID
#:21885

1    were voluntarily produced to DC, and in **November 2006**, when DC took deposition

2    testimony regarding these agreements and Mr. Toberoff's relationship with the Heirs.

3    RJN, Exs. B-D, G-H, ¶ 7.[4]  Thus, DC's Third Claim expired in **November 2009**, six

4    months before this suit was filed.  Nor can DC claim any continuing harm from such

5    agreements, as they expired in 2004 and 2005, respectively.  *See* FAC ¶¶ 81-83, 99.[5]

6         **B.**    **The Sixth Claim Is Barred By the Statute of Limitations**

7         DC's Sixth Claim is based on California's UCL.  "Any action to enforce any

8    cause of action [under the UCL] shall be commenced within four years after the

9    cause of action accrued."  Cal. Bus. & Prof. Code § 17208.  Like the Third Claim, the

10   Sixth Claim is expressly based on the **2001/2003** PPC Agreements and **2002** IPWW

11   Agreement.  FAC ¶ 188.  DC alleges that it was unaware of these claims when they

12   first accrued, but courts – especially federal courts applying the UCL – hold UCL

13   claims accrue at the moment of the alleged injury "irrespective of whether plaintiff

14   knew of its accrual."  *Stutz Motor Car of Am. v. Reebok Int'l*, 909 F. Supp. 1353,

15   1363 (C.D. Cal. 1995).[6]  DC's Sixth Claim therefore expired by no later than **2007**.

16        **C.**    **DC Has No Legal "Right" to Negotiate (Third and Sixth Claims)**

17        DC's Third and Sixth Claims are both premised on the erroneous legal position

18   that DC has a "right" under 17 U.S.C. § 304(c)(6)(D) to negotiate the purchase of the

19   Heirs' recaptured Superman copyrights, and that the PPC, IPWW and Consent

---

[4] DC has argued that this claim and/or its Sixth Claim is saved from the statute of limitations by the 2008 Consent Agreement; however the Consent Agreement provides DC with no basis for relief as a matter of law.  *See* Section III.C, *infra*.

[5] The Third and Sixth Claims are also moot insofar as they are based on the PPC and IPWW Agreements.  Since these agreements are no longer in effect, there is no "live controversy" to support such declaratory relief claims.  *See Super Tire Eng'g Co. v. McCorkle*, 416 U.S. 115, 122 (1974); *Campbell v. PMI Food Equipment Group, Inc.*, 509 F.3d 776, 781-82 (6th Cir. 2007); *Morcote v. Oracle Corp.*, 2005 WL 3157512, *4-5 (N.D. Cal. Nov. 23, 2005).

[6] *See Snapp & Associates Ins. Services, Inc. v. Robertson*, 96 Cal. App. 4th 884, 891 (2002) ("The 'discovery rule,' which delays accrual of certain causes of action until the plaintiff has actual or constructive knowledge of facts giving rise to the claim, does not apply to [UCL] actions."); *In re Conseco Ins. Co. Annuity Mktg. & Sales Practices Litig.*, 2007 U.S. Dist. LEXIS 12786, at *18 (N.D. Cal. Feb. 12, 2007) (following *Snapp*); *Medimatch, Inc. v. Lucent Techs., Inc.*, 120 F. Supp. 2d 842, 861 (N.D. Cal. 2000) (following *Stutz*).  *Cf. Grisham v. Philip Morris U.S.A., Inc.*, 40 Cal.4th 623, 635 n.7 (2007).

DEFENDANTS' CONSOLIDATED MOTION TO DISMISS    **ER-1488**

1  Agreements purportedly interfere with DC's "right." FAC ¶¶ 168-170, 188.

2  However, as shown below, the statute provides no such right, and case law

3  recognizes that no such right exists. Indeed, the "Consent Agreement" issue has

4  already been addressed in this case. After extensive briefing, Magistrate Zarefsky

5  rejected DC's arguments that the Consent Agreement constitutes "an independent

6  wrong [that] violates the Copyright Act," and found, instead, that it is simply a

7  legitimate "Drysdale-Koufax collective approach to negotiation." Docket No. 209 at

8  1-10. This Court upheld that ruling. Docket No. 252.

9       DC purports to base its argument on 17 U.S.C. § 304(c)(6)(D), which simply

10  provides that a "further grant, or agreement to make a further grant, of any right

11  covered by a terminated grant is valid only if it is made after the effective date of the

12  termination," but that an "agreement for such a further grant may be made between

13  the author or [his heirs] and the original grantee or such grantee's successor in title,

14  after the notice of termination has been served." DC alleges that § 304(c)(6)(D)

15  gives it an exclusive "right" to negotiate the purchase of the recaptured Superman

16  copyrights, when *the statute says no such thing*. *See* FAC ¶¶ 168-71. It plainly does

17  not provide a terminated grantee such as DC any "right" of negotiation or otherwise.

18  The statute also does not mandate any action by the terminating party; it merely

19  *invalidates* certain agreements that grant or promise to make a grant, under specified

20  circumstances. *See* 17 U.S.C. § 304(c)(6)(D).

21       The theory DC advances was expressly addressed and rejected in *Bourne Co.*

22  *v. MPL Commc'ns, Inc.*, 675 F. Supp. 859, 865 (S.D.N.Y. 1987):

23         ***Nor does the statute [17 U.S.C. § 304(c)(6)(D)] provide for an exclusive***

24  ***period of negotiation. The statute neither compels the terminating party to negotiate with the terminated grantee, nor forbids him from negotiating with anyone else.*** All it requires is that prior to the effective date of termination, the

25  terminated grantee is the only person with whom the author or his successor

26  can make an enforceable and effective agreement to transfer those rights. The provision does give the terminated grantee a preferred competitive position but

27  "[i]f the author can afford to wait for competitive offers until after the effective date of termination, he can overcome any advantage the grantee or successor

28  may seek to gain from the preferential position."

DEFENDANTS' CONSOLIDATED MOTION TO DISMISS    **ER-1489**

*Bourne* also noted that "[i]ndeed, the statute merely provides that a grant to someone other than the original grantee is valid 'only if it is made after the effective date of termination,' not that such a grant is valid only if *negotiated* after the termination date." *Id.* at n.11 (emphasis in original). If Congress intended to give a terminated party a right of exclusive negotiations or a right of first refusal, rather than a mere "competitive advantage," it would have done so in the statute.[7]

The Siegels and the Shuster Executor were not compelled to negotiate with DC either before or after they served their termination notices. DC's Third and Sixth Claims fail on their face because they misapprehend the law and contravene the plain meaning of the statute's unambiguous language. *See Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 194 (1985) ("Statutory construction must begin with the language … and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose.").

### D.   DC Lacks Standing to Bring the Third and Sixth Claims

Because DC has no particular "rights" under 17 U.S.C. § 304(c)(6)(D), it has no basis nor standing to sue for an alleged "violat[ion] of section 304(c)(6)(D)." FAC ¶¶ 170, 188. *Patry on Copyright*, a leading copyright treatise, agrees:

> "[Section 304(c)(6)(D)], sometimes ***erroneously described as a 'right of first refusal,'*** does not give the original grantee a right to conclude such an agreement; it only means that if such an agreement is made, it will be enforceable. Most importantly, ***if the original grantee is not provided a first crack, there is no remedy***."

3 W. Patry, *Patry on Copyright* § 7:47 (2010) (emphasis added). A terminated grantee has "no rights under [§ 304(c)(6)(D)], cannot sue for failure to comply, and the provision therefore does not provide a basis for standing." 3 *Patry on Copyright* § 21:18. As § 304(c)(6)(D) does not create a "legally protected interest," it does not

---

[7] *See Milne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1048 (9th Cir. 2005) (holding, with respect to termination rights, "if Congress intended [a requirement] it would have clearly said so"); *Bourne*, 675 F. Supp. at 866 ("If Congress had intended to create a right of first refusal, it would have done so in clear language," and "[t]he statute does not provide that any agreement negotiated by the terminating party must first be offered on the same terms to the terminated grantee."); 3 *Nimmer* § 11.08[A], n.6 (2010) ("It is inaccurate to refer to this [§ 304(c)(6)(D)] advantage as 'an exclusive period of negotiation.'").

confer standing on DC to sue for a violation. *Preminger v. Peake*, 536 F.3d 1000, 1005 (9th Cir. 2008). Therefore, DC's Third and Sixth Claims, based on § 304(c)(6)(D), both fail. *See Gardner v. Nike, Inc.*, 279 F.3d 774, 777 (9th Cir. 2002) (holding that copyright licensees "lacked standing to bring the action because they had no legally cognizable interest in the suit"); *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) (holding that there is no federal cause of action unless Congress showed "an intent to create not just a private right but also a private remedy," and without such intent, "a cause of action does not exist and courts may not create one").

### E.   The Sixth Claim Is Barred By the Litigation Privilege

DC's Sixth Claim is also barred as a matter of law by the litigation privilege codified in California Civil Code § 47(b). FAC ¶¶ 101, 170, 188. Civil Code § 47(b) provides ***absolute immunity*** against all torts for any communication in any "judicial proceeding" or "any other official proceeding authorized by law," as discussed in Section IV.B. *See Silberg v. Anderson*, 50 Cal. 3d 205, 211-12 (1990). In addition, "where the [claim] is based on a communicative act, the litigation privilege extends to those noncommunicative actions which are necessarily related to that communicative act." *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1052 (2006).

The Consent Agreement was entered into *during* the *Siegel* litigation as part of settlement discussions. Both the PPC Agreements and the IPWW Agreement clearly reference litigation regarding the terminations and recaptured Superman copyrights, and were entered into during a climate of anticipated litigation apparent from the Siegels' unsuccessful settlement negotiations. FAC ¶¶ 60-65, 90; RJN, Exs. B-D; *see Nasr v. Geary*, 2003 U.S. Dist. LEXIS 13887 (C.D. Cal. June 9, 2003) ("'[C]ommunications which have some relation to an anticipated lawsuit'" are protected by the litigation privilege) (quoting *Aronson v. Kinsella*, 58 Cal. App. 4th 254, 262 (1997)); *Rubin v. Green*, 4 Cal. 4th 1187, 1194 (1993) (same); *Rothman v. Jackson*, 49 Cal. App. 4th 1134, 1145 (1996) (same).

DC admits that all of these agreements relate to ***settlement*** of litigation. *See*

DEFENDANTS' CONSOLIDATED MOTION TO DISMISS          **ER-1491**

1   FAC ¶ 170 (such "agreements … impede [DC's] ability to settle any and all disputes

2   with the Shusters and Siegels"), ¶ 188 (the agreements "strip the Siegels and Shusters

3   of their right freely to settle their claims").  Where alleged conduct regards

4   "settlement … [the] Civil Code section 47 litigation privilege applies as a matter of

5   law."  *Seltzer v. Barnes*, 182 Cal. App. 4th 953, 972 (2010).[8]  DC's claim is thus

6   barred by the litigation privilege.

7   ## F.   The Sixth Claim Is Preempted By the Copyright Act

8   DC's Sixth Claim is clearly preempted by the Copyright Act.  The Copyright

9   Act "broadly preempts state law claims."  *Ritchie v. Williams*, 395 F.3d 283, 285 (6th

10  Cir. 2005).  17 U.S.C. § 301(a) specifically preempts "all legal or equitable rights that

11  are equivalent to any of the exclusive rights within the general scope of copyright,"

12  as defined in 17 U.S.C. § 106.  If a "state law unfair competition claim is based solely

13  on rights equivalent to those protected by the federal copyright laws," then the claim

14  is preempted.  *Kodadek v. MTV Networks*, 152 F.3d 1209, 1213 (9th Cir. 1998).

15  To avoid preemption, the plaintiff must demonstrate that its "state law claim

16  includes an 'extra element' that makes the right asserted qualitatively different from

17  those protected under the Copyright Act."  *Altera Corp. v. Clear Logic, Inc.*, 424

18  F.3d 1079, 1089-90 (9th Cir. 2005).  To determine whether a state claim contains an

19  "extra element," courts look to "whether the gravamen of the state law claim … is the

20  same as the rights protected by the Copyright Act."  *Idema v. Dreamworks, Inc.*, 162

21  F. Supp. 2d 1129, 1190 (C.D. Cal. 2001).  "[I]f a state-created right is 'within the

22  general scope of copyright,' it is subject to pre-emption, even if the precise contours

23  of the right differ from any of those conferred by Section 106."  1 M. Nimmer & D.

24  Nimmer, *Nimmer on Copyright* ("*Nimmer*") § 1.01[B][1] (quoting H.R. Rep. No. 94-

---

[8] *See GeneThera, Inc. v. Troy & Gould Professional Corp.*, 171 Cal. App. 4th 901, 909-10
(2009) ("A settlement letter directed to counsel falls within the category of communications
to which the [§ 47(b)] privilege attaches …."); *Rosenthal v. Irell & Manella*, 135 Cal. App.
3d 121, 128 (1982) (letter sent by an attorney to induce plaintiff's professional liability
insurers to settle a malpractice action against him was absolutely privileged under § 47(b));
*Asia Inv. Co. v. Borowski*, 133 Cal. App. 3d 832, 842 (1982) (settlement proposal that was
an alleged "threat to coerce" through legal action was absolutely privileged under § 47(b)).

1476 (1976) at 130); *Trenton v. Infinity Broadcast'g Corp.*, 865 F. Supp. 1416, 1428 (C.D. Cal. 1994) ("'The fact that the state-created right is either broader or narrower than its federal counterpart will not save it from preemption.'") (citation omitted).

Here, DC's Sixth Claim for "state-law" unfair competition is a mere reformulation of DC's Third Claim for declaratory relief under the Copyright Act. DC's Third Claim under the Copyright Act seeks "[a] declaration … to establish the parties' respective rights and obligations with respect to the copyright interest in the Superman material." FAC, ¶ 172. DC's Sixth Claim under the UCL likewise seeks to "establish the parties' respective rights and obligations with respect to the copyright interest in the Superman material." FAC ¶ 189. As DC's UCL Claim is inextricably intertwined with copyright rights, it is clearly preempted.[9]

Furthermore, DC's Sixth Claim incorporates by reference "each and every allegation contained in the paragraphs above" under the Copyright Act and makes no additional allegations. FAC ¶¶ 187-88. This alone concedes preemption. *See Motown Record Corp. v. George A. Hormel & Co.*, 657 F. Supp. 1236, 1239 (C.D. Cal. 1987) (dismissing California UCL claim that incorporated by reference plaintiff's copyright claim).[10]

## G.    The Sixth Claim Fails To Plead Conduct That Violates the UCL

DC's Sixth Claim also does not plead any "unlawful, unfair, or fraudulent business practice" as required under the UCL (*Olszewski v. Scripps Health*, 30 Cal. 4th 798, 827 (2003)), and must be dismissed as a matter of law.

Unlawful:   "A business practice is unlawful [under the UCL] 'if it is forbidden

---

[9] *See Del Madera Properties v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 977 (9th Cir. 1987) (finding preemption of UCL claim where "[t]he argument is constructed upon the premise" of a Copyright Act violation"); *Kodadek,* 152 F.3d at 1212-13 (dismissing California UCL claim where allegations were "within the 'subject matter' of the Copyright Act").

[10] *See also Blue Nile, Inc. v. Ice.com, Inc.*, 478 F. Supp. 2d 1240, 1250 (W.D. Wash. 2007) ("Plaintiff's [UCL] claim is dismissed as preempted because by incorporating the copyright claims by reference, the [UCL] claim is based on rights equivalent to those protected by copyright."); *MEECO Mfg. Co. v. True Value Co.*, Copy. L. Rep. (CCH) P29,368, 2007 U.S. Dist. LEXIS 25986 at *14 (W.D. Wash. Apr. 3, 2007) (same).

DEFENDANTS' CONSOLIDATED MOTION TO DISMISS          **ER-1493**

1   by any law…..'" *Id.* at 827. Conduct that is "neither required nor proscribed by law

2   does not constitute an 'unlawful' business activity under the [UCL]." 61 CAL. JUR.

3   3d UNFAIR COMPETITION § 3 (2008). As set forth above, DC alleges that the PPC,

4   IPWW and Consent Agreements violate DC's purported "rights" under 17 U.S.C.

5   § 304(c)(6)(D). However, § 304(c)(6)(D) does not "require" or "proscribe" any

6   conduct, but simply states the conditions under which a transfer of the termination

7   interest will be valid. As § 304(c)(6)(D) concerns enforceability and federal

8   preemption of contracts, not the "lawfulness" of conduct, it cannot form the basis for

9   a claim of "unlawful" business activity under the UCL.

10      <u>Unfair</u>: If a "practice" is not "unlawful," it is only considered to be "unfair" in

11   violation of the UCL if it "threatens an incipient violation of an antitrust law … or

12   otherwise significantly threatens or harms competition." *Cel-Tech Commc'ns, Inc. v.*

13   *Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 187 (1999) (emphasis added).[11]

14   DC's FAC alleges that "consent agreements" are somehow "void and unenforceable"

15   under the UCL purportedly because "they strip the Siegels and Shusters of their right

16   freely to settle their claims and violate [DC's] concomitant right freely to negotiate

17   settlement of such claims." FAC ¶ 188. Such allegations certainly do not amount to

18   "conduct that threatens an incipient violation of an antitrust law… or otherwise

19   significantly threatens or harms competition" and thus do not sustain an unfair

20   competition claim. *Cel-Tech*, 20 Cal. 4th at 187. Ironically, DC's bogus claim to an

21   exclusive "right" seeks to cripple competition for the Heirs' Superman copyrights.

22      <u>Fraud</u>: A claim of fraudulent practices under the UCL must be pled with

23   specificity pursuant to F.R.C.P. 9(b) ("[A] party must state with particularity the

24   circumstances constituting fraud or mistake."). *See Shroyer v. New Cingular*

25   *Wireless Servs.*, 606 F.3d 658, 665-67 (9th Cir. 2010) (applying Rule 9(b) to dismiss

---

26   [11] *See People's Choice Wireless v. Verizon Wireless*, 131 Cal. App. 4th 656, 662–63 (2005)

27   ("Injury to a competitor is not equivalent to injury to competition; only the latter is the proper focus [under UCL].");  *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1364

28   (2010) ("[A]ny finding of unfairness to competitors under section 17200 [must] be tethered to …proof of some actual or threatened impact on competition.").

1   UCL "fraud" claim as "the complaint must allege the time, place, and content of the

2   fraudulent representation; conclusory allegations do not suffice").  DC's Sixth Claim

3   does not even refer to fraud; it refers only to "unlawful" and "unfair[]" conduct.  FAC

4   ¶ 188.  DC's vague allegations as to "various copyright assignment and consent

5   agreements" (FAC ¶ 188), and its conclusory use of the word "fraudulent" elsewhere

6   in its complaint (*id.*, ¶ 80) utterly fail to plead fraudulent conduct with the requisite

7   specificity to permit its Sixth Claim to survive.

8   **IV.   THE FOURTH CLAIM**

9        **A.   <u>The Fourth Claim Is Barred By the Statute of Limitations</u>**

10       DC's Fourth Claim, for tortious interference with contract, is barred by the

11  two-year statute of limitations.  *See* Cal. Code Civ. Proc. § 339(1).  A claim for

12  tortious interference with contract accrues on the date of the alleged breach of the

13  contract.  *See Trembath v. Digardi*, 43 Cal. App. 3d 834, 836 (2000) ("[T]he accrual

14  date could not be later than the actual breach of the contract by the party who was

15  wrongfully induced to breach"); *Forcier v. Microsoft Corp.*, 123 F. Supp. 2d 520,

16  530 (N.D. Cal. 2000) (same).  DC's Fourth Claim is based entirely upon allegations

17  that the 2001/2003 PPC Agreements were entered into for the purpose of serving and

18  filing the 2003 Shuster Termination with the Copyright Office, and that this

19  purportedly *breached* the 1992 Agreement.  *See* FAC ¶¶ 58, 60-65, 90, 99, 177-178.[12]

20       DC's FAC was filed in May 2010.  A breach of contract alleged by DC to have

21  occurred seven years earlier in 2003 cannot support an interference claim with a two-

22  year statute of limitations.  *See Streamcast Networks, Inc. v. Skype Techs., S.A.*, 2006

23  WL 5441237, at *10 (C.D. Cal. Sept. 14, 2006) (interference claim accrued once

24  plaintiff was aware that counterparty sought to "terminate the [contract]").

25       California's "discovery rule" does not save DC's Fourth Claim.  The

26

27  ───────────────

   [12] DC alleges that "terminating DC Comics rights w[as] substantially certain to interfere
with DC Comics' 1992 Agreement" and "DC Comics' ongoing business relationship with

28  the Shusters" – that is, that the termination itself constituted interference.  FAC ¶ 177.  DC
admits that it was served with the Shuster Termination on November 10, 2003.  *Id.*, ¶ 92.

DEFENDANTS' CONSOLIDATED MOTION TO DISMISS                    **ER-1495**

1    California Supreme Court has long held that the "discovery rule" means that:

2        [T]he limitations period begins once the plaintiff has notice or
         information of circumstances to put a reasonable person on inquiry . . . .
3        A plaintiff need not be aware of the specific 'facts' necessary to
         establish the claim . . . .  Once the plaintiff has a suspicion of
4        wrongdoing . . . she must decide whether to file suit or sit on her rights.

5    *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1110-11 (1988).

6        DC has alleged no facts to invoke the delayed discovery rule.  Moreover, it is a

7    matter of public record that DC knew about the 2001 and 2003 PPC Agreements by

8    no later than **November 15, 2006,** when unredacted versions of both the 2001 and

9    2003 PPC Agreements were produced to DC in the *Siegel* action, and DC introduced

10   the agreements as exhibits in its deposition of Mr. Toberoff two days later.  RJN ¶ 7,

11   Exs. G-H.  DC was therefore on "notice" of the purported "interference" – the 2003

12   Shuster Termination signed by Mr. Toberoff (RJN, Ex. E) and the related PPC

13   Agreements showing Mr. Toberoff's role as counsel (*id.*, Exs. B, D) – by November

14   2006 at the very latest, *three years* before DC filed this case. [13]  *See Samuels v.

15   Forest*, 2007 WL 3149285, at *8 (Cal. App. Oct. 30, 2007) (plaintiff was on notice of

16   interference claim once he saw agreement that allegedly interfered with his contract).

17   DC Fourth Claim is thus clearly time-barred under the applicable two-year statute.

18       **B.    The Fourth Claim Is Barred By the Litigation Privilege**

19       DC's Fourth Claim is also barred by the litigation privilege of Cal. Civil Code

20   § 47(b).  DC alleges that the supposedly interfering PPC Agreements were entered

21   into "for the purpose of terminating DC Comics' rights" under 17 U.S.C. § 304(d).

22   FAC ¶ 177.  The PPC Agreements state that Mr. Toberoff would "furnish directly to

23   the [Shusters] all legal services required by the[m] in connection with the rights" (Ex.

24   H at 86), and he acted as an attorney in drafting, serving and filing the Shuster

25   Termination, signed by "Marc Toberoff, Esq., Counsel for the Estate of Joseph

26   ───────────────
     [13] DC tries to bypass the statute of limitations by arguing that there is "continuing harm"
27   from alleged interference, but the "continuing harm" doctrine does not apply to tortious
     interference claims.  *See Eagle Precision Tech., Inc. v. Eaton Leonard Robolix, Inc.*, 2006
28   WL 6544087, No. 03-CV-352 BEN (WMc) (S.D. Cal. 2006) (interference claim accrued at
     breach, despite continuing harm); *Forcier*, 123 F. Supp. 2d at 530 (same).

1  Shuster." FAC ¶ 93. The Fourth Claim alleges conduct protected by the litigation

2  privilege as it is entirely based upon Mr. Toberoff's alleged solicitation of the Shuster

3  Defendants as his clients (FAC ¶¶ 178-79; *see Rubin,* 4 Cal. 4th at 1194), and on

4  communications made in the context of reasonably anticipated litigation. *See*

5  *Rosenthal,* 135 Cal. App. 3d at 126.

6         Moreover, Mr. Toberoff's service and filing with the Copyright Office of the

7  Shuster Termination is central to DC's "interference" allegations (FAC ¶ 177), and

8  such actions are clearly protected by § 47(b). *See Drum v. Bleau, Fox & Associates*,

9  107 Cal. App. 4th 1009, 1028 (2003) (holding that the filing with a government

10 agency of "a notice, a statement, to the world, of a potential interest in property" is

11 protected by the litigation privilege); *Frank Pisano & Associates v. Taggart*, 29 Cal.

12 App. 3d 1, 25-26 (1972) (filing of lien protected by the litigation privilege); *Wilton v.*

13 *Mountain Wood Homeowners Assn.*, 18 Cal.App.4th 565, 569-70 (1993) (same); *see*

14 *also Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 597 (9th Cir. 2010) (holding

15 that "an attempt to establish a property right under a comprehensive federal statutory

16 scheme" qualifies as protected conduct under an analogous statute).

17        DC's Fourth Claim also hinges on allegations that Mr. Toberoff "interfered"

18 by causing the Shuster Estate to be probated. *See* FAC ¶¶ 175-179. Acts taken in

19 support of probate proceedings "are all absolutely protected by the litigation

20 privilege." *Cabral v. Martins*, 177 Cal. App. 4th 471, 485 (2009); *see Chang v.*

21 *Lederman*, 172 Cal. App. 4th 67, 87 (2009) (holding that a letter "sent to further the

22 objectives of the probate proceedings" clearly fell within the litigation privilege).

23     **C.    DC Fails to State a Claim For Tortious Interference**

24        DC's Fourth Claim for tortious interference with the 1992 Agreement also fails

25 to state a cognizable claim. A claim for tortious interference with contract requires,

26 at a minimum, that there is "a valid contract between plaintiff and a third party" and

27 an "actual breach or disruption of the contractual relationship." *Pacific Gas &*

28 *Electric Co. v. Bear Stearns & Co.* ("*PG&E*"), 50 Cal. 3d 1118, 1126 (1990).

DEFENDANTS' CONSOLIDATED MOTION TO DISMISS          **ER-1497**

Neither element is present here. DC alleges that the 1992 Agreement was interfered with by the Shuster Executor's "'termination pursuant to [17 U.S.C. § 304] of any and all grant or transfers by Joe Shuster of any copyright interest in his creations.'" FAC ¶ 177. However, it is impossible as a matter of law for this alleged interference to have occurred, because the 1992 Agreement was ***irrelevant*** under 17 U.S.C. § 304 to the Shuster Termination, undertaken by the Shuster Executor, Mark Warren Peary.

<u>No Breach of the 1992 Agreement</u>: There is no cognizable allegation of any breach of any term of the 1992 Agreement, or of any disruption of any right held by any party to the 1992 Agreement, which remains undisturbed. The parties to the 1992 Agreement are DC, Frank Shuster, and Jean Peavy, the brother and sister of Joseph Shuster. FAC ¶ 55. This simple one page agreement contains only three obligations for Frank Shuster and Jean Peavy. <u>They</u> settled any claim to payment that <u>they</u> held relating to any work by Joseph Shuster, granted to DC any rights that <u>they</u> held, and covenanted not to assert any rights that <u>they</u> held against DC. RJN, Ex. A. The 1992 Agreement with Frank Shuster and Jean Peavy ("you") provides:

> [T]his agreement fully settles all claims to any payments or other rights or remedies which ***<u>you</u>*** may have under any other agreement or otherwise, whether now or hereafter existing regarding any copyrights, trademarks, or other property right in any and all work created in whole or in part by your brother, Joseph Shuster, or any works based thereon. In any event, ***<u>you</u>*** now grant to us any such rights and release us, our licensees and all others acting with our permission, and covenant not to assert any claim of right, by suit or otherwise, with respect to the above, now and forever.

*Id.* (emphasis added). The 1992 Agreement does not even mention termination, and does not discuss any right, remedy, or claim of anyone <u>other</u> than Mr. Shuster or Ms. Peavy. A deceased author's siblings, like Jean Peavy and Frank Shuster who signed the 1992 Agreement, have *never* had any termination rights under the Copyright Act. 17 U.S.C. § 304(c)(2). In fact, in 1992, no one was eligible for termination rights regarding Shuster's copyrights. As Shuster left no widow or child (FAC ¶ 51), no one held termination rights until 1998, when the Copyright Term Extension Act, Pub. L. 105-298, extended termination rights to "the author's executor [or] personal

**ER-1498**

1   representative." 17 U.S.C. § 304(c)(2)(D).

2       The sole party with the power to exercise the termination right is the Shuster

3   Executor. As neither the Shuster Executor nor the Estate were parties to the 1992

4   Agreement it has no bearing on them. *See E.E.O.C. v. Waffle House, Inc.*, 534 U.S.

5   279, 294 (2002) ("[A] contract cannot bind a nonparty."). The Shuster Estate was not

6   probated until 2003. FAC ¶ 65. Ms. Peavy's and Mr. Shuster's promises in the 1992

7   Agreement had no effect on the Shuster Executor's 2003 termination and vice versa.

8       Nor does the 1992 Agreement purport to revoke or replace Siegel and

9   Shuster's longstanding Superman copyright grants to DC, pursuant to which DC has

10   long owned and exploited Superman. FAC ¶¶ 32, 37, 44, 46-47; *Siegel*, 542 F. Supp.

11   2d at 1142. Jean Peavy and Frank Shuster had no Superman copyright interests to

12   grant to DC in the 1992 Agreement as the Superman copyrights were already owned

13   by DC. Accordingly, the 1992 Agreement nowhere even mentions Superman.

14     <u>Unenforceability of 1992 Agreement</u>: In order for a claim for intentional

15   interference with a contract to stand, the underlying contract must be enforceable.

16   *See Bed, Bath & Beyond of La Jolla, Inc. v. La Jolla Vill. Square Venture Partners*,

17   52 Cal. App. 4th 867, 877-80 (1997). However, if the 1992 Agreement prohibited or

18   encumbered the Shuster Termination in any way – and it did not – it would be void

19   under the Copyright Act as a matter of law.

20       The 1976 Copyright Act established that an author or certain of his heirs may

21   terminate a copyright grant "notwithstanding any agreement to the contrary,

22   including an agreement to make a will or to make any future grant." *See* 17 U.S.C.

23   §§ 304(c)(5), 203(a)(5). To further protect authors and their statutory heirs, Congress

24   specified that the termination right or interest is inalienable and that "an agreement to

25   grant rights covered by a terminated grant is not valid if entered before notice of

26   termination." 17 U.S.C. § 304(c)(6)(D).[14] Thus, any agreement to waive, bar or to

27

28   [14] *See Stewart v. Abend*, 495 U.S. 207, 230 (1990) (the 1976 Act "provides an inalienable termination right"); *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 290 (2d Cir. 2002) ("[T]he clear Congressional purpose behind § 304(c) was to prevent authors from waiving

transfer the termination right prior to service of a termination notice has no force. Accordingly, even if the 1992 Agreement could somehow be construed as transferring or impeding the Shuster Executor's right of termination in 2003, it would be unenforceable under the plain language of 17 U.S.C. § 304(c)(5) and (6).

No "Revocation and Regrant": *Milne*, 430 F.3d at 1040 n.5, 1042-45 recognized a very narrow exception to the above rule of inalienability, solely where there is no longer an operative pre-1978 copyright grant to terminate because a party, with a current termination right, ***expressly revoked*** a pre-1978 copyright grant, and replaced it with a non-terminable post-1978 copyright ***re-grant***.

The Ninth Circuit thereafter limited *Milne* in *Classic Media, Inc. v. Mewborn*, 532 F.3d 978, 986-89 (9th Cir. 2008), where the plaintiff publisher tried, like DC here, to evade statutory termination by mischaracterizing a redundant post-January 1, 1978 copyright grant as a "revocation and regrant" to artificially invoke *Milne's* narrow exception. The Ninth Circuit held that the post-January 1, 1978 grant was a "nullity," because it purported to grant copyright interests that had already been granted to the publisher in 1976, and did not expressly revoke that pre-1978 grant. *Id.*

This case clearly falls within *Mewborn*. Just as in *Mewborn*, the grantee (DC) already long owned all of Joe Shuster's Superman copyrights at the time of the 1992 Agreement; the 1992 Agreement contained no language of revocation; the 1992 Agreement did not mention termination; and the alleged grantors (Jean Peavy and Frank Shuster) did not have current termination rights. *Id.*; RJN, Ex. A. DC's claim is even weaker than that rejected in *Mewborn*, because there the grantor had a future termination right, while Jean Peavy and Frank Shuster can never hold such rights.

DC attempts to sidestep the utter lack of any language of "revocation and regrant" in the 1992 Agreement by arguing that this raises a purported factual issue as to the parties' intent. *See* FAC ¶¶ 52-57, 116. However, under New York law, which

their termination right by contract."); 3 *Nimmer* § 11.01 (congressional intent of termination is to provide authors/heirs with relief from one-sided, unremunerative copyright grants).

1  governs the 1992 Agreement,[15] the contract's unambiguous terms can be resolved

2  readily on a motion to dismiss as a matter of law:  "Whether a contract is ambiguous

3  is a threshold question of law to be determined by the court."  *Duane Reade, Inc. v.*

4  *St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 390 (2d Cir. 2005) (granting Rule

5  12(b)(6) dismissal of contract claim).  *See Seiden Assoc., Inc. v. ANC Holdings, Inc.*,

6  959 F.2d 425, 428 (2d Cir. 1992) ("[L]anguage of a contract is not made ambiguous

7  simply because the parties urge different interpretations.  Nor does ambiguity exist

8  where one party's view 'strain[s] the contract language beyond its reasonable and

9  ordinary meaning.'") (citations omitted).

10       Applicable New York law requires express language for a revocation and

11  replacement of prior contracts.  *See Simply Fit of N. Am., Inc. v. Poyner*, 579 F. Supp.

12  2d 371, 377 (E.D.N.Y. 2008) (holding prior contract remained in effect where later

13  contract "did not expressly manifest an intention to substitute or replace" it).[16]

14  Yet, there is no language whatsoever in the 1992 Agreement of a revocation or

15  rescission of Joe Shuster's valuable Superman grants to DC and of a re-grant.

16       In sum, the 1992 Agreement by Jean Peavy and Frank Shuster was totally

17  irrelevant to the Shuster Termination as a matter of law.  It involved parties legally

18  incapable of exercising the termination right.  It could not have waived or

19  encumbered the termination right.  It therefore was not breached by the Shuster

20  Executor's exercise of his termination rights.  DC's Fourth Claim thus fails.

21  ///

22

23    [15] This Court applies California choice of law principles, which dictate that the laws of the

24  state with a "materially greater interest" control.  *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1087 (9th Cir. 2009).  The 1992 Agreement was drafted by DC, a New York partnership; was sent from DC's N.Y.C. headquarters, on N.Y.C. stationary; was between two New York

25  parties (DC and Frank Shuster) and a New Mexican party (Peavy); and concerned property owned and managed by DC in New York.  RJN, Ex. A.

26    [16] *See, e.g., Flaum v. Birnbaum*, 508 N.Y.S.2d 115, 120 (N.Y. App. 1986) (holding that, to

27  rescind and replace a existing contract, all parties must have "clearly expressed their intention that a subsequent agreement superseded or substituted for an old agreement");

28  *Beck v. Mfrs. Hanover Trust Co.*, 481 N.Y.S.2d 211, 218 (N.Y. Sup. Ct. 1984) (same; rescission and replacement of a contract "'must never be presumed'") (citations omitted).

# V.   THE FIFTH CLAIM

## A.   <u>The Fifth Claim Is Barred By the Statute of Limitations</u>

Like DC's Fourth Claim, DC's Fifth Claim for interference with prospective economic advantage is time-barred by the applicable two-year statute of limitations. *See* Cal. Code Civ. Proc. § 339(1).  DC's complaint alleges that interference by the Siegels' counsel, Mr. Toberoff, occurred in **2002**, when the Siegels terminated their settlement negotiations with DC.  FAC ¶¶ 75, 180-86.

DC cannot possibly meet its burden of showing facts sufficient to invoke the delayed "discovery rule," *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 806 (2005), because DC had more than enough facts to have put it on inquiry notice by, at the latest, **2006**.  DC alleges that a September 21, 2002 letter from the Siegels ended DC's negotiations for the Siegels' Superman rights, alerting DC to the disruption of its alleged prospective economic advantage.  FAC ¶ 80.  In **November 2006**, a copy of the IPWW Agreement was produced to DC in *Siegel*, documenting a joint venture, as of October 3, 2002, between Mr. Toberoff, the Siegels, and Ari Emanuel, to "arrange and negotiate the sale, lease, license, and all other dispositions or exploitations" of the Siegels' Superman rights.  *See id.*; RJN ¶ 7, Exs. C, G-H.

Thus, by **2006**, based solely on the facts alleged in the FAC and the judicially-noticeable public record, DC indisputably knew:  (a) that its supposed economic relationship had allegedly been disrupted (FAC ¶ 80); and (b) that two weeks later Mr. Toberoff and Mr. Emanuel, a prominent talent agent, entered into the IPWW Agreement with the Siegels (FAC ¶¶ 81-84) to represent and sell the same Superman rights that DC had been negotiating to purchase (FAC ¶¶ 67-69, 81, 182-85).

All that information was more than sufficient, as a matter of law, to have raised a reasonable "suspicion" as to DC's allegation that Mr. Toberoff had purportedly induced the Siegels to end their negotiations with DC – the entire basis for DC's Fifth Claim.  *See* FAC ¶¶ 171-72.  *See Jolly*, 44 Cal. 3d at 1110-11 (holding that the statute of limitations runs "once the plaintiff has notice or information of circumstances to

1  put a reasonable person on inquiry"); *Ethicon*, 35 Cal. 4th at 807 ("Suspicion of one

2  or more of the elements of a cause of action, coupled with knowledge of any

3  remaining elements, will generally trigger the statute of limitations period.").

4       The two-year limitations period was plainly triggered in 2006, almost four

5  years before DC filed its complaint in 2010.

6       **B.    The Fifth Claim Is Barred By the Litigation Privilege**

7       DC's Fifth Claim is also barred, on its face, by the litigation privilege of

8  California Civil Code § 47(b).  The Fifth Claim can be summarized as follows:  After

9  the Siegels served Superman notices of termination, they engaged in settlement

10  discussions with DC.  Mr. Toberoff allegedly solicited them as clients and induced

11  them to end those discussions, file Superboy termination notices, and to prosecute

12  both the Superman and Superboy terminations in litigation with DC.  FAC ¶¶ 180-

13  186.  The litigation privilege bars this claim for at least three independent reasons.

14       ***First***, the claim is based on alleged communications by Toberoff regarding the

15  Siegels' settlement negotiations with DC, to allegedly induce the Siegels to become

16  his clients, to conduct further settlement negotiations on their behalf, and, in the

17  event the Siegels' rights were not settled, to initiate legal proceedings against DC in

18  which Toberoff would serve as the Siegels' counsel.  *Id.* ¶¶ 70-84, 78; RJN, Ex. C.

19  In *Rubin*, 4 Cal. 4th 1187, the California Supreme Court ruled that such a third party

20  action against an attorney for wrongful solicitation was squarely barred by § 47(b):

21       ***Plaintiff's claims, however styled, are founded essentially upon alleged***
22       ***misrepresentations*** made by the law firm . . . in the course of discussions
        over park conditions and the possibility of being retained to prosecute the
23       failure-to-maintain action, and the subsequent filing of pleadings in the
        lawsuit itself.  ***Whether these acts amounted to wrongful attorney***
24       ***solicitation or not, they were communicative in their essential nature and***
        ***therefore within the privilege of section 47(b)***. . . .

25  *Id.* at 1196 (emphasis added).  *Rubin* reasoned that "a rule permitting the defendant in

26  a civil action to institute parallel litigation seeking to impose liability on the attorney

27  for the adverse party based on the circumstances surrounding the formation of the

28  attorney-client relationship" would result in dire consequences.  *Id.* at 1198.  Here,

1   the gravamen of DC's claim is that Toberoff purportedly took improper steps to gain

2   the Siegels as clients, causing them to reject DC's settlement offer. FAC ¶¶ 184-86.

3        As DC itself alleges, the IPWW Agreement expressly provided that "the legal

4   services of Marc Toberoff, Esq.," would be rendered in connection with the

5   "settlement" of the Siegels' rights and that they foresaw potential litigation.[17] *See*

6   FAC ¶ 83 (noting that the IP Worldwide Agreement provided that "the provision of

7   such [legal] services…will be rendered by Marc Toberoff, Esq."); RJN Ex. C. DC

8   further alleges that the Siegels' "repudiation" of the purported agreement caused DC

9   "to incur millions of dollars in subsequent legal fees in disputes with the Siegel

10   Heirs" – *i.e.,* the *Siegel* litigation, in which Mr. Toberoff represented the Siegels.

11   FAC ¶ 186. DC's retaliatory Fifth Claim is barred by the litigation privilege as it is

12   unquestionably based upon Mr. Toberoff's alleged solicitation and successful

13   representation of his clients.[18]

14        ***Second***, the Fifth Claim rests entirely upon DC's allegations that Toberoff

15   interfered with ongoing settlement negotiations to resolve anticipated litigation.

16   DC's core allegation is that Toberoff caused the Siegels to reject a "settlement offer."

17   FAC ¶ 181. Such communications relating to the rejection of a settlement offer are

18   clearly within the litigation privilege. *See Rosenthal*, 135 Cal. App. 3d at 126

19   (applying privilege to bar alleged tortious interference with settlement negotiations

20   by an attorney); *Kashian v. Harriman*, 98 Cal. App. 4th 892, 920 (2002) (holding that

21   communications by an attorney before a lawsuit are protected by the litigation

---

[17]  DC's conclusory allegation that "Toberoff engaged in this misconduct in his role as businessman and shareholder of IP Worldwide," FAC ¶ 185, is refuted decisively by its own allegations. That the IP Worldwide Agreement was not itself a "legal retainer agreement" is irrelevant to whether Toberoff and the Siegels shared an attorney-client relationship. *See Brandlin v. Belcher*, 67 Cal. App. 3d 997, 1001 (1977) ("[N]either a retainer nor formal agreement is required to establish the attorney-client relationship.").

[18] *See Crowley v. Katleman*, 8 Cal. 4th 666, 681 n.9 (1994) (applying *Rubin's* holding "that one who is the target of a threatened lawsuit cannot maintain a retaliatory action charging the attorneys for the opposing party with 'soliciting' the suit"); *Taheri Law Group v. Evans*, 160 Cal. App. 4th 482, 490 (2008) (same); *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*, 47 Cal. App. 4th 777, 781-82 (2008) (suits based on communications between an attorney and "persons with potential claims" are barred by litigation privilege).

24

DEFENDANTS' CONSOLIDATED MOTION TO DISMISS     **ER-1504**

privilege, even if "they are, or are alleged to be, fraudulent, perjurious, unethical, or even illegal," so long as they are "'logically related'" to the action).

   *Third*, even if Mr. Toberoff was not acting as an attorney – and he expressly was – the California Supreme Court has clearly held that there can be <u>no</u> liability <u>whatsoever</u> for tortious interference with contract based on the inducement of a party to file suit by a non-attorney. *PG&E*, 50 Cal. 3d at 1127 ("This conclusion will bring us face to face with the question … [of] whether it is proper to impose liability for inducing a potentially meritorious lawsuit. We will conclude that it is not."). *PG&E* held that where a non-attorney defendant contacted an agency, convinced them to seek declaratory relief in order to terminate a contract, paid "for legal, engineering and marketing studies," and retained and paid for outside counsel, in exchange for a percentage of any increased revenues, such activities were protected by the litigation privilege and could not, as a matter of law, give rise to a claim for tortious interference. *Id.* at 1123-24, 1136. The Fifth Claim is similarly premised on alleged inducement of the Siegels to reject a settlement offer, and to file a declaratory judgment action. As such, it is plainly barred as a matter of law.

## CONCLUSION

   For the foregoing reasons, DC's First, Third, Fourth, Fifth and Sixth Claims should be dismissed, and DC's Second Claim should be dismissed in part and the remainder stayed as set forth above.

Dated: October 14, 2011     RESPECTFULLY SUBMITTED,

/s/ Marc Toberoff

Marc Toberoff

TOBEROFF & ASSOCIATES, P.C.
Attorneys for Defendants Mark Warren Peary *et al.*

/s/ Richard Kendall

Richard Kendall

KENDALL BRILL & KLIEGER LLP
Attorneys for Defendants Marc Toberoff *et al.*

DEFENDANTS' CONSOLIDATED MOTION TO DISMISS          **ER-1505**

1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| DC COMICS,<br><br>               Plaintiff,<br><br>     vs.<br><br>PACIFIC PICTURES CORPORATION;<br>IP WORLDWIDE, LLC; IPW, LLC;<br>MARC TOBEROFF, an individual;<br>MARK WARREN PEARY, as personal<br>representative of the ESTATE OF<br>JOSEPH SHUSTER; JEAN ADELE<br>PEAVY, an individual; JOANNE<br>SIEGEL, an individual; LAURA<br>SIEGEL LARSON, an individual,<br>and DOES 1-10, inclusive,<br><br>               Defendants. | Case No: CV 10-03633 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br><br>**[PROPOSED] ORDER<br>GRANTING DEFENDANTS'<br>CONSOLIDATED MOTION TO<br>DISMISS PURSUANT TO FED.<br>R. CIV. P. 12(b)(6)**<br><br>Complaint filed:  May 14, 2010<br>Discovery Cutoff:  None Set<br>Trial Date:       None Set<br><br>Date:    November 14, 2011<br>Time:    1:30 p.m.<br>Place:   Courtroom 11 |

1   **[PROPOSED] ORDER**

2        After consideration of the papers in support of and in opposition to

3   Defendants' Consolidated Motion to Dismiss Pursuant To Fed. R. Civ. P. 12(b)(6),

4   the pleadings, motions, and orders on the record in this action, and any oral argument

5   of counsel, the Court rules as follows:

6   **First Claim**

7   [  ]    **Statute of Limitations:**  DC's First Claim is barred as a matter of law by the

8   statute of limitations, as the 2003 Shuster Termination constituted an express

9   repudiation of DC's co-ownership of the Superman copyrights in question.  *See* 17

10  U.S.C. § 507(b); *Zuill v. Shanahan*, 80 F.3d 1366, 1369-70 (9th Cir. 1996);

11  *Aalmuhammed v. Lee*, 202 F.3d 1227, 1231 (9th Cir. 2000).

12  [  ]    **Part (3):**  Part (3) of the First Claim (FAC ¶¶ 112-17) that the 1992 Agreement

13  bars the Shuster Termination fails, as it could have no effect on the Shuster

14  Termination as a matter of law under 17 U.S.C. § 304(c)(5).  *See* 17 U.S.C. §§

15  204(a), 304(c)(6)(B); *Classic Media, Inc. v. Mewborn*, 532 F.3d 978 (9th Cir. 2008).

16  [  ]    **Part (4)**:  Part (4) of the First Claim (FAC ¶¶ 125-28), alleging that a May 21,

17  1948 consent judgment bars the Shuster Termination, fails for the reasons set forth in

18  *Siegel v. Warner Bros. Entertainment, Inc. et al.*, 542 F. Supp. 2d 1098, 1131-32

19  (C.D. Cal. 2008) ("*Siegel*").  The order in *Siegel*, which was entered as a judgment

20  (*see* Docket No. 669), precludes DC here under the doctrine of issue preclusion. *See*

21  *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th

22  Cir. 1987); *Brown v. Dunbar*, 2010 U.S. App. LEXIS 8160 (9th Cir. Apr. 20, 2010).

23  **Second Claim**

24  [  ]    **Parts (a) and (c):**  Sub-parts (a) and (c) of the Second Claim (FAC ¶¶ 153-54,

25  158-59) concern "work for hire" issues which were thoroughly litigated and resolved

26  in the *Siegel* action, and which are equally applicable to both the Siegel and Shuster

27  Terminations, because Siegel and Shuster co-authored the same Superman works and

28  executed the same Superman grants subject to statutory termination.  *See Siegel*, 542

1    F. Supp. 2d at 1126-30; 658 F. Supp. 2d 1036, 1063-68, 1083 (C.D. Cal. 2009) (work

2    for hire issues).  Such orders have preclusive effect in this case barring re-litigation of

3    such issues.  *See Continental Airlines, Inc.,* 819 F.2d at 1525; *Brown*, 2010 U.S. App.

4    LEXIS 8160.  The remaining parts of the claim are stayed pending resolution of the

5    more advanced *Siegel* litigation.  *See Rivers v. Walt Disney Co.*, 980 F. Supp. 1358,

6    1362 (C.D. Cal. 1997).

7    **Third and Sixth Claims**

8    [  ]    **Statute of Limitations (Third Claim):**  The Third Claim is barred by the

9    three-year statute of limitations which began to accrue by no later than November

10   2006, and expired in November 2009, and there is no basis to apply either the

11   discovery rule or the doctrine of continuing accrual.  *See* 17 U.S.C. § 507(b); *Estate*

12   *of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997); *Jolly v. Eli Lilly*

13   *& Co.*, 44 Cal.3d 1103, 1110-1111 (1988); *State ex rel. Metz v. CCC Information*

14   *Services, Inc.*, 149 Cal. App. 4th 402, 418-19 (2007).

15   [  ]    **Statute of Limitations (Sixth Claim):**  The Sixth Claim is barred by the four-

16   year statute of limitations which began to accrue by no later than October 2003, and

17   expired in October 2007.  *See Stutz Motor Car of Am. v. Reebok Int'l*, 909 F. Supp.

18   1353, 1363 (C.D. Cal. 1995) (discovery rule inapplicable to UCL claims);

19   *Medimatch, Inc. v. Lucent Techs., Inc.*, 120 F. Supp. 2d 842, 861 (N.D. Cal. 2000).

20   [  ]    **No Legal "Right" of Negotiation (Third and Sixth Claims):**  The Third and

21   Sixth Claims are both erroneously premised on the legal position that DC has a

22   statutory "right" to negotiate the re-purchase of the Shuster Estate's *Superman*

23   copyright interests under 17 U.S.C. § 304(c)(6)(D).  DC's Third and Sixth Claims fail

24   because it is clear from the plain language of § 304(c)(6)(D) that it does not provide

25   DC with any "rights."  *See* 17 U.S.C. § 304(c)(6)(D); *Bourne Co., v. MPL Comm'ns,*

26   *Inc.*, 675 F. Supp. 859, 865 (S.D.N.Y. 1987); 3 *Nimmer* § 11.08[A], n.6 (2010).

27   [  ]    **Lack of Standing (Third and Sixth Claims):**  As DC has no substantive

28   "right" under 17 U.S.C. § 304(c)(6)(D), DC also lacks standing to prosecute the

Third and Sixth Claims based on such statute. *See* 3 W. Patry, *Patry on Copyright* ("*Patry*") § 7:47 (2010); *Preminger v. Peake*, 536 F.3d 1000, 1005 (9th Cir. 2008).

[  ]    **Litigation Privilege (Sixth Claim):**  The Sixth Claim is also barred as a matter of law by the litigation privilege of California Civil Code § 47(b), because it targets agreements that clearly reference litigation regarding the Siegel and Shuster Terminations and were entered into during a climate of anticipated litigation apparent from the Siegels' unsuccessful settlement negotiations, and all such agreements relate to the settlement of litigation. *See Silberg v. Anderson*, 50 Cal. 3d 205, 211-12 (1990); *Nasr v. Geary*, 2003 U.S. Dist. LEXIS 13887 (C.D. Cal. June 9, 2003); *Rubin v. Green*, 4 Cal. 4th 1187, 1194 (1993); *Rothman v. Jackson*, 49 Cal. App. 4th 1134, 1145 (1996); *Seltzer v. Barnes*, 182 Cal. App. 4th 953, 972 (2010).

[  ]    **Preemption (Sixth Claim):**  DC's Sixth Claim under California unfair competition laws is preempted by the Copyright Act, 17 U.S.C. § 301(a), as it is expressly based on and incorporates by reference DC's allegations of purported violations of the Copyright Act, and does not contain an "extra element" that "makes the right asserted qualitatively different from those protected under the Copyright Act." *See Kodadek v. MTV Networks*, 152 F.3d 1209, 1213 (9th Cir. 1998); *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089-90 (9th Cir. 2005).

[  ]    **Failure to Plead Violative Conduct (Sixth Claim):**  DC's Sixth Claim also fails to state a claim as DC has not alleged:  any "unlawful" conduct under 17 U.S.C. § 304(c)(6)(D) (*see* 61 CAL. JUR. 3d Unfair Competition § 3); "unfair" conduct (*i.e.*, harm to competition, *see Cel-Tech Comm., Inc. v. L. A. Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999)); or any "fraudulent" conduct with the requisite particularity (*see* F.R.C.P. 9(b); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)).

**Fourth Claim**

[  ]    **Statute of Limitations:**  The Fifth Claim is time-barred by the applicable two year statute of limitations, as DC had more than enough facts to have put it on inquiry notice by 2006, at the latest. *See Trembath v. Digardi*, 43 Cal. App. 3d 834, 836

(2000); *Forcier v. Microsoft Corp.*, 123 F. Supp. 2d 520, 530 (N.D. Cal. 2000); *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1110-11 (1988).

[ ]     **Litigation Privilege:**  DC's Fourth Claim is also barred by the litigation privilege of Cal. Civil Code § 47(b) because it is based on (i) Mr. Toberoff's alleged solicitation of the Shuster Defendants as his clients, *see Rubin v. Green*, 4 Cal. 4th 1187, 1194 (1993); (ii) on communications made in the context of reasonably anticipated litigation, *see Rosenthal v. Irell & Manella*, 135 Cal. App. 3d 121,126 (1982); (iii) Mr. Toberoff's service and filing with the Copyright Office of the Shuster Termination, *see Drum v. Bleau, Fox & Associates*, 107 Cal. App. 4th 1009, 1028 (2003); *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 597 (9th Cir. 2010); and (iv) acts taken in support of probate proceedings, *see Cabral v. Martins*, 177 Cal. App. 4th 471, 485 (2009), all activities clearly protected the litigation privilege.

[ ]     **No Interference:**  DC's Fourth Claim fails to state a claim because it does not allege "a valid contract between plaintiff and a third party" and an "actual breach or disruption of the contractual relationship."  *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal.3d 1118, 1126 (1990).  The claim is based on DC's theory that a 1992 Agreement between DC and Joseph Shuster's siblings bars the Shuster Termination, and that therefore the Shuster Termination breached the 1992 Agreement.  The 1992 Agreement does not even mention termination, and does not discuss any right, remedy, or claim of anyone other than Mr. Shuster or Ms. Peavy, who did not hold termination rights or Superman copyrights.  17 U.S.C. § 304(c)(2); *Siegel*, 542 F. Supp. 2d at 1142.  Moreover, if the 1992 Agreement prohibited or encumbered the Shuster Termination in any way, it would be void under the Copyright Act as a matter of law.  *See* 17 U.S.C. §§ 204(a), 304(c)(5), 304(c)(6)(B); *Classic Media, Inc. v. Mewborn*, 532 F.3d 978 (9th Cir. 2008).  Lastly, the 1992 Agreement is not a "revocation and regrant," because it does not contain the required express language for a revocation and replacement of Shuster's prior grants to DC. *See Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 390 (2d Cir.

[PROPOSED] ORDER GRANTING DEFENDANTS' CONSOLIDATED MOTION TO DISMISS

2005); *Simply Fit of N. Am., Inc. v. Poyner*, 579 F. Supp. 2d 371, 377 (E.D.N.Y. 2008); *Flaum v. Birnbaum*, 508 N.Y.S.2d 115, 120 (N.Y. App. 1986).

**<u>Fifth Claim</u>**

[  ]    **Statute of Limitations:**  The Fifth Claim is time-barred by the applicable two year statute of limitations, as DC had more than enough facts to have put it on inquiry notice by 2006, at the latest.  *See* Cal. Code Civ. Proc. § 339(1); *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 806 (2005); *Jolly*, 44 Cal. 3d at 1110-11.

[  ]    **Litigation Privilege:**  DC's Fifth Claim is also barred, on its face, by the litigation privilege of California Civil Code § 47(b) because:  (i) the claim is based on alleged communications by Toberoff to solicit the Siegels as his clients; and (ii) rests entirely upon DC's allegations that Toberoff interfered with settlement negotiations to resolve anticipated litigation – activities clearly protected by the litigation privilege.  *See Rubin*, 4 Cal. 4th at 1187; *Rosenthal*, 135 Cal. App. 3d at 126; *Kashian v. Harriman*, 98 Cal. App. 4th 892, 920 (2002); *PG&E*, 50 Cal. 3d at 1127.

Accordingly, and for the reasons set forth above and in Defendants' briefing, IT IS HEREBY ORDERED that:

1.    Defendants Consolidated Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed.R.Civ.P. 12(B)(6) is GRANTED.

2.    The First Claim is DISMISSED WITHOUT LEAVE TO AMEND.

3.    The Second Claim, sub-parts (a) and (c), is DISMISSED WITHOUT LEAVE TO AMEND and the remainder of the claim is STAYED.

4.    The Third Claim is DISMISSED WITHOUT LEAVE TO AMEND.

5.    The Fourth Claim is DISMISSED WITHOUT LEAVE TO AMEND.

6.    The Fifth Claim is DISMISSED WITHOUT LEAVE TO AMEND.

7.    The Sixth Claim is DISMISSED WITHOUT LEAVE TO AMEND.

IT IS SO ORDERED.

Dated: _____         _____

Hon. Otis D. Wright II

[PROPOSED] ORDER GRANTING DEFENDANTS' CONSOLIDATED MOTION TO DISMISS

**ER 1531**

1  DANIEL M. PETROCELLI (S.B. #097802)
      dpetrocelli@omm.com
2  MATTHEW T. KLINE (S.B. #211640)
      mkline@omm.com
3  CASSANDRA L. SETO (S.B. #246608)
      cseto@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
5  Los Angeles, CA  90067-6035
   Telephone:  (310) 553-6700
6  Facsimile:    (310) 246-6779

7  PATRICK T. PERKINS (admitted *pro hac vice*)
      pperkins@ptplaw.com
8  PERKINS LAW OFFICE, P.C.
   1711 Route 9D
9  Cold Spring, NY 10516
   Telephone:  (845) 265-2820
10 Facsimile:    (845) 265-2819

11 Attorneys for Plaintiff DC Comics

*Denied by Order of The Court*

12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15 DC COMICS,                          Case No. CV 10-03633 ODW (RZx)

16            Plaintiff,               **[PROPOSED] ORDER GRANTING
                                       DC COMICS' MOTION FOR
17      v.                             REVIEW OF MAGISTRATE'S
                                       ORDER ON PLAINTIFF'S
18 PACIFIC PICTURES                    MOTION TO COMPEL
   CORPORATION, IP WORLDWIDE,          PURSUANT TO FED. R. CIV. P.
19 LLC, IPW, LLC, MARC TOBEROFF,       72(A) AND L.R. 72-2.1**
   an individual, MARK WARREN
20 PEARY, as personal representative of
   the ESTATE OF JOSEPH SHUSTER,       Hon. Otis D. Wright II
21 JEAN ADELE PEAVY, an individual,
   JOANNE SIEGEL, an individual,
22 LAURA SIEGEL LARSON, an
   individual, and DOES 1-10, inclusive,
23
            Defendants.               **DENIED**
24

25

26

27

28
                                       [PROPOSED] ORDER GRANTING DC
                                       COMICS' MOT. FOR REVIEW OF
                                       MAGISTRATE'S ORDER

1      Good cause appearing, IT IS HEREBY ORDERED that plaintiff DC

2 Comics' Motion For Review Of Magistrate's Order On Plaintiff's Motion To

3 Compel Pursuant To Fed. R. Civ. P. 72(a) And L.R. 72-2.1 is GRANTED; and that

4 defendants are hereby ordered:

5      1. To produce to DC all consent agreements and related documents

6 (including drafts of the agreements and communications regarding their contents),

7 including the document or documents identified in entries 2157 and 2165 of

8 defendants' privilege log.

9      2. To produce to DC the letter from Laura Siegel Larson to Michael Siegel

10 identified in the Toberoff Timeline dated on or around July 11, 2003, and the

11 documents identified in entries 715 and 716 of defendants' privilege log.

12      3. To review all files in defendants' possession, custody, or control

13 (including any files obtained from Michael Siegel and/or Don Bulson) for any

14 unproduced documents from June or July 2003 involving Michael Siegel, Don

15 Bulson, Laura Siegel Larson, and/or Joanne Siegel, and to either submit a sworn

16 verification that no such documents exist, or if such documents do exist, to produce

17 them to DC.

18      4. To amend the "Document Description" category in defendants' privilege

19 logs to provide descriptions of the actual content of the withheld documents,

20 including, but not limited to, identifying all communications involving consent

21 agreements, retainer agreements, and offers to acquire the Siegel and/or Shuster

22 heirs' rights.

23      5. To amend the "Identity of Recipient(s)" category in defendants' privilege

24 logs to identify who is a "to," "cc," or "bcc" to the withheld communications, or if

25 the recipient received the communication by other means.

26      6. To amend their privilege logs to identify all attachments and/or separate

27 communications in a chain of communications as separate entries.

28

[PROPOSED] ORDER GRANTING DC
COMICS' MOT. FOR REVIEW OF
MAGISTRATE'S ORDER

1    Defendants are ordered to produce all such documents by no later than May
2    27, 2011.
3
4    IT IS SO ORDERED.                        **DENIED** BY ORDER
5                                             OF The Court
6    Dated:    5/23/11
7                                    _____
                                     Honorable Otis D. Wright II
8                                    Judge, United States District Court
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 2 -                  [PROPOSED] ORDER GRANTING DC
                       COMICS' MOT. FOR REVIEW OF
                       MAGISTRATE'S ORDER

1   Marc Toberoff (State Bar No. 188547)
      mtoberoff@ipwla.com
2   Keith G. Adams (State Bar No. 240497)
      kgadams@ipwla.com
3   TOBEROFF & ASSOCIATES, P.C.
    2049 Century Park East, Suite 3630
4   Los Angeles, California, 90067
    Telephone:  (310) 246-3333
5   Fax:          (310) 246-3101

6   Attorneys for Defendants Mark Warren
    Peary, as personal representative of the
7   Estate of Joseph Shuster, Jean Adele Peavy
    and Laura Siegel Larson

8

9                  **UNITED STATES DISTRICT COURT**

10        **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

11  DC COMICS,                              Case No: CV 10-03633 ODW (RZx)

                    Plaintiff,
12                                          Hon. Otis D. Wright II, U.S.D.J.
            vs.                             Hon. Ralph Zarefsky, U.S.M.J.
13
                                            **DEFENDANTS' OPPOSITION
14  PACIFIC PICTURES CORPORATION;           TO DC COMICS' MOTION FOR
    IP WORLDWIDE, LLC; IPW, LLC;            REVIEW OF MAGISTRATE
15  MARC TOBEROFF, an individual;           ZAREFSKY'S APRIL 11, 2011
                                            ORDER ON PLAINTIFF'S
16  MARK WARREN PEARY, as personal          MOTION TO COMPEL
    representative of the ESTATE OF         PURSUANT TO FED. R. CIV. P.
17  JOSEPH SHUSTER; JEAN ADELE              72(A) AND L.R. 72-2.1**
    PEAVY, an individual; JOANNE
18  SIEGEL, an individual; LAURA            *Declaration of Keith G. Adams and
    SIEGEL LARSON, an individual,           [Proposed] Order filed concurrently*
19
    and DOES 1-10, inclusive,               Complaint filed:  May 14, 2010
20                                          Trial Date:        None Set
                    Defendants.
21                                          Hearing Date:  May 23, 2011
                                            Hearing Time:  1:30 p.m.
22                                          Courtroom:     11

23

24

25

26

27

28

Here, DC begins by disparaging the 2001 and 2003 Pacific Pictures Agreements and the 2002 IP Worldwide Agreement.  Mot. at 2-3.  DC omits that these benign agreements were voluntarily produced in *Siegel* by the Heirs and expired in 2004 and 2005.  *See* Declaration of Matthew Kline (Docket Nos. 161-163; "Kline Decl."), Exs. LL-OO; Docket No. 146-1 at 18-22.  Pacific Pictures Corp. no longer even exists, and IP Worldwide, LLC has been inactive for years.  *See* Docket No. 146-2, ¶ 7; No. 145-2, Ex. B at 45:6-15; No. 145-6, Ex. CC at 6.

As DC is well aware, for nearly seven years since filing *Siegel* in 2004, Mr. Toberoff has been litigating these cases on behalf of the Heirs pursuant to ordinary legal retainer agreements that also have been produced to DC.  *See* Order at 11:1-8.[1]

Defendants have explained on no fewer than ***five*** occasions that the Pacific Pictures Agreements did not transfer the Shuster Heirs' termination interest.  *See* Docket No. 33 at 13:20-14:9 ("Thus, as a matter of law, neither the PPC agreements nor the Shuster Executor could transfer his termination interest prior to the October 26, 2013 termination date."), No. 80 at 13:22-14:11 (same), No. 148-1 at 13:22-14:11 (same), No. 103 at 8:8-22 ("[T]he Pacific Picture Agreements could not and did not transfer the Shuster Executor's termination rights or prospective termination interests."), No. 191 at 8:8-22 (same).  DC nonetheless still erroneously contends that the Pacific Pictures Agreements "effectively transferr[ed] 50% ownership in the Shusters' rights to Pacific Pictures" (Mot. at 2), and distorts Defendants' explanation of the relevant law as an "admission" that "these consent agreements violated federal law" or were somehow "illegal."  Mot. at 2, 7.

### 2.     The "Consent Agreement" and Its Improper Disclosure by DC in Willful Breach of a Confidentiality Agreement

#### a.     *The Consent Agreement Is Proper*

DC then claims that Defendants "also entered into at least one more consent agreement in 2008."  Mot. at 3.  As DC is well aware, there is only one such "consent

---

[1] Defendants offered to produce these retainer agreements voluntarily, provided that DC agrees to do likewise at the appropriate juncture.  Kline Decl., Ex. Z.  DC refused.

agreement": a 2008 "collective bargaining agreement" between the Siegel and the Shuster Heirs as to their settlement strategy (the "Consent Agreement").

Magistrate Zarefsky specifically rejected DC's argument that the Consent Agreement was "illegal" and therefore discoverable, as "the argument is ultimately a circular one" and "[s]imply calling it illegal does not make it so." Order at 6, 8. The Consent Agreement was specifically and properly entered into by the Heirs in anticipation of a Court-ordered mediation to articulate, as Magistrate Zaresky aptly put it, a "Drysdale-Koufax collective approach to negotiation." *Id.* at 6. There is nothing improper about this. As Magistrate Zarefsky stated, "if one party can refrain from negotiating with the current grantee [DC], two creators can also agree to refrain from negotiating with the current grantee, except on terms acceptable to both." *Id.* at 7. *See Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 581 (9th Cir. 1987) (approving settlement agreement providing for third-party consent); *see also* Docket No. 196-2/3, Ex. D at Exs. H (at 9225), J (at 6918), K (at 10018) (Warner Bros.' agreements providing that licensee may not settle claims against it without Warner's consent).

Nor does the Consent Agreement "violate" the Copyright Act, as repeatedly asserted by DC without any basis. The statute under which DC erroneously claims "rights," 17 U.S.C. § 304(c)(6)(D) (*see, e.g.,* Mot. at 9), provides no rights or standing to DC. It simply states that a "further grant, or agreement to make a further grant, of any right covered by a terminated grant is valid only if it is made after the effective date of the termination," and that an "agreement for such a further grant may be made between the author or [his heirs] and the original grantee or such grantee's successor in title, after the notice of termination has been served." This, at best, provides DC with a competitive advantage, not a "right of first refusal," "[n]or does the statute provide for an exclusive period of negotiation." *Bourne Co. v. MPL Commc'ns, Inc.*, 675 F. Supp. 859, 864-65 (S.D.N.Y. 1987) (rejecting arguments that § 304(c)(6)(D) provided an "exclusive period of negotiation" or "right of first refusal" and holding that "[t]he statute neither compels the terminating party to

DEFENDANTS' OPPOSITION TO F.R.C.P. 72 MOTION FOR REVIEW **ER-1517**

negotiate with the terminated grantee, nor forbids him from negotiating with anyone else"); 3 M. Nimmer & D. Nimmer, *Nimmer on Copyright* § 11.08[A], n.6 (2010) (stating that "it is inaccurate to refer to this [§ 304(c)(6)(D)] advantage as 'an exclusive period of negotiation'"). Had Congress intended to create the federal right invented by DC it would have had to do so expressly. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 290 (2002) ("If Congress wishes to create new rights … it must do so in clear and unambiguous terms.").[2]

In the Consent Agreement, the Heirs did <u>not</u> "grant, or agree[] to make a further grant, of any right covered by a terminated grant" in violation of § 304(c)(6)(D). DC itself alleges that the Consent Agreement simply "prohibit[s] either family from entering into agreements conveying rights … without the express approval of all stakeholders in the heirs' rights" (FAC, ¶ 170), and such an agreement is clearly not covered or prohibited by the plain wording of § 304(c)(6)(D).

DC falsely claims that *Milne v. Stephen Slesinger, Inc.,* 430 F.3d 1036 (9th Cir. 2005) held that "§ 304(c)(6)(D) gives DC a right 'in the nature of a right of 'first refusal.''" Mot. at 9. As Magistrate Zarefsky correctly found, *Milne* establishes no such "right," and "may well foreshadow the opposite." Order at 7, quoting *Milne*, 430 F.3d at 1048 ( "[W]e note that [the terminating heir's] ability to exercise his perceived termination right gave him all the freedom he needed to refrain from entering into a new grant of copyright rights to the [terminated original grantee]."). *Milne* merely states that "section 304(c)(6)(D) … give[s] the original grantee a competitive advantage over third parties…." *Id.* at 1047-48. As Magistrate Zarefsky noted, "*Milne* does not address the situation where the original creators (or their heirs) agree to negotiate together" (Order at 7), as here.

Section 304(c)(6)(D) does not mandate that the Heirs negotiate first with DC,

---

[2] *See Chappell v. Robbins*, 73 F.3d 918, 923 (9th Cir. 1996) (a "clear statement" by Congress is required); *Milne*, 430 F.3d at 1048 ("[I]f Congress intended to require a 'moment of freedom,' it would have clearly said so."); *Bourne*, 675 F. Supp. at 865 n.11 (noting that Congress did not mandate in "the statute or the legislative history" that "a grant is valid only if *negotiated* after the termination date").

DEFENDANTS' OPPOSITION TO F.R.C.P. 72 MOTION FOR REVIEW **ER-1518**

or permit DC to match their offers from third parties, which is what a "right of first refusal" entails. DC's entire Third and Sixth Claims for relief in its complaint are erroneously premised on the false construct that § 304(c)(6)(D) provides DC with a "substantive right," which it does not. *See Bourne*, 675 F. Supp. at 864-65. As DC has no substantive right under § 304(c)(6)(D), there is no basis for its Third and Sixth Claims premised thereon. *See* 3 W. Patry, *Patry on Copyright,* § 21:18 (a terminated grantee has "no rights under [§ 304(c)(6)(D)], cannot sue for failure to comply, and the provision [] does not provide a basis for standing").

Lastly, while DC argues that the Consent Agreement "violate[s] law and public policy" (Mot. at 8-9), the authorities it cited merely restate the well-worn principle that an attorney cannot settle a case without his clients' informed consent. *See Tax Authority, Inc. v. Jackson Hewitt, Inc.*, 187 N.J. 4, 21 (2006) (holding that a "majority rules" provision when multiple clients are represented is invalid); Cal. Rules of Prof'l Conduct 3-310(D) (2010) (requiring the "informed written consent of each client" for an "aggregate settlement of claims"); *Calvert v. Stoner*, 33 Cal. 2d 97, 103 (1948) (requiring attorney's consent for settlement invalid as against public policy). In accordance with the law the Consent Agreement does not require consent of the Heirs' attorney to any settlement with DC. While DC tries to salvage its Third and Sixth Claims, there is nothing "unlawful" about the Consent Agreement, and no basis for its frivolous claims, or for further discovery thereof.

        b.    *DC's Disclosure of the Consent Agreement in Willful Breach of a Negotiated JAMS Confidentiality Agreement*

Before the Court ruled on summary judgment in *Siegel,* the parties discussed mediating settlement before a JAMS mediator. *See* Declaration of Marc Toberoff (Docket No. 164; "Toberoff Decl."), Ex. E. After Judge Larson issued his order upholding the Siegel Heirs' termination, he ordered the parties to participate in settlement discussions. *Siegel,* 542 F. Supp. 2d at 1145; Toberoff Decl., Ex. F. In advance of the court-ordered mediation, the parties and their counsel carefully

Dated:  May 2, 2011

RESPECTFULLY SUBMITTED,

_____
Marc Toberoff

TOBEROFF & ASSOCIATES, P.C.
Attorneys for Defendants-Petitioners,
Mark Warren Peary, as personal
representative of the Estate of Joseph
Shuster, Jean Adele Peavy, and Laura
Siegel Larson

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS, | CASE NO. CV 10-03633 ODW (RZx) |
| Plaintiff, | |
| vs. | ORDER ON PLAINTIFF'S MOTION TO COMPEL (DOCKET NO. 159) |
| PACIFIC PICTURES CORPORATION, ET AL. | |
| Defendants. | |

This matter came before the Court on February 28, 2011, on the motion of Plaintiff to compel production of documents. Plaintiff appeared through its counsel Daniel M. Petrocelli, Matthew T. Kline and Jason H. Tokoro. Defendants appeared through their counsel Marc Toberoff and Keith G. Adams. The Court heard argument of counsel and took the matter under submission. Subsequently, the Court asked for and received supplemental briefing. The Court apologizes to the parties for not being able to adjudicate the matter earlier.

Plaintiff presents a number of issues for decision.

The "consent agreement". The first issue, and the most significant, concerns what Plaintiff labels "consent agreements." By this term Plaintiff means agreements whereby the heirs of Jerome Siegel and Joseph Shuster have promised not to make

copyright agreements with Plaintiff, following the sending of notice to terminate the copyrights, without the consent of both groups.  Plaintiff demands production of these agreements.  The Court accepts Defendants' representation that there is only one document in dispute, other matters having been produced.

This is not the first time that this matter has been brought to court for decision. In the forerunner to this lawsuit, *Siegel v. Warner Bros. Entertainment, Inc.*, CV 04-8400-ODW (RZx), Plaintiff DC Comics also moved to compel production of this document, and the same arguments were made there as are made here.  The Siegel defendants, who were the Plaintiffs in *Siegel*, did not produce the consent agreement, arguing that the consent agreement was entitled to protection under a negotiated confidentiality agreement and the settlement process in general, and that the consent agreement was protected by the attorney-client privilege.  After Mr. Toberoff described the ways in which he thought the attorney-client privilege protected the document, Judge Larson accepted Mr. Toberoff's representation, made as an officer of the Court, that the consent agreement was protected by the attorney-client privilege.  Judge Larson also ruled, moreover, that the consent agreement was protected as part of the settlement process.  In these rulings he could not have been clearer:

[DC Comics'] motion is denied.

I will accept Mr. Toberoff's clarification of the [consent agreement] or characterization of the [consent agreement].  I understand without having seen it that defense [sic] received a partial rendering of that [consent agreement] that led them to believe that it was not privileged.  I can understand why they brought this motion and I certainly do not fault them for doing that.

However, I will accept Mr. Toberoff's characterization of it as a privileged document, as an officer of the court.  I have

ER-1522

every reason to believe that he is the only person who has access to the underlying privileged document; is fairly and accurately representing that to the Court; and I will rely on that representation.

Part of this is motivated simply by the Court's commitment to maintaining the settlement privilege. It was the Court that encouraged you to engage in that settlement effort, and I want to maintain the confidences that were agreed to during that period. So that motion is denied.

Kline Decl., 724 [Ex. SS, p. 12]:2-19.

This Court starts with this point therefore — that the matter has been considered once, and ruled upon. The question is why to rule differently now.

Defendants argue that the law of the case protects against disclosure of the consent agreement now. Like most doctrines of preclusion, the law of the case doctrine rests on the desire for finality: one bite at the proverbial apple usually is good enough. *Gonzalez v. Arizona*, 624 F.3d 1162, 1186-87 (9th Cir. 2010). The law of the case doctrine applies when an appellate court makes a ruling that then establishes the law to be followed in the trial court, or on subsequent appeals in the appellate court *U.S. v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997); but the doctrine also has been used as a short-hand description of a trial court's desire to adhere to a ruling previously made, recognizing, of course, a trial court's ability to reconsider a ruling under appropriate circumstances. 18B WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE § 4478.1 at 693-94 (2002).

Plaintiff asserts, however, that this dispute cannot be shoehorned into the law-of-the-case paradigm, because this is not the same case as *Siegel*. In the usual situation, the law of the case doctrine does apply only within the same case; this is not absolute, however, and the doctrine in fact has been applied in closely-related cases. *Disimone v.*

- 3 -

*Browner*, 121 F.3d 1262, 1266-67 (9th Cir. 1997).  From a realistic standpoint, the present case is so closely related as to be considered properly part of the same case as *Siegel* for purposes of application of the law of the case principles.  This case has a different docket number attached to it, and it is true that DC Comics has added the Shuster defendants and Mr. Toberoff himself as a defendant, and created some new theories.  But the issue has never been one of *relevance*, for DC Comics asserted in *Siegel* that the document was relevant to the claims there, and the *additional* parties here are not seeking to uncover something they did not have the opportunity to see in *Siegel*.  Thus, the new claims and new parties are not a basis for saying that automatically DC Comics is entitled to the document now when it was not entitled to it then.  The central issue surrounding the controversy is who controls the copyrights connected with the Superman creations and their iterations, and the various claims and counterclaims all derive from and relate to that issue.  The cases are all before the same judge.  The claims in the present case probably could have been filed as counterclaims and cross-claims, perhaps in supplemental pleadings, in the original case.  The jockeying that led to the filing of this present separate lawsuit should not obscure the reality of these facts.  It is appropriate, under the peculiar facts of these two cases, that applicable rulings made in the original case should govern the outcome here, unless there is some very good reason to change those rulings.

Under such circumstances, the law governing motions for reconsideration is what guides this court.  Under both FED. R. CIV. P. 60 and L.R. 7-18, the Court has the authority to reconsider matters, but generally declines to do so unless there has been a significant error in its prior ruling or the law has changed in the meantime.  The Court perceives neither in this case.

The consent agreement came to light, indeed appears to have been made, in connection with the settlement discussions following the first phase of the trial in *Siegel*, discussions that, as Judge Larson indicated, the Court strongly promoted.  The parties negotiated a confidentiality agreement concerning disclosures made in connection with the settlement discussions.  Via a letter that was headlined "Confidential--For Settlement

1  Purposes Only," Defendant Toberoff, who was and is counsel for the Siegels and Shusters,

2  told Plaintiff that an agreement existed among the Siegels and Shusters not to alienate their

3  rights in "Superman" without the consent of the other, and that those parties had agreed in

4  advance to a formula for sharing the proceeds from any transaction that they did enter into.

5  This letter was sent in the context of the settlement discussions that Judge Larson had

6  encouraged, and that were about to take place.

7             The confidentiality agreement specifically stated that

8

9             Without    limitation,    any    document    that    is    marked

10            'Confidential–For Settlement Purposes Only' and is disclosed or

11            produced at or in connection with a Settlement Conference shall

12            be treated as Confidential Settlement Information.  Confidential

13            Settlement Information shall not be disclosed to anyone other

14            than the parties, their counsel or the mediator or used in any

15            way, shape or form for any purpose, including impeachment, in

16            any pending or future proceeding in any court, in whole or in

17            part, directly or indirectly, orally or in writing, except as set

18            forth in paragraph 6 below.

19

20  Kline Decl. 113-14 [Exhibit K 1-2].  The letter mentioning the consent agreement was

21  marked "Confidential–For Settlement Purposes Only," and the parties agreed that it would

22  not be used for any purpose in any future litigation.  (Nevertheless, it appears to be the

23  information upon which Plaintiff alleges its belief in the Complaint that Defendants have

24  entered into a consent agreement.)  The present motion addresses the underlying document

25  referred to in the letter; that document was not produced in the prior settlement

26  negotiations.  Still, however, it is clear that Judge Larson accepted it as an integral part of

27  the settlement discussions, and Mr. Toberoff states that it was entered into for the very

28

ER-1525

purpose of negotiating during settlement efforts, a sort of Drysdale-Koufax collective approach to negotiation.

Plaintiff argues that the agreement constitutes an independent wrong because it violates the Copyright Act and, as an independent wrong, cannot be insulated from discovery under the rubric of settlement negotiations. At oral argument, Plaintiff emphasized a case mentioned in the Joint Stipulation, *Carney v. American University*, 151 F.3d 1090 (D.C. Cir. 1998), cited for this proposition.[1] In *Carney*, a settlement letter containing evidence of retaliation was held admissible, notwithstanding FED. R. EVID. 408, because retaliation was a wrong independent of the underlying charge of racial discrimination. A similar if not exactly the same argument about the inability of the settlement process to insulate a non-privileged relevant communication also was made to Judge Larson, *see* Kline Decl. 723 [Exhibit SS 11]:18-22, who nevertheless ruled against production of the agreement. Moreover, while FED. R. EVID. 408 does not protect the underlying facts of an independent wrong, the argument ultimately is a circular one. Plaintiff *assumes* the consent agreement constitutes an independent wrong and, acting on that assumption, takes the position contrary to the impact of Judge Larson's ruling, that the consent agreement is not protected within the settlement rubric that Judge Larson mentioned.

The Court, however, does not assume that this consent agreement constitutes an independent wrong, or is unlawful. The statute Plaintiff references, 17 U.S.C. § 304(c)(6)(D), says:

A further grant, or agreement to make a further grant, of any right covered by a terminated grant is valid only if it is made

---

[1] Plaintiff has misdescribed the facts of *Carney*. Joint Stipulation 15:12-14; R.T. (February 28, 2011) 47:12-19. *Carney* did not involve an alleged retaliatory threat to fire the employee, but an alleged retaliatory withholding of additional severance pay to which the employee might have been entitled. 151 F.3d at 1095.

ER-1526

> after the effective date of the termination.  As an exception, however, an agreement for such a further grant may be made between the author . . . and the original grantee or such grantee's successor in title, after the notice of termination has been served . . . .

There is only one Ninth Circuit case construing this provision, *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036 (9th Cir. 2005), and the Court does not know that it has the elastic interpretation Plaintiff ascribes to it, or is applicable to the factual situation here.  Insofar as pertinent here, *Milne* held that the original copyright holder, who served the termination notice, did not need to wait for the effective date of the termination before entering into a new agreement with the existing grantee of copyright rights.  The *Milne* Court explained that this portion of the statute thus gave the original grantee a favored position, because third parties could not traffic in future interests, but the original grantee could.  430 F.3d at 1047.  *Milne* does not address the situation where the original creators (or their heirs) agree to negotiate together, and do not grant future interests to anyone.  Indeed, *Milne* may well foreshadow the opposite:

> Even assuming that Congress intended such a "moment of freedom" between a contractual revocation and re-grant of rights, we note that Christopher's ability to exercise his perceived termination right gave him all the freedom he needed to refrain from entering into a new grant of copyright rights to SSI.

430 F.3d at 1048.  It may be that, if one party can refrain from negotiating with the current grantee, two creators can also agree to refrain from negotiating with the current grantee, except on terms acceptable to both.

ER-1527

One cannot know with certainty what the consent agreement means without seeing the agreement, and even then it may well be open to differing interpretations. The Court does not accept the argument, however, that simply because Plaintiff *avers* that Defendants have entered into an illegal agreement, that the agreement is, in fact, illegal. Simply calling it illegal does not make it so. Discoverability, on the theory that the existence of the agreement makes Rule 408 inapplicable, cannot turn on whether Plaintiff ultimately proves to be right in its characterization.

In short, Plaintiff called the agreement unlawful in *Siegel*, but did not persuade Judge Larson of that fact. The Court will not re-visit that issue just for the purpose of having that issue re-visited.

Nor will the Court re-visit Judge Larson's ruling that the attorney-client and related privileges protect the consent agreement. It is true that Judge Larson accepted Mr. Toberoff's representation on this point, but Judge Larson did not rule on the basis of simply having heard the incantation "attorney-client privilege." Rather, Judge Larson ruled after Mr. Toberoff described in some detail some facts about the consent agreement, indicating why he claimed the consent agreement was privileged:

> Your Honor, this is absolutely a privileged communication, attorney-client privilege, joint interest privilege, as a communication between parties with an interest in litigation and attorney-work product. The document was signed by me summarizing discussions between my clients. There's no way this document would not be protected by the attorney-client privilege.
>
> The document was written a week before the settlement mediation solely for the purposes of advancing settlement. It reflects discussions between myself and my clients regarding settlement and settlement strategy.

ER-1528

* * *

    . . . I wrote a letter, 'settlement, for confidential purposes only,' and in there I talked about this communication because it bore on — it was a discussion between my clients regarding settlement, and I gave some of the results of that. Based on that, they are demanding the underlying communication.

* * *

    I'll say this: The letter that I sent [that is, the letter that mentions the consent agreement] does not describe every aspect of this communication [the consent agreement], nor does it attach the communication. It describes some of the results of the communication as it bears on settlement.

    The communication is signed by me. It is signed by me, and it refers to discussions that I had with my clients regarding settlement. How that cannot be privileged, I do not know. Even if it had not been signed by me but merely reflected a communication between two parties with an interest in litigation regarding settlement or regarding settlement strategy, that would be protected by the joint interest privilege.

Kline Decl. 718 [Exhibit SS 6]:22-719 [Exhibit SS 7]:7; 720 [Exhibit SS 8]:6-11; 722 [Exhibit SS 10]:14-25. Again, there is no basis to revisit that ruling, unless something has transpired since to cause a change.

    Plaintiff asserts that Defendants have waived the privilege, but the Court does not agree. Plaintiff first says that, by describing the agreement, Defendants have waived any attorney-client privilege, but that argument necessarily was implicitly rejected by Judge Larson. This Court agrees with that rejection. After all, a party is required to disclose something of the substance of an agreement even just to list it in a privilege log.

ER-1529

(Indeed, as to other matters at issue on this motion, Plaintiff asserts that materials withheld under a claim of privilege should be described more fulsomely.) It is not the mere existence of the agreement, or the portions of it that have been referred to, that constitutes a waiver; waiver is a matter of intent, and the Court will not infer intent simply by the description of the agreement here.

Plaintiff also argues that by referring to the consent agreement in this litigation, Defendants have waived the attorney-client privilege. Again, the Court does not agree. Plaintiff first raised the agreement in its pleading by innuendo and, as indicated, its knowledge appears to derive from a letter that was protected during the settlement negotiations. Defendants have thereafter referred to the agreement in this lawsuit. In the Court's view, Defendants do not waive the privilege by defending themselves.

Plaintiff argues that discovery had closed in the prior lawsuit when it learned of the consent agreement, and that this too is a difference between the two cases, so that this Court should rule differently. In the *Siegel* litigation, however, Plaintiff asserted that the Siegel defendants were obligated to produce the consent agreement pursuant to two Requests to Produce, Nos. 59 and 63, Kline Declaration 708 [Exhibit QQ]; 721 [Exhibit SS]:7-10. The continuing obligation to supplement responses existed, notwithstanding the close of discovery. Again, moreover, this is a difference only because Plaintiff makes it one. Judge Larson knew the state of discovery and that Plaintiff had just learned of the existence of the agreement. With that knowledge, he did not extend discovery and, in fact, he ruled that the matter was protected under the rubric of the settlement discussions and the attorney-client and related privileges.

Therefore, Judge Larson having previously decided that the "consent agreement" in issue was protected and need not be disclosed, and the Court finding no error of law or misunderstanding on the Court's part and therefore no reason to reconsider the prior ruling, the Court rules that the consent agreement need not be disclosed here. The motion to compel is denied as to this document.

ER-1530

<u>The Retainer Agreements and Related Documents</u>.  The retainer agreements
are not privileged unless, in fact, they contain privileged information.  Plaintiff says that
it needs to see the agreements to ascertain the date on which Mr. Toberoff began to
represent the clients.  The date of the retainer agreement itself is not privileged, nor is the
date on which Mr. Toberoff performed services.  But, insofar as the description of the
services to be provided reflect advice given, the descriptions are privileged.  Accordingly,
the motion to compel is granted as to this request, but Mr. Toberoff may submit redacted
copies of his retainer agreements, redacting privileged information.

<u>Michael Siegel documents</u>.

a.      July 11, 2003 letter.  Although Defendants are somewhat cryptic about
this letter, nevertheless the record establishes that they asserted privilege as to the letter
during the prior litigation, a designation that was upheld by this Court.  Plaintiff points to
nothing to demonstrate that the prior ruling was incorrect; Plaintiff simply wants to see the
document still.  The Court sees no basis for re-visiting the prior decision.

b.      Other Michael Siegel documents.  Plaintiff seeks production of 11
documents between counsel for Michael Siegel and Mr. Toberoff, who was counsel for
Joanne Siegel and Laura Siegel Larson.  Mr. Toberoff states in his portion of the Joint
Stipulation that five of those documents do not exist, and the Court accepts that
representation.  Mr. Toberoff's claim that the joint defense privilege applies to the balance
of the documents, because they were created at a time after Michael Siegel had died and
when, by operation of law, Laura Siegel Larson was his sole heir, cannot be evaluated in
a vacuum.  Regrettably, the Court orders Mr. Toberoff to deliver the remaining six
documents for *in camera* inspection, within seven days.  Within that same seven day
period, either side may submit a further memorandum, not to exceed 10 pages in length,
assessing the argument that the joint defense privilege applies as a result of Michael
Siegel's death.

ER-1531

c. **The remaining Michael Siegel documents.** Plaintiff requests that the Court order Defendants to expand on their privilege log as to the other Michael Siegel documents. The form of the privilege log, however, has been found satisfactory by the Court of Appeals, *see In re Grand Jury Investigation*, 974 F.2d 1068 (9th Cir. 1992); *Dole v. Milonas*, 889 F.2d 885 (9th Cir. 1989), and the Court does not see any basis here for any further elaboration.

<u>Documents Referred to in the so-called Toberoff Timeline</u>. Plaintiff refers to two documents that were identified in the so-called Toberoff Timeline, and that have not been produced or logged, a May 13, 2003 letter from Michael Siegel to Ms. Larson, and a July 5, 2003 letter from Ms. Larson to Michael Siegel. Joint Stipulation at 37. As to the latter, Defendants respond that the document does not exist. Joint Stipulation at 71 n.26.[2] The Court finds no response as to the May 13, 2003 letter. Accordingly, as to this letter, within seven days Defendants shall either (a) produce it to Plaintiff; or (b) submit a verified further response to Plaintiff indicating that it does not exist or, if it already has been produced, identifying it by Bates number or other identifying mark.

<u>The Dennis Larson documents</u>. There is no real dispute as to these documents; Defendants do not object to turning them over but, since they involve matters

---

[2] At oral argument, Plaintiff stated as to this footnote: "That's not what the footnote says. And, you know, I was troubled when he said that because I didn't want to have misrepresented anything to the court. But the footnote says that he was unable to match up the July 13, 2000--excuse me, the July 5, 2003 letter. It does not say it does not exist. Now, if it doesn't exist, it doesn't exist." R.T. (February 28, 2011) 45:4-9. In the Joint Stipulation, Defendant says: "The Timeline refers to numerous documents that do not exist, and were thus not included in the stolen documents enclosed with the Timeline." Joint Stipulation at 71:25-26. The accompanying footnote lists as the third document the July 5, 2003 letter. The footnote goes on to say that Defendants were unable to identify a document that matched the description of a July 5, 2003 letter from Laura Siegel to Michael Siegel. When Defendants say that a document that Plaintiff thinks exists does not exist because Defendants were unable to match up any document with the description that Plaintiff gave them, the Court accepts that representation as a representation that the document does not in fact exist so far as Defendants know.

ER-1532

concerning one of the defendants' divorce, they want them protected. The Court does not understand why this portion of the dispute could not have been resolved out of court. The documents shall be produced but shall not be used outside of this litigation and, if filed in connection with any pretrial matter save a dispositive motion, shall be filed under seal, absent agreement of the parties. Any protection that is sought for these documents in connection with a dispositive motion or at trial must be sought separately from the judicial officer who will preside at those proceedings.

Format of Privilege Logs. The privilege log format approved in *Dole v. Milonas, supra,* and *In re Grand Jury Investigation, supra*, often can be acceptable; indeed, it was acceptable in *Siegel* and the Court believes it is acceptable with respect to the Michael Siegel documents, as indicated above. It is not the only acceptable format, however, and the parties, in their pre-hearing negotiations, appeared to reach agreement on this part of the issue, although circumstance prevented their reaching full agreement. While the descriptions in the log could be more fulsome, the Court is not persuaded that they must be so, and the Court sees no strong reason for requiring Defendants to recharacterize over 2,000 documents. The main argument circles back to whether the consent agreement, and related documents, which comprise some of the documents listed on the log, are discoverable. The Court has held that they are not required to be disclosed, which moots the argument to a certain extent. The Court also is wary of requiring characterizations of the documents; either the characterizations must be so generic as to not be much different from what is listed — "litigation update" or "litigation strategy" or "discussing case" do not tell much — or, by being more specific, they may well in fact disclose protected material. The Court will not foreclose the parties from reaching agreement among themselves, as they appeared near to doing, on a protocol that both sides will follow. Absent such agreement, however, the Court is satisfied that the log complies with Ninth Circuit law and need not be expanded.

ER-1533

1          Plaintiff's motion is granted in part and denied in part, as set forth in the

2    foregoing discussion.  Defendants' request for sanctions is denied.

3          The matters placed under seal will remain under seal.

4          The Court sustains Plaintiff's objection to matters in the ordered Supplemental

5    Brief that exceeded the scope of the Court's order.  The Court did not consider such

6    matters.

7          IT IS SO ORDERED.

8

9          DATED:  April 11, 2011

10

11   _____
           RALPH ZAREFSKY

12   UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ER-1534

1  DANIEL M. PETROCELLI (S.B. #097802)
     dpetrocelli@omm.com
2  MATTHEW T. KLINE (S.B. #211640)
     mkline@omm.com
3  CASSANDRA L. SETO (S.B. #246608)
     cseto@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
5  Los Angeles, CA  90067-6035
   Telephone:  (310) 553-6700
6  Facsimile:   (310) 246-6779

7  PATRICK T. PERKINS (admitted *pro hac vice*)
     pperkins@ptplaw.com
8  PERKINS LAW OFFICE, P.C.
   1711 Route 9D
9  Cold Spring, NY 10516
   Telephone:  (845) 265-2820
10 Facsimile:   (845) 265-2819

11 Attorneys for Plaintiff DC Comics

12 (continued on next page)

13              **UNITED STATES DISTRICT COURT**

14              **CENTRAL DISTRICT OF CALIFORNIA**

15
   DC COMICS,                              Case No. CV 10-3633 ODW (RZx)
16
              Plaintiff,                   **DISCOVERY MATTER**
17
         v.                               **JOINT STIPULATION**
18                                        **REGARDING DC COMICS'**
   PACIFIC PICTURES                       **MOTION TO COMPEL THE**
19 CORPORATION, IP WORLDWIDE,             **PRODUCTION OF DOCUMENTS**
   LLC, IPW, LLC, MARC TOBEROFF,          **AND AMENDED PRIVILEGE**
20 an individual, MARK WARREN             **LOGS**
   PEARY, as personal representative of
21 the ESTATE OF JOSEPH SHUSTER,          NOTICE OF MOTION AND
   JEAN ADELE PEAVY, an individual,       MOTION, DECLARATIONS OF
22 JOANNE SIEGEL, an individual,          MATTHEW T. KLINE AND MARC
   LAURA SIEGEL LARSON, an                TOBEROFF, AND [PROPOSED]
23 individual, and DOES 1-10, inclusive,  ORDER FILED CONCURRENTLY
                                          HEREWITH
24            Defendants.

25
                                          **Judge**:       Hon. Otis D. Wright II
26                                        **Magistrate**:  Hon. Ralph Zarefsky

27
                                          **Hearing Date**:   February 28, 2011
28                                        **Hearing Time**:    10:00 a.m.

                                                    JOINT STIPULATION RE:
                                                 DC COMICS' MOTION TO COMPEL

**ER-1535**

and risking inconsistent rulings, this Court can defer its ruling until Judge Wright determines whether the Third and Sixth Claims and DC's allegations as to "consent agreements" should be struck. If the claims are dismissed and/or struck, the Consent Agreements would not be relevant to DC's other claims, and would not need to be produced.

### f. The Consent Agreement Is Proper

Lastly, DC argues that the Consent Agreement is improper. It is not, as it is nothing more than the Heirs' agreement to collectively bargain settlement with DC.

The Consent Agreement in no way "violates" the Copyright Act as asserted by DC. *See* Docket No. 147-1 at 9-10. The section under which DC erroneously claims "rights," 17 U.S.C. § 304(c)(6)(D), simply provides that a "further grant, or agreement to make a further grant, of any right covered by a terminated grant is valid only if it is made after the effective date of the termination," but that an "agreement for such a further grant may be made between the author or [his heirs] and the original grantee or such grantee's successor in title, after the notice of termination has been served." *See Bourne Co. v. MPL Commc'ns, Inc.*, 675 F. Supp. 859, 864-65 (S.D.N.Y. 1987) (holding that "[§ 304(c)(6)(D)] does give the terminated grantee a preferred competitive position" but that "[t]he statute neither compels the terminating party to negotiate with the terminated grantee, nor forbids him from negotiating with anyone else" and does not create a "right of first refusal" or other right); 3 M. Nimmer & D. Nimmer, Nimmer § 11.08[A], n.6 (2010) (stating that "it is inaccurate to refer to this [§ 304(c)(6)(D)] advantage as 'an exclusive period of negotiation'"). As noted by another leading copyright authority, a terminated grantee has "no rights under [§ 304(c)(6)(D)], cannot sue for failure to comply, and the provision [] does not provide a basis for standing." 3 W. Patry, *Patry on Copyright,* § 21:18.

By the Consent Agreement, the Heirs did not grant or agree to grant any right

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

ER-1536

covered by a terminated grant. DC itself alleges that the Consent Agreement
simply "prohibit[s] either family from entering into agreements conveying rights …
without the express approval of all stakeholders in the heirs' rights" (FAC, ¶ 170),
demonstrating that the Consent Agreement is not covered or prohibited by the plain
wording of § 304(c)(6)(D), as a matter of law.

DC's claim that the Consent Agreement is against public policy "even if it is
only the Siegels who can bind the Shusters and vice versa" (*supra* at 23) is
nonsensical. The Heirs are free to conduct settlement negotiations with DC as they
see fit, and to avoid DC's divisive bargaining tactics by collectively negotiating
with DC. DC's cited authorities merely recite the well-worn principles that all
clients must give informed consent to a settlement, and the policy that an attorney
cannot settle a case without his clients' consent. *See Tax Authority, Inc. v. Jackson
Hewitt, Inc.*, 187 N.J. 4, 21 (N.J. 2006) (holding that a "majority rules" provision
when multiple clients are represented is invalid); Cal. Rules of Prof'l Conduct 3-
310(D) (2010) (requiring the "informed written consent of each client" for an
"aggregate settlement of claims"). The Consent Agreement requires precisely that
– the consent of the Siegels and Shuster Estate, ***not*** their attorney Mr. Toberoff, to a
settlement of their termination rights with DC.[23]

DC also falsely asserts that the Consent Agreement "show[s] how defendants
illegally parked the Shusters' interest in Superboy with the Siegels." *Supra* at 6.
DC cites no evidence for its accusations, and its underlying assumption is
erroneous. Due to a binding 1947 judicial determination that Siegel was the sole
creator of Superboy, the Shuster estate did not serve a statutory termination notice
with respect to Superboy. *See* Docket No. 148-1 at 17-18.

---

[23] As such, DC's citations to cases such as *Calvert v. Stoner*, 33 Cal. 2d 97, 103
(1948), which stand for little more than the proposition that a "contract providing
that the client may not compromise the suit without the consent of his attorney is
against public policy and void" are misplaced. The Consent Agreement provides
no such thing.

ER-1537

1    Lastly, DC falsely suggests throughout that Mr. Toberoff hypnotized the

2 Siegels and Shusters into various agreements, including the Consent Agreement.

3 *See, e.g., supra* at 11, 24 ("Toberoff induced the Shuster Heirs," "Toberoff forced

4 the Siegels," "points to conflicts of interests and impermissible constraints on a

5 client's freedom of choice").  The notion that Mr. Toberoff somehow forced his

6 clients into such agreements is rebutted by his ongoing representation of them, after

7 DC maliciously sued and maligned Mr. Toberoff in this lawsuit.  DC's tactics are

8 transparent:  interfere with Mr. Toberoff's representation of the Heirs, and "divide

9 and conquer" the Defendants, to leverage a below-market repurchase of the Heirs'

10 Superman interests.

11    **2.**  **The Retainer Agreements Are Privileged**

12    In their efforts to intrude upon Mr. Toberoff's longstanding attorney–client

13 relationship with the Heirs, DC insists on his firm's retainer agreements.  The Ninth

14 Circuit has held that, aside from an attorney's fee, which is not privileged, retainer

15 agreements which "reveal the motive of the client in seeking representation,

16 litigation strategy, or the specific nature of the services provided," are protected by

17 the attorney-client privilege.  *Clarke v. American Commerce Nat'l Bank*, 974 F.2d

18 127, 129 (9th Cir. 1992).  The Ninth Circuit clearly distinguishes between routine

19 "fee" information and more substantive information in retainer agreements that

20 constitute privileged attorney-client communications:

21    "The subpoenas quoted above demanded more than the amount of attorney
22    fees and manner of payment. The government sought attorney time records
     describing the services performed by the attorneys, ***retainer agreements***,
23    contracts, ***letters of agreement***, and related correspondence. ***We believe this
     type of demand to be an unjustified intrusion into the attorney-client
24    relationship***.
     ….
25    Accordingly, correspondence between attorney and client which reveals the
     client's motivation for creation of the relationship or possible litigation
26    strategy ought to be protected. Similarly, bills, ledgers, statements, time
     records and the like which also reveal the nature of the services provided,
27    such as researching particular areas of law, also should fall within the
     privilege. On the other hand, ***a simple invoice requesting payment for
28    unspecified services rendered reveals nothing more than the amount of the
     fee and would not normally be privileged***…."

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

ER-1538

Dated:    February 7, 2011         Respectfully Submitted,

                             O'MELVENY & MYERS LLP


                             By: /s/ Daniel M. Petrocelli
                                Daniel M. Petrocelli
                                Attorneys for Plaintiff DC Comics

Dated:    February 7, 2011         Respectfully Submitted,

                             TOBEROFF & ASSOCIATES, P.C.


                             By: /s/ Marc Toberoff
                                Marc Toberoff
                                Attorneys for Defendants Mark
                                Warren Peary, Jean Peavy, Joanne
                                Siegel, and Laura Siegel Larson

CC1:843915

JOINT STIPULATION RE:
DC COMICS' MOTION TO COMPEL

ER-1539

COPY

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 86 of 228

1  DANIEL M. PETROCELLI (S.B. #97802)
     dpetrocelli@omm.com
2  MATTHEW T. KLINE (S.B. #211640)
     mkline@omm.com
3  CASSANDRA L. SETO (S.B. #246608)
     cseto@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
5  Los Angeles, CA 90067-6035
   Telephone: (310) 553-6700
6  Facsimile:   (310) 246-6779

7  Attorneys for Plaintiff DC COMICS

8  (continued on next page)

9

10

11



FILED
CLERK, U.S. DISTRICT COURT

SEP - 3 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS,<br><br>                    Plaintiff,<br><br>         v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, JOANNE SIEGEL, an individual, LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No. CV 10-3633 ODW (RZx)<br><br>**FIRST AMENDED COMPLAINT FOR**:<br><br>(1)  Declaratory Relief re: Invalidity of Copyright Termination Notice;<br><br>(2)  Declaratory Relief re: Scope of Copyright Termination Notice;<br><br>(3)  Declaratory Relief re: DC Comics Period of Exclusivity re: Shuster;<br><br>(4)  Interference with 1992 Shuster Agreement;<br><br>(5)  Interference with Prospective Economic Advantage re: Siegel-DC Comics Agreement; and<br><br>(6)  Declaratory Relief re: Invalidity of Copyright Assignment and Consent Agreements<br><br>**DEMAND FOR JURY TRIAL**<br><br>**Hon. Otis D. Wright II** |

FIRST AMENDED COMPLAINT

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 87 of 228

(continued from previous page)

PATRICK T. PERKINS (admitted *pro hac vice*)
  pperkins@ptplaw.com
PERKINS LAW OFFICE, P.C.
1711 Route 9D
Cold Spring, NY 10516
Telephone:  (845) 265-2820
Facsimile:    (845) 265-2819

Attorneys for Plaintiff DC COMICS

FIRST AMENDED COMPLAINT

ER-1541

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 88 of 228

1　(continued from previous page)

2　PATRICK T. PERKINS (admitted *pro hac vice*)

3　　pperkins@ptplaw.com
　　PERKINS LAW OFFICE, P.C.

4　1711 Route 9D
　　Cold Spring, NY 10516

5　Telephone:　(845) 265-2820
　　Facsimile:　(845) 265-2819

6

7　Attorneys for Plaintiff DC COMICS

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT

ER-1542

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 89 of 228

# I. **STATEMENT OF THE CASE**

1.      This lawsuit challenges a scheme by Marc Toberoff and companies under his control to violate the U.S. Copyright Act and other laws by trafficking in federal copyright interests and interfering with contractual rights and other interests of plaintiff DC Comics related to the iconic property "Superman."[1]  By this scheme, Toberoff has sought to enrich himself by wrongfully laying claim to purported rights to control the exploitation of Superman to the substantial detriment of DC Comics and in violation of rights it has held, significantly invested in, and expanded upon for over 70 years.  DC Comics brings this suit to confirm its rights to the Superman property and seek redress for the wrongful conduct of Toberoff and entities he controls.  This Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. §§ 1331, 1338, and 1367, under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and under the Court's supplemental jurisdiction.

2.      Under certain narrowly defined circumstances, the Copyright Act permits authors and specified heirs to terminate copyright grants and recapture those interests from the original grantees.  These provisions of the Copyright Act also protect original grantees—such as DC Comics—by confining termination rights to certain classes of individuals in a specified time frame and manner, limiting the types of works that may be terminated, and creating an exclusive statutory period during which only the original grantee may enter into new agreements with the author or heirs to continue creating new works under the recaptured copyrights.

3.      In derogation of these provisions of the Copyright Act and the rights of DC Comics, Toberoff and entities he controls orchestrated a web of collusive agreements concerning the Superman copyrights with the heirs to the co-creators of

---

[1] Throughout this introductory statement and in other parts of the Complaint, the term "DC Comics" is used as shorthand for both DC Comics and its predecessors in interest.  The specific identities of relevant corporate entities are identified *infra*.

- 1 -

ER-1543

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 90 of 228

1  Superman, Jerome Siegel and Joseph Shuster.  By these agreements, Toberoff

2  purported to secure a majority and controlling financial stake in copyright interests

3  in Superman assertedly held by the Siegel and Shuster heirs and to preclude the

4  heirs from freely entering into new agreements with DC Comics for the continued

5  exploitation of Superman.  As detailed below, these agreements are unlawful under

6  the copyright laws, are void as against public policy, and both violate DC Comics'

7  rights and threaten the ongoing viability of the Superman property.

8     4. During their lifetimes, Jerry Siegel and Joe Shuster—both well aware

9  of the termination provisions in amendments to the Copyright Act—never once

10  sought to terminate any of DC Comics' copyright interests, even though they could

11  have attempted to do so as early as 1984.  Instead, Siegel and Shuster rightly

12  honored their agreements with DC Comics, under which they and their families

13  enjoyed significant compensation, lifetime pensions, and other important benefits.

14  After their deaths, Siegel and Shuster's heirs reached separate agreements with DC

15  Comics—the Shuster heirs in 1992, and the Siegel heirs in 2001.  These agreements

16  provided the heirs substantial compensation and fully and finally resolved any

17  claims of termination to any rights in Superman and confirmed that DC Comics

18  owned all right, title, and interest in and to Superman.

19     5. In or around 2001, Toberoff learned of these agreements between DC

20  Comics and the Siegel and Shuster heirs and engineered a course of conduct to

21  induce the heirs to repudiate those agreements and enter into new agreements with

22  Toberoff and his companies netting him the controlling stake in the heirs' asserted

23  interests in Superman.

24     6. Toberoff induced the Shuster heirs to repudiate their 1992 agreement

25  with DC Comics and enter into a 50/50 joint venture with defendant Pacific

26  Pictures Corporation, a film-production company wholly owned and controlled by

27  Toberoff, pursuant to which the heirs conveyed the entirety of their purported

28  Superman copyright termination rights to the venture.  The stated purpose of the

<div align="center">- 2 -</div>

FIRST AMENDED COMPLAINT

**ER-1544**

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 91 of 228

1   venture was to secure and exploit DC Comics' copyright interest in Superman.

2   Toberoff procured this joint-venture agreement even though he knew that the

3   Shusters' 1992 agreement with DC Comics operated to grant any and all of the

4   heirs' interest in Superman to DC Comics and extinguish any termination rights the

5   heirs might have held.  Toberoff also induced the Shuster heirs to serve a notice of

6   termination purporting to terminate and recapture the same alleged interests they

7   had granted to DC Comics under the parties' 1992 agreement.  This termination

8   notice was invalid:  among other defects, it was filed by a party lacking the

9   necessary majority interest to terminate.  Furthermore, any putative right to

10  terminate held by Joe Shuster ceased to exist when he died having elected not to

11  exercise it during his lifetime and having died without leaving a surviving spouse,

12  child, or grandchild to inherit and exercise it.

13       7.     Toberoff similarly induced the Siegel heirs to repudiate their 2001

14  agreement with DC Comics.  After years of negotiations following a copyright

15  termination notice sent by the Siegel heirs in 1997, DC Comics and the Siegel heirs

16  reached an agreement providing that DC Comics would retain all rights to

17  Superman and entitling the Siegels to receive a significant portion of the Superman

18  profits.

19       8.     Toberoff became aware of the existence of the 2001 agreement

20  between the Siegels and DC Comics and understood it diminished his stake in the

21  putative Superman rights held by his joint venture with the Shusters.  In pursuit of

22  his plan to corner and control all potential Superman termination rights and thereby

23  block further exploitation of the property by DC Comics, Toberoff set out to derail

24  the 2001 Siegel agreement.  Toberoff presented himself as a film producer and

25  falsely represented to the Siegels that if they repudiated their agreement with DC

26  Comics and entered into an agreement with him instead, a "billionaire investor"

27  was prepared immediately to pay the Siegels $15 million for their Superman rights,

28  plus a generous back-end profit participation in any future exploitations of the

- 3 -

FIRST AMENDED COMPLAINT

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 92 of 228

1  Superman property.  Toberoff also falsely represented that they would help the

2  Siegels produce their own Superman motion picture that would compete

3  successfully with a Superman motion picture that Warner Bros.—DC Comics'

4  licensee—was then developing.  Based on Toberoff's inducements, the Siegels

5  repudiated their 2001 agreement with DC Comics, terminated the employment of

6  their then-law firm Gang, Tyre, Ramer & Brown, and ultimately entered into

7  agreements with Toberoff and defendant IP Worldwide LLC, an entity controlled

8  by Toberoff.  Under these agreements, Toberoff and his company received a 45%

9  interest in any recovery by the Siegels—an 800% increase over the 5% fee in the

10  Siegels' agreement with the Gang Tyre firm.

11       9.     As a result of his arrangements with both the Shuster and Siegel heirs,

12  Toberoff secured control of the largest financial stake in the collective, putative

13  Superman termination rights (*i.e.*, Toberoff—47.5%; Siegel heirs—27.5%; Shuster

14  heirs—25%).  Toberoff sought further control, however.  In order to assert that DC

15  Comics had *no* further rights to exploit the derivative Superman character

16  "Superboy"—including in the highly popular *Smallville* network television series—

17  Toberoff manufactured the position that Jerry Siegel *alone*—to the exclusion of

18  Shuster—was the sole creator of Superboy.  Toberoff did so with full knowledge

19  that his 2001 agreement with the Shusters explicitly confirmed the *Shusters'*

20  asserted joint rights in Superboy, consistent with the long-held view of Shuster,

21  Siegel, and their heirs that Superboy was jointly created by Shuster and Siegel.[2]

22       10.    Despite these incontestable facts concerning Superboy's creation—

23  facts which Joe Shuster, Jerry Siegel, their heirs, and even Toberoff and his

24  companies ratified and affirmed over time—Toberoff induced the Siegels and

25  Shusters to falsely position Siegel as the *sole* creator of Superboy.  In 2002, the

---

26  [2] As explained *infra*, DC Comics fully agrees that Shuster and Siegel jointly
27  contributed to Superboy.  It is DC Comics' position, however, that Superboy is a
   work entirely derivative of Superman and thus Superboy is not subject to
28  termination under the Copyright Act's termination regime.

FIRST AMENDED COMPLAINT

ER-1546

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 93 of 228

1   Siegels then filed a copyright termination notice asserting sole ownership of

2   Superboy.  Toberoff then induced the Shusters in 2003 to amend their joint-venture

3   agreement with Pacific Pictures to *delete* all references to Superboy.  The deletion

4   of Superboy was directly contrary to the Shusters' interests and occurred solely to

5   park *all* of the alleged Superboy rights with the Siegels.  Having manipulated the

6   Superboy rights in favor of the Siegels, and directly contrary to copyright filings

7   that the Siegels and Shusters had previously made, Toberoff then filed a termination

8   notice on behalf of the Shusters that purported to terminate only Superman rights,

9   leaving out all mention of Superboy.  These artifices positioned the Siegels to claim

10  100% ownership of Superboy in order to later bring a copyright infringement claim

11  against DC Comics, Warner Bros., and the *Smallville* series.  That case—which was

12  filed in 2004—remains pending today.

13      11.    Yet another component of Toberoff's scheme to gain complete control

14  over the heirs to the putative Superman termination rights was preventing the Siegel

15  and Shuster heirs from freely entering into agreements with DC Comics—even if it

16  was in their respective economic interest to do so.  In violation of DC Comics'

17  statutory period of exclusivity under the copyright laws, Toberoff induced the

18  Siegels and Shusters to enter into agreements transferring their respective interests

19  to his companies and preventing them from conveying any rights to DC Comics

20  without each other's—and Toberoff's—consent.  As a result of these illicit

21  agreements, DC Comics has been deprived of its ability to enter into agreements

22  with the heirs to secure their purported termination rights, in violation of the

23  Copyright Act, other laws, and public policy promoting the free and fair settlement

24  of legal claims.

25      12.    To protect its rights under the copyright laws, agreements, and

26  interests with the Shusters and Siegels and remove the cloud that Toberoff's actions

27  have unlawfully placed over the Superman property and its future, DC Comics

28  brings this action to seek declaratory judgments and other relief as set forth below.

- 5 -

FIRST AMENDED COMPLAINT

ER-1547

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 94 of 228

## II. **PARTIES**

13.     Plaintiff DC COMICS ("DC Comics") is a general partnership organized and existing under the laws of the State of New York and has its principal place of business in the State of New York.  DC Comics is the successor-in-interest to all rights, including rights under copyright, relating to the Superman works and character.

14.     Defendant PACIFIC PICTURES CORPORATION ("Pacific Pictures") is a New York corporation organized under the laws of the State of New York, and was registered as a foreign corporation doing business in the State of California, with its principal place of business in the State of California and the County of Los Angeles.  Upon information and belief, Toberoff is the sole shareholder and registered agent for service of process of Pacific Pictures.  Upon information and belief, Pacific Pictures forfeited its active status as a New York corporation and as a registered foreign corporation in California as of early 2009.

15.     Defendant IP WORLDWIDE, LLC ("IP Worldwide") is a Delaware limited liability company organized and existing under the laws of the State of Delaware, and registered as a foreign entity doing business in the State of California, which has its principal place of business in the State of California and the County of Los Angeles.  Upon information and belief, Toberoff is the managing and controlling member of IP Worldwide and owns the controlling interest therein.

16.     Defendant IPW, LLC ("IPW") is a California limited liability company organized and existing under the laws of the State of California, which has its principal place of business in the State of California and the County of Los Angeles.  Upon information and belief, Toberoff is the managing and controlling member of IPW, is its registered agent for service of process, and owns the controlling interest in IPW.  Upon information and belief, IPW is a successor-in-interest to all or part of IP Worldwide's interests.

- 6 -

FIRST AMENDED COMPLAINT

ER-1548

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 95 of 228

17.     Defendant MARC TOBEROFF ("Toberoff") is an individual who resides in the County of Los Angeles in the State of California, and upon information and belief, is and at all times has been a citizen of the United States. Upon information and belief, Toberoff is a shareholder and member of defendants PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; and IPW, LLC.

18.     Defendant MARK WARREN PEARY ("Mark Peary" or "Peary") is an individual who resides in the State of New Mexico and is, and at all times has been, a citizen of the United States.  Peary is the nephew of Joseph Shuster, and a California court appointed him as the personal representative of the Shuster Estate.

19.     Defendant ESTATE OF JOSEPH SHUSTER ("Shuster Estate") is a probate estate established by the Los Angeles Superior Court in 2003 (LASC Case No. BP-080635).

20.     Defendant JEAN ADELE PEAVY ("Jean Peavy" or "Peavy") is an individual who resides in the State of New Mexico and, upon information and belief, is, and at all relevant times has been, a citizen of the United States.  Peavy was the sister of Joseph Shuster, and under the terms of Shuster's purported will, the sole beneficiary of the Shuster Estate.  Peavy has actively participated in the Shuster probate proceedings pending in Los Angeles, California, personally disposed of property of the Shuster Estate in California pursuant to the provisions of the California Probate Code, and is a party to certain agreements formed in California at issue in this action.

21.     Defendant JOANNE SIEGEL ("Joanne Siegel") is an individual who resides in the County of Los Angeles in the State of California and is, and at all times has been, a citizen of the United States.  Joanne Siegel is the widow of Jerome Siegel.

22.     Defendant LAURA SIEGEL LARSON ("Laura Siegel Larson") is an individual who resides in the County of Los Angeles in the State of California and

- 7 -

ER-1549

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 96 of 228

1  is, and at all times has been, a citizen of the United States.  Laura Siegel Larson is

2  the daughter of Jerome Siegel and Joanne Siegel.

3       23.    Upon information and belief, Toberoff is, and at all relevant times has

4  been, the sole shareholder and principal of Pacific Pictures and a member and

5  principal of IP Worldwide and IPW.  Upon information and belief, Toberoff is the

6  alter ego of Pacific Pictures, IP Worldwide, and IPW, in that there is, and at all

7  relevant times has been, such unity of interest between Toberoff, Pacific Pictures,

8  IP Worldwide, and IPW that any individuality and separateness between them did

9  not and does not exist, and adherence to the fiction of the independent and separate

10  existence of Pacific Pictures, IP Worldwide, and IPW distinct from each other and

11  Toberoff would promote injustice and inequity.

12       24.    Upon information and belief, the fictitiously-named DOES 1-10 are in

13  some manner responsible for the events giving rise to the claims set forth herein.

14  The true names and capacities of such fictitiously-named defendants, whether

15  individual, corporate, or otherwise, are presently unknown to DC Comics.  DC

16  Comics will amend this Complaint to assert the true names and capacities of such

17  fictitiously-named defendants when this information has been ascertained.  Each

18  reference herein to a named defendant shall also refer to DOES 1-10.

19  ### III.   JURISDICTION AND VENUE

20       25.    As noted, the Court has subject matter jurisdiction over the claims set

21  forth herein pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.  The Court has original

22  jurisdiction over DC Comics' claims arising under the Copyright Act and

23  supplemental jurisdiction over its related state-law claims.

24       26.    The Court has personal jurisdiction over defendants, *inter alia*,

25  because a substantial part of the events giving rise to the claims set forth herein

26  occurred in the State of California and the defendants have extensive contacts with

27  the State, including the following:

28

FIRST AMENDED COMPLAINT

ER-1550

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 97 of 228

a.      Defendants Marc Toberoff, the Shuster Estate, Peary, and Peavy established a joint venture in California under California law for the purpose of terminating and recapturing prior grants of the copyrights at issue in this action.

b.      On behalf of the joint venture, Peary and Peavy initiated a probate action in Los Angeles Superior Court—which, upon information and belief, remains pending—in order to effectuate the purpose of the California joint venture.  A California court appointed Peary executor of the Shuster Estate, and Peary serves in that capacity as a matter of California law.  In that capacity, Peary served one of the copyright termination notices at issue in this action.

c.      Upon information and belief, defendants Pacific Pictures and IP Worldwide are foreign entities registered as doing business in the State of California, and they have their principal places of business and are headquartered in the State of California and the County of Los Angeles.

d.      Upon information and belief, defendant IPW is a California limited liability company organized and existing under the laws of the State of California and has its principal place of business and headquarters in the State of California and the County of Los Angeles.

e.      Defendants Toberoff, Joanne Siegel, and Laura Siegel Larson reside and conduct business in the State of California and the County of Los Angeles.

f.      Defendants Joanne Siegel and Laura Siegel Larson filed two related actions against DC Comics in this District and Court to resolve ownership of the rights in Superman and Superboy.  (Case Nos. CV-04-8400 ODW (RZx), CV-04-8776 ODW (RZx)).

- 9 -

ER-1551

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 98 of 228

27.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b). Defendants are subject to personal jurisdiction in this District, and a substantial part of the events giving rise to the claims set forth herein occurred in this District.

## IV.  FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

### A.   DC Comics' Development of Superman

28.     In the 1930s, Jerome Siegel (a story writer in Cleveland) and Joseph Shuster (an illustrator, and Siegel's peer) conceived of a fictional character named "Superman," whom they originally envisioned as a criminal mastermind, and then reconceived as a hero fighting for social justice.  Aside from the name, the character shared little similarity with the figure that would later become known throughout the world as Superman.  Between 1933 and 1937, Siegel and Shuster submitted the Superman comic strips to a number of prospective publishers and newspaper syndicates, all of which rejected them.  According to a 1941 *Saturday Evening Post* profile of the pair, "by this time [Siegel and Shuster] had abandoned hope that Superman would ever amount to much."

29.     A company that would come to be known as DC Comics—and for whom Siegel and Shuster worked for hire developing fictional characters—would eventually decide to publish a 13-page comic story featuring "Superman" in the first issue of a 64-page comic book entitled "Action Comics."  As explained below, this original version of Superman had few, limited powers, and his fictional world and back-story were not well developed.

30.     Months before this "Action Comics" book ("Action Comics No. 1") was published, Siegel and Shuster entered into, on December 4, 1937, an "Agreement of Employment" with Detective Comics, Inc. ("DCI"), a predecessor-in-interest to DC Comics (the "December 4, 1937 Agreement").  Siegel and Shuster renewed their employment arrangement with DCI in agreements on September 22, 1938 (the "DCI September 22, 1938 Agreement" and "McClure September 22, 1938 Agreement") and December 19, 1939 (the "December 19, 1939 Agreement").

FIRST AMENDED COMPLAINT

ER-1552

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 99 of 228

31.     In 1938, at the instance and expense of DCI and subject to its right of control, Siegel and Shuster adapted the preexisting Superman comic strips they had created and added new material to create the 13-page comic book story entitled "Superman."  This story—like all the Superman works that Siegel and Shuster thereafter created—was created for DC Comics as a work made for hire.  Moreover, Siegel and Shuster only contributed to a part of this work.  Upon information and belief, Shuster submitted black-and-white illustrations to DCI that were later colorized by printers or engravers working at DCI's direction.  DCI also prepared one or more cover illustrations for Action Comics No. 1, which depicted Superman and was published in other comic books prior to the publication of Action Comics No. 1.  Action Comics No. 1 itself was published in April 1938.

32.     To the extent Siegel and Shuster created any copyrightable Superman-related works outside their work-for-hire relationship with DC Comics (and DC Comics has disputed that they did), those works consisted solely of certain panels and portions of the Action Comics No. 1 comic book and other minor creations in the 1930s, which Siegel and Shuster conveyed to DC Comics in 1937 and 1938.  In an agreement dated March 1, 1938 (the "March 1, 1938 Agreement"), and as required by the December 4, 1937 Agreement, Siegel and Shuster again assigned to DCI all of their rights in Superman, including "all good will attached thereto and exclusive right to the use of the characters and story, continuity and title of strip."  Siegel and Shuster confirmed DCI's sole and exclusive ownership of all Superman rights in the DCI September 22, 1938 Agreement and December 19, 1939 Agreement.

33.     The initial appearance of Superman in Action Comics No. 1 presented a limited view of the character.  The readers learn only that Superman was sent to Earth as an infant aboard a space ship from an unnamed planet that was destroyed by old age.  He secretly possessed five super-human powers:  the abilities to leap 1/8 of a mile; hurdle a twenty-story building; raise tremendous weights; run faster

FIRST AMENDED COMPLAINT

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 100 of 228

1   than an express train; and repel bullets and knives by virtue of his "tough skin." In

2   his alter-ego life, Superman was depicted as Clark Kent, a "coward" and a

3   "weakling" who worked as a reporter for "The Daily Star," with a female co-

4   worker named "Lois," whose last name is not mentioned.  In his life as Superman,

5   he was depicted as a costumed vigilante who uses his super-human abilities to fight

6   criminals and mete out his own brand of justice.  In Action Comics No. 1,

7   Superman is said to have grown up in an orphanage and is depicted (both in words

8   and images) as a child with super-human strength.

9       34.    Since the publication of Action Comics No. 1 in 1938, DC Comics—

10  with its teams of work-for-hire writers and artists (including Siegel and Shuster)—

11  has added more than 70 years of material defining, updating, expanding, and

12  improving upon the Superman myth and creating a continuous flow of new exploits

13  and characters, resulting in a vast Superman "universe."

14      35.    DC Comics has authored, published, and distributed hundreds of

15  millions of copies of thousands of comic book issues throughout the United States

16  and abroad depicting the adventures of Superman.  These comic books have been

17  authored and illustrated by dozens of DC Comics' talented staff writers and artists,

18  and many of most iconic images and stories of Superman were created by these

19  work-for-hire artists who reshaped his image over time.

20      36.    DC Comics has also created, developed, distributed, and licensed

21  numerous feature-length motion pictures, motion-picture serials, radio serials,

22  television shows, novels, and live theatrical presentations based on Superman.

23  Indeed, the radio, television, and motion-picture projects in particular—with which

24  Siegel and Shuster had nothing or little to do—were largely responsible for

25  spreading the Superman myth and popularity and expanding the Superman

26  storyline.

27      37.    As a result of DC Comics' significant and sustained investment in and

28  stewardship of Superman—and 70-plus years of character and story development

- 12 -

FIRST AMENDED COMPLAINT

ER-1554

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 101 of 228

1    by some of the most creative and talented minds in the comic-book, radio,

2    television, and motion-picture industries—Superman has remained constantly in the

3    public's eye and has become one of the most famous and beloved fictional

4    characters in the world.  Over these 70 years, Superman has evolved from the few

5    black-and-white illustrations originally drawn by Shuster into a full-blown, color

6    character inhabiting a multi-dimensional universe.

7        38.    DC Comics' development of Superman over many decades has

8    represented a continuous and ever-evolving portrayal of the character, featuring

9    new elements in the Superman back-story, new super-powers, new characters, and

10   changes in Superman's appearance.  Many of the most famous story elements and

11   characters associated with Superman were developed long after 1938, and by

12   illustrators and story writers other than Shuster and Siegel working for hire for DC

13   Comics.  These include stories about and depictions of:  (a) "Smallville," the town

14   where Superman grew up; (b) "Kryptonite," or surviving fragments of the

15   destroyed planet Krypton, which have the power to harm or affect Superman;

16   (c) the "Fortress of Solitude," Superman's secret headquarters outside Metropolis

17   (traditionally located in the Arctic, but also placed in the Andes and Amazon

18   rainforest); (d) the "Daily Planet" newspaper, where Clark Kent would go to work;

19   (e) Jimmy Olsen and Perry White, Kent's co-workers at the Daily Planet; (f) love

20   interests, such as Lana Lang; (g) villains, such as Lex Luthor and Brainiac;

21   (h) Superman's adoptive parents, the Kents; and (i) other allies, such as "Krypto"

22   the Superdog as well as Supergirl.  Other aspects of Superman's evolution included

23   the development of new super-powers, including:  (a) the ability to fly (a key

24   component, especially of the Superman motion pictures); (b) super-vision, which

25   enables him to see through walls ("X-ray" vision); (c) telescopic vision, which

26   allows him to see across great distances; (d) "heat vision," which empowers him to

27   aim rays of extreme heat with his eyes; (e) super-hearing, which enables him to

28   hear conversations at great distances; (f) invulnerability to injury; and (g) the ability

FIRST AMENDED COMPLAINT

ER-1555

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 102 of 228

1   to survive in outer space without protective gear.  It is this constant and

2   uninterrupted evolution of the Superman mythology that allows Superman to

3   remain a force in popular consciousness decades after so many contemporary

4   characters have been forgotten or deemed old-fashioned.

5       39.   In *Superman: The Action Comics Archives, Vol. 1* (1997), renowned

6   comic-book historian Mark Waid explained the dramatic transformation Superman

7   underwent over the past 70 years and stark contrast between the Superman that

8   Siegel and Shuster conceived in the 1930s and the one the world now knows:

9   > The whole world knows Superman.  He is kind, he is wise, he is
10  > gentle, he upholds the law and the mores of a decent society.  He is
    > half boy scout, half policeman.  In fact, here is what the citizens of
11  > 1939 Metropolis have to say about him:

12  >   "It is the devil himself!"
    >   "You're breaking the law, sir!"
    >   "Don't hit me again!  I'll give ya anything ya want!"
13  >   "Hundreds of officers—all incapable of stopping the mad course
    >   of one hoodlum!"

14
    > I thought I knew everything about Superman.  Then I read the [early
15  > Superman stories].  Within these pages, I met a head-bashing
    > Superman who took no prisoners, who made his own law and enforced
16  > it with his fists, who gleefully intimidated his foes with a wicked grin
    > and a baleful glare.  A Superman who reveled in his strength, who
17  > clearly enjoyed raising a little hell and who didn't care who got in his
    > way as he bounded through Metropolis meting out his own brand of
18  > justice ….  How could he have started out so different?

19  **B.**   **Early Disputes Regarding the Superman Rights**

20      40.   Siegel and Shuster served in a work-for-hire capacity for DCI from the

21  early 1930s through the late 1940s, helping draw and write Superman comic strips

22  and comic books.  They were paid substantial sums for their work, and DC Comics

23  renegotiated the pair's contract numerous times to give them greater and greater

24  stakes in the success of Superman.  By 1940 (at the end of the Great Depression),

25  Siegel and Shuster were paid the equivalent of well over a million dollars in today's

26  dollars.  The pair's earnings were even greater in 1941, exceeding $1.5 million in

27  today's terms, and in the years that followed, Siegel and Shuster would earn the

28

FIRST AMENDED COMPLAINT

ER-1556

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 103 of 228

1    equivalent of millions more.  Yet despite the financial success shared by DC

2    Comics and Siegel and Shuster, the relationship eventually became contentious.

3         41.    In 1947, Siegel and Shuster filed an action against DCI's successor,

4    National Comics Publications, Inc. ("National"), in the New York Supreme Court

5    in Westchester County (the "Westchester Action").  In the Westchester Action,

6    Siegel and Shuster sought to invalidate the March 1, 1938 Agreement.  They also

7    sought to recapture all rights in Superman, arguing that the DCI September 22,

8    1938 Agreement was obtained by duress.  Siegel and Shuster further challenged as

9    unauthorized DCI's publication in November 1944 of a series of comic-book

10   stories entitled "Superboy," which featured the adventures of Superman as a youth.

11        42.    On November 21, 1947, a referee in the Westchester Action issued an

12   opinion after trial (the "Westchester Opinion") holding that the March 1, 1938

13   Agreement assigned "all" of the Superman rights to DCI, and that the DCI

14   September 22, 1938 Agreement was valid and not obtained under duress.  The

15   referee found that DCI had acted improperly in publishing Superboy.

16        43.    At the referee's request, the parties to the Westchester Action

17   submitted proposed findings of fact and conclusions of law.  On April 12, 1948, the

18   referee adopted findings of fact and conclusions of law and issued an interlocutory

19   judgment (collectively, the "Westchester Action Interlocutory Judgment"), in which

20   he made statements based on a script that Siegel had submitted that Siegel

21   originated and owned the comic strip Superboy to the exclusion of DC Comics.

22   National filed a notice of appeal, and the Westchester Action Interlocutory

23   Judgment was stayed pending appeal.

24        44.    Shortly thereafter, the parties to the Westchester Action entered into

25   two separate agreements:  (a) a stipulation dated May 19, 1948 (the "May 19, 1948

26   Stipulation"); and (b) a consent judgment dated May 21, 1948 (the "May 21, 1948

27   Consent Agreement").  Under both documents, *inter alia*, Siegel and Shuster:

28   (a) agreed to vacate the Westchester Action Interlocutory Judgment;

FIRST AMENDED COMPLAINT

ER-1557

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 104 of 228

1    (b) acknowledged that, pursuant to the March 1, 1938 Agreement, they transferred

2    to DCI all rights in and to Superman, including "the title, names, characters,

3    concept and formula" as set forth in Action Comics No. 1; and (c) agreed that

4    National was the sole and exclusive owner of all rights in Superman and Superboy.

5    In exchange, Siegel and Shuster were paid nearly $900,000 in today's dollars.

6        45.    Following the commencement of the Westchester Action, Siegel

7    attempted to launch a new comic book and syndicated strip feature entitled

8    "Funnyman." The *Funnyman* comic book, however, was cancelled after only six

9    issues, and the syndicated *Funnyman* strip was only picked up by a few newspapers

10    and dropped prior to the end of 1949. By the late 1950s, Siegel was unable to find

11    employment in the comic book field. Having exhausted his savings and needing to

12    support his family, he approached DC Comics asking for work. Despite Siegel's

13    prior lawsuit and challenge to DC's rights in Superman, DC Comics agreed to hire

14    him and thereafter employed Siegel continuously as a work-for-hire writer until the

15    mid-1960s, when he once again challenged DC Comics' rights to Superman.

16        46.    In April 1965, Siegel (while still working for DC Comics) and Shuster

17    (who was being paid a monthly stipend by DC Comics) filed copyright renewal

18    notices in their own names, claiming to own the renewal copyrights in the

19    Superman character and in Action Comics No. 1. This was followed by a lawsuit

20    filed by Siegel and Shuster against National in 1969 in the District Court for the

21    Southern District of New York, seeking a declaration that they owned the

22    "renewal" copyright terms for Superman and Action Comics No. 1. (Under the

23    then-applicable 1909 Copyright Act, the period of copyright protection for a work

24    included an initial term of 28 years and an optional renewal term of 28 years.)

25    Again, Siegel and Shuster's arguments were rejected, and the federal district court

26    held, *inter alia*, that the agreements between Siegel and Shuster, on the one hand,

27    and DCI (later National), on the other, had assigned "all" rights in Superman to

28    DCI and National, including all renewal copyrights. *See Siegel v. Nat'l Periodical*

FIRST AMENDED COMPLAINT

ER-1558

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 105 of 228

1   *Publ'ns, Inc.*, 364 F. Supp. 1032 (S.D.N.Y. 1973).  The Court of Appeals for the

2   Second Circuit affirmed the district court's ruling that National owned all rights in

3   Superman.  *See Siegel v. Nat'l Periodical Publ'ns, Inc.*, 508 F.2d 909 (2d Cir.

4   1974).  Siegel and Shuster did not further appeal that ruling.

5        47.    Following the failure of their second lawsuit to recapture copyrights in

6   Superman, Siegel and Shuster ran into financial difficulties of their own making.

7   Siegel publicized their financial plight, and there were calls for companies like

8   National (and even for Congress) to help such artists.  On December 23, 1975, and

9   despite Siegel and Shuster's two prior lawsuits against National, Warner

10   Communications, Inc. ("WCI"), National's then-parent company, agreed to provide

11   them financial assistance.  Under an agreement entered into in 1975 (the "1975

12   Agreement"), Siegel and Shuster again acknowledged that DC Comics was the sole

13   and exclusive owner of "all right, title and interest in and to the 'Superman'

14   concept, idea, continuity, pictorial representation, formula, characters, cartoons and

15   comic strips, title, logo, copyrights and trademarks, including any and all renewals

16   and extensions of such rights, in the United States and throughout the world, in any

17   and all forms of publication, reproduction and presentation, whether now in

18   existence or hereafter devised."  In exchange, WCI agreed to provide Siegel and

19   Shuster with, *inter alia*, annual payments of $20,000 each (around $80,000 in

20   current dollars), annual payments to their heirs after their death, medical insurance

21   coverage, and a lump sum of $17,500 each.  With respect to Shuster's heirs, WCI

22   agreed that after Shuster's death, it would make annual payments to his brother,

23   Frank Shuster, of $10,000 until December 31, 1985, and then $5,000 a year for the

24   rest of his life.

25        48.    In the years following the 1975 Agreement, DC Comics increased the

26   annual payments to Siegel and Shuster, made periodic cost-of-living increases,

27   provided insurance, and paid special bonuses.  During the last several years,

28   Siegel's widow, for example, has received $135,000 per year plus reimbursement

FIRST AMENDED COMPLAINT

ER-1559

1   for all medical expenses.  In all, DC Comics has paid Siegel, Shuster, and their
2   heirs nearly $4 million pursuant to the 1975 Agreement and other arrangements—
3   benefits that DC Comics continues to pay, and the Siegel and Shuster heirs continue
4   to accept.
5       49.    In 1976, Congress amended the Copyright Act to give authors and
6   certain of their heirs certain limited rights to terminate prior grants of copyright.
7   *See* 17 U.S.C. § 304(c) (1976).  This amendment did not apply to works-made-for
8   hire (the company paying for the production of those works would always own
9   them), and entitled authors and certain heirs to recapture copyrighted interest only
10  in works that the *author* actually created (*e.g.*, it did not entitle authors to recapture
11  derivative works the grantee may have developed pursuant to the original grant,
12  such as the original Superman radio and television shows, or Superman-related
13  characters, such as "Superboy" or "Lex Luthor").
14      50.    Despite their previous legal battles with National and the widespread
15  publicity surrounding this legislation, neither Jerry Siegel nor Joe Shuster ever
16  endeavored to exercise any termination rights under the statute.  Instead, for the rest
17  of their lives, Siegel and Shuster accepted and enjoyed the benefits under the 1975
18  Agreement.  This decision made sense, given Siegel and Shuster's work-for-hire
19  relationship with DC Comics, the narrow sliver of rights (if any) to which they
20  might claim an interest, and the significant contributions made to Superman in the
21  past 70 years to which they could claim no interest.  Moreover, the 1975 Agreement
22  paid Shuster and Siegel an annual pension and medical insurance for the rest of
23  their lives and, upon their death, paid annual pensions to their heirs.  Although
24  Shuster's and Siegel's "window of time" in which to attempt to terminate prior
25  grants of copyright interests in Superman theoretically opened in 1984, at no time
26  during their lives did they attempt to exercise any such right.
27
28

FIRST AMENDED COMPLAINT

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 106 of 228

ER-1560

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 107 of 228

1  **C.**   **Joe Shuster's Death and the Shuster Heirs' 1992 Agreement**

2       51.     Joe Shuster passed away on July 30, 1992.  He was survived only by

3  his brother Frank Shuster, sister Jean Peavy, and Ms. Peavy's two children, Mark

4  Peary and Dawn Peavy (the "Shuster Heirs").  (Mark Peary changed his last name

5  from "Peavy" to "Peary.")  Shuster did not leave a widow and never had children or

6  grandchildren.  Shuster's purported will appoints Jean Peavy the sole beneficiary

7  and executrix of his estate.  (An alleged copy of this will surfaced and was probated

8  in 2003, after Toberoff intervened.  In addition to certain irregularities in the will,

9  probate papers filed by the Shuster Heirs falsely represented that Joe Shuster was

10  never married and omitted that Joe Shuster had a sibling, Frank Shuster, who also

11  survived him.)

12       52.     On August 21, 1992, Jean Peavy sent a letter to Time Warner and DC

13  Comics explaining that she was the sole heir to Shuster's estate and that Shuster

14  had left "a crushing burden of unpaid debts and bills and only a tiny estate."

15  Ms. Peavy stated:  "It's unbelievable to me that Joe could have so little considering

16  the generosity shown by Time Warner in raising the pension income of Siegel and

17  Shuster."  She also disclosed that 20% of Shuster's income had been taken by

18  Joanne Siegel, Jerome Siegel's widow, "as an agent's commission for getting pay

19  raises for Siegel and Shuster" following the December 23, 1975 Agreement.  Much

20  of the remainder of Shuster's income was spent by him during "compulsive

21  buy[ing]" and "shopping sprees" and on expensive stereo equipment and other

22  personal items.  As a result, Shuster had accumulated "almost $20,000 in credit

23  card debts and unpaid bills" that, "[a]s heir to his Will, [Ms. Peavy was] responsible

24  for paying."  Ms. Peavy asked that Time Warner and DC Comics "pay his final

25  debts and expenses."

26       53.     In September 1992, Time Warner and DC Comics offered to pay off

27  Shuster's debts and expenses, totaling approximately $20,000, plus increase Frank

28

FIRST AMENDED COMPLAINT

ER-1561

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 108 of 228

1   Shuster's annual survivor payments under the 1975 Agreement from $5,000 to

2   $25,000 per year.

3       54.    In a September 10, 1992 letter sent to DC Comics (the "September 10,

4   1992 Letter"), Frank Shuster, on behalf of himself and Jean Peavy, requested that

5   the annual payments due and owing Frank Shuster be made to Jean Peavy in order

6   to take advantage of certain tax benefits.  Frank Shuster and Jean Peavy further

7   promised that, if an agreement could be reached, Jean Peavy "would not pursue the

8   termination of the Superman copyright as provided for to creators' heirs in the 1976

9   U.S. Copyright Act."

10      55.    Based on Jean Peavy and Frank Shuster's letter and the parties' further

11  discussions, DC Comics, Jean Peavy, and Frank Shuster entered into a written

12  agreement on October 2, 1992 (the "1992 Agreement").  The 1992 Agreement,

13  which did not have an integration clause, confirmed that it "fully settles all claims

14  to any payments or other rights or remedies which you may have under any other

15  agreement or otherwise, whether now or hereafter existing regarding the copyrights,

16  trademarks, or other property right in any and all work created in whole or in part

17  by your brother, Joseph Shuster, or any works based thereon," and that the Shuster

18  Heirs "covenant not to assert any claim of right, by suit or otherwise, with respect

19  to the above, now and forever."  The 1992 Agreement provided that the Shuster

20  Heirs "now grant to us [DC Comics] any … copyrights, trademarks, or other

21  property right in any and all work created in whole or in part by your brother,

22  Joseph Shuster, or any works based thereon."  The 1992 Agreement thus operated

23  to revoke, rescind, and replace Shuster's prior copyright grants and agreements.

24  After the 1992 Agreement, DC Comics enjoyed an amicable relationship with the

25  Shuster Heirs.

26      56.    On September 7, 1999, Jean Peavy sent a letter to DC Comics

27  confirming that the clear effect of the 1992 Agreement was to revoke and regrant

28  any prior copyright grants that could otherwise have been subject to termination:  "I

- 20 -

FIRST AMENDED COMPLAINT

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 109 of 228

1  have learned from the Internet that Joanne Siegel has filed a copyright claim for

2  SUPERMAN [*i.e.*, the Siegel Superman Termination Notice].  I want you to know

3  that I intend to honor our pension agreement."

4       57.    To date, DC Comics and its affiliates have paid the Shuster Heirs close

5  to $500,000 under the 1992 Agreement.  On April 27, 1995, Jean Peavy sent a letter

6  to DC Comics expressing gratitude for their generosity and concluding: "You know

7  we appreciate your thoughtfulness."  Even after Frank Shuster's death in 1996, DC

8  Comics has continued to this day to pay $25,000 per year to Jean Peavy.

9  **D.**    **Toberoff Induces the Shusters to Repudiate the 1992 Agreement with**

10      **DC Comics and Acquires a 50% Interest in the Shusters' Putative Rights**

11       58.    This state of affairs remained undisturbed for almost a decade.  In

12  2001, Toberoff and his motion-picture production company, Pacific Pictures,

13  induced the Shuster Heirs to violate their 1992 Agreement and wrongfully attempt

14  to acquire and exploit future copyright interests in Superman.

15       59.    Toberoff is a self-described "intellectual property entrepreneur."  His

16  business—conducted through a variety of corporate entities like Pacific Pictures—

17  is to locate the authors of valuable copyrighted works or their heirs and acquire, or

18  prevent them from conveying to others, asserted rights to present or future

19  copyright interests.  To convince these authors and heirs to go into business with

20  him, Toberoff holds himself out as a producer with the financial resources and

21  connections to exploit recaptured rights in all media in the entertainment industry.

22       60.    In or around 2001, Toberoff made contact with the Shuster Heirs and

23  embarked on a course of conduct with them to disrupt their relationship with DC

24  Comics, including DC Comics' rights under the 1992 Agreement.  On November

25  28, 2001, the Shuster Heirs formed a joint venture with Toberoff's company Pacific

26  Pictures (the "2001 Pacific Pictures Agreement") for the stated purpose of

27  "exploiting all of Joe Shuster's, and his estate's rights, claims, copyrights, property,

28  title and interests in and to Joe Shuster's creations"—despite the fact that these

FIRST AMENDED COMPLAINT

ER-1563

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 110 of 228

rights had been granted to DC Comics in the 1992 Agreement.  The 2001 Pacific Pictures Agreement provided that this purpose would be realized in part "via the establishment of Joe Shuster's estate … and the estate's termination pursuant to [17 U.S.C. § 304] of any and all grant or transfers by Joe Shuster of any copyright interest in his creations."

61.    The 2001 Pacific Pictures Agreement defined the Shuster Heirs' rights being assigned as including all "rights, claims, title, copyrights and interests in and to each character, story element, and indicia associated with … 'SUPERMAN' [and] *Superboy*."  (Italics added.)

62.    Pursuant to the 2001 Pacific Pictures Agreement, Jean Peavy and her son Mark Peary "transfer[red] and assign[ed] to the Venture their rights, title, and interest" in Shuster's purported Superman and Superboy rights.  The Agreement provided that "[a]ny and all moneys and proceeds [of the Venture] will be shared, divided and payable:  fifty percent (50%) to [the Shuster Heirs] and fifty percent (50%) to PPC [Pacific Pictures]," and that upon "winding-up of the Venture or in the event of termination of the Venture *for any reason*, all Rights, property or assets of the Venture will be held fifty percent (50%) by the [Shuster Heirs] and fifty percent (50%) by PPC."  (Emphasis added.)

63.    The 2001 Pacific Pictures Agreement also provided that the Shuster Heirs could not enter into any agreement with respect to the Superman and Superboy rights "without the express written consent" of Pacific Pictures, an entity controlled solely by Toberoff.

64.    The 2001 Pacific Pictures Agreement did not represent a legal retainer agreement.  Rather, the Agreement provided that the joint venture would separately "retain Marc Toberoff, Esq. to render legal services in connection with the Rights and the Venture."  In a subsequent agreement in 2003, the parties confirmed that "PPC … is not a law firm."  Toberoff signed the 2001 Pacific Pictures Agreement on behalf of "Pacific Pictures Corporation" as "Marc Toberoff, President"—as

FIRST AMENDED COMPLAINT

ER-1564

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 111 of 228

1   opposed to "Marc Toberoff, Esq."  Upon information and belief, Toberoff and the

2   Shuster Heirs did not enter into a legal retainer agreement until 2004—*three years*

3   after entering into the 2001 Pacific Pictures Agreement.

4        65.    After entering into the 2001 Pacific Pictures Agreement, the Shuster

5   Heirs filed a probate action in Los Angeles Superior Court to establish the Shuster

6   Estate (the "Probate Action").  (*See* LASC Case No. BP-080635.)  Under the terms

7   of Shuster's purported will, Jean Peavy was appointed the sole beneficiary and

8   executrix of his estate.  In the Probate Action, however, the Shuster Heirs asked the

9   Superior Court to authorize Mark Peary to serve as executor in Jean Peavy's place.

10  The Superior Court appointed Peary executor on October 7, 2003; one month later,

11  Peary served a copyright termination notice on DC Comics on behalf of the newly-

12  formed Shuster Estate.

13  **E.**    **Toberoff Induces the Siegels to Repudiate the Siegel-DC Comics**

14        **Agreement and Acquires a 45% Interest in the Siegels' Putative Rights**

15       66.    Having orchestrated this joint venture with the Shuster Heirs, Toberoff

16  used the Shuster Heirs to gain access to the heirs of Jerry Siegel, Joanne Siegel and

17  Laura Siegel Larson (collectively, the "Siegel Heirs").  Toberoff sought to corner

18  the other putative "half" of putative Superman termination rights.  Toberoff knew,

19  however, that the Siegels had reached an agreement with DC Comics in 2001

20  resolving their putative termination claims.  Nevertheless, Toberoff and his

21  companies set out to interfere with this agreement in order to acquire a stake in the

22  Siegel Heirs' putative copyright interests in Superman.

23       67.    In 1997—and after Jerry Siegel's death in 1996—the Siegel Heirs had

24  employed counsel and served notices to terminate grants of Superman rights that

25  Siegel had conveyed to DC Comics (the "Siegel Superman Termination Notice").

26  The Siegel Superman Termination Notice, which was prepared by prior counsel,

27  listed Superboy works and elements as among the "character[s], story element[s], or

28  indicia reasonably associated with SUPERMAN," in recognition of the fact that

FIRST AMENDED COMPLAINT

**ER-1565**

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 112 of 228

1  Superboy was a complete derivative of Superman rather than a stand-alone, non-
2  derivative work based upon Superman.
3      68.    The Siegel Heirs and DC Comics began negotiations, and in these
4  talks the Siegel Heirs were represented by Kevin Marks of the Gang Tyre
5  entertainment law firm.  As the parties' negotiations progressed, and as
6  expectations grew that an agreement would soon be reached, DC Comics paid the
7  Siegels a non-refundable advance of $250,000.
8      69.    On October 16, 2001, DC Comics made a proposal to the Siegel Heirs.
9  On October 19, 2001, Kevin Marks sent a letter to DC Comics confirming that the
10 Siegel Heirs "accepted D.C. Comics' offer of October 16, 2001." On October 26,
11 2001, DC Comics sent a return letter confirming the parties' agreed-upon terms.
12 DC Comics then began drafting a long-form agreement.  DC Comics sent the Siegel
13 Heirs a copy of the long-form document on February 1, 2002.  As a result of the
14 parties' agreement (the "Siegel-DC Comics Agreement"), the Siegels were now on
15 the brink of receiving significant portions of the Superman profits—sums that
16 would immediately and dramatically change their lives.  Moreover, virtually all of
17 the money would be theirs alone to keep, as the Gang Tyre firm had agreed to
18 represent the Siegels for the standard 5% fee.
19     70.    Toberoff has admitted that he closely tracked the progress of the Siegel
20 Heirs' termination attempt.  On learning of the Siegel-DC Comics Agreement, he
21 knew his company's joint-venture interest in the Shuster rights was limited and that
22 he could assert greater leverage only if he could disrupt the Siegel-DC Comics
23 Agreement and corner both "halves" of the putative Superman termination rights.
24 Given that Joe Shuster and his heirs held whatever Superman copyright interests
25 they owned (*if any*) jointly with Jerome Siegel, Toberoff understood that if DC
26 Comics obtained the rights from the Siegels to exploit new Superman properties, it
27 could do so freely without any ability on the part of the Shusters to claim their
28 interests were being infringed.

- 24 -

FIRST AMENDED COMPLAINT

ER-1566

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 113 of 228

71.     With knowledge that his actions would interfere with DC Comics'
actual and prospective economic advantages under the Siegel-DC Comics
Agreement, on or around November 29, 2001— six days after signing the 2001
Pacific Pictures Agreement with the Shuster Heirs—Toberoff, identifying himself
as a film producer, approached the Siegel Heirs, including and/or through their
representative Kevin Marks, for the purpose of acquiring their rights.

72.     Toberoff contacted Marks again on or around February 6, 2002
regarding a "potential buyout" of the Siegel Heirs' rights.  Marks informed
Toberoff that the Siegel Heirs had already reached a binding agreement with DC
Comics, which was in the process of being further documented in a long-form
agreement.  Undeterred, Toberoff continued his efforts to interfere with the Siegel-
DC Comics Agreement.

73.     On or around February 9, 2002, Toberoff approached Steven Spira, a
Warner Bros. Pictures executive, at a social function and told him: "You have a
Superman rights problem."

74.     On February 12, 2002, Toberoff formed IP Worldwide as a joint
venture between Pacific Pictures and a well-known Hollywood talent agent.

75.     While Toberoff was undertaking these activities to disrupt DC Comics'
relationship and agreements with the Siegels, on May 9, 2002, Joanne Siegel sent a
letter to DC Comics' affiliate acknowledging the Siegel Heirs had accepted DC
Comics' October 16, 2001 offer, but purporting to object to certain unspecified
portions of the long-form document.

76.     DC Comics objected to the Siegel Heirs' sudden and unfounded
objections expressed in their May 9 letter, but continued working with the Siegels'
counsel (Kevin Marks) to finalize the long-form agreement.  On May 16, 2002,
Marks, who had discussed the long-form agreement with the Siegel Heirs, told
Warner Bros. general counsel John Schulman that his long-form agreement was
"aggressive," but that the Siegels could "deal with it" and that it was "not contrary

- 25 -

FIRST AMENDED COMPLAINT

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 114 of 228

1   to what had been agreed to." Throughout the summer of 2002, Marks worked on a
2   re-draft of the February 1, 2002 long-form agreement, which he submitted to the
3   Siegels for their approval on July 15, 2002.
4         77.   In or around August 2002, as Marks was finalizing the Siegels'
5   revisions to the long-form document, Toberoff contacted Marks again regarding the
6   Siegel-DC Comics Agreement. Upon information and belief, Marks informed
7   Toberoff he could not discuss the matter, including the terms of the agreement,
8   because of a confidentiality agreement between DC Comics and the Siegel Heirs.
9   Toberoff reiterated interest in purchasing the Siegel Heirs' Superman rights. On
10  August 8, 2002, Toberoff conveyed an offer to Marks for presentation to the
11  Siegels, which Marks said he would convey.
12        78.   Upon information and belief, Toberoff's offer stated that he had found
13  a billionaire investor willing to purchase the Siegel Heirs' Superman rights.
14  Toberoff claimed the investor would give the Siegel Heirs $15 million cash up
15  front, plus generous royalty and "back-end" rights on any properties developed,
16  including a new Superman motion picture. Marks asked whether the offer was
17  contingent on a due diligence investigation, and Toberoff stated that he had already
18  conducted due diligence. Upon information and belief, Toberoff also falsely
19  offered to help the Siegel Heirs produce a movie that would compete directly with
20  the Superman movie in development at the time at Warner Bros., DC Comics'
21  licensee, even though he knew that the Siegels' limited rights in the recaptured
22  copyright, if any, would make such a competing motion picture all but impossible
23  to produce and distribute.
24        79.   Upon information and belief, although Marks conveyed Toberoff's
25  offer to the Siegels, he advised them that they had already reached a binding
26  agreement with DC Comics. Nonetheless, as a result of Toberoff's fraudulent
27  inducements, the Siegel Heirs stated that they would repudiate their agreement with
28

- 26 -

FIRST AMENDED COMPLAINT

ER-1568

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 115 of 228

1  DC Comics and accept Toberoff's offer.  On or around September 21, 2002, the

2  Siegel Heirs sent a letter to Marks terminating him as their attorney.

3    80.    On or around September 21, 2002, based on Toberoff's inducements

4  and other acts of interference described above, the Siegel Heirs sent a letter to DC

5  Comics repudiating the Siegel-DC Comics Agreement.  On October 28, 2002, the

6  Siegel Heirs sent a letter to DC Comics confirming that the September 21, 2002

7  letter "totally stopped and ended negotiations with DC Comics, Inc."  And in a

8  2006 discovery response in the Siegel Actions, the Siegel Heirs denied that "[b]y

9  the May 9 Letter, [the Siegel Heirs] terminated negotiations with Defendants

10  concerning the Superman Notices."

11    81.    On October 23, 2002, the Siegel Heirs formalized an agreement with

12  defendant IP Worldwide for the purpose of "arrang[ing] and negotiat[ing] the sale,

13  lease, license and all other dispositions or exploitations" of the Siegel Heirs'

14  Superman rights (the "IP Worldwide Agreement").  The Siegel Heirs agreed to pay

15  IP Worldwide a fee of 10% of the gross proceeds generated by those rights.  Upon

16  information and belief, the fee was subsequently reduced to 5%.

17    82.    The IP Worldwide Agreement provided that the Siegel Heirs could

18  "not transfer, assign, license or in any manner encumber the Rights … other than

19  through or as a result of IPW's exclusive representation thereunder."

20    83.    The IP Worldwide Agreement was not a legal retainer agreement.  It

21  confirmed that "the scope of this Agreement does not include legal services and/or

22  expenses in connection with litigation," and provided that "[t]he provision of such

23  services and advancing of such expenses … will be rendered by Marc Toberoff,

24  Esq., subject to good faith negotiation of a mutually acceptable agreement executed

25  by Mr. Toberoff" and the Siegel Heirs.  Upon information and belief, it was not

26  until 2004—two years after entering into the IP Worldwide Agreement—that the

27  Siegel Heirs entered into an agreement with Toberoff granting him 40% of their

28

- 27 -

FIRST AMENDED COMPLAINT

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 116 of 228

1   Superman rights and retaining him as their attorney (the "Siegel-Toberoff

2   Agreement").

3        84.    Upon information and belief, as a result of the Siegel-Toberoff

4   Agreement and IP Worldwide Agreement, Toberoff now owns a 45% financial

5   interest in the Siegel Heirs' purported Superman rights.

6        85.    Upon information and belief, Toberoff admitted to the Siegel Heirs

7   that he misled them about the existence of the billionaire investor he used as an

8   inducement to obtain their putative rights.  He also acknowledged that even if the

9   Siegel Heirs succeeded in recapturing any Superman rights, he could not follow

10   through on his false promise to make a competing Superman movie for them.  His

11   reasons: "1. the clout of WB Consumer Products in the licensing industry;

12   2, perception that WB owns S[uperman] and that to understand what you own

13   requires an understanding of the nuances of copyright law; 3. fear of being sued or

14   embroiled in litigation."

15   **F.**    **Toberoff Manipulates the Siegel Heirs and Shuster Heirs into Falsely**

16        **Claiming that Superboy Was the Sole Creation of Jerry Siegel**

17        86.    After Toberoff induced the Siegel Heirs to repudiate the Siegel-DC

18   Comics Agreement, on November 8, 2002, the Siegel Heirs served a second

19   copyright termination notice on DC Comics directed at the character Superboy (the

20   "Siegel Superboy Termination Notice").  The notice not only erroneously stated

21   that Superboy was a copyrightable work not derivative of Superman, but falsely

22   recited that Superboy was created *solely* by Siegel (without contribution from

23   Shuster), thereby entitling the Siegel Heirs to terminate and recapture 100% of the

24   putative Superboy rights.

25        87.    Defendants knew these claims were false.  To begin, in the Siegel

26   Superman Termination Notice served by the Siegel Heirs in 1997—the one served

27   prior to Toberoff's intervention—the Siegel Heirs expressly identified the Superboy

28   works and elements as among the "character[s], story element[s], or indicia

FIRST AMENDED COMPLAINT

ER-1570

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 117 of 228

reasonably associated with SUPERMAN."  This earlier notice acknowledged—as is in fact the case—that Superboy was a derivative work of Superman, rather than a separately copyrightable work.

88.    As to the representation that Superboy was created solely by Jerry Siegel, defendants knew that claim was untrue as well.  Among other reasons:

- One year earlier, through defendant Pacific Pictures, Toberoff had entered into the 2001 joint-venture agreement with the Shuster Heirs, specifying that the *Shuster Heirs* owned an interest in "Superboy."

- The original Superboy "script" on which the Siegel Heirs' ownership claims rely openly contains the byline:  "By Jerry Siegel *and Joe Shuster*"—not just Jerry Siegel alone.  (Emphasis added.)

- In 1948, a Court in Westchester, New York found that Joe Shuster provided the artwork for the Superboy story in More Fun Comics No. 101, the comic book which the Siegel Superboy Termination Notice claims is the first published Superboy work.

- In 1972 and 1973, Siegel and Shuster together filed their own copyright renewal notices with the copyright office for Superboy, in which they identified Superboy as a work that they had *jointly* created.

- And long before the alleged first publication of "Superboy" in November 1944, Shuster illustrated works for DC Comics that included various depictions of Superman as a boy, exhibiting super-human strength.  Several examples are reproduced below.  In "Action Comics No. 1," for example, Shuster drew Superman as a very young boy displaying an "astonish[ing] feat[]" of super-human strength, holding a chair above his head:

<div align="center">- 29 -</div>

FIRST AMENDED COMPLAINT

**ER-1571**

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 118 of 228

1
2
3
4
5
6
7
8
9
10
11



Action Comics No. 1 (1930)

12  Shuster also depicted Superman as a youth with super-powers in "Superman
13  No. 1," a work allegedly terminated by Shuster in the notice filed by
14  Toberoff on behalf of the Shuster heirs,

15
16
17
18
19
20
21
22
23

Superman No. 1 (May 1939)

24
25  as well as in a 1942 Sunday comic strip, in which Superman as a "youth"
26  discovers that his "amazing powers" are "multiplied with the years" and
27  that, as a boy, he could "outrace the fastest streamline train":
28

- 30 -                    FIRST AMENDED COMPLAINT

**ER-1572**

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 119 of 228



Superman Sunday Strip (May 31, 1942)

89.    Through Pacific Pictures, Toberoff manipulated the Siegel and Shuster Heirs into falsely positioning Siegel as the sole creator of any putative copyrightable elements in Superboy.  They did so to enable the Siegels to claim a sole ownership interest in Superboy elements allegedly subject to recapture and thereby prevent DC Comics from exploiting Superboy without the Siegels' authorization and without being subject to claims of copyright infringement.  (Again, to be clear, DC Comics disputes that Superboy is not a derivative work of Superman and disputes that it is a work that Shuster and Siegel owned.)

90.    To manufacture this claim of sole ownership by the Siegels, Toberoff (acting through Pacific Pictures) caused the *Shuster Heirs* to remove from the 2001 joint venture between Pacific Pictures and the Shuster Heirs all claims by the Shusters to alleged rights in any and all Superboy elements.  Toberoff accomplished this by creating a new joint-venture agreement—signed October 30, 2003—that *deleted* any reference to Superboy.  Defendants Mark Peary and Jean Peavy signed this agreement (the "2003 Pacific Pictures Agreement"), which omitted all references to Superboy in its description of the Shuster Heirs' rights.  Toberoff induced the Shuster Heirs to disclaim any interest in Superboy so that Toberoff could position the Siegel Heirs to recapture 100% of these rights and

- 31 -

FIRST AMENDED COMPLAINT

**ER-1573**

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 120 of 228

1  assert a copyright infringement action against DC Comics—and seek an injunction

2  against the television program *Smallville* on that basis.

3       91.   In October 2004, the Siegels filed two actions in this Court seeking

4  declaratory relief as to the validity of the Superman and Superboy termination

5  notices, and in April 2005, the Siegels supplemented their pleadings in the

6  Superboy action to assert copyright infringement (the "Siegel Actions").  (Case

7  Nos. CV-04-8400 ODW; CV-04-8776 ODW.)  Both actions remain pending before

8  this Court.

9  **G.  The Shusters' Flawed Termination Notice**

10       92.   On November 10, 2003, one week after the 2003 Pacific Pictures

11  Agreement was signed, defendant Mark Peary served on DC Comics a "Notice of

12  Termination of Transfer Covering Extended Copyright Renewal Term of

13  'Superman'" (the "Shuster Termination Notice").

14       93.   The form submitting the Shuster Termination Notice for recordation in

15  the U.S. Copyright Office was certified under penalty of perjury by Toberoff on

16  behalf of "IP Worldwide/Estate of Joseph Shuster."  IP Worldwide is the Toberoff

17  entity which, upon information and belief, holds a portion of the Siegel Heirs'

18  Superman and Superboy rights pursuant to the IP Worldwide Agreement.

19       94.   The Shuster Termination Notice purports to terminate, under 17 U.S.C.

20  § 304(d), effective October 26, 2013, the following Shuster copyright grants:

21  (a) the December 4, 1937 Agreement; (b) the March 1, 1938 Agreement; (c) the

22  DCI September 22, 1938 Agreement; (d) the McClure September 22, 1938

23  Agreement; (e) the December 19, 1939 Agreement; (f) the May 19, 1948

24  Stipulation; and (g) the December 23, 1975 Agreement.

25       95.   The Shuster Termination Notice does *not* purport to terminate the

26  copyright grants in the May 21, 1948 Consent Agreement or, even more

27  importantly, the 1992 Agreement between the Shuster Heirs and DC Comics.

28

- 32 -

FIRST AMENDED COMPLAINT

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 121 of 228

96.     The Shuster Termination Notice purports to apply to the following works:  (a) certain unpublished material created before Action Comics No. 1; (b) Action Comics No. 1; (c) Action Comics No. 2; (d) Action Comics No. 3; (e) Action Comics No. 4; (f) Action Comics No. 5; (g) Action Comics No. 6; (h) Action Comics No. 7; (i) Superman No. 1; and (j) Superman No. 3.

97.     The Shuster Termination Notice does not purport to terminate any copyright grant in pre-Action Comics No. 1 promotional materials or any materials relating to Superboy.

98.     The Shuster Termination Notice states that defendant Mark Peary "is the person entitled to exercise Joseph Shuster's termination interest" and that the Notice was "signed by all persons whose signature is necessary to terminate."  The Notice makes no mention of the joint venture that the Shuster Heirs and Pacific Pictures formed or its putative ownership stake in the to-be terminated Superman rights.  Nor does the Notice mention Pacific Pictures or its putative ownership stake in the joint venture, despite the grant of 50/50 rights in the joint venture to Pacific Pictures pursuant to Pacific Pictures' 2001 and 2003 agreements with the Shusters.

99.     On September 10, 2004, Pacific Pictures and the Shuster Heirs signed a one-page letter (the "September 10, 2004 Letter") purporting to cancel their joint venture and providing that the 2001 Pacific Pictures Agreement and 2003 Pacific Pictures Agreement "have been cancelled."  However, because the Shuster Heirs and Pacific Pictures had agreed that all rights held by their joint venture would be divided 50/50 upon termination of the joint venture "for any reason," the apparent effect of the September 10, 2004 Letter was to transfer 50% of the Shuster Heirs' purported share of Shuster's rights to Toberoff or his companies.

100.    DC Comics is informed and believes that Toberoff (or his companies) now own 50% of the Shuster Heirs' putative rights as well as the 45% share of the Siegel Heirs' putative rights.  This gives Toberoff the largest financial stake among defendants' collective asserted rights in Superman and in the pending legal disputes

- 33 -

FIRST AMENDED COMPLAINT

**ER-1575**

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 122 of 228

1  concerning those rights (*i.e.*, Toberoff—47.5%; Siegel Heirs—27.5%; Shuster

2  Heirs—25%).

3       101.   DC Comics is also informed and believes that Toberoff, Pacific

4  Pictures, IP Worldwide, the Siegels, and the Shusters have entered into one or more

5  agreements preventing the Siegels or Shusters from conveying rights to DC Comics

6  or entering into other agreements with DC Comics, including for the settlement of

7  their putative termination claims or litigation, without the consent of other parties.

8  For example, in the 2001 and 2003 Pacific Pictures Agreements, the Shuster Heirs

9  agreed not to settle any claims with respect to the Superman rights without Pacific

10  Pictures' or Toberoff's consent.  Such consent agreements are void as against

11  public policy, violate DC Comics' rights, and impede the administration of justice.

12  **H.**   **Toberoff's Wrongful Conduct Is Revealed to DC Comics in the Toberoff**

13        **Timeline**

14       102.   Pursuant to federal court orders dated September 26, 2008 and

15  December 4, 2008, Toberoff was compelled to produce to DC Comics a document

16  titled "Superman – Marc Toberoff Timeline" (the "Toberoff Timeline," attached

17  hereto as Exhibit A), which Toberoff has acknowledged was written by an attorney

18  he previously employed.  To prevent DC Comics from obtaining and using the

19  document, Toberoff asserted that it was privileged, but his position was repeatedly

20  rejected by this Court.  The Toberoff Timeline was produced to DC Comics on

21  December 10, 2008.

22       103.   The Toberoff Timeline describes and discloses Toberoff's wrongful

23  activities in pursuing the Siegel and Shuster Heirs' putative interests in the

24  Superman rights.  It lays out Toberoff's scheme to induce the Siegel Heirs to

25  repudiate the Siegel-DC Comics Agreement with DC Comics (*e.g.*, "It [is] clear at

26  this juncture that [Toberoff] thwarted the earlier deal with Time Warner and DC

27  Comics in 2002 for his own personal gain"); his efforts to acquire as "much

28  ownership of the Superman copyright personally as he can"; and his attempt to

<div align="center">- 34 -</div>

<div align="right">FIRST AMENDED COMPLAINT</div>

<div align="right">**ER-1576**</div>

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 123 of 228

conceal certain of his illicit activities from the Siegel and Shuster Heirs.  (Emphasis in original.)  As a result, "*the single person who would stand to gain the MOST in a settlement with Time Warner [and DC Comics] regarding the ongoing SUPERMAN legal dispute would not be the heirs themselves, but Marc Toberoff.*"  (Emphasis in original.)

104.   The Toberoff Timeline discloses many of the facts alleged herein, and concludes:  "[Toberoff] is solely motivated *at all times* not by his clients' interests, but manipulating pieces of the puzzle so that he may receive the greatest percentage from a very possible large Time Warner settlement, through part ownership and unconscionable fees."  (Emphasis in original.)  The Toberoff Timeline explains that "[a]t least 7 attorneys have come and gone at the Law Offices of Marc Toberoff, and many have left due to ethical issues."  Many of these and other disturbing, salient facts detailed herein have only recently come to light in the past 20 months.

## V.   CLAIMS FOR RELIEF

**A.**   **First Claim for Relief:  Declaratory Relief re: Invalidity of Copyright Termination Notice (Against Defendants Shuster Estate, Peary, and Peavy)**

105.   DC Comics re-alleges and incorporates by reference each and every allegation contained in the paragraphs above.

106.   The Shuster Termination Notice is invalid, and thus ineffective, for at least five separate, independent, and alternative reasons:

### (1) There Is No Statutory Basis for the Shusters to Terminate

107.   The Copyright Act does not provide any basis for the Shuster Estate to terminate.  Shuster's termination right was lost when he died in 1992 without having exercised it and without leaving a statutory heir to inherit it under the then-applicable provisions of the Copyright Act.

108.   The 1976 Copyright Act gave authors the ability to terminate certain pre-1978 copyright grants.  According to the original termination provisions:

- 35 -

FIRST AMENDED COMPLAINT

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 124 of 228

"Where an author is dead, his or her termination interest is owned, and may be exercised, by his widow or her widower and his or her children or grandchildren." 17 U.S.C. § 304(c)(2) (1976). In other words, the right of termination could only be exercised by an author during his or her lifetime, or by a widow, child, or grandchild after the author's death. As the language of the statute establishes, and its legislative history confirms, the right of termination was lost if an author died without exercising it and without leaving a widow, child, or grandchild to inherit it.

109.   Shuster could have exercised his putative termination right beginning in April 1984. The 1976 Copyright Act provided that a copyright grant could be terminated 56 years after the date copyright was first secured (*i.e.*, April 1994, or 56 years after the April 1938 publication of Action Comics No. 1), and that notice of termination could be served 10 years before the termination date (*i.e.*, April 1984, or 10 years before April 1994). 17 U.S.C. § 304(c)(3)-(4).

110.   During his lifetime, Shuster chose not to exercise his termination right. Shuster died in 1992, and did not leave a widow, child, or grandchild to succeed to his termination right under section 304(c) of the 1976 Copyright Act. As a result, Shuster's termination right ceased to exist on his death.

111.   The 1999 Copyright Term Extension Act ("CTEA") extended the term of copyright by 20 years and also provided an opportunity to authors and selected heirs to terminate for this new extended time period in circumstances where the "[t]ermination rights provided for in subsection (c) have expired on or before the effective date of the [CTEA]," or October 27, 1998, and the "author or owner of the termination right has not previously exercised such termination right." 17 U.S.C. § 304(d). Where section 304(d) applies, section 304(c)(2) provides that if an author is dead, the termination right can be exercised by his widow, children, or grandchildren or, "[i]n the event that the author's widow or widower, children and grandchildren *are not living*, the author's executor, administrator, personal representative, or trustee…." (Emphasis added). These are the provisions that

- 36 -

FIRST AMENDED COMPLAINT

ER-1578

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 125 of 228

1   defendant Mark Peary, the executor of the Shuster Estate, purports to rely on in the

2   Shuster Termination Notice, but they have no application here.  By its own terms,

3   section 304(d) only applies where an author's window for exercising the

4   termination right opened and closed or "expired" (*not* when an author died while

5   the window was open without exercising the right or leaving any heirs to do so),

6   and where a deceased author's widow, child, or grandchild is "not living," but who

7   did at some time live.  Shuster never had a widow, child, or grandchild, and Peary,

8   acting on behalf of the Shuster Estate, has no right to file the invalid notice of

9   termination that he did.

10       **(2) The 1992 Agreement Bars the Shusters from Pursuing Termination**

11       112.   The 1992 Agreement that Frank Shuster and Jean Peavy entered into

12   with DC Comics bars the Shuster Estate from pursuing termination because, *inter*

13   *alia*, in exchange for valuable consideration, the 1992 Agreement effected a

14   rescission, revocation, and re-grant of all prior copyright grants, which eliminated

15   any pre-1978 grant that could be subject to termination under section 304 of the

16   Copyright Act.

17       113.   The 1992 Agreement, which was executed on October 2, 1992,

18   provides that Shusters' heirs "fully settle[]" and forfeit any and all rights under

19   Joseph Shuster's prior "agreements or otherwise," thereby revoking and rescinding

20   those prior, pre-1992 instruments.  It also "*grant[s] to us* [DC Comics] any …

21   copyrights, trademarks, or other property right in any and all work created in whole

22   or in part by your brother, Joseph Shuster, or any works based thereon." (Emphasis

23   added.)

24       114.   Section 304(d) of the Copyright Act only allows for termination of

25   copyright grants "executed before January 1, 1978."  Because the 1992 Agreement

26   left intact no pre-1978 copyright grant to terminate, section 304(d) does not apply,

27   and the Shuster Estate has no copyright grant that it may terminate.

28

- 37 -                    FIRST AMENDED COMPLAINT

ER-1579

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 126 of 228

115. Shuster's heirs approached DC Comics in 1992 seeking increased annual payments, certain tax benefits, and payment of Shuster's debts and expenses. At the time, Shuster's heirs recognized the value of Superman as a property. As the result of DC Comics' development, promotion, and exploitation of Superman from 1938 to 1992, Superman had evolved from the black-and-white figure drawn by Shuster for Action Comics No. 1 to a global, multi-media industry. Moreover, in correspondence with DC Comics, the Shusters adverted to the termination rights provided for under the Copyright Act. As Shuster's heirs requested, the 1992 Agreement provided that DC Comics would:  (a) increase its annual payments to the Shuster Heirs to $25,000 per year—five times higher than the amount it was obligated to pay under the December 23, 1975 Agreement; (b) make these annual payments to Jean Peavy for purposes of a tax benefit; and (c) pay the approximately $20,000 representing Shuster's final debts and expenses. DC Comics continues to make annual payments under the 1992 Agreement, and has paid Shuster's heirs close to $500,000 to date.  The 1992 Agreement confirms that it "fully settles *all claims to any payments or other rights or remedies* which you may have under any other agreement or otherwise, *whether now or hereafter existing* regarding the copyrights, trademarks, or other property right in any and all work created in whole or in part by your brother, Joseph Shuster, or any works based thereon." (Emphasis added.)  Shuster's heirs agreed "not to assert any claim of right, by suit or otherwise, with respect to the above, now and forever."

116. By effectively rescinding, revoking, and re-granting any and all prior grants of Joe Shuster's rights, the Shuster Heirs have no right to terminate any of the Superman copyrights.  Defendant Peavy has recognized that this was the clear effect of the 1992 Agreement; in a September 7, 1999 letter to DC Comics, she confirmed:  "I have learned from the Internet that Joanne Siegel has filed a copyright claim for SUPERMAN [*i.e.*, the Siegel Superman Termination Notice].  I want you to know that I intend to honor our pension agreement."

- 38 -

FIRST AMENDED COMPLAINT

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 127 of 228

117.   At the very least, because of DC Comics' continued performance under the 1992 Agreement, and the Shusters' continued acceptance of benefits under the Agreement—even after filing the Shuster Termination Notice—the Shusters are estopped from disputing that the 1992 Agreement remains in full force and effect, which operates to preclude the assertion of any termination right.

### (3) **The Shusters Lack the Majority Interest Necessary to Terminate**

118.   The Shuster Termination Notice is also invalid because the party that filed it—if defendants' own contractual documents are to be believed—lacked authority to do so.  Section 304(c)(1) of the Copyright Act provides that termination of a grant executed by an author who is not living may be exercised only "by the person or persons who … own and are entitled to exercise a total of *more than one-half of that author's termination interest*."  17 U.S.C. § 304(c)(1) (emphasis added). Copyright Office regulations require that a termination notice include "specific indication of the person or persons executing the notice who constitute more than one-half of that author's termination interest" and "shall be signed by the number and proportion of the owners of that author's termination interest required under section 304(c)."  37 C.F.R. § 201.10(b)(1)(vii), (c)(2).

119.   According to the Pacific Pictures agreements (to the extent they are valid and enforceable), the Shuster Estate does not own—and did not own at the time the Shuster Termination Notice was executed—the "more than one-half" majority interest necessary to terminate under section 304(c)(1) of the Copyright Act.

120.   Pursuant to the 2001 Pacific Pictures Agreement, defendants Mark Peary and Jean Peavy "transfer[red] and assign[ed] … their rights, title, and interest" in all of Shuster's copyrights and creations to their joint venture with Pacific Pictures.  In the 2003 Pacific Pictures Agreement, Peary confirmed the terms of the 2001 Pacific Pictures Agreement on behalf of the Shuster Estate.

- 39 -

FIRST AMENDED COMPLAINT

ER-1581

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 128 of 228

121.   One week later, on November 10, 2003, Peary served the Shuster Termination Notice on behalf of the Shuster Estate.  At the time, the Shuster Estate did not own *any* of the purported termination right, as this and all other rights had been transferred to the joint venture with Pacific Pictures.  At most, the Shuster Estate owned only a 50% interest in that joint venture.  As a result of the September 10, 2004 Letter purporting to cancel the 2001 and 2003 Pacific Pictures Agreements and by the terms of the 2001 and 2003 agreements themselves, any putative rights held by the joint venture were split 50/50 between the Shuster Heirs and Pacific Pictures on cancellation of the joint venture agreement:  "[Upon] winding-up of the Venture or in the event of termination of the Venture *for any reason*, *all Rights, property or assets of the Venture will be held* fifty percent (50%) by the [Shuster Heirs] *and fifty percent (50%) by PPC*."  (Emphasis added.)  The Shuster Termination Notice is therefore invalid under section 304(c)(1) of the Copyright Act.

122.   The Shuster Termination Notice represents that Peary "is the person entitled to exercise Joseph Shuster's termination interest" and that the Notice had been "signed by all persons whose signature is necessary to terminate."  Peary's failure to disclose that he had purported to transfer this putative termination right to the joint venture with Pacific Pictures, or include a signature on behalf of the joint venture or Pacific Pictures, violated 37 C.F.R. § 201.10(b)(1)(vii) and 37 C.F.R. § 201.10(c)(2).

123.   Peary's failure to disclose the requisite information in the Shuster Termination Notice was not harmless.  Upon information and belief, these omissions were not inadvertent, but were intended to conceal material information from DC Comics, including:  (a) the various conflicts of interest arising from Toberoff's and his companies' significant ownership interest in the Shuster Estate's and the Siegel Heirs' purported rights; and (b) consent agreements that Toberoff

- 40 -

FIRST AMENDED COMPLAINT

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 129 of 228

1   procured limiting the Shuster and Siegel Heirs' freedom to enter into agreements

2   with DC Comics regarding those rights.

3       124.   The Copyright Act's termination provisions were crafted to avoid the

4   trafficking in future interests by third parties like Toberoff and his companies, yet

5   that is exactly what his agreements with the Shuster and Siegel Heirs accomplish,

6   and what Toberoff and Shusters failed to disclose to DC Comics and the Copyright

7   Office by serving and filing the Shuster Termination Notice.

8   **(4) The Shusters Do Not Attempt to Terminate Certain**

9   **All-Encompassing Copyright Grants**

10      125.   The 1992 Agreement includes a "grant" by Shuster's heirs to DC

11  Comics of, *inter alia*, all "copyrights, trademarks, or other property right in any and

12  all work created in whole or in part by … Joseph Shuster, or any works based

13  thereon." In the Shuster Termination Notice, defendants did not terminate (or even

14  mention) the 1992 Agreement.

15      126.   The May 21, 1948 Consent Agreement also includes a grant by Siegel

16  and Shuster to National, DC Comics' predecessor-in-interest, of all of Siegel and

17  Shuster's rights in Superman and Superboy. (If the 1992 Agreement is not read as

18  a rescission, revocation, and re-grant of all prior agreements between Shuster and

19  DC Comics (and it should be), then the May 21, 1948 Consent Agreement remains

20  in effect.)

21      127.   Defendants do not attempt to terminate the May 21, 1948 Consent

22  Agreement, and do not identify the May 21, 1948 Consent Agreement in the

23  Shuster Termination Notice.

24      128.   As the result of defendants' failure to terminate the 1992 Agreement

25  and May 21, 1948 Consent Agreement, the grants contained therein remain in full

26  force and effect. Thus, DC Comics is and continues to be the sole owner of all

27  rights, including rights under copyright, in Superman pursuant to the 1992

28  Agreement and May 21, 1948 Consent Agreement.

FIRST AMENDED COMPLAINT

ER-1583

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 130 of 228

**(5) <u>The Doctrine of Unclean Hands Bars the Shusters from Terminating</u>**

129.   The doctrine of unclean hands requires that the Shuster Termination Notice be deemed invalid because it contains material misrepresentations intended to mislead the courts, Copyright Office, and DC Comics—all to the detriment of DC Comics.

130.   The Shuster Heirs did not disclose Pacific Pictures' purported ownership interest in the rights sought to be terminated.  Just one week before filing the Shuster Termination Notice, the Shuster Estate signed the 2003 Pacific Pictures Agreement, reaffirming its transfer of 100% of its rights in any Superman-related copyrights to the joint venture with Pacific Pictures.  Copyright Office regulations require that a termination notice include "specific indication of the person or persons executing the notice who constitute more than one-half of that author's termination interest" and "shall be signed by the number and proportion of the owners of that author's termination interest required under section 304(c)."  37 C.F.R. § 201.10(b)(1)(vii), (c)(2).  Yet Pacific Pictures is conspicuously absent from the Shuster Termination Notice.  This omission was not inadvertent, as explained above.

131.   Induced by Toberoff, the Shuster Heirs also falsely disclaimed any interest in the Superboy rights in the Shuster Termination Notice.  This permitted Toberoff to assert on behalf of the Siegel heirs a baseless Superboy-related copyright infringement claim against DC Comics.  Prior to these manipulations by Toberoff, Shuster and the Shuster heirs had truthfully maintained for over 50 years that Shuster had co-created Superboy.  For example, the findings submitted by Siegel and Shuster's counsel in the 1940s Westchester Action, specified that Shuster had drawn the first "Superboy" denominated story in More Fun Comics No. 101.  Similarly, in 1972 and 1973, during the Superman renewal litigation, Siegel and Shuster jointly filed copyright renewal notices asserting joint authorship

FIRST AMENDED COMPLAINT

**ER-1584**

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 131 of 228

1 | both in the Superboy character, and in More Fun Comics No. 101, which contained

2 | the first comic book story denominated "Superboy."

3 |     132.   Additionally, in the 2001 Pacific Pictures Agreement, entered into

4 | before Toberoff had secured an agreement with the Siegel Heirs, Toberoff and the

5 | Shuster Heirs expressly identified "Superboy" as among the universe of rights that

6 | Shuster had jointly created with Siegel.  Yet just two years later in 2003, and only

7 | *after* Toberoff had entered into an agreement with the Siegel Heirs securing control

8 | over their rights, did the Shuster Heirs suddenly reverse course.  The 2003 Pacific

9 | Pictures Agreement omitted all reference to Superboy, and the Shuster Termination

10 | Notice filed one week later avoided any overt mention of Superboy elements or

11 | works.[3]  But even the termination notice served by the Shuster Heirs, while

12 | carefully drafted to avoid any mention of Superboy, could not completely rewrite

13 | history.  The Shuster Termination Notice expressly identifies Action Comics No. 1

14 | and Superman No. 1 as terminated works.  Both of these works, however, clearly

15 | depict Superman as a boy with super-powers: *i.e.*, a "Superboy."  For example,

16 | Action Comics No. 1 features Superman as a very young boy exhibiting super

17 | strength, and Superman No. 1 depicts Superman as a youth leaping over a building.

18 |     133.   After the Shuster Termination Notice was filed, the Siegel Heirs

19 | brought a copyright infringement claim against DC Comics on the frivolous ground

20 | that Superboy was the sole creation of Siegel, entitling the Siegel Heirs to terminate

21 | and recapture 100% of the Superboy rights (as opposed to the 50% share they

22 | would be entitled to recapture if Superboy was a joint work).  The Siegel Heirs

23 | threatened to enjoin the popular *Smallville* television series, which they wrongly

24 | claimed infringed their exclusive rights in Superboy.  As a result, DC Comics has

25 | incurred substantial expenses defending against the claim Toberoff manufactured

26 |

---

[3] As noted, DC Comics maintains that Superboy is a derivative work based upon the preexisting Superman, and in any event, is owned solely and exclusively by DC Comics, *inter alia*, because it is a work-for-hire and the script submitted by Siegel and Shuster is unpublished and, thus, is not terminable.

- 43 -

FIRST AMENDED COMPLAINT

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 132 of 228

1   and the Shusters facilitated.  Defendants compromised the integrity of the

2   Copyright Office and judicial system by crafting the Shuster Termination Notice in

3   this way, and the Shuster Termination Notice should be held invalid on this and the

4   other related grounds set forth herein.

5                    \*      \*      \*

6      134.   Each of the foregoing reasons is a separate, independent, and

7   alternative basis for declaring the Shuster Termination Notice to be invalid and thus

8   ineffective.  A declaration by this Court regarding the validity of the Shuster

9   Termination Notice is warranted under the Declaratory Judgment Act, 28 U.S.C.

10   §§ 2201 *et seq.*, to establish the parties' respective rights and obligations with

11   respect to the copyright interest in the Superman material.

12  **B.**    <u>**Second Claim for Relief**</u>**:  Declaratory Relief re: Limited Scope of**

13       **Copyright Termination Notice (Against Defendants Shuster Estate,**

14       **Peary, and Peavy)**

15      135.   DC Comics re-alleges and incorporates by reference each and every

16   allegation contained in the paragraphs above.

17      136.   This Second Claim for Relief is advanced in the alternative—*i.e.*, if the

18   Court does not grant DC Comics' First Claim for Relief set forth above and hold

19   that the Shuster Termination Notice is invalid.

20              **(1)** <u>**Additional Factual Background**</u>

21      137.   Upon information and belief, in or around 1933, Siegel and Shuster

22   began co-creating comic strips, some of which included stories featuring a character

23   named Superman.  The materials created by Siegel and Shuster during this time are

24   believed to include: (a) 24 days of Superman comic strips intended for newspapers;

25   (b) a seven-page synopsis of the last 18 days (weeks two through four) of such

26   comic strips; (c) a paragraph previewing future Superman exploits; (d) a nine-page

27   synopsis of an additional two months of daily comic strips; and (e) 15 daily comic

28   strips (collectively, the "Unpublished Superman Works").  None of these materials

FIRST AMENDED COMPLAINT

ER-1586

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 133 of 228

1  was published in its original form, most were never published at all, and some are

2  apparently lost.

3      138.  Upon information and belief, between 1933 and 1937, Siegel and

4  Shuster submitted the Unpublished Superman Works to a number of prospective

5  publishers and newspaper syndicates, all of which rejected them.

6      139.  On December 4, 1937, Siegel and Shuster entered into the December

7  4, 1937 Agreement with DCI.  Siegel and Shuster agreed to "give their exclusive

8  services" in producing certain comic features for a period of two years.  Siegel and

9  Shuster were required to submit any new continuity to DCI, which reserved the

10  right to accept or reject them for a period of sixty days.

11      140.  In early 1938, DCI was seeking material for use in a new comic book

12  it was developing entitled "Action Comics."  Pursuant to the December 4, 1937

13  Agreement, the 24 days of Superman comic strips from the Unpublished Superman

14  Works were provided to DCI for review.  DCI decided to publish a Superman story

15  in Action Comics No. 1, but the materials submitted by Siegel and Shuster to DCI

16  were neither in a form that was acceptable for publication in a comic book, nor

17  were they complete.  Therefore, at the instance and expense of DCI and subject to

18  its right of control, Siegel and Shuster adapted the 24 days of comic strips, and

19  added certain new material, to create a 13-page uncolored comic book story entitled

20  "Superman."  Cover art featuring Superman that was used for Action Comics No. 1

21  was thereafter created by DCI.  DCI's printers or engravers, working at the

22  direction of DCI, chose colors for the Superman character and colored the 13-page

23  story and cover.

24      141.  Siegel and Shuster assigned to DCI all of their rights in Superman in

25  the March 1, 1938 Agreement.  This included "all good will attached thereto and

26  exclusive right to the use of the characters and story, continuity and title of strip."

27  Siegel and Shuster agreed not to use Superman or any other character featured in

28  the strip "by their names contained therein."

- 45 -

FIRST AMENDED COMPLAINT

ER-1587

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 134 of 228

142.   Before the April 1938 publication of Action Comics No. 1, which was cover-dated June 1938, DCI promoted the upcoming Superman story in some of its other publications, including "More Fun Comics No. 31" and "Detective Comics No. 15." These publications were cover-dated May 1938 and were published prior to Action Comics No. 1. The promotions (the "Promotions") depict Superman in his costume—including a cape, boots, leotard, and inverted triangular "S" crest on his chest—exhibiting his super-strength by holding a car over his head as bystanders watch in awe. The Promotions show almost the entirety of what would become the cover of Action Comics No. 1 in clarity and detail.

143.   Action Comics No. 1 was comprised not only of the 24 days of Superman comic strips from the pre-existing Unpublished Superman Works (as modified and edited by Siegel and Shuster), but of additional new material created by Siegel and Shuster at DCI's instance and expense and subject to its right of control.

144.   Upon information and belief, after the publication of Action Comics No. 1, Siegel and Shuster supplied further original Superman stories to DCI, at DCI's instance and expense and subject to its right of control. On September 22, 1938, Siegel and Shuster entered into another employment agreement with DCI confirming that Siegel and Shuster had "been doing the art work and continuity for said comics [including Superman comics] for us. We wish you to continue to do said work and hereby employ and retain you for said purposes." The DCI September 22, 1938 Agreement also contained an acknowledgement that DCI was the "exclusive" owner of Superman.

145.   Also on September 22, 1938, Siegel and Shuster entered into the McClure September 22, 1938 Agreement with DCI and the McClure Newspaper Syndicate concerning the use of Superman in newspaper strips.

146.   All of Siegel and Shuster's contributions to Superman comic books and comic strips were made pursuant to the December 4, 1937 Agreement, March

- 46 -

ER-1588

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 135 of 228

1   1, 1938 Agreement, the DCI September 22, 1938 Agreement, the McClure

2   September 22, 1938 Agreement, contemporaneous oral agreements confirmed by

3   one or more of those agreements, or certain subsequent agreements affirming those

4   agreements, as employees of DCI (or its successors) and at DCI's instance and

5   expense and subject to its right of control.  In particular, upon information and

6   belief, Shuster continued to work for DCI and/or its successors as a staff artist even

7   when Siegel did not, and therefore may have had oral or written employment

8   agreements independently of Siegel.  As a result, all of these materials constitute

9   works for hire under the 1909 Copyright Act, and the copyrights therein are owned

10   exclusively by DC Comics and are not subject to termination under later

11   amendments to the Copyright Act.

12          147.   On November 30, 1938, Siegel wrote a letter to DCI (the "November

13   1938 Letter") suggesting that it publish a comic book entitled "Superboy," "which

14   would relate to the adventures of Superman as a youth."  The November 30, 1938

15   Letter does not contain any discussion of plot, dialogue, appearance, or any other

16   copyrightable material relating to Superboy.  DCI decided not to publish a

17   Superboy comic book at that time, and had already published comic books,

18   discussed *supra*, that showed Superman as a young boy and exhibiting super-

19   human strength.  For example, in 1939, among the Superman material prepared by

20   Siegel and Shuster at the instance and expense of DCI and subject to its right of

21   control was Superman No. 1.  In Superman No. 1, Clark Kent is depicted as a boy

22   with super-powers.

23          148.   On December 19, 1939, Siegel and Shuster entered into the December

24   19, 1939 Agreement with DCI, which modified the DCI September 22, 1938

25   Agreement by, *inter alia*, doubling Siegel and Shuster's compensation for

26   Superman comic books and newspaper strips and providing for payment to Siegel

27   and Shuster for uses of Superman in media such as radio, motion pictures, and toys.

28

- 47 -

FIRST AMENDED COMPLAINT

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 136 of 228

1   Under the December 19, 1939 Agreement, Siegel and Shuster again acknowledged

2   DCI's sole ownership of Superman.

3       149.   Upon information and belief, in December 1940, Siegel, on behalf of

4   himself and Shuster, submitted to DCI a 13-page script of continuity for Superboy

5   (the "Unpublished 1940 Superboy Script") and renewed his suggestion that DCI

6   publish a comic book depicting Superman as a youth.  The Unpublished 1940

7   Superboy Script, which includes the credit line "By Jerry Siegel and Joe Shuster,"

8   states: "So many faithful followers of today's leading adventure comic strip,

9   SUPERMAN, wrote in demanding the adventures of Clark Kent as a youth … And

10  so here he is at last … the answer to your requests … America's outstanding boy

11  hero: SUPERBOY!"  The Unpublished 1940 Superboy Script explains that "[i]n

12  later years [Superboy] was to become the might[y] figure known as SUPERMAN!"

13  The Unpublished 1940 Superboy Script was derived entirely from pre-existing

14  Superman elements and ideas that had been published by DCI as part of works for

15  hire, and contained no original copyrightable element.  Again, DCI decided not to

16  publish a Superboy comic book at that time.

17      150.   Upon information and belief, sometime prior to November 18, 1944,

18  DCI published a comic book depicting the adventures of Superman as a youth,

19  called Superboy, in "More Fun Comics No. 101," which had a cover date of

20  January-February 1945 and was illustrated at least in part by Shuster.  Upon

21  information and belief, Siegel did not participate in the creation of this comic book

22  or the Superboy story it contained.  Other than retelling the Superman origin story

23  from Action Comics No. 1 and Superman No. 1, this Superboy story bore no

24  resemblance to the Unpublished 1940 Superboy Script.

25      151.   In the more than 70 years since the publication of Action Comics No.

26  1 in 1938, DC Comics has created a vast universe of Superman material spanning

27  virtually all media, including comic books, graphic novels, live action pictures,

28  feature-length motion pictures, motion picture serials, radio and television serials,

ER-1590

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 137 of 228

1   and live theatrical presentations.  DC Comics' extensive development and

2   exploitation of Superman has generated new characters, new super-powers, new

3   components to the Superman universe, new elements in the Superman back story,

4   and new changes in Superman's appearance.

5   **(2) Claim for Declaratory Relief re: Limited Scope of**

6   **Copyright Termination Notice**

7   152.   In the event that the Shuster Termination Notice challenged in the First

8   Claim for Relief above is deemed to be effective, the scope and reach of the Notice

9   must be declared limited in the following ways:

10   **a.  Unpublished Superman Works**

11   153.   The Shuster Termination Notice purports to terminate certain portions

12   of the Unpublished Superman Works, including:  (a) "twenty-four days … of

13   previously unpublished SUPERMAN newspaper comic strips, created c. 1934,"

14   (b) "SUPERMAN story in comic book form … created c. 1933," and (c) "15

15   SUPERMAN daily comic strips … created c. 1934."

16   154.   To the extent that any portion of the Unpublished Superman Works

17   may be considered published for purposes of the Copyright Act (and this is

18   disputed), those portions were published only as a result of their adaptation for

19   inclusion in Action Comics No. 1, which was a work made for hire.  The Copyright

20   Act expressly provides that "a work made for hire" cannot be subject to

21   termination.  17 U.S.C. § 304(c)-(d).  As a result, the Shuster Termination Notice is

22   ineffective as to the Unpublished Superman Works.

23   **b.  Pre-Action Comics No. 1 Promotions**

24   155.   The Shuster Termination Notice does not attempt to terminate DC

25   Comics' rights in the Promotions published before Action Comics No. 1.

26   156.   Moreover, upon information and belief, the Promotions, depicting in

27   sum and substance what was subsequently published as the cover of Action Comics

28   No. 1, were not prepared by Siegel or Shuster, but rather by others either employed

- 49 -                    FIRST AMENDED COMPLAINT

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 138 of 228

1    by DCI or at the instance and expense of DCI and subject to its right of control.  As

2    a result, the Promotions were works made for hire and any copyright therein was

3    owned by DCI *ab initio* and cannot be subject to termination.  17 U.S.C. § 304(c)-

4    (d).

5        157.   DC Comics remains the sole owner of the Promotions, all copyrights

6    therein, and the various copyrightable elements contained therein.  The Shusters

7    may not seek to terminate copyright interests comprised in the Promotions.

8                                    **c.  Works for Hire**

9        158.   The Shuster Termination Notice purports to recapture the rights in

10   Action Comics Nos. 1-7, Superman No. 1, and Superman No. 3 ("Superman

11   Works").  Each of the Superman Works was prepared at the instance and expense

12   of DCI and subject to its right of control.  As a result, the Superman Works were

13   works made for hire and any copyright therein was owned by DCI *ab initio* and

14   cannot be subject to termination.  17 U.S.C. § 304(c)-(d).

15       159.   DC Comics remains the sole owner of the Superman Works, all

16   copyrights therein, and the various copyrightable elements contained therein.[4]

17                                  **d.  Derivative Works**

18       160.   All Superman-related works prepared after the publication of Action

19   Comics No. 1 were derivative works based on pre-existing copyrightable material

20   and created under the authority of valid copyright grants (the "Derivative Works").

21       161.   The Derivative Works include new characters, new super-powers, new

22   components to the Superman universe, new elements in the Superman back-story,

23   and changes in the appearance of Superman.

24

25   _____

26       [4] The court in the Siegel Action agreed with this position almost entirely, ruling
     that other than a handful of pre-1938 materials authored by Siegel, all of Siegel's
27   Superman works were created as "works for hire" on behalf of DC Comics and thus
     could not be terminated.  DC Comics reserves all rights with respect to these
28   interim rulings in the Siegel case.

ER-1592

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 139 of 228

162.    Regardless of whether the Shuster Termination Notice is deemed valid, DC Comics remains the sole owner of the Derivative Works and retains the continuing right to exploit the Derivative Works under section 304 of the Copyright Act, 17 U.S.C. § 304(c)(6)(A).

### e. Scope of Shuster Notice

163.    The Shuster Termination Notice, in addition to specifying works to be terminated, also describes certain elements purportedly encompassed by the works sought to be recaptured.  Many of these elements do not appear in the specified works.  In addition to identifying elements that are not present, the Shuster Termination Notice is also notable for its failure to specify elements that are present.  For example, although both the purportedly terminated works Action Comics No. 1 and Superman No. 1 depict Superman as a boy with super-powers, the Shuster Termination Notice is silent on this element.  Accordingly, a dispute has arisen between the parties regarding the scope of the Shuster Termination Notice with respect to the elements that appear, or which do not appear, in the allegedly terminated identified in the Shuster Termination Notice, including, but not limited to, the following:

a.    Superman's "telescopic vision"

b.    Superman's "super hearing"

c.    Superman's "super … sense of smell"

d.    Superman as a boy with super-powers (*i.e.*, "Superboy")

e.    "[D]iamond-shaped "S" insignia on [Superman's] chest"

f.    "[L]ove triangle between Superman, Lois Lane and Clark Kent"

g.    "Perry White"

h.    "Daily Planet newspaper"

i.    "Metropolis"

j.    "Jor L"

k.    "Krypton"

- 51 -

FIRST AMENDED COMPLAINT

ER-1593

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 140 of 228

164.   A declaration by this Court regarding the scope of the Shuster Termination Notice is warranted under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, to establish the parties' respective rights and obligations with respect to the copyright interest in the Superman material.  The Shusters may not seek to terminate copyright interests owned by DC Comics, including those materials listed above.

**C.**   **Third Claim for Relief**:  **Declaratory Relief re: Shuster Period of Exclusivity (Against All Defendants)**

165.   DC Comics re-alleges and incorporates by reference each and every allegation contained in the paragraphs above.

166.   This Third Claim for Relief is advanced in the alternative—*i.e.*, if the Court does not grant DC Comics' First Claim for Relief set forth above and hold that the Shuster Termination Notice is invalid.

167.   The Copyright Act establishes an exclusive period between the time a copyright termination notice is served and the effective termination date in which the original copyright grantee may enter into an agreement with the original copyright author or their heirs regarding the rights sought to be recaptured.  Section 304(c)(6)(D) provides:  "A further grant, or agreement to make a further grant, of any right covered by a terminated grant is valid only if it is made after the effective date of the termination."  17 U.S.C. § 304(c)(6)(D).  While the statute bars third parties (like Toberoff and his companies) from trafficking in such future copyright interests during this exclusive time period, it protects the rights and interests of original grantees like DC Comics, providing that "an agreement for such a further grant may be made between the author or [his heirs] and the original grantee or [its successor (*e.g.*, DC Comics)], after the notice of termination has been served."  *Id.*

168.   Section 304(c)(6)(D) of the Copyright Act establishes a right of DC Comics from November 10, 2003 (when the Shuster Heirs served the Termination Notice) until October 26, 2013 (the effective date of the Notice), during which DC

- 52 -

FIRST AMENDED COMPLAINT

**ER-1594**

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 141 of 228

Comics is the sole party that can enter into an agreement with the Shuster Heirs for the rights sought to be terminated.  This right has been described by Congress, in its legislative history, and the United States Court of Appeals as a "right of first refusal."  Any restriction or limitation on this period of exclusivity must be deemed unenforceable under section 304(c)(6)(D).

169.   Upon information and belief, the Shuster Heirs have entered into agreements that frustrate and impede DC Comics' period of exclusivity.  For example, the 2003 Pacific Pictures Agreement grants and assigns the Shuster Heirs' putative present and future copyright interests and provides that "any and all agreements regarding any of the Rights [in Shuster's creations, including copyright] shall be subject to the express written approval" of Pacific Pictures.  This improperly allowed Pacific Pictures (and Toberoff) to prevent the Shuster Heirs from entering into an agreement with DC Comics concerning their purported rights—in clear violation of section 304(c)(6)(D).  Although Pacific Pictures and the Shuster Heirs purported to cancel the 2001 and 2003 Pacific Pictures Agreements in their September 10, 2004 Letter, this improper agreement was in effect at least from the time it was executed on October 30, 2003 through September 10, 2004, which means that it improperly eliminated most of the first year of DC Comics' period of exclusivity.  Moreover, the original 2001 Pacific Pictures Agreement provides that if the Shusters' joint venture with Pacific Pictures is terminated "for any reason," then Pacific Pictures will hold 50% of "the property or assets of the Venture," including all the alleged Shuster Superman copyright interests, as a "tenant[] in common," meaning that Pacific Pictures and Toberoff still have improperly encumbered, to this day, DC Comics' period of exclusivity.

170.   Upon information and belief, Toberoff has induced the Siegel and Shuster Heirs to enter into additional agreements, which prohibit either family from entering into agreements conveying rights to DC Comics without the express approval of all stakeholders in the heirs' rights—*i.e.*, the Siegel Heirs, Shuster

- 53 -

FIRST AMENDED COMPLAINT

ER-1595

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 142 of 228

1   Heirs, and Toberoff and his companies.  These agreements and others like it that

2   may exist—which upon information and belief remain in effect to this day—violate

3   section 304(c)(6)(D) and impede DC Comics' ability to settle any and all disputes

4   with the Shusters and Siegels and lawfully pursue its business.

5          171.   The Shuster Heirs' agreements with Toberoff, his companies, and the

6   Siegels improperly interfere with DC Comics' period of exclusivity with the

7   Shuster Heirs regarding their purported Superman rights.

8          172.   A declaration by this Court is warranted under the Declaratory

9   Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, to establish the parties' respective rights

10  and obligations with respect to the copyright interest in the Superman material.

11  This declaration should establish that:  (a) DC Comics is the sole party with whom

12  the Shuster Heirs can enter into an agreement to convey their putative Superman

13  rights during the exclusivity period, through and including October 26, 2013;

14  (b) any agreement with any third party regarding those putative rights during the

15  exclusivity period is invalid and unenforceable; and (c) any agreements requiring

16  consent of other parties to settle termination claims violate the exclusivity period

17  and, therefore, are invalid and unenforceable.

18         173.   DC Comics seeks an injunction (a) barring the Shuster Heirs from

19  entering into any agreement with any third party regarding the rights sought to be

20  recaptured in the Shuster Termination Notice until October 26, 2013; and

21  (b) restoring to DC Comics its 10-year period of exclusivity.

22  **D.    Fourth Claim for Relief:  Intentional Interference with 1992 Shuster**

23          **Agreement (Against Defendants Toberoff and Pacific Pictures)**

24         174.   DC Comics re-alleges and incorporates by reference each and every

25  allegation contained in the paragraphs above.

26         175.   In October 1992, the Shuster Heirs and DC Comics executed a final

27  written agreement "fully settl[ing] all claims" as to "right[s] in any and all work[s]

28  created in whole or in part by … Joseph Shuster."  Since 1992, DC Comics has paid

- 54 -

FIRST AMENDED COMPLAINT

ER-1596

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 143 of 228

1   the Shuster Heirs nearly half a million dollars under the 1992 Agreement.  To DC

2   Comics' knowledge, the Shuster Heirs have never disputed the validity or existence

3   of the 1992 Agreement, which operated to rescind, revoke, and re-grant all of the

4   Shusters' prior grants of rights in the Superman properties to DC Comics—to the

5   contrary, the Shuster Heirs have expressly acknowledged that this was the effect of

6   the 1992 Agreement.  In that 1992 Agreement, the Shuster Heirs further agreed that

7   they would not—either then or in the future—make any claim of right to any work

8   created in whole or part by Joe Shuster.

9        176.   DC Comics' 1992 Agreement with the Shuster Heirs was both a valid

10   contract and had the probability of future economic benefit to DC Comics.  The

11   Shuster Heirs fully relinquished their rights under any prior agreement and re-

12   granted to DC Comics all of their Superman-related rights.  This confirmation

13   allowed DC Comics to continue freely developing and exploiting those rights

14   without the risk of termination of the alleged Shuster rights or expensive and

15   protracted legal disputes regarding the ownership of those rights.[5]

16        177.   Toberoff and Pacific Pictures were aware of the 1992 Agreement and

17   DC Comics' ongoing business relationship with the Shusters.  Toberoff knew that

18   his actions in having his company enter into a joint venture with the Shusters for

19

20       [5] DC Comics maintains that the 1992 Agreement is a binding, enforceable
agreement with the Shuster Heirs.  Even assuming this agreement was deemed
21   invalid, DC Comics also has a long-established economic relationship with the
Shusters giving rise to an interference with prospective economic advantage claim.
22   This relationship dates back to 1935, when DC Comics' predecessor hired the
unknown artist Joseph Shuster to illustrate comic strips for its publications.  Even
23   after their employment arrangement ended, Shuster continued to benefit from his
early work on Superman under the 1975 Agreement, which provided him with an
24   annual pension, medical insurance, and a lump-sum payment in exchange for
acknowledgement of DC Comics' sole and exclusive ownership of the Superman
25   rights.  At the time Toberoff approached the Shuster Heirs in 2001, DC Comics and
the Shuster Heirs had an agreement in place for almost 10 years, which resolved all
26   claims concerning Shuster's putative share of the Superman rights.  DC Comics'
agreement with the Shusters and the economic relationship they contemplated had
27
28   the probability of future economic benefit to DC Comics.

- 55 -                    FIRST AMENDED COMPLAINT

**ER-1597**

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 144 of 228

the purpose of terminating DC Comics' rights were substantially certain to interfere with DC Comics' 1992 Agreement with the Shusters. Toberoff's ultimate purpose in approaching the Shuster Heirs was to induce them to repudiate the 1992 Agreement and grant him the rights they had already granted to DC Comics. For this reason, Toberoff and the Shusters formed a joint venture with Pacific Pictures for the express purpose of "exploiting all of Joe Shuster's, and his estate's rights, claims, copyrights, property, title and interests in and to Joe Shuster's creations" through "termination pursuant to [17 U.S.C. § 304] of any and all grant or transfers by Joe Shuster of any copyright interest in his creations."

178. Toberoff and Pacific Pictures engaged in independently wrongful conduct to achieve this goal. They induced the Shuster Heirs to breach the 1992 Agreement and enter into the illegal joint-venture agreements described above. Toberoff also induced the Shusters to manipulate claims of ownership in Superboy. Toberoff engaged in this misconduct in his role as businessman and shareholder of Pacific Pictures.

179. As the direct result of Toberoff's and Pacific Pictures' actions, the Shuster Heirs have breached the 1992 Agreement, causing DC Comics to lose the value of the Agreement and forcing DC Comics to incur substantial attorneys' fees and costs in an amount to be proven at trial.

**E. <u>Fifth Claim for Relief</u>: Intentional Interference with Prospective Economic Advantage re: Siegel-DC Comics Agreement (Against Defendant Toberoff)**

180. DC Comics re-alleges and incorporates by reference each and every allegation contained in the paragraphs above.

181. DC Comics reached a binding, enforceable agreement with the Siegel Heirs. After the Siegel Heirs served the Superman Termination Notice in 1997, they engaged in negotiations with DC Comics for four years. On October 16, 2001, DC Comics made a settlement offer to the Siegel Heirs. On October 19, 2001, the

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 145 of 228

1    Siegel Heirs' attorney at the time, Marks, sent a letter to DC Comics outlining the

2    material terms and confirming that the Siegel Heirs "accepted D.C. Comics' offer

3    of October 16, 2001." On October 26, 2001, DC Comics sent a return letter

4    confirming the parties' agreed-upon terms. DC Comics then drafted a long-form

5    contract memorializing the agreement, which it sent to the Siegel Heirs on February

6    1, 2002. Marks has confirmed that all parties understood that they had a binding

7    agreement.[6]

8        182.   Even in the event that this agreement is finally adjudicated and deemed

9    to be invalid, DC Comics had a long-established economic relationship with the

10   Siegel Heirs giving rise to an interference with prospective economic advantage

11   claim. This relationship dates back as far as 1935, when DC Comics' predecessor

12   hired an unknown writer named Jerome Siegel to write comic strips for its

13   publications. Over the years, Siegel worked on-and-off as an employee of DC

14   Comics and its predecessors. Even after the employment arrangement ended,

15   Siegel continued to benefit from his early work on Superman under the 1975

16   Agreement, which provided him and his family with an annual pension, medical

17   insurance, and lump payment in exchange for acknowledgement of DC Comics'

18   sole and exclusive ownership of the Superman rights. When a dispute arose in

19   1997 over the Siegel Heirs' attempt to terminate prior grants of Siegel's share of

---

[6] The district court in the Siegel Actions determined that this agreement was not binding because there was no "meeting of the minds" between the parties. Of course, this was before the Toberoff Timeline had been produced, which confirmed, *inter alia*, that Marks—who negotiated the agreement on behalf of the Siegel Heirs—understood that the 2001 agreement was final and binding. Indeed, Marks communicated his position to the Siegel Heirs in August 2002, in an attempt to convince them to reject Toberoff's attempts at interference. DC Comics reserves all rights to challenge the district court's ruling in the Siegel Actions based on this newly discovered evidence and otherwise, and DC Comics respectfully submits that the district court's interim ruling on this issue is contrary to fact and law. If DC Comics' claims are accepted, it will amend this Complaint to include a claim for interference with contract arising out of Toberoff's tortious interference with this binding agreement. DC Comics contends that the district court's summary judgment ruling on this settlement issue also runs afoul of the Ninth Circuit's recent decision in *Mattel, Inc. v. MGA Entm't, Inc.*, 2010 WL 2853761 (9th Cir. July 22, 2010).

FIRST AMENDED COMPLAINT

ER-1599

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 146 of 228

1    Superman rights, DC Comics and Siegel commenced negotiations, which lasted

2    over four years.  At the time Toberoff approached the Siegel Heirs in 2001, DC

3    Comics and the Siegel Heirs had finally reached an agreement resolving their

4    claims to the Superman and Superboy rights.

5         183.   The economic relationship that the Siegel Heirs and DC Comics had

6    contemplated and agreed to had the probability of future economic benefit to DC

7    Comics.  The Siegel Heirs recognized DC Comics' sole and exclusive ownership of

8    all rights in Superman and Superboy, allowing it to continue freely developing and

9    exploiting those rights, and avoid the possibility of an expensive and protracted

10   lawsuit regarding ownership of those rights.

11        184.   Toberoff was well aware of the agreement between DC Comics and

12   the Siegel Heirs.  Toberoff has admitted that he tracked the Siegel Heirs'

13   termination efforts through Internet reports.  Moreover, upon information and

14   belief, when Toberoff approached the Siegel Heirs and their representatives in late

15   2001 and 2002 to express interest in purchasing their Superman rights, he was

16   informed that the Siegel Heirs had already reached an agreement with DC Comics.

17        185.   Toberoff knew his actions were substantially certain to interfere with

18   the Siegel Heirs' agreement and ongoing business dealings with DC Comics.

19   Toberoff intentionally engaged in independently wrongful conduct to carry out his

20   interference by, among other things:  falsely misrepresenting to the Siegel Heirs

21   that he had a billionaire investor ready to purchase their Superman rights if they

22   repudiated their settlement agreement with DC Comics; falsely representing to the

23   Siegels that he would help them produce a competing Superman motion picture;

24   and wrongly inducing the Siegels to repudiate their agreement and business

25   relationship with DC Comics.  Toberoff engaged in this misconduct in his role as

26   businessman and shareholder of IP Worldwide.

27        186.   As a direct result of Toberoff's misdeeds, the Siegel Heirs repudiated

28   the Siegel-DC Comics Agreement with DC Comics and ended all further

- 58 -

FIRST AMENDED COMPLAINT

ER-1600

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 147 of 228

1  discussions, causing DC Comics to lose the value of the agreement, to lose their

2  ongoing business relationship with the Siegels, and to incur millions of dollars in

3  subsequent legal fees in disputes with the Siegel Heirs.  DC Comics has suffered

4  actual damages in an amount to be proven at trial.

5  **F.**   **Sixth Claim for Relief**:  **Declaratory Relief re: Invalidity of Copyright**

6  **Assignment and Consent Agreements (Against All Defendants)**

7  187.   DC Comics re-alleges and incorporates by reference each and every

8  allegation contained in the paragraphs above.

9  188.   The various copyright assignment and consent agreements between

10  Toberoff and/or his companies, the Siegel Heirs, and the Shuster Heirs are void and

11  unenforceable, including under California's unfair competition laws, *e.g.*, CAL.

12  BUS. & PROF. CODE §§ 17200 *et seq*.  The copyright assignments secured by

13  Toberoff and/or his companies are unlawful and violate DC Comics' rights and

14  interests for the reasons set forth above.  The consent agreements Toberoff has

15  procured are void as a matter of law and public policy because they strip the Siegels

16  and Shusters of their right freely to settle their claims and violate DC Comics'

17  concomitant right freely to negotiate settlement of such claims.  The Pacific

18  Pictures and IP Worldwide Agreements secured by Toberoff and/or his companies,

19  for example, are unlawful and unfairly violate DC Comics' rights and interests.

20  189.   A declaration by this Court is warranted under the Declaratory

21  Judgment Act, 28 U.S.C. §§ 2201 *et seq*., to establish the parties' respective rights

22  and obligations with respect to the copyright interest in the Superman material.

23

24

25

26

27

28

FIRST AMENDED COMPLAINT

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 148 of 228

# VI.  **PRAYER FOR RELIEF**

WHEREFORE, DC Comics prays for judgment against defendants as follows:

190.   A declaration that the Shuster Termination Notice is invalid, and thus ineffective, for one or more of the reasons set forth in DC Comics' First Claim for Relief;

191.   In the event that the Shuster Termination Notice is deemed valid and effective, a declaration that the scope and effect of the Notice is limited as set forth in DC Comics' Second Claim for Relief;

192.   A declaration that:  (a) DC Comics was entitled to a period of exclusivity regarding the Shuster Heirs' purported Superman rights from November 10, 2003 through October 26, 2013; (b) any agreement interfering with that period of exclusivity is invalid and unenforceable; and (c) the consent agreements impermissibly interfere with DC Comics' period of exclusivity and require restoration of the 10-year period free of interference;

193.   A declaration that the various consent agreements between Toberoff and/or his companies, the Siegel Heirs, and the Shuster Heirs are void and unenforceable as a matter of public policy;

194.   An injunction that:  (a) bars the Shuster Heirs from entering into any agreement with any third party regarding the rights sought to be recaptured in the Shuster Termination Notice until October 26, 2013; and (b) restores DC Comics' 10-year period of exclusivity with respect to the Shuster Termination Notice;

195.   As to the tort claims against Toberoff and his entities as sued herein, damages in amounts to be determined at trial;

196.   An award of reasonable attorneys' fees and costs; and

197.   Such other and further relief as this Court deems just and proper.

FIRST AMENDED COMPLAINT

ER-1602

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 149 of 228

# VII.   DEMAND FOR JURY TRIAL

198.   Plaintiff DC Comics hereby demands a trial by jury on all issues triable by a jury.

Dated:  September 3, 2010

Respectfully submitted,

O'MELVENY & MYERS LLP

By: _____
Daniel M. Petrocelli
Attorneys for Plaintiff DC Comics

CC1.834998

- 61 -

FIRST AMENDED COMPLAINT

**ER-1603**

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 150 of 228

# EXHIBIT A

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 151 of 228

# SUPERMAN – MARC TOBEROFF TIMELINE

*\*Please read closely. We have enclosed several supporting documents in our package to you, and very much hope you will spend some time reviewing them before you come to any potential settlement with Marc Toberoff, who represents the Siegels and the Schuster heirs in the ongoing Superman legal dispute with Time Warner and DC Comics.*

*The below information should save Time Warner potentially millions and millions of dollars, and, if you so choose, - have Marc Toberoff suspended, disgraced, --- if not ultimately disbarred --- from practicing law.*

*Toberoff being labeled as the "relentless crusader for artists' rights" is hardly that: he has devised a strategy whereas he has ultimately claimed much ownership of the Superman copyright personally as he can. And of course, he has done so without the knowledge and full disclosure to the Siegels and Schuster heirs, creators of Superman.*

*As it stands right now, the single person who would stand to gain the MOST in a settlement with Time Warner regarding the ongoing SUPERMAN legal dispute would not be the heirs themselves, but Marc Toberoff.*

*What you do with the below information is up to you. You should most certainly conduct your own investigation. We believe there are details within this timeline that will be of strong interest to you.*

*Consider it an early holiday gift.*

*(Also, please be aware that this timeline is written with the assumptions that the reader(s) are aware of the characters involved within the ongoing Superman legal dispute between Time Warner/DC Comics. The heirs to the SUPERMAN copyright are: the Siegels (Joanne, Laura & Michael), Jerry Siegel's heirs, who collectively have claims to 50% of the copyright to Superman, while the Schuster estate has claims on the other 50%.) Marc Toberoff currently represents both parties in ongoing litigation.*

●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●

In 2000 MT established a separate corporation entitled "Pacific Pictures Corporation" (PPC), with an address of 23852 Pacific Coast Hwy, Suite 555, Malibu, CA 90265. Tel: (310)-589-5151. You will see below that he established this business to solicit his services as an attorney.

In 2001, Marc Toberoff (MT) began researching Superman, who had rights, etc.

MT initially contacts Kevin Marks at Gang, Tyre, who represented Joanne and Laura Siegel with an offer for the Siegel rights. Marks discourages Toberoff from any advances, and does not tell Siegels initially of the interaction because he believes it is not in their best interest.

1

Q 0001

ER-1605

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 152 of 228

On Nov. 23, 2001, MT entered into a joint venture agreement between his own outside corporation Pacific Pictures Corp. (NOT a law firm), and Mark Warren Peavy, and his mother Jean Peavy, heirs to the Joe Schuster estate. For the purposes of this document, we do not know the content of that agreement.

MT and Ari Emanuel, partner and agent at Endeavor, contacts Kevin Marks at Gang, Tyrer, Ramer, & Brown again, (who represented Joanne and Laura Siegel), on August 8, 2002. MT approaches the Siegels, *not as an attorney but as a film producer,* stating that he is "allied" with Emanuel, hoping such a claim will legitimize him.

On August 8th 2002, MT tells Marks that he and Emanuel have a billionaire ready to offer $15 million dollars up-front, plus what they promise to be meaningful participation from proceeds for exploitation of the Siegels' rights to SUPERMAN and some continued royalties on an ongoing basis in all media. Kevin Marks says to the Siegels, "Don't do it." Gang, Tyrer tells the Siegels that they believe MT has brokered a confidential agreement with the Joe Schuster estate. Marks also tells the Siegels that the Schuster estate will have termination rights in approximately 2013. Schuster missed termination notices.

Within their offer, MT appeals to the Siegels' sense of ownership and encourages them to take this deal. MT says he can help them make a movie in direct competition to the one being made at Warner Brothers (MT makes this argument to Joanne and Laura, all the while knowing full well that no one would ever go near making such an attempt; no other studio would go for it because of the division of rights, and no one outside of the studio system would attempt such an endeavor for all the enormous costs attributable to the making, marketing and distribution of such a film.) In other words, MT displays "predatory intent" in his initial approach to the Siegels from the very beginning.

In their very first conversation, Kevin Marks tells MT "no go" --- that the Siegels have already reached an agreement with Time Warner and DC Comics.

Marks conveys MT's offer to the Siegels, and Marks does say to the Siegels, it is a better offer than the one you have. However, Marks also tells the Siegels that he would testify in court against the Siegels if they accepted this offer because he believes there has already been an agreement reached.

The Siegels are angry at Kevin Marks that he said he would testify against them if they took MT's offer, and relations break down between the Siegels and Gang, Tyrer. They fire Gang, Tyrer. And, because the Siegels believed that MT was sympathetic to their plight, and because MT appealed to their sense of ownership of SUPERMAN, they decide to enter into an agreement with Intellectual Properties Worldwide, otherwise known as "IPW", Marc Toberoff's film production company, for 10% for any kind of deal he got to make a movie or exploit the rights. (as you know, the Siegels submitted termination notices on the Superman copyright in 1997).

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 153 of 228

The Siegels' agreement with IPW is an agreement that mirrors the earlier Pacific Pictures agreement that MT makes with the heirs to Joe Schuster (*see more information on this below*). In other words, Marc Toberoff is named as their attorney within the agreement (which is masked as a retainer agreement) in the event that they go to litigation over anything (*please see enclosed document*). Upon the Siegels signing the agreement, MT then tells Joanne and Laura that his mysterious billionaire has decided to invest elsewhere. In other words, MT makes *himself the Siegels'* attorney of record while he solicited them as a film producer, violating the rule that no lawyer may directly solicit business, with the double violation of doing it under the auspices of doing separate business dealings. MT's sole intent was to become the Siegels' attorney, not to help the Siegels (as he had alleged) to make a movie in competition to *Superman Returns*, which was then in development at Warner Brothers. MT also never divulges his previous direct dealings with the Schuster heirs, and his Nov.23, 2001 joint agreement with the Peavys (the Schuster heirs) in which he is named their attorney of record.

In 2002, MT set his sights on acquiring the passive interest to Michael Siegel's rights, who, as you know, is Jerry Siegel's son from his first marriage, and is Laura's half-brother. Michael Siegel has an interest of 12.5% in SUPERMAN and SUPERBOY. The Siegels total have 50% interest (Joanne holds 50%, Laura 25%. Michael 25%). So, in essence, Joanne has 25%, Laura 12.5, Michael 12.5. MT used to his advantage the strained relationship between Joanne and Laura, and Michael; as well as strained communication with the Schusters.

Here comes Ari Emanuel, and he is going to finance the purchase of Michael Siegel's interest. But Michael Siegel turns him down flat. MT discloses the intent to purchase to Joanne and Laura, admitting it is a possible conflict of interest. MT is fully aware of what he is doing is wrong.

On December 16, 2002, there is another letter from MT and Ari Emanuel to Joanne and Laura Siegel, saying they are re-approaching Michael again about purchasing his interest. MT tells Michael Siegel that they have an investor ready to buy out his interest, though the amount is significantly less than what DC showed as his share.

March 3, 2003 – letter from Paul Levitz/DC Comics to the Siegels, and MT is messing up relationships for his own personal benefit. DC is trying to understand why they backed out of the deal. The reason is MT who is interfering in all the relationships up to this point.

May 2003 -- MT is continuing to make business arrangements with the Schuster heirs, unbeknownst to Joanne and Laura Siegel .

May 13, 2003: Michael Siegel sends a very concerned letter to Laura Siegel about Marc Toberoff's actions. *(please see enclosed letter; this letter lays out well MT's scheme).* Among other things, Michael Siegel tells her of how Toberoff is now controlling the whole of the SUPERMAN copyright, how he may have bought a substantial portion of the Schuster interest for himself, and he brings to light MT's utter lack of opening a

3

Q 0003

ER-1607

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 154 of 228

dialogue with anyone regarding making another SUPERMAN movie, in partnership with Ari Emanuel.   Also that MT has not even made contact with Time Warner.   Lastly, Michael conveys that MT seems to have an agenda of "someone" buying him out, and that MT is pressing for an answer.

In May-June 2003. **STATUE OF LIMITATIONS is coming close on for filing of the SUPERMAN complaint.  Both Joanne and Laura Siegel are now very ill.** MT starts saying to the Siegels that the statue of limitations is coming up, and they would have waived their right to sue based on the termination notices. *This is the very seed MT meant to mine all along.* He sends them the research on the statue of limitations, and concerned, the Siegels contact Art Levine in Washington, D.C. to have independent research done on the matter. The research confirms that they should file by September.

In June, Ari Emanuel through IPW is still trying to buy Michael Siegel's interest but can't come to terms on price.

End of June 2003, MT gets a law firm to represent the Schusters to assist with the SUPERMAN copyrights. They determine the value of the estate is $0, and California Probate Code will not be applicable, such that the estate attorney will not be entitled to any future settlement regarding the Superman interest.  Estate attorney is only receiving an hourly rate. MT "graciously" pays all legal fees.

In other words, MT helped probate the estate, but hired an attorney to do the dirty work. Fittingly, the Joe Schuster will was "lost", so the will had no value.  So, the court writes the will for him, and includes the rights to proceed with the termination.   And since the firm receives an hourly rate, and the estate is valued at $0, it does not effect any future settlement.  The estate attorney will thereby not be entitled to statutory compensation.
Another example of showing that MT is solely motivated *at all times* not by his clients' interests, but manipulating pieces of the puzzle so that he may receive the greatest percentage from a very possible large Time Warner settlement, through part ownership and unconscionable fees (*see below*).

**Absolutely nothing is moving ahead with Siegel/Schuster rights and agreements because MT was not intending to do anything with rights other than litigate.**

July 5, 2003. Laura Siegel reveals her ignorance of Toberoff's dubious actions in her return letter back to Michael --- MT has NOT told them he is about to enter into the PPC agreement, whereby MT *personally* will have a 50% of the Schuster interest in Superman. He will shortly own equal to what Joanne owns (25% of entire copyright), and double what Laura owns, *but MT has failed to disclose this.* The Schusters – through the Pacific Pictures Corp agreement – gave MT half of what they had.  MT never had the intention to make a movie in competition to the one at Warners – it is tantamount to throwing $$$ away, but it does appeal to the heirs' sense of lost ownership. MT never did want to make a movie, and exploit the rights. MT knows no one is going to invest in an outside movie project outside of Warner Brothers, though he uses Ari Emanuel, the agent, to legitmize his claims. (*please see enclosed letter*)

4

Q 0004

**ER-1608**

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 155 of 228

Also, in the letter back to Michael Siegel, that MT helped Laura Siegel draft --- in response to Michael's accusations of Toberoff, Laura clearly states that MT does *not* have a production company. (This is false – Marc Toberoff's IPW has been in existence, partly funded by Ari Emanuel, since at least 2002). In the draft of the letter, MT crossed out the statement that he does not have a production company, and writes " MT has not plans to produce a SUPERMAN movie, nor is this feasible given the division of ownership of the rights." (please see enclosed letter). **This clearly delineates that Toberoff never had the intention of making a movie, and approached the Siegels and Schusters separately —- not for the exploitation of rights as he initially asserted,** but to gain an unconscionable fee from a very large possible settlement with Time Warner.

August 7, 2003 --- Letter from Rodi-Pollock, who is the attorney in the Schuster estate – who says the Schuster Will would be written by the court August 25, 2003, since the Schuster Will had been "lost".

Sept-Oct 2003 ---- Letter with Ari Emanuel in which he would receive $2.5 million flat fee for "negotiating services"

On October 27, 2003, MT uses PPC to enter into another agreement with the Joe Schuster's heirs: Mark Warren Peavy and Jean Peavy, in which PPC is "engaged as the Executor of the recently probated estate of Joeseph Schuster." The agreement purports that PPC is the Peavys exclusive advisor "for the purpose of retrieving, enforcing, and exploiting all of Joe Schuster's rights ....in all of his creations...".    In this agreement, MT also names himself their attorney for any and all litigation or questions that should arise in regards to these Rights.  MT also clearly delineates that PPC is NOT a law firm. And, lastly but most significantly, MT defines that any and all moneys and proceeds, in cash or in kind, received from the enforcement, settlement, or exploitation of any of the Rights, ....any monies would be split 50/50.  **IN ESSENCE, MARC TOBEROFF NOW HAS A 25% STAKE IN SUPERMAN PERSONALLY BECAUSE OF HIS DEAL WITH THE SCHUSTERS THAT WAS MADE IN 2003. He gets – under the guise of Pacific Pictures Corp – the rights to retrieve and enforce and exploit Joe Schuster's interest in SUPERMAN.**  MT's alleged "firewall" between film producing and soliciting business as an attorney comes tumbling down. *(please see enclosed signed agreement, dated October 27, 2003).*

In 2013 MT will own Schuster's side of it; but it does not matter, they will settle before.

MT inquires into the legality of entering into the Pacific Pictures Corporation agreement with the Peavys, heirs to Schuster estate, using law firm Armstrong, Hirsch, Jackoway, Tyerman, & Wertheimer.  The inquiry raises strong eyebrows, and questions of legality as to MT's actions in regards to the Schusters, and strongly discourages further involvement with MT and this matter.

5

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 156 of 228

August 2003 – Michael Siegel wants an annuity of $200,000, which equaled $3.5 million. MT tells him that "no investor is going to go for that." MT says Warners' estimation was $2 million less; such a bad risk for an investor, MT says. MT is tenaciously going after the 12.5%, and of course, the investor MT "has" is himself.   He is trying to get Michael to lower the price.

**MT is also trying to convince Michael Siegel not to sell his interest to another outside party.  MT is lying to Michael Siegel to make sure he can still draw a fee from Michael's 12.5% interest. If Michael went away, he would only draw from remaining 37.5%, instead of 50%.   In the final letter, MT tells Michael Siegel that he cannot sell without our approval because Michael did not take part in the termination, but "we will give you (Michael Siegel) approval, if you sell it to a third party, *monitored by Marc Toberoff*." MT is lying to Michael Siegel about Siegel's ability to sell his interest in the SUPERMAN copyright.**

**Significantly, MT admits to Laura Siegel that there never was a billionaire willing to invest $15 million when he first approached them. But by then the Siegels were concerned about appearing flaky for changing lawyers a few times.  They decide to stick it out.**

October 2, 2004 --- MT files the complaint with the court against Time-Warner. There is disgruntlement in the Siegel camp, regarding the contingency fee.   MT pushes hard for 33.3% contingency fee to go up to 40% if it falls within 60 days of trial (which, of course, he would make sure that it would...).  In the contingency agreement they signed for SUPERMAN, IPW (Marc Toberoff's *film production company*) would have received a 10% negotiating fee (thus most likely bolstering Ari Emanuel's take in the settlement from Time Warner as well). Thus, Toberoff used the "film production arm" of his company to use as a shell to elicit larger contingency fees from his clients despite the fact that Toberoff maintains that there is a "firewall" between his law firm and his production company. (see John Lippman, *Wall Street Journal* article enclosed.)

MT "graciously" agrees to decrease IPW's take by 5%, which will be deducted from the firm's % fee, applicable to the gross proceeds of any settlement or outcome of the litigations.

**\*\*\*\*In other words, MT decreases his contingency fee by 5% -- instead of getting 50%, he will get 45%. Combined with the Schuster interest, the aggregate of any outcome in SUPERMAN litigation for Marc Toberoff *personally* becomes 47.5% of the entire Superman interest.\*\*\*\*\*** It becomes clear at this juncture that MT thwarted the earlier deal with Time Warner and DC Comics in 2002 for his own personal gain.

And lastly, on the DUKES OF HAZZARD case, MT pocketed $8.5 million personally, more than any single plaintiff involved in the case (each plaintiff pocketed around $1.7 million).   According to the settlement amount, he received an unconscionable 50% contingency fee.

6

Q 0006

ER-1610

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 157 of 228

Very strong likelihood that Marc created an entity for the purposes of the lawsuit (Moonrunners Limited, or Moonrunners LLP), which allegedly held the rights at issue and ultimately led to the injunction.  Christensen-Miller, Kevin Leichter, or the like need explore in greater detail the existence of the entity in which the rights were allegedly held.   It is strongly believed this entity was created only to bolster the lawsuit – that the rights were never conveyed at all.

**MT had his President of Production of IPW, J. Todd Harris, leak the confidential settlement on the DUKES OF HAZZARD  case to Variety ($17.5 million).  He then called Larry Greenfield, another attorney in his office at the time who has since left, to cover his tracks, "demanding" to know who leaked the amount, and to act as if he was portraying shock and dismay at the leak.  MT did it himself to attract more business in town.  At least 7 attorneys have come and gone at the Law Offices of Marc Toberoff, and many have left due to ethical issues.**

And lastly, MT is charging 50% in another Allison Giannini case involving real estate.  The reason this fact is included is to show a history of charging unconscionable fees.

It should be noted for those at Time Warner that Marc Toberoff has still managed to set up SKYPORT as a producer at Warners, and he has a tangential hold on GILLIGAN'S ISLAND.  Fyi.

*******************

cc:   Alan F. Horn
      Jeff Robinov
      John Schulman
      Patti Connolly

7

Q 0007

EXHIBIT A
68

ER-1611

COPY

DANIEL M. PETROCELLI (S.B. #97802)
  dpetrocelli@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779
(see attachment for complete list)

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 158 of 228

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS,<br><br>                        PLAINTIFF(S)<br>V.<br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, JOANNE SIEGEL, an individual, LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,<br><br>                        DEFENDANT(S). | CASE NUMBER<br><br>CV 10-3633 ODW (RZx)<br><br><br><br>**SUMMONS** |

TO:   JEAN ADELE PEAVY, an individual,

A lawsuit has been filed against you.

Within <u>21</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☐ complaint ☒ first amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Daniel M. Petrocelli</u>, whose address is <u>O'Melveny & Myers LLP, 1999 Avenue of the Stars, 7th Floor, Los Angeles, CA 90067-6035</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: September 3, 2010

By: _Julie Prado_
Deputy Clerk

(Seal of the Court)

SEAL

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

American LegalNet, Inc.
www.FormsWorkflow.com

ER 1612

**ATTACHMENT TO SUMMONS**
**Complete List of Attorneys for Plaintiff DC Comics**

DANIEL M. PETROCELLI (S.B. #97802)
  dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
  mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
  cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

Attorneys for Plaintiff DC COMICS

PATRICK T. PERKINS (admitted *pro hac vice*)
  pperkins@ptplaw.com
PERKINS LAW OFFICE, P.C.
1711 Route 9D
Cold Spring, NY 10516
Telephone:(845) 265-2820
Facsimile:(845) 265-2819

Attorneys for Plaintiff DC COMICS

Case: 12-57245, 03/05/2013, ID: 8538472, DktEntry: 10-8, Page 159 of 228

COPY

DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779
(see attachment for complete list)

**FOR OFFICE USE ONLY**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS,<br><br>PLAINTIFF(S)<br><br>V.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, JOANNE SIEGEL, an individual, LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV 10-3633 ODW (RZx)<br><br><br><br>SUMMONS |

TO:  JEAN ADELE PEAVY, an individual,

A lawsuit has been filed against you.

Within <u>21</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☐ complaint ☒ first amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Daniel M. Petrocelli</u>, whose address is <u>O'Melveny & Myers LLP, 1999 Avenue of the Stars, 7th Floor, Los Angeles, CA 90067-6035</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: September 3, 2010

By: _Julie Prado_

Deputy Clerk

*(Seal of the Court)*

SEAL

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

FOR OFFICE USE ONLY

American LegalNet, Inc.
www.USCourtForms.com



ER 1614

**Complete List of Attorneys for Plaintiff DC Comics**

DANIEL M. PETROCELLI (S.B. #97802)
  dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
  mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
  cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067-6035
Telephone: (310) 553-6700
Facsimile:  (310) 246-6779

Attorneys for Plaintiff DC COMICS

PATRICK T. PERKINS (admitted *pro hac vice*)
  pperkins@ptplaw.com
PERKINS LAW OFFICE, P.C.
1711 Route 9D
Cold Spring, NY 10516
Telephone:(845) 265-2820
Facsimile:(845) 265-2819

Attorneys for Plaintiff DC COMICS

(RZx),AO121,APPEAL,DISCOVERY,PROTORD,RELATED–G,STAYED

# UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA (Western Division – Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:10–cv–03633–ODW–RZ

DC Comics v. Pacific Pictures Corporation et al
Assigned to: Judge Otis D. Wright, II
Referred to: Magistrate Judge Ralph Zarefsky
Related Case:  2:04–cv–08400–ODW–RZ
Case in other court:   9th CCA, 10–56594
                       9th CCA, 10–56934
                       9th CCA, 10–56980
                       9th CCA, 12–57245
Cause: 17:101 Copyright Infringement

Date Filed: 05/14/2010
Jury Demand: Plaintiff
Nature of Suit: 820 Copyright
Jurisdiction: Federal Question

**Plaintiff**

**DC Comics**                                    represented by **Cassandra L Seto**
OMelveny and Myers LLP
1999 Avenue of the Stars 7th Floor
Los Angeles, CA 90067–6035
310–553–6700
Fax: 310–246–6779
Email: cseto@omm.com
*ATTORNEY TO BE NOTICED*

**Daniel M Petrocelli**
O'Melveny and Myers LLP
400 South Hope Street 18th Floor
Los Angeles, CA 90071–2899
213–430–6000
Fax: 213–430–6407
Email: dpetrocelli@omm.com
*ATTORNEY TO BE NOTICED*

**Dimitri D Portnoi**
O'Melveny and Myers LLP
400 South Hope Street
Los Angeles, CA 90071
213–430–7699
Fax: 213–430–6407
Email: dportnoi@omm.com
*ATTORNEY TO BE NOTICED*

**Matthew T Kline**
O'Melveny and Myers LLP
1999 Avenue of the Stars Suite 700
Los Angeles, CA 90067
310–246–6840
Fax: 310–246–6779
Email: mkline@omm.com
*ATTORNEY TO BE NOTICED*

**Patrick T Perkins**
Warner Bros.
4000 Warner Blvd.
Bldg. 156 North
Room 4030
Burbank, CA 91522
818–954–2768
Fax: 818–954–3855
Email: patrick.perkins@warnerbros.com

**ER-1616**

*TERMINATED: 06/21/2012*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Pacific Pictures Corporation**       represented by **Nathalie E Cohen**
Kendall Brill and Klieger LLP
10100 Santa Monica Boulevard Suite 1725
Los Angeles, CA 90067
310−556−2700
Fax: 310−556−2705
Email: ncohen@kbkfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laura W Brill**
Kendall Brill and Klieger LLP
10100 Santa Monica Boulevard Suite 1725
Los Angeles, CA 90067
310−556−2700
Fax: 310−556−2705
Email: lbrill@kbkfirm.com
*ATTORNEY TO BE NOTICED*

**Marc Toberoff**
Toberoff &Associates PC
22337 Pacific Coast Highway Suite 348
Malibu, CA 90265
310−246−3333
Fax: 310−246−3101
Email: mtoberoff@toberoffandassociates.com
*ATTORNEY TO BE NOTICED*

**Nicholas Frederic Daum**
Kendall Brill &Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067
310−272−7916
Fax: 310−556−2705
Email: ndaum@kbkfirm.com
*ATTORNEY TO BE NOTICED*

**Richard B Kendall**
Kendall Brill &Klieger LLP
10100 Santa Monica Boulevard Suite 1725
Los Angeles, CA 90067−4276
310−556−2700
Fax: 310−556−2705
Email: rkendall@kbkfirm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**IP Worldwide, LLC**       represented by **Nathalie E Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laura W Brill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**ER-1617**

**Marc Toberoff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicholas Frederic Daum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard B Kendall**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**IPW, LLC**                              represented by   **Nathalie E Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laura W Brill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marc Toberoff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicholas Frederic Daum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard B Kendall**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Marc Toberoff**                         represented by   **Nathalie E Cohen**
*an individual*                                            (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laura W Brill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marc Toberoff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicholas Frederic Daum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard B Kendall**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mark Warren Peary**                     represented by   **David S Harris**
*as personal representative of the Estate*                Toberoff and Associates PC
*of Joseph Shuster*                                        22337 Pacific Coast Highway Suite 348
Malibu, CA 90265
310–246–3333

**ER-1618**

Fax: 310–246–3101
Email: dharris@toberoffandassociates.com
*ATTORNEY TO BE NOTICED*

**Keith Gregory Adams**
Toberoff and Associates P C
22337 Pacific Coast Highway Suite 348
Malibu, CA 90265
310–246–3333
Email: kadams@toberoffandassociates.com
*ATTORNEY TO BE NOTICED*

**Marc Toberoff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicholas Calvin Williamson**
Toberoff &Associates, P.C.
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
310–246–3333
Fax: 310–246–3101
Email: nwilliamson@ipwla.com
*ATTORNEY TO BE NOTICED*

**Pablo D Arredondo**
Toberoff &Associates PC
22631 Pacific Coast Highway Suite 348
Malibu, CA 90265
310–246–3333
Fax: 310–246–3101
Email: parredondo@toberoffandassociates.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Laura Siegel Larson**                    represented by **David S Harris**
*as personal representative of the Estate*                    (See above for address)
*of Joanne Siegel*                                            *ATTORNEY TO BE NOTICED*
*also known as*
Joanne Siegel                                                **Keith Gregory Adams**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Marc Toberoff**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Nicholas Calvin Williamson**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Pablo D Arredondo**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Laura Siegel Larson**                    represented by **David S Harris**
*an individual*                                              (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Keith Gregory Adams**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**ER-1619**

**Marc Toberoff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicholas Calvin Williamson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Pablo D Arredondo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Does**
*1–10, inclusive*

**Defendant**

| | | |
|---|---|---|
| **Jean Adele Peavy** | represented by | **Marc Toberoff** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**David S Harris**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Keith Gregory Adams**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Pablo D Arredondo**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/14/2010 | 1 | COMPLAINT against Defendants Does 1–10, IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Joanne Siegel, Marc Toberoff. Case assigned to Judge Jacqueline H. Nguyen for all further proceedings. Discovery referred to Magistrate Judge Suzanne H. Segal.(Filing fee $ 350 PAID.) Jury Demanded., filed by Plainitff DC Comics.(et) (ds). (Entered: 05/17/2010) |
| 05/14/2010 | | 21 DAY Summons Issued re Complaint – (Discovery) 1 as to Defendants Does 1–10, inclusive, IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Joanne Siegel, Marc Toberoff. (et) (Entered: 05/17/2010) |
| 05/14/2010 | 2 | CERTIFICATION AND NOTICE of Interested Parties filed by Plaintiff DC Comics, identifying Other Affiliate Historic TW Inc., Other Affiliate Time Warner Inc. for DC Comics. (et) (ds). (Entered: 05/17/2010) |
| 05/14/2010 | 3 | REPORT ON THE FILING OF AN ACTION regarding a copyright (Initial Notification) filed by DC Comics. (et) (ds). (Entered: 05/17/2010) |
| 05/14/2010 | 4 | NOTICE of Related Case(s) filed by Plaintiff DC Comics. Related Case(s): CV 04–8400 ODW (RZx); CV 04–8776 ODW (RZx). (et) (ds). (Entered: 05/17/2010) |
| 05/14/2010 | 5 | NOTICE OF PENDENCY OF OTHER ACTIONS PURSUANT TO LOCAL RULE 83–1.4 filed by Plaintiff DC Comics. (et) (ds). (Entered: 05/17/2010) |
| 05/14/2010 | 6 | CORPORATE DISCLOSURE STATEMENT filed by Plaintiff DC Comics identifying Other Affiliate Time Warner Inc. for DC Comics. (et) (ds). (Entered: 05/17/2010) |

**ER-1620**

| 05/14/2010 | 7 | APPLICATION of non−resident for attorney Patrick T. Perkins to Appear Pro Hac Vice. (PHV FEE PAID.) filed by Plaintiff DC Comics. Lodged Proposed Order. (et) (Entered: 05/17/2010) |
|---|---|---|
| 05/21/2010 | 8 | ORDER ON APPLICATION OF NON−RESIDENT ATTORNEY TO APPEAR IN A SPECIFIC CASE by Judge Jacqueline H. Nguyen: Granting APPLICATION for attorney Patrick T. Perkins to Appear Pro Hac Vice (PHV FEE PAID) 7 on behalf of Plaintiff DC Comics. (ama) (Entered: 05/21/2010) |
| 05/24/2010 | 9 | WAIVER OF SERVICE Returned Executed filed by plaintiff DC Comics. upon IP Worldwide, LLC waiver sent by Plaintiff on 5/14/2010, answer due 7/13/2010. Waiver of Service signed by Marc Toberoff. (Petrocelli, Daniel) (Entered: 05/24/2010) |
| 05/24/2010 | 10 | WAIVER OF SERVICE Returned Executed filed by plaintiff DC Comics. upon IPW, LLC waiver sent by Plaintiff on 5/14/2010, answer due 7/13/2010. Waiver of Service signed by Marc Toberoff. (Petrocelli, Daniel) (Entered: 05/24/2010) |
| 05/24/2010 | 11 | WAIVER OF SERVICE Returned Executed filed by plaintiff DC Comics. upon Joanne Siegel waiver sent by Plaintiff on 5/14/2010, answer due 7/13/2010. Waiver of Service signed by Marc Toberoff. (Petrocelli, Daniel) (Entered: 05/24/2010) |
| 05/24/2010 | 12 | WAIVER OF SERVICE Returned Executed filed by plaintiff DC Comics. upon Laura Siegel Larson waiver sent by Plaintiff on 5/14/2010, answer due 7/13/2010. Waiver of Service signed by Marc Toberoff. (Petrocelli, Daniel) (Entered: 05/24/2010) |
| 05/24/2010 | 13 | WAIVER OF SERVICE Returned Executed filed by plaintiff DC Comics. upon Marc Toberoff waiver sent by Plaintiff on 5/14/2010, answer due 7/13/2010. Waiver of Service signed by Marc Toberoff. (Petrocelli, Daniel) (Entered: 05/24/2010) |
| 05/24/2010 | 14 | WAIVER OF SERVICE Returned Executed filed by plaintiff DC Comics. upon Mark Warren Peary waiver sent by Plaintiff on 5/14/2010, answer due 7/13/2010. Waiver of Service signed by Marc Toberoff. (Petrocelli, Daniel) (Entered: 05/24/2010) |
| 05/24/2010 | 15 | WAIVER OF SERVICE Returned Executed filed by plaintiff DC Comics. upon Pacific Pictures Corporation waiver sent by Plaintiff on 5/14/2010, answer due 7/13/2010. Waiver of Service signed by Marc Toberoff. (Petrocelli, Daniel) (Entered: 05/24/2010) |
| 05/26/2010 | 16 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 08−05 −Related Case− filed. Related Case No: CV 04−08400 ODW(RZx). Case transferred from Judge Jacqueline H. Nguyen and Magistrate Judge Suzanne H. Segal to Judge Otis D Wright, II and Magistrate Judge Ralph Zarefsky for all further proceedings. The case number will now reflect the initials of the transferee Judge CV 10−03633 ODW(RZx).Signed by Judge Otis D Wright, II (rn) (Entered: 05/26/2010) |
| 06/02/2010 | 17 | MINUTES OF IN CHAMBERS ORDER held before Judge Otis D Wright, II: This action has been reassigned to the Honorable Otis D. Wright II. The magistrate judges assignment has been changed to the Honorable Ralph Zarefsky. Please substitute the initials ODW(RZx) in place of the initials JHN. The case number will now read: CV 10−3633 ODW(RZx). (sce) (Entered: 06/02/2010) |
| 06/02/2010 | 18 | STANDING ORDER REGARDING NEWLY ASSIGNED CASES by Judge Otis D Wright II. Read This Order Carefully. It Controls This Case and Differs in Some Respects From the Local Rules. (See Order for Details). (sch) (Entered: 06/02/2010) |
| 06/02/2010 | 19 | PROOF OF SERVICE filed by plaintiff DC Comics, served on June 2, 2010. (Petrocelli, Daniel) (Entered: 06/02/2010) |
| 06/30/2010 | 20 | STIPULATION for Extension of Time to File Answer to August 13, 2010 re Complaint − (Discovery), Complaint − (Discovery) 1 filed by Defendants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Joanne Siegel, Marc Toberoff. (Attachments: # 1 Proposed Order)(Toberoff, Marc) (Entered: 06/30/2010) |

| 06/30/2010 | 21 | NOTICE of Appearance filed by attorney Nathalie E Cohen on behalf of Defendants IP Worldwide, LLC, IPW, LLC, Pacific Pictures Corporation, Marc Toberoff (Cohen, Nathalie) (Entered: 06/30/2010) |
|---|---|---|
| 07/01/2010 | 22 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Notice of Appearance 21 . The following error(s) was found: Account information was not updated in the ECF system. Your account information must be updated immediately by going to Utilities – Maintain Your Address or Maintain Your E–mail Address. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (vh) (Entered: 07/01/2010) |
| 07/02/2010 | 23 | STIPULATED ORDER EXTENDING TIME TO RESPOND TO INITIAL COMPLAINT 20 by Judge Otis D Wright, II: 1) Defendants deadline to file and serve their contemplated motions under Federal Rule of Civil Procedure 12(b)(6) and 12(f) and the motion to strike pursuant to California Code of Civil Procedure Section 425.16) shall be continued to August 13, 2010; 2) The parties shall, no later than July 13, 2010, have a pre–filing conference pursuant to Local Rule 7–3, to discuss the substance and potential resolution of Defendants Responsive Motions; 3) Oppositions (if any) to Defendants Responsive Motions shall be served and filed by September 13, 2010, and reply briefs (if any) shall be served and filed by September 27, 2010. 4) Defendants Responsive Motions shall be heard on Monday, October 18, 2010, or on a date thereafter convenient for the Court. 5) This order shall not stay discovery in this action, but defendants reserve the right to argue that discovery should be stayed or limited until the resolution of Defendants Responsive Motions. Plaintiff believes that discovery should proceed notwithstanding any such motions. 6) This order shall not extend any deadlines that have already expired as of the effective date of the parties stipulation, which is June 29, 2010. (lc) (Entered: 07/02/2010) |
| 07/15/2010 | 24 | CERTIFICATION of Interested Parties filed by Defendant Marc Toberoff, identifying DC Comics, Warner Communications Inc., E.C. Publications Inc., Historic TW Inc., Time Warner Inc., Warner Bros. Entertainment Inc., Pacific Pictures Corporation, IP Worldwide, LLC, IPW, LLC, Marc Toberoff, Mark Warren Peary, Estate of Joseph Shuster, Joanne Siegel, Laura Siegel Larson. (Daum, Nicholas) (Entered: 07/15/2010) |
| 07/15/2010 | 25 | *Corporate Disclosure Statement and* CERTIFICATION of Interested Parties filed by Defendant Pacific Pictures Corporation, identifying DC Comics, Warner Communications Inc., E.C. Publications Inc., Historic TW Inc., Time Warner Inc., Warner Bros. Entertainment Inc., Pacific Pictures Corporation, IP Worldwide, LLC, IPW, LLC, Marc Toberoff, Mark Warren Peary, Estate of Joseph Shuster, Joanne Siegel, Laura Siegel Larson. (Daum, Nicholas) (Entered: 07/15/2010) |
| 07/15/2010 | 26 | *Corporate Disclosure Statement and* CERTIFICATION of Interested Parties filed by Defendant IPW, LLC, identifying DC Comics, Warner Communications Inc., E.C. Publications Inc., Historic TW Inc., Time Warner Inc., Warner Bros. Entertainment Inc., Pacific Pictures Corporation, IP Worldwide, LLC, IPW, LLC, Marc Toberoff, Mark Warren Peary, Estate of Joseph Shuster, Joanne Siegel, Laura Siegel Larson. (Daum, Nicholas) (Entered: 07/15/2010) |
| 07/15/2010 | 27 | *Corporate Disclosure Statement and* CERTIFICATION of Interested Parties filed by Defendant IP Worldwide, LLC, identifying DC Comics, Warner Communications Inc., E.C. Publications Inc., Historic TW Inc., Time Warner Inc., Warner Bros. Entertainment Inc., Pacific Pictures Corporation, IP Worldwide, LLC, IPW, LLC, Marc Toberoff, Mark Warren Peary, Estate of Joseph Shuster, Joanne Siegel, Laura Siegel Larson. (Daum, Nicholas) (Entered: 07/15/2010) |
| 07/22/2010 | 28 | MINUTES OF IN CHAMBERS ORDER held before Judge Otis D Wright, II: The Court sets a Status Conference for Monday, August 13, 2010 at 2:00 p.m. (lc) (Entered: 07/22/2010) |
| 07/22/2010 | 29 | MINUTES OF IN CHAMBERS ORDER held before Judge Otis D Wright, II: the Status Conference scheduled for August 13, 2010 at 2:00 p.m. is hereby VACATED. (rne) (Entered: 07/22/2010) |

| 08/13/2010 | 30 | NOTICE OF MOTION AND MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16 filed by Defendants IP Worldwide, LLC, IPW, LLC, Pacific Pictures Corporation, Marc Toberoff. Motion set for hearing on 10/18/2010 at 01:30 PM before Judge Otis D Wright II. (Attachments: #_1 Declaration of Nicholas F. Daum, and Exs. A–B, #_2 Declaration of Nicholas F. Daum Exs. C–F, #_3 Declaration of Nicholas F. Daum Exs. G–M, #_4 Declaration of Nicholas F. Daum Exs. N–O, #_5 Declaration of Nicholas F. Daum Exs. P–CC)(Kendall, Richard) (Entered: 08/13/2010) |
|---|---|---|
| 08/13/2010 | 31 | NOTICE OF MOTION AND MOTION to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(B)(6) filed by Defendants IP Worldwide, LLC, IPW, LLC, Pacific Pictures Corporation, Marc Toberoff. Motion set for hearing on 10/18/2010 at 01:30 PM before Judge Otis D Wright II. (Attachments: #_1 Request for Judicial Notice, and Exs. A–C, #_2 Request for Judicial Notice Exs. D–K)(Kendall, Richard) (Entered: 08/13/2010) |
| 08/13/2010 | 32 | NOTICE OF ERRATA filed by Defendants IP Worldwide, LLC, IPW, LLC, Pacific Pictures Corporation, Marc Toberoff. correcting *Declaration of Nicholas F. Daum in Support of Motion to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16)* (Kendall, Richard) (Entered: 08/13/2010) |
| 08/13/2010 | 33 | NOTICE OF MOTION AND MOTION to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendant Mark Warren Peary. Motion set for hearing on 10/18/2010 at 01:30 PM before Judge Otis D Wright II. (Attachments: #_1 Request for Judicial Notice, #_2 RJN Exhibits A–C, #_3 RJN Exhibits D–F, #_4 RJN Exhibits G–K)(Toberoff, Marc) (Entered: 08/13/2010) |
| 08/13/2010 | 34 | NOTICE OF MOTION AND MOTION to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants Laura Siegel Larson, Joanne Siegel. Motion set for hearing on 10/18/2010 at 01:30 PM before Judge Otis D Wright II. (Attachments: #_1 Request for Judicial Notice, #_2 RJN Exhibits A–G)(Toberoff, Marc) (Entered: 08/13/2010) |
| 08/13/2010 | 35 | JOINDER filed by Defendant Mark Warren Peary joining in MOTION to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) MOTION to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)_34 . (Toberoff, Marc) (Entered: 08/13/2010) |
| 08/13/2010 | 36 | JOINDER in MOTION to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) MOTION to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)_34 *and Notice of Joinder* filed by Defendants IP Worldwide, LLC, IPW, LLC, Pacific Pictures Corporation, Marc Toberoff. (Daum, Nicholas) (Entered: 08/13/2010) |
| 08/19/2010 | 37 | Joint STIPULATION to Reschedule Discovery Motions and Initial Disclosures filed by Defendants IP Worldwide, LLC, IPW, LLC, Pacific Pictures Corporation, Marc Toberoff. (Attachments: #_1 Proposed Order re Scheduling of Discovery Motions and Initial Disclosures)(Kendall, Richard) (Entered: 08/19/2010) |
| 08/20/2010 | 38 | ORDER by Magistrate Judge Ralph Zarefsky re Stipulation to Reschedule_37 . (ib) (Entered: 08/20/2010) |
| 08/23/2010 | 39 | NOTICE of Change of Attorney Information for attorney Marc Toberoff counsel for Defendants Laura Siegel Larson, Mark Warren Peary, Joanne Siegel. Adding Nicholas C. Williamson as attorney as counsel of record for Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Joanne Siegel and Laura Siegel Larson for the reason indicated in the G–06 Notice. Filed by Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Joanne Siegel and Laura Siegel Larson (Toberoff, Marc) (Entered: 08/23/2010) |
| 08/23/2010 | 40 | NOTICE of Change of Attorney Information for attorney Marc Toberoff counsel for Defendants Laura Siegel Larson, Mark Warren Peary, Joanne Siegel. Adding Keith G. Adams as attorney as counsel of record for Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, Joanne Siegel and Laura Siegel Larson for the reason indicated in the G–06 Notice. Filed by Defendants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster, |

**ER-1623**

| | | Joanne Siegel and Laura Siegel Larson (Toberoff, Marc) (Entered: 08/23/2010) |
|---|---|---|
| 08/30/2010 | 41 | NOTICE OF MOTION AND MOTION for Protective Order for A Limitation, Pending Appellate Review, of Use in Discovery of Cover Letter Accompanying Documents Stolen by Attorney filed by Defendants IP Worldwide, LLC, IPW, LLC, Pacific Pictures Corporation, Marc Toberoff. Motion set for hearing on 9/20/2010 at 10:00 AM before Magistrate Judge Ralph Zarefsky. (Attachments: # 1 Proposed Order)(Brill, Laura) (Entered: 08/30/2010) |
| 08/30/2010 | 42 | JOINT STIPULATION to MOTION for Protective Order for A Limitation, Pending Appellate Review, of Use in Discovery of Cover Letter Accompanying Documents Stolen by Attorney 41 filed by Defendants IP Worldwide, LLC, IPW, LLC, Pacific Pictures Corporation, Marc Toberoff. (Attachments: # 1 Declaration of Joanne Siegel, # 2 Declaration of Laura Siegel Larson, # 3 Declaration of Nathalie E. Cohen, # 4 Declaration of Nathalie E. Cohen, Exs. 1–9, # 5 Declaration of Nathalie E. Cohen, Exs. 10–14, # 6 Declaration of Nathalie E. Cohen, Exs. 15–17, # 7 Declaration of Nathalie E. Cohen, Ex. 18, # 8 Declaration of Nathalie E. Cohen, Ex. 19, # 9 Declaration of Nathalie E. Cohen, Exs. 20–31, # 10 Declaration of Nathalie E. Cohen, Exs. 32–39, # 11 Declaration of Cassandra Seto, # 12 Declaration of Cassandra Seto, Exs. A–I, # 13 Declaration of Cassandra Seto, Exs. J–M, # 14 Declaration of Cassandra Seto, Exs. N–S, # 15 Declaration of Cassandra Seto, Exs. T–X, # 16 Declaration of Cassandra Seto, Ex. Y, # 17 Declaration of Cassandra Seto, Exs. Z–EE)(Brill, Laura) (Entered: 08/30/2010) |
| 08/30/2010 | 43 | JOINDER in MOTION for Protective Order for A Limitation, Pending Appellate Review, of Use in Discovery of Cover Letter Accompanying Documents Stolen by Attorney 41 filed by Defendants Laura Siegel Larson, Mark Warren Peary, Joanne Siegel. (Toberoff, Marc) (Entered: 08/30/2010) |
| 08/30/2010 | 44 | NOTICE OF MOTION AND MOTION for Hearing Discovery */Regarding Plaintiff's Motion to Initiate Discovery and Take Immediate, Limited Discovery of Two Elderly Witnesses* filed by plaintiff DC Comics. Motion set for hearing on 9/20/2010 at 10:00 AM before Magistrate Judge Ralph Zarefsky. (Attachments: # 1 Memorandum, # 2 Proposed Order)(Petrocelli, Daniel) (Entered: 08/30/2010) |
| 08/30/2010 | 45 | JOINT STIPULATION to MOTION for Hearing Discovery */Regarding Plaintiff's Motion to Initiate Discovery and Take Immediate, Limited Discovery of Two Elderly Witnesses* 44 filed by Plaintiff DC Comics. (Attachments: # 1 Proposed Order)(Petrocelli, Daniel) (Entered: 08/30/2010) |
| 08/30/2010 | 46 | DECLARATION of Daniel M. Petrocelli in support of MOTION for Hearing Discovery */Regarding Plaintiff's Motion to Initiate Discovery and Take Immediate, Limited Discovery of Two Elderly Witnesses* 44 filed by Plaintiff DC Comics. (Attachments: # 1 Exhibit A to Petrocelli Declaration, # 2 Exhibit B to Petrocelli Declaration, # 3 Exhibit C to Petrocelli Declaration, # 4 Exhibit D to Petrocelli Declaration, # 5 Exhibit E to Petrocelli Declaration, # 6 Exhibit F to Petrocelli Declaration, # 7 Exhibit G to Petrocelli Declaration, # 8 Exhibit H to Petrocelli Declaration, # 9 Exhibit I to Petrocelli Declaration, # 10 Exhibit J to Petrocelli Declaration, # 11 Exhibit K to Petrocelli Declaration, # 12 Exhibit L to Petrocelli Declaration, # 13 Exhibit M to Petrocelli Declaration, # 14 Exhibit N to Petrocelli Declaration, # 15 Exhibit O to Petrocelli Declaration, # 16 Exhibit P to Petrocelli Declaration, # 17 Exhibit Q to Petrocelli Declaration, # 18 Exhibit R to Petrocelli Declaration, # 19 Exhibit S to Petrocelli Declaration, # 20 Exhibit T to Petrocelli Declaration, # 21 Exhibit U to Petrocelli Declaration, # 22 Exhibit V to Petrocelli Declaration to Petrocelli Declaration, # 23 Exhibit W to Petrocelli Declaration, # 24 Exhibit X to Petrocelli Declaration, # 25 Exhibit Y to Petrocelli Declaration)(Petrocelli, Daniel) (Entered: 08/31/2010) |
| 08/31/2010 | 47 | DECLARATION of Marc Toberoff in opposition to MOTION for Hearing Discovery */Regarding Plaintiff's Motion to Initiate Discovery and Take Immediate, Limited Discovery of Two Elderly Witnesses* 44 filed by Plaintiff DC Comics. (Attachments: # 1 Exhibit A to Toberoff Declaration, # 2 Exhibit B to Toberoff Declaration, # 3 Exhibit C to Toberoff Declaration, # 4 Exhibit D to Toberoff Declaration, # 5 Exhibit E to Toberoff Declaration, # 6 Exhibit F to Toberoff Declaration, # 7 Exhibit G to Toberoff Declaration, # 8 Exhibit H to Toberoff Declaration, # 9 Exhibit I to Toberoff Declaration, # 10 Exhibit J to Toberoff |

| | | Declaration, #_11 Exhibit K to Toberoff Declaration, #_12 Exhibit L to Toberoff Declaration, #_13 Exhibit M to Toberoff Declaration, #_14 Exhibit N to Toberoff Declaration, #_15 Exhibit O to Toberoff Declaration, #_16 Exhibit P to Toberoff Declaration, #_17 Exhibit Q to Toberoff Declaration, #_18 Exhibit R to Toberoff Declaration)(Petrocelli, Daniel) (Entered: 08/31/2010) |
|---|---|---|
| 08/31/2010 | 48 | **SEALED DOCUMENT PER ORDER DOCUMENT NUMBER 57**– DECLARATION of Joanne Siegel in opposition to MOTION for Hearing Discovery *Regarding Plaintiff's Motion to Initiate Discovery and Take Immediate, Limited Discovery of Two Elderly Witnesses* 44 filed by Plaintiff DC Comics. (Petrocelli, Daniel) Modified on 9/10/2010 (sm). (Entered: 08/31/2010) |
| 09/03/2010 | 49 | FIRST AMENDED COMPLAINT against defendants Does, IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Joanne Siegel, Marc Toberoff, Jean Adele Peavy amending Complaint – (Discovery), 1 filed by plaintiff DC Comics (lc) (lc). (Additional attachment(s) added on 9/7/2010: #_1 issued summons) (lc). (Entered: 09/07/2010) |
| 09/03/2010 | 50 | CERTIFICATE of Interested Parties filed by Plaintiff DC Comics, identifying Other Affiliate E.C. Publications, Inc., Warner Communications Inc. Historic TW Inc., Time Warner Inc. for DC Comics. (lc) (Entered: 09/07/2010) |
| 09/03/2010 | 51 | PROOF OF SERVICE Executed by Plaintiff IP Worldwide, LLC, Laura Siegel Larson, Jean Adele Peavy, IPW, LLC, Mark Warren Peary, Marc Toberoff, Joanne Siegel, Pacific Pictures Corporation, upon Defendant IP Worldwide, LLC served on 9/3/2010, answer due 9/24/2010; Laura Siegel Larson served on 9/3/2010, answer due 9/24/2010; Jean Adele Peavy served on 9/3/2010, answer due 9/24/2010; IPW, LLC served on 9/3/2010, answer due 9/24/2010; Mark Warren Peary served on 9/3/2010, answer due 9/24/2010; Marc Toberoff served on 9/3/2010, answer due 9/24/2010; Joanne Siegel served on 9/3/2010, answer due 9/24/2010; Pacific Pictures Corporation served on 9/3/2010, answer due 9/24/2010. Service of the Summons and Complaint were executed upon the above defendants attorneys (see document) in compliance with statute not specified by service by mail. Original Summons NOT returned. (lc) (Entered: 09/07/2010) |
| 09/03/2010 | | 21 DAY Summons Issued re Amended Complaint, 49 as to defendants Does, IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy, Joanne Siegel, Marc Toberoff. (lc) (Entered: 09/07/2010) |
| 09/07/2010 | 52 | MINUTES (IN CHAMBERS) by Judge Otis D Wright, II: The Court is in receipt of Plaintiffs First Amended Complaint. Accordingly, the following motions are DEEMED MOOT AND VACATED, as is the motions hearing scheduled for October 18, 2010 at 1:30 p.m.: Motion of Toberoff, Pacific Pictures Corporation, IP Worldwide, LLC, and IPW, LLC to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti−SLAPP Law 30 (Filed 8/13/10); Motion of Toberoff, Pacific Pictures Corporation, Ip Worldwide, LLC and IPW, LLC toDismiss Plaintiff's Complaint 31 (Filed 8/13/10); Defendant Mark Warren Peary's, as Personal Representative of the Estate of Joseph Shuster, Motion to Dismiss And/Or Stay Plaintiff's Complaint 33 (Filed 8/13/10); Defendants Joanne Siegel and Laura Siegel Larson's Motion to Dismiss And/Or StrikePlaintiff's Complaint 34 (Filed 8/13/10); and, Defendant Mark Warren Peary's, as Personal Representative of the Estate of Joseph Shuster, Joinder to Defendants Siegel and Siegel–larson's Motion to Dismiss And/Or Strike Plaintiff's Complaint 35 (Filed 8/13/10). (lc) (Entered: 09/07/2010) |
| 09/08/2010 | 53 | WAIVER OF SERVICE Returned Executed filed by Plaintiff DC Comics. Waiver of Service signed by Jean Adele Peavy. (Petrocelli, Daniel) (Entered: 09/08/2010) |
| 09/10/2010 | 54 | STIPULATION File Declaration of Joanne Siegel in Opposition to Plaintiff's Motion to Initiate Discovery and Take Immediate, Limited Discovery of Two Elderly Witnesses Under Seal filed by Defendant Joanne Siegel. (Attachments: #_1 Proposed Order)(Toberoff, Marc) (Entered: 09/10/2010) |
| 09/10/2010 | 55 | NOTICE of Manual Filing filed by Defendant Joanne Siegel of Declaration of Joanne Siegel in Opposition to Plaintiff's Motion to Initiate Discovery and Take Immediate, Limited Discovery of Two Elderly Witnesses. (Toberoff, Marc) |

**ER-1625**

| | | (Entered: 09/10/2010) |
|---|---|---|
| 09/10/2010 | 56 | NOTICE of Manual Filing filed by Defendant Joanne Siegel of Application to Re–file Under Seal Declaration of Joanne Siegel in Opposition to Plaintiff's Motion to Initiate Discovery and Take Immediate, Limited Discovery of Two Elderly Witnesses; [Proposed] Order. (Toberoff, Marc) (Entered: 09/10/2010) |
| 09/10/2010 | 57 | ORDER by Magistrate Judge Ralph Zarefsky: The Clerk shall remove the 8/29/10 Declaration of Joanne Siegel 48 from the public docket and the ECF/PACER system. Defendants Application to Re–File Under Seal the 8/29/10 Declaration of Joanne Siegel is granted. Re Stipulation to Seal 54 . (ib) (Entered: 09/10/2010) |
| 09/10/2010 | 66 | APPLICATION TO RE–FILE UNDER SEAL DECLARATION OF JOANNE SIEGEL IN OPPOSITION TO PLAINTIFF'S MOTION TO INITIATE DISCOVERY AND TAKE IMMEDIATE, LIMITED DISCOVERY OF TWO ELDERLY WITNESSES filed by Defendant Mark Warren Peary. Lodged Proposed Order. (mz) (Entered: 09/14/2010) |
| 09/13/2010 | 58 | NOTICE of Motion for a Protective Order Staying Depositions Pending Rulings on Dispositive Motions and Limiting Scope and Time of Depositions filed by Defendants Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy, Joanne Siegel. (Toberoff, Marc) Modified on 9/15/2010 (mz). (Entered: 09/13/2010) |
| 09/13/2010 | 59 | NOTICE of Manual Filing filed by Defendants Laura Siegel Larson, Mark Warren Peary, Joanne Siegel of Application to File Under Seal Documents In Support of Defendants' Motion for a Protective Order Staying Depositions Pending Rulings on Dispositive Motions and Limiting Scope and Time of Depositions; [Proposed] Order. (Toberoff, Marc) (Entered: 09/13/2010) |
| 09/13/2010 | 60 | NOTICE of Manual Filing filed by Defendants Laura Siegel Larson, Mark Warren Peary, Joanne Siegel of Declarations of Laura Siegel Larson, Joanne Siegel, Richard Taw MD, Eric Hsu MD, and Barbara Giesser MD in Support of Defendants' Motion for a Protective Order. (Toberoff, Marc) (Entered: 09/13/2010) |
| 09/13/2010 | 61 | Joint Stipulation filed by Plaintiff DC Comics, Defendants Laura Siegel Larson, Mark Warren Peary, Joanne Siegel *Re: Motion for a Protective Order Staying Depositions Pending Rulings on Dispositive Motions and Limiting Scope and Time of Depositions* re: Notice (Other), Notice (Other) 58 (Attachments: # 1 Declaration of Marc Toberoff, # 2 Exhibits A–C, # 3 Exhibits D–K, # 4 Exhibits L–V, # 5 Declaration of Daniel M. Petrocelli, # 6 Ex. 1, # 7 Ex. 2, # 8 Ex. 3, # 9 Ex. 4, # 10 Ex. 5, # 11 Ex. 6, # 12 Ex. 7, # 13 Ex. 8, # 14 Ex. 9, # 15 Ex. 10, # 16 Ex. 11, # 17 Ex. 12, # 18 Ex. 13, # 19 Ex. 14, # 20 Ex. 15, # 21 Ex. 16, # 22 Ex. 17, # 23 Ex. 18, # 24 Ex. 19, # 25 Ex. 20, # 26 Ex. 21, # 27 Ex. 22, # 28 Ex. 23, # 29 [Proposed] Order)(Toberoff, Marc) (Entered: 09/13/2010) |
| 09/13/2010 | 62 | EX PARTE APPLICATION to Continue Two Hearings from September 20, 2010 and October 4, 2010 Respectively to October 25, 2010; or Alternatively October 4, 2010 Re: Notice (Other), Notice (Other) 58 , MOTION for Hearing Discovery */Regarding Plaintiff's Motion to Initiate Discovery and Take Immediate, Limited Discovery of Two Elderly Witnesses* 44 filed by plaintiff DC Comics. (Attachments: # 1 Declaration of Daniel M. Petrocelli in Support of DC Comics' Ex Parte Application to Consolidate Hearing Dates on Related Discovery Motions, # 2 Exhibit A to Petrocelli Declaration, # 3 Exhibit B to Petrocelli Declaration, # 4 Exhibit C to Petrocelli Declaration, # 5 Exhibit D to Petrocelli Declaration, # 6 Exhibit E to Petrocelli Declaration, # 7 Exhibit F to Petrocelli Declaration, # 8 Exhibit G to Petrocelli Declaration, # 9 Exhibit H to Petrocelli Declaration, # 10 Exhibit I to Petrocelli Declaration, # 11 Proposed Order)(Petrocelli, Daniel) (Entered: 09/13/2010) |
| 09/13/2010 | 63 | MEMORANDUM in Support */ Supplemental Memorandum in Support Regarding Plaintiff's Motion to Initiate Discovery and Take Immediate, Limited Discovery of Two Elderly Witnesses* filed by Plaintiff DC Comics. (Attachments: # 1 Supplemental Declaration of Matthew T. Kline in Support of Plaintiff's Motion to Initiate Discovery and Take Immediate, Limited Discovery of Two Elderly Witnesses, # 2 Exhibit A to Kline Declaration, # 3 Exhibit B to Kline Declaration 44 45 )(Petrocelli, Daniel) (Entered: 09/13/2010) |

| 09/13/2010 | 64 | SUPPLEMENT to MOTION for Hearing Discovery /Regarding Plaintiff's Motion to Initiate Discovery and Take Immediate, Limited Discovery of Two Elderly Witnesses 44 filed by Defendants Laura Siegel Larson, Mark Warren Peary, Joanne Siegel. (Attachments: # 1 Supplemental Declaration of Marc Toberoff, # 2 Exhibits A–F, # 3 Declaration of Jean Peavy, # 4 Declaration of Adam Ronan, MD)(Toberoff, Marc) (Entered: 09/13/2010) |
|---|---|---|
| 09/13/2010 | 65 | SUPPLEMENT to MOTION for Protective Order for A Limitation, Pending Appellate Review, of Use in Discovery of Cover Letter Accompanying Documents Stolen by Attorney 41 filed by Defendants IP Worldwide, LLC, IPW, LLC, Pacific Pictures Corporation, Marc Toberoff. (Brill, Laura) (Entered: 09/13/2010) |
| 09/13/2010 | 67 | ORDER GRANTING APPLICATION TO RE–FILE UNDER SEAL DECLARATION OF JOANNE SIEGEL IN OPPOSITION TO PLAINTIFF'S MOTION OT INITIATE DISCOVERY AND TAKE IMMEDIATE, LIMITED DISCOVERY OF TWO ELDERLY WITNESSES by Magistrate Judge Ralph Zarefsky: granting 66 Application to Seal. (mz) (Entered: 09/14/2010) |
| 09/13/2010 | 73 | SEALED DOCUMENT– Declaration of Joanne Siegel in Opposition to Plaintiff's Motion to Initiate Discovery and Take Immediate, Limited Discovery of Two Elderly Witnesses. (mat) (Entered: 09/15/2010) |
| 09/14/2010 | 68 | MINUTE ORDER IN CHAMBERS by Magistrate Judge Ralph Zarefsky: Any opposition to Plaintiff's Ex Parte Application to Consolidate Hearing Dates on Related Discovery Motions 62 shall be filed by 12:00pm on 9/15/10. (ib) (Entered: 09/14/2010) |
| 09/14/2010 | 71 | ORDER RE SERVICE OF SUMMONS AND COMPLAINT BY US MARSHAL by Magistrate Judge Ralph Zarefsky: Plaintiff must serve upon Defendants, or if appearance has been entered by counsel, upon their attorneys, a copy of every future pleading or other document submitted for consideration by the Court. (see document for further details) (ib) Modified on 9/15/2010: **SEE NOTICE OF CLERICAL ERROR AS TO THIS ENTRY 72 (ib). (Entered: 09/15/2010) |
| 09/15/2010 | 69 | OPPOSITION OPPOSITION TO re: EX PARTE APPLICATION to Continue Two Hearings from September 20, 2010 and October 4, 2010 Respectively to October 25, 2010; or Alternatively October 4, 2010 Re: Notice (Other), Notice (Other) 58 , MOTION for Hearing Discovery /Regarding Plaintiff#EX PARTE APPLICATION to Continue Two Hearings from September 20, 2010 and October 4, 2010 Respectively to October 25, 2010; or Alternatively October 4, 2010 Re: Notice (Other), Notice (Other) 58 , MOTION for Hearing Discovery /Regarding Plaintiff#EX PARTE APPLICATION to Continue Two Hearings from September 20, 2010 and October 4, 2010 Respectively to October 25, 2010; or Alternatively October 4, 2010 Re: Notice (Other), Notice (Other) 58 , MOTION for Hearing Discovery /Regarding Plaintiff#EX PARTE APPLICATION to Continue Two Hearings from September 20, 2010 and October 4, 2010 Respectively to October 25, 2010; or Alternatively October 4, 2010 Re: Notice (Other), Notice (Other) 58 , MOTION for Hearing Discovery /Regarding Plaintiff#62 filed by Defendants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy, Joanne Siegel, Marc Toberoff. (Attachments: # 1 Declaration of Laura W. Brill, and Exhibits A–G)(Brill, Laura) (Entered: 09/15/2010) |
| 09/15/2010 | 70 | MINUTES (IN CHAMBERS) ORDER by Magistrate Judge Ralph Zarefsky: denying 62 Plaintiff's Ex Parte Application to Consolidate Hearing Dates on Related Discovery Motions. No basis appears for ex parte relief. On the Court's own motion, hearing on Defendants' Motion for a Protective Order Staying Depositions Pending Rulings on Dispositive Motions and Limiting Scope and Time of Depositions, currently set for 10/4/10, is advanced to 9/20/10 at 10:00a.m. No Supplemental Memoranda shall be filed in connection with that motion. (ib) (Entered: 09/15/2010) |
| 09/15/2010 | 72 | NOTICE OF CLERICAL ERROR: Docket # 71 , Order re Service of Summons and Complaint by U.S. Marshal, belongs to a separate case and was docketed on this case docket due to clerical error and should be disregarded. (ib) (Entered: 09/15/2010) |

**ER-1627**

| 09/20/2010 | 74 | MINUTES OF Hearing held before Magistrate Judge Ralph Zarefsky: 1) Plaintiffs motion to take immediate limited discovery and take immediate limited discovery of two elderly witnesses 44 is denied. 2) Defendants motion for a protective order (re Toberoff Timeline) 41 is denied. 3) Defendants motion for a protective order staying depositions pending rulings on dispositive motions and limiting scope and time of depositions 58 is granted in part and denied in part as follows: The depositions are stayed until 11/15/10. The depositions of Joanne Siegel and Laura Larson shall not proceed for more than 90 minutes at a time before the deponents are afforded breaks of as much time as they need. The deposition of Jean Peavy may be taken by written questions under FRCP 31, with deponent being given as much time as needed to respond to the court reporter. For example, she can respond in increments of 45 minutes if need be. At plaintiffs option, in lieu of a deposition, plaintiff is relieved of the limitation on the number of interrogatories and may serve up to 75 interrogatories on this defendant only. The deposition of Mark Peavy may be taken without restriction. There shall be no limit to the subject matter covered in the depositions. The court expects all counsel to be cooperative, and none to be obstructive. Any further explanations of the above rulings shall be found in the record of the proceedings. No further written order shall issue. Recorded on Courtsmart. (ib) (Entered: 09/20/2010) |
| 09/20/2010 | 75 | NOTICE OF MOTION AND MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16) filed by Defendants IP Worldwide, LLC, IPW, LLC, Pacific Pictures Corporation, Marc Toberoff. Motion set for hearing on 10/18/2010 at 01:30 PM before Judge Otis D Wright II. (Attachments: # 1 Declaration of Nicholas F. Daum and Exhibits A–B, # 2 Declaration of Nicholas F. Daum, Exhibits C–F, # 3 Declaration of Nicholas F. Daum, Exhibits G–M, # 4 Declaration of Nicholas F. Daum, Exhibits N–O, # 5 Declaration of Nicholas F. Daum, Exhibits P–CC)(Kendall, Richard) (Entered: 09/20/2010) |
| 09/20/2010 | 76 | JOINDER in MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16) MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16) MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16) 75 filed by Defendants Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy, Joanne Siegel. (Toberoff, Marc) (Entered: 09/20/2010) |
| 09/20/2010 | 77 | NOTICE OF MOTION AND MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants IP Worldwide, LLC, IPW, LLC, Pacific Pictures Corporation, Marc Toberoff. Motion set for hearing on 10/18/2010 at 01:30 PM before Judge Otis D Wright II. (Attachments: # 1 Request for Judicial Notice and Exhibits A–C, # 2 Request for Judicial Notice, Exhibits D–M, # 3 Request for Judicial Notice, Exhibits N–O)(Kendall, Richard) (Entered: 09/20/2010) |
| 09/20/2010 | 78 | NOTICE OF MOTION AND MOTION to Dismiss Case filed by Defendants Laura Siegel Larson, Joanne Siegel. Motion set for hearing on 10/18/2010 at 01:30 PM before Judge Otis D Wright II. (Attachments: # 1 Request for Judicial Notice, # 2 Exhibits A–K)(Toberoff, Marc) (Entered: 09/20/2010) |
| 09/20/2010 | 79 | JOINDER in MOTION to Dismiss Case 78 *Plaintiff's Third and Sixth Causes of Action* filed by Defendants IP Worldwide, LLC, IPW, LLC, Pacific Pictures Corporation, Marc Toberoff. (Daum, Nicholas) (Entered: 09/20/2010) |
| 09/20/2010 | 80 | NOTICE OF MOTION AND MOTION to Dismiss Case filed by Defendants Mark Warren Peary, Jean Adele Peavy. Motion set for hearing on 10/18/2010 at 01:30 PM before Judge Otis D Wright II. (Attachments: # 1 Request for Judicial Notice, # 2 Exhibits A–C, # 3 Exhibits D–F, # 4 Exhibits G–K)(Toberoff, Marc) (Entered: 09/20/2010) |
| 09/20/2010 | 81 | JOINDER in MOTION to Dismiss Case 78 filed by Defendants Mark Warren Peary, Jean Adele Peavy. (Toberoff, Marc) (Entered: 09/20/2010) |
| 09/20/2010 | 82 | SEALED DOCUMENT – APPLICATION To File Under Seal Documents in Support of Defendants' Motion for a Protective Order Staying Depositions Pending Rulings on Dispositive Motions and Limiting Scope and Time of Depositions (lra) |

| | | (Entered: 09/22/2010) |
|---|---|---|
| 09/20/2010 | 83 | SEALED DOCUMENT – ORDER Granting Application to File Under Seal Documents (lra) (Main Document 83 replaced on 9/22/2010) (lra). (Entered: 09/22/2010) |
| 09/20/2010 | 84 | SEALED DOCUMENT – DECLARATION of Joanne Siegel In Support of DEFENDANT'S MOTION for Protective Order(lra) (Entered: 09/22/2010) |
| 09/20/2010 | 85 | SEALED DOCUMENT – DECLARATION of BARBARA GIESSER, MD IN SUPPORT OF DEFENDANT'S MOTION for Protective Order(lra) (Entered: 09/22/2010) |
| 09/20/2010 | 86 | SEALED DOCUMENT – DECLARATION of RICHARD TAW IN SUPPORT OF DEFENDANT'S MOTION for Protective Order(lra) (Entered: 09/22/2010) |
| 09/20/2010 | 87 | SEALED DOCUMENT – DECLARATION of ERIC HSU, MD IN SUPPORT OF DEFENDANT'S MOTION for Protective Order(lra) (Entered: 09/22/2010) |
| 09/20/2010 | 88 | SEALED DOCUMENT– Declaration of Laura Siegel Larson in Support of Defendants' Motion for a Protective Order. (mat) (Entered: 09/24/2010) |
| 09/27/2010 | 89 | OPPOSITION re: MOTION to Dismiss Case 80 / *Motion to Dismiss and / or Stay Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Re:first and Second Claims for Relief)* filed by Plaintiff DC Comics. (Seto, Cassandra) (Entered: 09/27/2010) |
| 09/27/2010 | 90 | OPPOSITION opposition to re: MOTION to Dismiss Case 78 / *DC Comics' Opposition to Defendants Motion to Dismiss and/or Strike Plaintiff's First Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) (Re: Third and Sixth Claims for Relief)* filed by Plaintiff DC Comics. (Kline, Matthew) (Entered: 09/27/2010) |
| 09/27/2010 | 91 | Opposition re: MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) 77 / *Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Re:Fourth and Fifth Claims for Relief)* filed by Plaintiff DC Comics. (Seto, Cassandra) (Entered: 09/27/2010) |
| 09/27/2010 | 92 | Opposition re: MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16) MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16) MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16) 75 / *DC Comic's Opposition to Motion to Strike Under California's Anti–Slapp Statute* filed by Plaintiff DC Comics. (Seto, Cassandra) (Entered: 09/27/2010) |
| 09/27/2010 | 93 | REQUEST FOR JUDICIAL NOTICE 89 90 91 92 filed by Plaintiff DC Comics. (Attachments: # 1 Exhibit A to Request for Judicial Notice, # 2 Exhibit B to Request for Judicial Notice, # 3 Exhibit C to Request for Judicial Notice, # 4 Exhibit D to Request for Judicial Notice)(Kline, Matthew) (Entered: 09/27/2010) |
| 09/27/2010 | 94 | DECLARATION of Daniel M. Petrocelli re Objection/Opposition (Motion related) 89 , Objection/Opposition (Motion related), Objection/Opposition (Motion related) 91 , Objection/Opposition (Motion related), Objection/Opposition (Motion related) 90 , Objection/Opposition (Motion related), Objection/Opposition (Motion related), Objection/Opposition (Motion related) 92 filed by Plaintiff DC Comics. (Attachments: # 1 Exhibit 1 to Petrocelli Declaration, # 2 Exhibit 2 to Petrocelli Declaration, # 3 Exhibit 3 to Petrocelli Declaration, # 4 Exhibit 4 to Petrocelli Declaration, # 5 Exhibit 5 to Petrocelli Declaration, # 6 Exhibit 6 to Petrocelli Declaration, # 7 Exhibit 7 to Petrocelli Declaration, # 8 Exhibit 8 to Petrocelli Declaration, # 9 Exhibit 9 to Petrocelli Declaration, # 10 Exhibit 10 to Petrocelli Declaration, # 11 Exhibit 11 to Petrocelli Declaration, # 12 Exhibit 12 to Petrocelli Declaration, # 13 Exhibit 13 to Petrocelli Declaration, # 14 Exhibit 14, Part 1 of 2 to Petrocelli Declaration, # 15 Exhibit 14, Part 2 of 2 to Petrocelli Declaration, # 16 Exhibit 15 to Petrocelli Declaration, # 17 Exhibit 16 to Petrocelli Declaration, # 18 |

| | | |
|---|---|---|
| | | Exhibit 17 to Petrocelli Declaration, # 19 Exhibit 18 to Petrocelli Declaration, # 20 Exhibit 19 to Petrocelli Declaration, # 21 Exhibit 20 to Petrocelli Declaration, # 22 Exhibit 21 to Petrocelli Declaration, # 23 Exhibit 22 to Petrocelli Declaration, # 24 Exhibit 23 to Petrocelli Declaration, # 25 Exhibit 24 to Petrocelli Declaration, # 26 Exhibit 25 to Petrocelli Declaration, # 27 Exhibit 26 to Petrocelli Declaration, # 28 Exhibit 27 to Petrocelli Declaration, # 29 Exhibit 28 to Petrocelli Declaration, # 30 Exhibit 29 to Petrocelli Declaration, # 31 Exhibit 30 to Petrocelli Declaration, # 32 Exhibit 31 to Petrocelli Declaration, # 33 Exhibit 32 to Petrocelli Declaration, # 34 Exhibit 33 to Petrocelli Declaration, # 35 Exhibit 34 to Petrocelli Declaration, # 36 Exhibit 35 to Petrocelli Declaration, # 37 Exhibit 36 to Petrocelli Declaration, # 38 Exhibit 37 to Petrocelli Declaration, # 39 Exhibit 38 to Petrocelli Declaration, # 40 Exhibit 39 to Petrocelli Declaration)(Kline, Matthew) (Entered: 09/28/2010) |
| 09/29/2010 | 95 | TRANSCRIPT for proceedings held on 9–20–10 10:14 a..m.. Court Reporter/Electronic Court Recorder: Babykin Courthouse Services, phone number (626) 963–0566. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 10/20/2010. Redacted Transcript Deadline set for 10/30/2010. Release of Transcript Restriction set for 12/28/2010. (ha) (Entered: 09/29/2010) |
| 09/29/2010 | 96 | NOTICE OF FILING TRANSCRIPT filed for proceedings 9–20–10 10:14 a.m. (ha) (Entered: 09/29/2010) |
| 09/29/2010 | 97 | NOTICE of Two Typographical Errors in Declaration of Daniel M. Petrocelli filed on September 27, 2010 94 filed by plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 09/29/2010) |
| 10/04/2010 | 98 | REPLY In Support of MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16) MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16) MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16) 75 filed by Defendants IP Worldwide, LLC, IPW, LLC, Pacific Pictures Corporation, Marc Toberoff. (Attachments: # 1 Declaration of Nicholas F. Daum and Exs. A–D, # 2 Declaration of Nicholas F. Daum, Exs. E–H, # 3 Declaration of Kevin S. Marks, and Ex. A, # 4 Proposed Order Granting Motions to Dismiss and to Strike Pursuant to Anti–SLAPP Law)(Kendall, Richard) (Entered: 10/04/2010) |
| 10/04/2010 | 99 | Evidentiary Objections in support of re: MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16) MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16) MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16) 75 filed by Defendants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy, Joanne Siegel, Marc Toberoff. (Attachments: # 1 Reply Declaration of Marc Toberoff, # 2 Exhibits A–F)(Toberoff, Marc) (Entered: 10/04/2010) |
| 10/04/2010 | 100 | REPLY in support of MOTION to Dismiss Case 78 filed by Defendants Laura Siegel Larson, Joanne Siegel. (Attachments: # 1 Supplemental Request for Judicial Notice, # 2 Exhibits A–C, # 3 (Proposed) Order)(Toberoff, Marc) (Entered: 10/04/2010) |
| 10/04/2010 | 101 | NOTICE OF MOTION AND MOTION for Review of Magistrate's Order re Motion for Protective Order re Order on Motion for Protective Order, Order on Motion for Hearing re Discovery Matter,, Motion Hearing, Link Motions to Minutes,,,,,,,,,,,,,,,,,,,,,,,,, 74 filed by Defendants IP Worldwide, LLC, IPW, LLC, Pacific Pictures Corporation, Marc Toberoff. Motion set for hearing on 11/8/2010 at 01:30 PM before Judge Otis D Wright II. (Attachments: # 1 Proposed Order)(Kendall, Richard) (Entered: 10/04/2010) |

| 10/04/2010 | 102 | REPLY In Support of MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) 77 filed by Defendants IP Worldwide, LLC, IPW, LLC, Pacific Pictures Corporation, Marc Toberoff. (Attachments: # 1 Proposed Order Granting Motions to Dismiss and to Strike)(Kendall, Richard) (Entered: 10/04/2010) |
|---|---|---|
| 10/04/2010 | 103 | REPLY in support of MOTION to Dismiss Case 80 filed by Defendants Mark Warren Peary, Jean Adele Peavy. (Attachments: # 1 (Proposed) Order)(Toberoff, Marc) (Entered: 10/04/2010) |
| 10/07/2010 | 104 | NOTICE OF APPEAL to the 9th CCA filed by Defendants IP Worldwide, LLC, IPW, LLC, Pacific Pictures Corporation, Marc Toberoff. Appeal of Order on Motion to Strike, Order on Motion to Dismiss,,,,,,,,,,,,,,,,,52 (Appeal fee of $455 receipt number 0973−7630431 paid.) (Attachments: # 1 Representation Statement)(Brill, Laura) (Entered: 10/07/2010) |
| 10/12/2010 | 105 | NOTIFICATION by Circuit Court of Appellate Docket Number 10−56594 9th CCA regarding Notice of Appeal to 9th Circuit Court of Appeals 104 as to Defendant IP Worldwide, LLC, IPW, LLC, Pacific Pictures Corporation and Marc Toberoff. (dmap) (Entered: 10/12/2010) |
| 10/12/2010 | 106 | OBJECTION opposition re: MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti−SLAPP Law (Cal. Code Civ. P. Sec. 425.16) MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti−SLAPP Law (Cal. Code Civ. P. Sec. 425.16) MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti−SLAPP Law (Cal. Code Civ. P. Sec. 425.16) 75 / DC Comics Evidentiary Objections To And Motion To Strike New Evidence Submitted With Toberoff Defendants Reply Memorandum In Support Of Motion To Strike Plaintiffs State Law Causes Of Action Pursuant To Californias Anti−SLAPP Law (Cal. Code Civ. Proc. Sec. 425.16 98 [99−1] filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 10/12/2010) |
| 10/12/2010 | 107 | OPPOSITION to MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti−SLAPP Law (Cal. Code Civ. P. Sec. 425.16) MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti−SLAPP Law (Cal. Code Civ. P. Sec. 425.16) MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti−SLAPP Law (Cal. Code Civ. P. Sec. 425.16) 75 / DC Comics Responses To Defendants Evidentiary Objections To The Declaration Of Daniel M. Petrocelli In Support Of DC Comics Initial Opposition To Defendants Motions To Dismiss And To Strike Under Californias Anti−SLAPP Statute 99 filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 10/12/2010) |
| 10/14/2010 | 108 | OBJECTION TO PLAINTIFF DC COMICS IMPROPER SUR−REPLY AND DC'S MOTION TO STRIKE EVIDENCE re: MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti−SLAPP Law (Cal. Code Civ. P. Sec. 425.16) MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti−SLAPP Law (Cal. Code Civ. P. Sec. 425.16) MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti−SLAPP Law (Cal. Code Civ. P. Sec. 425.16) 75 filed by Defendants IP Worldwide, LLC, IPW, LLC, Pacific Pictures Corporation, Marc Toberoff. (Kendall, Richard) (Entered: 10/14/2010) |
| 10/14/2010 | 109 | MINUTES (IN CHAMBERS) ORDER by Judge Otis D Wright, II: Proceedings: Order Vacating Motions 75 ; 76 ; 77 ; 78 ; 80 ; 81 ; 101 and Hearing Thereon; Staying Proceedings Outcome of Appeal. In light of defendants' Notice of Appeal 104 , the above−referenced motions are administratively VACATED pending the outcome of the defendants' appeal. The hearing on the above−referenced motions, scheduled for 10/18/10 at 1:30 pm, is also VACATED. Defendants' MOTION for Review 101 , is similarly VACATED, as is the hearing noticed for 11/8/10 at 1:30 p.m. The matter is STAYED pending the outcome of defendants' appeal. (mg) Modified on 10/15/2010 (mg). (Entered: 10/15/2010) |
| 11/01/2010 | 110 | NOTICE OF MOTION AND MOTION to Stay pending outcome of appeal Order on Motion to Strike, Order on Motion to Dismiss, Order on Motion to Dismiss Case,,,,,,,,, 109 filed by plaintiff DC Comics. Motion set for hearing on 11/29/2010 |

| | | at 01:30 PM before Judge Otis D Wright II. (Attachments: #_1_ Declaration of Matthew T Kline in Support of Motion to Modify the Court's October 15, 2010 Administrative Order Staying Action Pending Outcome of Appeal, #_2_ Exhibit A to Kline Declaration, #_3_ Exhibit B to Kline Declaration, #_4_ Exhibit C to Kline Declaration, #_5_ Exhibit D to Kline Declaration, #_6_ Exhibit E to Kline Declaration, #_7_ Exhibit F to Kline Declaration, #_8_ Exhibit G to Kline Declaration, #_9_ Proposed Order)(Petrocelli, Daniel) (Entered: 11/01/2010) |
|---|---|---|
| 11/08/2010 | _111_ | TRANSCRIPT DESIGNATION AND ORDERING FORM For Dates: 09/20/2010; Court Reporter: Dorothy Babykin; Court of Appeals Case Number: 10–56594; Re: _104_ (Brill, Laura) (Entered: 11/08/2010) |
| 11/08/2010 | _112_ | MEMORANDUM in Opposition to MOTION to Stay pending outcome of appeal Order on Motion to Strike, Order on Motion to Dismiss, Order on Motion to Dismiss Case,,,,,,,,, _109_ MOTION to Stay pending outcome of appeal Order on Motion to Strike, Order on Motion to Dismiss, Order on Motion to Dismiss Case,,,,,,,,, _109_ MOTION to Stay pending outcome of appeal Order on Motion to Strike, Order on Motion to Dismiss, Order on Motion to Dismiss Case,,,,,,,,, _109_ MOTION to Stay pending outcome of appeal Order on Motion to Strike, Order on Motion to Dismiss, Order on Motion to Dismiss Case,,,,,,,, _109_ _110_ filed by Defendants Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy, Joanne Siegel. (Toberoff, Marc) (Entered: 11/08/2010) |
| 11/08/2010 | _113_ | NOTICE OF JOINDER AND JOINDER IN DEFENDANTS' OPPOSITION TO DC COMICS' MOTION FOR RECONSIDERATION AND TO MODIFY THE COURT'S OCTOBER 15, 2010 ORDER STAYING ACTION PENDING OUTCOME OF APPEAL re MOTION to Stay pending outcome of appeal Order on Motion to Strike, Order on Motion to Dismiss, Order on Motion to Dismiss Case,,,,,,,,, _109_ MOTION to Stay pending outcome of appeal Order on Motion to Strike, Order on Motion to Dismiss, Order on Motion to Dismiss Case,,,,,,,, _109_ MOTION to Stay pending outcome of appeal Order on Motion to Strike, Order on Motion to Dismiss, Order on Motion to Dismiss Case,,,,,,,,, _109_ MOTION to Stay pending outcome of appeal Order on Motion to Strike, Order on Motion to Dismiss, Order on Motion to Dismiss Case,,,,,,,,, _109_ _110_ filed by Defendants IP Worldwide, LLC, IPW, LLC, Pacific Pictures Corporation, Marc Toberoff. (Daum, Nicholas) (Entered: 11/08/2010) |
| 11/09/2010 | _114_ | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Motion Related Document. _113_ . The following error(s) was found: Incorrect event selected. The correct event is: Joinder (motion related). In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (lc) (Entered: 11/09/2010) |
| 11/15/2010 | _115_ | REPLY In Support *of Motion to Modify the Court's October 15, 2010 Administrative Order Staying Action Pending Outcome of Appeal* _110_ filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 11/15/2010) |
| 11/16/2010 | _116_ | NOTICE OF LODGING filed re MEMORANDUM in Opposition to Motion,, _112_ (Attachments: #_1_ Exhibit Exhibit A to Notice of Lodging)(Daum, Nicholas) (Entered: 11/16/2010) |
| 11/16/2010 | _117_ | ORDER GRANTING DC COMICS MOTION TO MODIFY THE COURTS OCTOBER 15, 2010 ADMINISTRATIVE ORDER STAYING ACTION PENDING OUTCOME OF APPEAL _110_ by Judge Otis D Wright, II (lc) (Entered: 11/17/2010) |
| 11/19/2010 | _118_ | OPPOSITION to MOTION for Review of Magistrate's Order re Motion for Protective Order re Order on Motion for Protective Order, Order on Motion for Hearing re Discovery Matter,, Motion Hearing, Link Motions to Minutes,,,,,,,,,,,,,,,,,, _101_ filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 11/19/2010) |
| 11/22/2010 | _119_ | EX PARTE APPLICATION for Order for the Reinstatement of Defendants' Motions filed by Defendants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy, Joanne |

| | | Siegel, Marc Toberoff. (Attachments: #1 Declaration of Keith Adams, #2 Exhibits A–C, #3 [Proposed] Order)(Toberoff, Marc) (Entered: 11/22/2010) |
|---|---|---|
| 11/22/2010 | 120 | NOTICE of Errata Re: [Proposed] Order Granting Defendants' Ex Parte Application for the Reinstatement of Defendants' Motions filed by Defendants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy, Joanne Siegel, Marc Toberoff. (Attachments: #1 Exhibit A (Corrected Proposed Order))(Toberoff, Marc) (Entered: 11/22/2010) |
| 11/23/2010 | 121 | MEMORANDUM in Opposition to EX PARTE APPLICATION for Order for the Reinstatement of Defendants' Motions 119 filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 11/23/2010) |
| 11/23/2010 | 122 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Notice (Other) 120 . The following error(s) was found: Incorrect event selected. The correct event is: Errata. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (lc) (Entered: 11/23/2010) |
| 11/23/2010 | 123 | REPLY in support of EX PARTE APPLICATION for Order for the Reinstatement of Defendants' Motions 119 filed by Defendants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy, Joanne Siegel, Marc Toberoff. (Toberoff, Marc) (Entered: 11/23/2010) |
| 11/24/2010 | 124 | ORDER by Judge Otis D Wright, II: denying 119 Defendants Ex ParteApplication for the Reinstatement of Defendants Motions. (lc) (Entered: 11/24/2010) |
| 11/29/2010 | 125 | NOTICE OF MOTION AND MOTION to Compel Production of Documents filed by plaintiff DC Comics. Motion set for hearing on 12/20/2010 at 10:00 AM before Judge Otis D Wright II. (Petrocelli, Daniel) (Entered: 11/30/2010) |
| 11/30/2010 | 126 | DECLARATION of Cassandra Seto in support of MOTION to Compel Production of Documents 125 / and Privilege Logs filed by Plaintiff DC Comics. (Attachments: #1 Exhibit A to Seto Declaration, #2 Exhibit B to Seto Declaration, #3 Exhibit C to Seto Declaration, #4 Exhibit D to Seto Declaration, #5 Exhibit E to Seto Declaration, #6 Exhibit F to Seto Declaration, #7 Exhibit G to Seto Declaration, #8 Exhibit H to Seto Declaration, #9 Exhibit I to Seto Declaration, #10 Exhibit J to Seto Declaration, #11 Exhibit K to Seto Declaration, #12 Exhibit L to Seto Declaration, #13 Exhibit M to Seto Declaration, #14 Exhibit N to Seto Declaration, #15 Exhibit O to Seto Declaration, #16 Exhibit P to Seto Declaration, #17 Exhibit Q to Seto Declaration, #18 Exhibit R to Seto Declaration, #19 Exhibit S to Seto Declaration, #20 Exhibit T to Seto Declaration, #21 Exhibit U to Seto Declaration, #22 Exhibit V to Seto Declaration, #23 Exhibit W to Seto Declaration)(Petrocelli, Daniel) (Entered: 11/30/2010) |
| 11/30/2010 | 127 | DECLARATION of Matthew T. Kline in support of MOTION to Compel Production of Documents 125 / and Production Logs filed by Plaintiff DC Comics. (Attachments: #1 Exhibit 1 to Kline Declaration, #2 Exhibit 2 to Kline Declaration, #3 Exhibit 3 to Kline Declaration, #4 Exhibit 4 to Kline Declaration, #5 Exhibit 5 to Kline Declaration, #6 Exhibit 6 to Kline Declaration, #7 Exhibit 7 to Kline Declaration)(Petrocelli, Daniel) (Entered: 11/30/2010) |
| 11/30/2010 | 128 | DECLARATION of Daniel M. Petrocelli in support of MOTION to Compel Production of Documents 125 / and Production Logs filed by Plaintiff DC Comics. (Attachments: #1 Exhibit A to Petrocelli Declaration, #2 Exhibit B to Petrocelli Declaration, #3 Exhibit C to Petrocelli Declaration, #4 Exhibit D to Petrocelli Declaration, #5 Exhibit E to Petrocelli Declaration, #6 Exhibit F to Petrocelli Declaration, #7 Exhibit G to Petrocelli Declaration, #8 Exhibit H to Petrocelli Declaration, #9 Exhibit I to Petrocelli Declaration, #10 Exhibit J to Petrocelli Declaration, #11 Exhibit K to Petrocelli Declaration, #12 Exhibit L to Petrocelli Declaration)(Petrocelli, Daniel) (Entered: 11/30/2010) |
| 11/30/2010 | 129 | NOTICE OF LODGING filed / Proposed Order Granting Motion to Compel Production of Documents and Privilege Logs re Declaration (Motion related), |

| | | Declaration (Motion related), Declaration (Motion related) 128 , Declaration (Motion related), Declaration (Motion related) 127 , Declaration (Motion related), Declaration (Motion related), Declaration (Motion related), Declaration (Motion related) 126 , MOTION to Compel Production of Documents 125 (Attachments: # 1 Proposed Order)(Petrocelli, Daniel) (Entered: 11/30/2010) |
|---|---|---|
| 12/01/2010 | 130 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: MOTION to Compel Production of Documents 125 . The following error was found: Although the document correctly shows that Plaintiff's Motion to Compel has been noticed before Magistrate Judge Zarefsky, th docket entry states that it is being heard by Judge Wright. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (ib) (Entered: 12/01/2010) |
| 12/01/2010 | 131 | NOTICE OF ERRATA filed by Plaintiff DC Comics. correcting MOTION to Compel Production of Documents 125 *and Notice of Change of Hearing Date from December 20, 2010 to December 27, 2010* (Petrocelli, Daniel) (Entered: 12/01/2010) |
| 12/02/2010 | 141 | ORDER from 9th CCA filed re: Notice of Appeal to 9th Circuit Court of Appeals, 104 filed by Pacific Pictures Corporation, Marc Toberoff, IPW, LLC, IP Worldwide, LLC, CCA # 10−56594. This case is under consideration for inclusion in the Mediation Program. Within 14 days of the date of this order, counsel for all parties to this appeal are requested to inform Circuit Mediator Ann Julius of their clients' view on whether: (a) the case is appropriate for settlement discussions or mediation; (2) the court can accommodate ongoing settlement discussions or otherwise facilitate settlement of the dispute; and or (3) the court should schedule a telephonic conference to discuss settlement. This communication may be sent in letter form by e−mail(ann_julius@ca9.uscourts.gov) or fax (415 355−8566). It will be kept confidential from the other parties, if requested. This communications shall not be served on the opposing party and shall not be filed with the court. For more detailed information Mediation Program and its procedures generally, please see Mediation Program web site: www.ca9uscourts.gov mediation. The existing briefing schedule remains in effect pending the determination whether the case will be selected for inclusion in the Mediation Program. Order received in this district on 1/11/2011. (lr) (Entered: 01/12/2011) |
| 12/06/2010 | 132 | STIPULATION for Discovery as to Defendants' Production of Documents and Privilege Logs filed by Defendant Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy, Joanne Siegel. (Attachments: # 1 (Propsed) Order)(Toberoff, Marc) (Entered: 12/06/2010) |
| 12/07/2010 | 133 | ORDER GRANTING STIPULATION 132 RE DEFENDANTS' PRODUCTION OF DOCUMENTS AND PRIVILEGE LOGS by Magistrate Judge Ralph Zarefsky. Plaintiffs Motion to Compel Production of Documents and Privilege Logs 125 is withdrawn without prejudice, and the hearing set for 12/27/10 is vacated. (ib) (Entered: 12/07/2010) |
| 12/10/2010 | 142 | AMENDED ORDER from 9th CCA filed re: Notice of Appeal to 9th Circuit Court of Appeals, 104 filed by Pacific Pictures Corporation, Marc Toberoff, IPW, LLC, IP Worldwide, LLC, CCA # 10−56594. The Amended Order entered December 2, 2010 stated that the briefing schedule remains in effect. That portion of the December 2, 2010 order was entered in error and is vacated. Order received in this district on 1/11/2010. (lr) (Entered: 01/12/2011) |
| 12/16/2010 | 134 | NOTICE OF APPEAL to the 9th CCA filed by Defendants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy, Joanne Siegel, Marc Toberoff. Appeal of Order on Motion to Stay Order (other) 117 , Order on Ex Parte Application for Order 124 (Appeal fee of $455 receipt number 0973−7956310 paid.) (Attachments: # 1 Representation Statement, # 2 Proof of Service)(Brill, Laura) (Entered: 12/16/2010) |

| 12/17/2010 | <u>135</u> | NOTIFICATION by Circuit Court of Appellate Docket Number 10–56980, 9th CCA regarding Notice of Appeal to 9th Circuit Court of Appeals, <u>134</u> as to Defendants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy, Joanne Siegel, Marc Toberoff. (cbr) (Entered: 12/17/2010) |
| 12/20/2010 | <u>136</u> | REQUEST for Hearing /Status Conference filed by Defendants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy, Joanne Siegel, Marc Toberoff. (Toberoff, Marc) (Entered: 12/20/2010) |
| 12/20/2010 | <u>137</u> | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: REQUEST for Hearing /Status Conference <u>136</u> . The following error(s) was found:Missing the Proposed order which was not submitted as a separate attachment. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (lc) (Entered: 12/20/2010) |
| 12/20/2010 | <u>138</u> | RESPONSE filed by Plaintiff DC Comicsto REQUEST for Hearing /Status Conference <u>136</u> (Petrocelli, Daniel) (Entered: 12/20/2010) |
| 01/04/2011 | <u>152</u> | ORDER from 9th CCA filed re: Notice of Appeal to 9th Circuit Court of Appeals, <u>134</u> filed by Mark Warren Peary, Pacific Pictures Corporation, Joanne Siegel, Jean Adele Peavy, IPW, LLC, Marc Toberoff, Laura Siegel Larson, IP Worldwide, LLC, CCA # 10–56980. A review of the record suggests that this court may lack jurisdiction over the appeal because the orders on appeal relate to the district court's October 15, 2010 order granting a stay of district court proceedings pending the outcome of appeal No. 10–56594. Orders granting stays re not appealable final orders under 28 U.S.C. 1291. See Silberkleit v. Kantrowitz, 713 F.2d 433, 434(9th Cir. 1983). Furthermore, while the notice of appeal purports to find jurisdiction for this appeal based on Batzel v. Smith, 333 F.3d 1018 (9th Cir. 2003), the November 16, 2010 and November 24, 2010 orders did not deny on the merits a motion filed under California's Anti–SLAPP Law. Within 21 days after the date of this order, appellant shall move for voluntary dismissal of the appeal or show cause why it should not be dismissed for lack of jurisdiction. If appellants elect to show cause, a response may be filed within 10 days after service of the memorandum. If appellants do not comply with this order, the Clerk shall dismiss this appeal pursuant to Ninth Circuit Rule 42–1. Briefing is suspended pending further order of this court. Order received in this district on 1/19/2011. (lr) (Entered: 01/20/2011) |
| 01/07/2011 | <u>139</u> | ORDER from 9th CCA filed, CCA # 10–73851. Petitioners have not demonstrated that this case warrants the intervention of this court by means of the extraordinary remedy of mandamus. See Bauman v. United States Dist. Court, 557 F.2d 650(9th Cir. 1977). Accordingly, the petition is denied. Petitioner's emergency motion for stay is denied as moot. Order received in this district on 1/07/2011. (lr) (Entered: 01/11/2011) |
| 01/11/2011 | <u>140</u> | NOTICE of Decision: NOTICE OF DISMISSAL OF APPEAL AND TERMINATION OF STAY; REQUEST FOR A STATUS CONFERENCE filed by Defendants IP Worldwide, LLC, IPW, LLC, Pacific Pictures Corporation, Marc Toberoff. (Brill, Laura) (Entered: 01/11/2011) |
| 01/11/2011 | <u>144</u> | ORDER from 9th CCA filed re: Notice of Appeal to 9th Circuit Court of Appeals, <u>104</u> filed by Pacific Pictures Corporation, Marc Toberoff, IPW, LLC, IP Worldwide, LLC, CCA # 10–56594. We have reviewed the response to this court's to show cause why this appeal should not be dismissed for lack of jurisdicton. We conclude that we lack jurisdiction to review the district court's September 7, 2010 order because the order is not a final appealable decision. See 28 U.S.C. 1291; see also Greensprings Baptist Christian Fellowship Trust v. Cilley, ––F.3d––, no. 09–16924(9th Cir. Dec. 27, 2010); cf. Batzel v. Smith, 333 F.3d 1018(9th Cir. 2003). Accordingly, this appeal is dismissed. DISMISSED. Order received in this district on 1/11/2011. (lr) (Entered: 01/13/2011) |
| 01/12/2011 | <u>143</u> | RESPONSE filed by Plaintiff DC Comicsto Notice of Decision by other Court <u>140</u> / Response To Defendants' Notice Of Dismissal Of Appeal And Termination Of Stay and Request For A Status Conference (Attachments: # <u>1</u> Declaration of |

| | | Matthew T. Kline In Support Of Response To Defendants' Notice Of Dismissal Of Appeal And Termination Of Stay and Request For A Status Conference, #_2 Exhibit A to Kline Declaration, #_3 Exhibit B to Kline Declaration, #_4 Exhibit C to Kline Declaration)(Petrocelli, Daniel) (Entered: 01/12/2011) |
|---|---|---|
| 01/13/2011 | 153 | ORDER from 9th CCA filed re: Notice of Appeal to 9th Circuit Court of Appeals, 134 filed by Mark Warren Peary, Pacific Pictures Corporation, Joanne Siegel, Jean Adele Peavy, IPW, LLC, Marc Toberoff, Laura Siegel Larson, IP Worldwide, LLC, CCA # 10–56980. Appellants motion to dismiss this appeal voluntarily without prejudice is denied because this court does not grant such relief. Appellants who wish to dismiss an appeal must file a motion to dismiss the appeal voluntarily with prejudice. Appellants' response to the court's January 4, 2011 order to show cause remains due January 25, 2011. Appellee's optional reply to appellants response to the pending motion to dismiss remains due 7 days after service of the response. Briefing remains suspended pending further order of this court. Order received in this district on 1/19/2011. (lr) (Entered: 01/20/2011) |
| 01/14/2011 | 145 | NOTICE OF MOTION AND Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti−SLAPP Law (Cal. Code Civ. P. Sec. 425.16) filed by Defendants IP Worldwide, LLC, IPW, LLC, Pacific Pictures Corporation, Marc Toberoff. Motion set for hearing on 2/14/2011 at 01:30 PM before Judge Otis D Wright II. (Attachments: #_1 Memorandum of Points and Authorities, #_2 Declaration of Nicholas Daum and Exs. A–B, #_3 Declaration of Nicholas Daum, Exs. C–F, #_4 Declaration of Nicholas Daum and Exs. G–M, #_5 Declaration of Nicholas Daum and Exs. N–O, #_6 Declaration of Nicholas Daum and Exs. P–CC)(Kendall, Richard) (Entered: 01/14/2011) |
| 01/14/2011 | 146 | NOTICE OF MOTION AND Renewed MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants IP Worldwide, LLC, IPW, LLC, Pacific Pictures Corporation, Marc Toberoff. Motion set for hearing on 2/14/2011 at 01:30 PM before Judge Otis D Wright II. (Attachments: #_1 Memorandum of Points and Authorities, #_2 Request for Judicial Notice and Exs. A–C, #_3 Request for Judicial Notice, Exs. D–M, #_4 Request for Judicial Notice, Exs. N–O)(Kendall, Richard) (Entered: 01/14/2011) |
| 01/14/2011 | 147 | NOTICE OF MOTION AND Renewed MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants Laura Siegel Larson, Joanne Siegel. Motion set for hearing on 2/14/2011 at 01:30 PM before Judge Otis D Wright II. (Attachments: #_1 Memorandum of Points &Authorities, #_2 Request for Judicial Notice, #_3 Exhibits A–K)(Toberoff, Marc) (Entered: 01/14/2011) |
| 01/14/2011 | 148 | NOTICE OF MOTION AND Renewed MOTION to Dismiss and/or Stay Plaintiffs' First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants Mark Warren Peary, Jean Adele Peavy. Motion set for hearing on 2/14/2011 at 01:30 PM before Judge Otis D Wright II. (Attachments: #_1 Memorandum of Points &Authorities, #_2 Request for Judicial Notice, #_3 Exhibits A–C, #_4 Exhibits D–F, #_5 Exhibits G–K)(Toberoff, Marc) (Entered: 01/14/2011) |
| 01/14/2011 | 149 | JOINDER in Renewed MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)Renewed MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) 147 and Notice of Joinder filed by Defendants IP Worldwide, LLC, IPW, LLC, Pacific Pictures Corporation, Marc Toberoff. (Daum, Nicholas) (Entered: 01/14/2011) |
| 01/14/2011 | 150 | JOINDER in Renewed MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)Renewed MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) 147 filed by Defendants Mark Warren Peary, Jean Adele Peavy. (Toberoff, Marc) (Entered: 01/14/2011) |
| 01/14/2011 | 151 | JOINDER in Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti−SLAPP Law (Cal. Code Civ. P. Sec. 425.16)Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti−SLAPP Law (Cal. Code Civ. P. Sec. 425.16)Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti−SLAPP Law (Cal. Code Civ. P. Sec. 425.16) 145 filed by Defendants Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy, |

| | | Joanne Siegel. (Toberoff, Marc) (Entered: 01/14/2011) |
|---|---|---|
| 01/19/2011 | 155 | MANDATE from 9th CCA filed re: Notice of Appeal to 9th Circuit Court of Appeals, 134 filed by Mark Warren Peary, Pacific Pictures Corporation, Joanne Siegel, Jean Adele Peavy, IPW, LLC, Marc Toberoff, Laura Siegel Larson, IP Worldwide, LLC, CCA # 10−56980. Appellants' motion for voluntary dismissal of this appeal is granted. This appeal is dismissed. See Fed. R. App. OP. 42(b). All pending motions are denied as moot. This order served on the district court shall act as and for the mandate of this court. Order received in this district on 1/19/2011. (lr) (Entered: 01/21/2011) |
| 01/21/2011 | 154 | RESPONSE filed by Plaintiff DC Comicsto Renewed MOTION to Dismiss and/or Stay Plaintiffs' First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)Renewed MOTION to Dismiss and/or Stay Plaintiffs' First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) 148 , Renewed MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)Renewed MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) 147 , Renewed MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)Renewed MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)Renewed MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) 146 , Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti−SLAPP Law (Cal. Code Civ. P. Sec. 425.16)Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti−SLAPP Law (Cal. Code Civ. P. Sec. 425.16)Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti−SLAPP Law (Cal. Code Civ. P. Sec. 425.16) 145 (Petrocelli, Daniel) (Entered: 01/21/2011) |
| 01/28/2011 | 156 | REPLY to DC Comics' Response [Docket No. 154] and in Support of Renewed MOTION to Dismiss and/or Stay Plaintiffs' First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)Renewed MOTION to Dismiss and/or Stay Plaintiffs' First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) 148 , Renewed MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)Renewed MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) 147 , Renewed MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)Renewed MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) 146 , Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti−SLAPP Law (Cal. Code Civ. P. Sec. 425.16)Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti−SLAPP Law (Cal. Code Civ. P. Sec. 425.16)Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti−SLAPP Law (Cal. Code Civ. P. Sec. 425.16) 145 filed by Defendants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy, Joanne Siegel, Marc Toberoff. (Toberoff, Marc) (Entered: 01/28/2011) |
| 02/02/2011 | 157 | MANDATE of 9th CCA filed re: Notice of Appeal to 9th Circuit Court of Appeals, 104 , CCA # 10−56594. The Notice of Appeal is DISMISSED for lack of jurisdiction. Mandate received in this district on 2/02/2011. (lr) (Entered: 02/04/2011) |
| 02/07/2011 | 158 | NOTICE of Manual Filing filed by Plaintiff DC Comics of Exhibits PP and RR to Declaration of Matthew T. Kline in Support of DC Comics' Motion to Compel the Production of Documents and Amended Privilege Logs; [Unredacted] Joint Stipulation Regarding DC Comics' Motion to Compel the Production of Documents and Amended Privilege Logs; Other Joint Stipulation Regarding DC Comics' Motion to Compel. (Petrocelli, Daniel) (Entered: 02/07/2011) |
| 02/07/2011 | 159 | NOTICE OF MOTION AND MOTION to Compel Production of Documents and Amended Privilege Logs filed by Plaintiff DC Comics. Motion set for hearing on 2/28/2011 at 10:00 PM before Magistrate Judge Ralph Zarefsky. (Attachments: # 1 Proposed Order)(Petrocelli, Daniel) (Entered: 02/07/2011) |

| 02/08/2011 | 160 | JOINT STIPULATION to MOTION to Compel Production of Documents and Amended Privilege Logs 159 filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 02/08/2011) |
|---|---|---|
| 02/08/2011 | 161 | DECLARATION of Matthew T. Kline in support of MOTION to Compel Production of Documents and Amended Privilege Logs 159 filed by Plaintiff DC Comics. (Attachments: # 1 Exhibit A to Kline Declaration, # 2 Exhibit B to Kline Declaration, # 3 Exhibit C to Kline Declaration, # 4 Exhibit D to Kline Declaration, # 5 Exhibit E to Kline Declaration, # 6 Exhibit F to Kline Declaration, # 7 Exhibit G to Kline Declaration, # 8 Exhibit H to Kline Declaration, # 9 Exhibit I to Kline Declaration, # 10 Exhibit J to Kline Declaration, # 11 Exhibit K to Kline Declaration, # 12 Exhibit L to Kline Declaration, # 13 Exhibit M to Kline Declaration, # 14 Exhibit N to Kline Declaration, # 15 Exhibit O to Kline Declaration, # 16 Exhibit P to Kline Declaration)(Petrocelli, Daniel) (Entered: 02/08/2011) |
| 02/08/2011 | 162 | EXHIBIT G to Kline Declaration to MOTION to Compel Production of Documents and Amended Privilege Logs 159 filed by Plaintiff DC Comics. (Attachments: # 1 Exhibit R to Kline Declaration, # 2 Exhibit S to Kline Declaration, # 3 Exhibit T to Kline Declaration, # 4 Exhibit U to Kline Declaration, # 5 Exhibit V to Kline Declaration, # 6 Exhibit W, Part 1 of 2 to Kline Declaration, # 7 Exhibit W, Part 2 of 2 to Kline Declaration, # 8 Exhibit X to Kline Declaration, # 9 Exhibit Y to Kline Declaration, # 10 Exhibit Z to Kline Declaration, # 11 Exhibit AA to Kline Declaration, # 12 Exhibit BB to Kline Declaration, # 13 Exhibit CC to Kline Declaration, # 14 Exhibit DD to Kline Declaration, # 15 Exhibit EE to Kline Declaration, # 16 Exhibit FF to Kline Declaration, # 17 Exhibit GG to Kline Declaration 161 )(Petrocelli, Daniel) (Entered: 02/08/2011) |
| 02/08/2011 | 163 | EXHIBIT HH to Kline Declaration to MOTION to Compel Production of Documents and Amended Privilege Logs 159 filed by Plaintiff DC Comics. (Attachments: # 1 Exhibit II to Kline Declaration, # 2 Exhibit JJ to Kline Declaration, # 3 Exhibit KK to Kline Declaration, # 4 Exhibit LL to Kline Declaration, # 5 Exhibit MM to Kline Declaration, # 6 Exhibit NN to Kline Declaration, # 7 Exhibit OO to Kline Declaration, # 8 Exhibit PP to Kline Declaration, # 9 Exhibit QQ to Kline Declaration, # 10 Exhibit RR to Kline Declaration, # 11 Exhibit SS to Kline Declaration, # 12 Exhibit TT to Kline Declaration, # 13 Exhibit UU to Kline Declaration, # 14 Exhibit VV to Kline Declaration, # 15 Exhibit WW to Kline Declaration, # 16 Exhibit XX to Kline Declaration, # 17 Exhibit YY to Kline Declaration 161 )(Petrocelli, Daniel) (Entered: 02/08/2011) |
| 02/08/2011 | 164 | DECLARATION of Marc Toberoff in Support of Responding Defendants' Opposition to DC Comics' Joint Stipulation re: Motion to Compel The Production of Documents and Amended Privilege Logs 160 MOTION to Compel Production of Documents and Amended Privilege Logs 159 filed by Plaintiff DC Comics. (Attachments: # 1 Exhibits A–C to Toberoff Declaration, # 2 Exhibits D–I to Toberoff Declaration, # 3 Exhibits J–O to Toberoff Declaration 160 )(Petrocelli, Daniel) (Entered: 02/08/2011) |
| 02/08/2011 | 165 | PROOF OF SERVICE filed by Plaintiff DC Comics, re Notice of Manual Filing (G–92), Notice of Manual Filing (G–92) 158 served on 02/08/2011. (Tokoro, Jason) (Entered: 02/08/2011) |
| 02/08/2011 | 166 | DC COMICS' APPLICATION UNDER L.R. 79–5.1 TO HAVE CERTAIN EXHIBITS AND RELATED BRIEFING TEMPORARILY PLACED UNDER SEAL filed by Plaintiff DC Comics. Lodged Proposed Order. (mz) (Entered: 02/08/2011) |
| 02/08/2011 | 167 | RESPONSE filed by Defendants Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy, Joanne Siegelto APPLICATION to Seal 166 (Attachments: # 1 Declaration of Marc Toberoff, # 2 Exhibits A–C)(Toberoff, Marc) (Entered: 02/08/2011) |
| 02/09/2011 | 168 | REPLY filed by Plaintiff DC Comics to APPLICATION to Seal 166 / Reply in Support of DC Comics' Application Under L.R. 79–5.1 to Have Certain Exhibits and Related Briefing Temporarily Placed Under Seal (Attachments: # 1 Declaration of Jason H. Tokoro in Support, # 2 Exhibit 1 to Tokoro Declaration, # |

| | | |
|---|---|---|
| | | 3 Exhibit 2 to Tokoro Declaration, # 4 Exhibit 3 to Tokoro Declaration, # 5 Exhibit 4 to Tokoro Declaration, # 6 Exhibit 5 to Tokoro Declaration, # 7 Exhibit 6 to Tokoro Declaration)(Petrocelli, Daniel) (Entered: 02/09/2011) |
| 02/11/2011 | 169 | MINUTE ORDER IN CHAMBERS by Judge Otis D Wright, II: re: Joinder (Motion Related), Joinder (Motion Related) 150 , Joinder (Motion Related), Joinder (Motion Related) 149 , Joinder (Motion Related), Joinder (Motion Related), Joinder (Motion Related) 151 , Renewed MOTION to Dismiss and/or Stay Plaintiffs' First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)Renewed MOTION to Dismiss and/or Stay Plaintiffs' First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) 148 , Renewed MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)Renewed MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) 147 , Renewed MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)Renewed MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)Renewed MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) 146 , Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16)Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16)Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16) 145 . The hearing on the above–referenced motions, scheduled for February 14, 2011 at 1:30 p.m., is hereby VACATED. The matters stand submitted. An order will issue. (rne) (Entered: 02/14/2011) |
| 02/14/2011 | 170 | SUPPLEMENT to MOTION to Compel Production of Documents and Amended Privilege Logs 159 *Pursuant to L.R. 37–2.3* filed by Defendants Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy, Joanne Siegel. (Toberoff, Marc) (Entered: 02/14/2011) |
| 02/14/2011 | 171 | MEMORANDUM in Support of MOTION to Compel Production of Documents and Amended Privilege Logs 159 */ Supplemental Declaration of Daniel M. Petrocelli in Support of DC Comics' Motion to Compel the Production of Documents and Amended Privilege Logs* filed by Plaintiff DC Comics. (Attachments: # 1 Declaration of Daniel M. Petrocelli in Support of DC Comics' Motion to Compel the Production of Documents and Amended Logs, # 2 Exhibit 1 to Petrocelli Declaration, # 3 Exhibit 2 to Petrocelli Declaration, # 4 Exhibit 3 to Petrocelli Declaration)(Petrocelli, Daniel) (Entered: 02/14/2011) |
| 02/14/2011 | 172 | MINUTES (IN CHAMBERS): ORDER RE DC COMICS APPLICATION UNDER L.R. 79–5.1 TO HAVE CERTAIN EXHIBITS AND RELATED BRIEFING TEMPORARILY PLACED UNDER SEAL by Magistrate Judge Ralph Zarefsky: granting 166 Application to Seal. The Court will not rule on the propriety of the use of the letters and the argument before it considers the discovery motion itself. Accordingly, it is prudent to place the matters under seal until the decision on the motion currently set for hearing on February 28, 2011, and the application to temporarily place them under seal is granted. (mz) (Entered: 02/15/2011) |
| 02/14/2011 | 173 | SEALED DOCUMENT– Exhibits PP and RR to Declaration of Matthew T. Kline in Support of DC Comics' Motion to Compel Production of Documents and Amended Privilege Logs. (mat) (Entered: 02/17/2011) |
| 02/14/2011 | 174 | SEALED DOCUMENT– [Unredacted] Joint Stipulation Regarding DC Comics' Motion to Compel Production of Documents and Amended Privilege Logs. (Attachments: Part 2)(mat) (Entered: 02/17/2011) |
| 02/19/2011 | 175 | STATEMENT Re: Death of a Party filed by Defendants Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy (Williamson, Nicholas) (Entered: 02/19/2011) |
| 02/28/2011 | 176 | MINUTES OF Motion Hearing held before Magistrate Judge Ralph Zarefsky: Plaintiff's 159 Motion to Compel Production of Documents and Amended Privilege Logs is submitted.Recorded on CourtSmart. (ib) (Entered: 03/01/2011) |

| 03/07/2011 | 177 | TRANSCRIPT for proceedings held on 2/28/2011 10:04am. Court Reporter/Electronic Court Recorder: Babykin Courthouse Services, phone number (626) 963−0566. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 3/28/2011. Redacted Transcript Deadline set for 4/7/2011. Release of Transcript Restriction set for 6/5/2011. (ml) (Entered: 03/07/2011) |
|---|---|---|
| 03/07/2011 | 178 | NOTICE OF FILING TRANSCRIPT filed for proceedings 2/28/2011 10:04am (ml) (Entered: 03/07/2011) |
| 03/09/2011 | 179 | MINUTE ORDER IN CHAMBERS by Judge Otis D Wright, II: Pending before the Court are Defendants four (4) renewed motions to dismiss and or strike pursuant to Californias Anti−SLAPP Law. 145 146 147 148 The Court requests that the parties file anew their respective briefs, specifically identifying which brief corresponds to which motion. Plaintiffs oppositions shall be filed on or before March 21, 2011 and Defendants replies on or before March 30, 2011. (rne) (Entered: 03/10/2011) |
| 03/16/2011 | 180 | ORDER RE FURTHER BRIEFING by Magistrate Judge Ralph Zarefsky re MOTION to Compel Production of Documents and Amended Privilege Logs 159 . Each side to submit further supplemental memorandum no later than 3/25/11. The supplemental briefs shall not exceed 15 pages. (See document for further details). (ib) (Entered: 03/16/2011) |
| 03/21/2011 | 181 | RENEWED OPPOSITION re: Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti−SLAPP Law (Cal. Code Civ. P. Sec. 425.16)Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti−SLAPP Law (Cal. Code Civ. P. Sec. 425.16)Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti−SLAPP Law (Cal. Code Civ. P. Sec. 425.16) 145 filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 03/21/2011) |
| 03/21/2011 | 182 | DECLARATION of Daniel M. Petrocelli *in Support of DC Comic's Renewed Initial Opposition to Defendant's Renewed motions to Dismiss and to Strike Under California's Anti−SLAPP Statute [145, 146, 147, 148]* filed by Plaintiff DC Comics. (Attachments: # 1 Exhibit 1 to Petrocelli Declaration, # 2 Exhibit 2 to Petrocelli Declaration, # 3 Exhibit 3 to Petrocelli Declaration, # 4 Exhibit 4 to Petrocelli Declaration, # 5 Exhibit 5 to Petrocelli Declaration, # 6 Exhibit 6 to Petrocelli Declaration, # 7 Exhibit 7 to Petrocelli Declaration, # 8 Exhibit 8 to Petrocelli Declaration, # 9 Exhibit 9 to Petrocelli Declaration, # 10 Exhibit 10 to Petrocelli Declaration, # 11 Exhibit 11 to Petrocelli Declaration, # 12 Exhibit 12 to Petrocelli Declaration, # 13 Exhibit 13 to Petrocelli Declaration, # 14 Exhibit 14, Part 1 to Petrocelli Declaration, # 15 Exhibit 14, Part 2 to Petrocelli Declaration, # 16 Exhibit 15 to Petrocelli Declaration, # 17 Exhibit 16 to Petrocelli Declaration, # 18 Exhibit 17 to Petrocelli Declaration, # 19 Exhibit 18 to Petrocelli Declaration, # 20 Exhibit 19 to Petrocelli Declaration, # 21 Exhibit 20 to Petrocelli Declaration, # 22 Exhibit 21 to Petrocelli Declaration, # 23 Exhibit 22 to Petrocelli Declaration, # 24 Exhibit 23 to Petrocelli Declaration, # 25 Exhibit 24 to Petrocelli Declaration, # 26 Exhibit 25 to Petrocelli Declaration, # 27 Exhibit 26 to Petrocelli Declaration, # 28 Exhibit 27 to Petrocelli Declaration, # 29 Exhibit 28 to Petrocelli Declaration, # 30 Exhibit 29 to Petrocelli Declaration, # 31 Exhibit 30 to Petrocelli Declaration, # 32 Exhibit 31 to Petrocelli Declaration, # 33 Exhibit 32 to Petrocelli Declaration, # 34 Exhibit 33 to Petrocelli Declaration, # 35 Exhibit 34 to Petrocelli Declaration, # 36 Exhibit 35 to Petrocelli Declaration, # 37 Exhibit 36 to Petrocelli Declaration, # 38 Exhibit 37 to Petrocelli Declaration, # 39 Exhibit 38 to Petrocelli Declaration, # 40 Exhibit 39 to Petrocelli Declaration 181 )(Petrocelli, Daniel) (Entered: 03/21/2011) |
| 03/21/2011 | 183 | REQUEST FOR JUDICIAL NOTICE re Renewed MOTION to Dismiss and/or Stay Plaintiffs' First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)Renewed MOTION to Dismiss and/or Stay Plaintiffs' First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) 148 , Renewed MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)Renewed MOTION to Dismiss Plaintiff's First Amended Complaint |

| | | Pursuant to Fed. R. Civ. P. 12(b)(6) 147 , Renewed MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)Renewed MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)Renewed MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) 146 , Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16)Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16)Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16) 145 */ in Support of DC Comics' Renewed Opposition to Defendants' Renewed Motions to Dismiss* filed by plaintiff DC Comics. (Attachments: # 1 Exhibit A to Request for Judicial Notice, # 2 Exhibit B to Request for Judicial Notice, # 3 Exhibit C to Request for Judicial Notice, # 4 Exhibit D to Request for Judicial Notice [181, 182])(Petrocelli, Daniel) (Entered: 03/21/2011) |
| 03/21/2011 | 184 | OPPOSITION re: Renewed MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)Renewed MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)Renewed MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) 146 */ re: Fourth and Fifth Claims for Relief* filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 03/21/2011) |
| 03/21/2011 | 185 | OPPOSITION re: Renewed MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)Renewed MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) 147 */ re: Third and Sixth Claims for Relief 182* filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 03/21/2011) |
| 03/21/2011 | 186 | OPPOSITION re: Renewed MOTION to Dismiss and/or Stay Plaintiffs' First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)Renewed MOTION to Dismiss and/or Stay Plaintiffs' First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) 148 */re: First and Second Claims for Relief* filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 03/21/2011) |
| 03/22/2011 | 187 | STIPULATION for Extension of Time to File Supplemental Briefing Re: Motion to Compel Production of Documents and Privilege Logs filed by Defendants Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Attachments: # 1 Proposed Order)(Toberoff, Marc) (Entered: 03/22/2011) |
| 03/23/2011 | 188 | ORDER by Magistrate Judge Ralph Zarefsky granting Stipulation for Extension of Time to to Submit Court Ordered Supplemental Briefing re Plaintiff's Motion to Compel 187 . Supplemental briefs due 3//29/11. (ib) (Entered: 03/23/2011) |
| 03/29/2011 | 189 | NOTICE of Manual Filing filed by Plaintiff DC Comics of DC Comics' Court–Ordered Supplemental Brief in Support of Motion to Compel Production of Documents and Amended Privilege Logs; DC Comics' Unopposed Application to Temporarily File Under Seal; Declaration of Cassandra Seto in support of DC Comics' Unopposed Application to Temporarily File Under Seal; [Proposed] Order Granting DC Comics' Unopposed Application to Temporarily File Under Seal. (Petrocelli, Daniel) (Entered: 03/29/2011) |
| 03/29/2011 | 190 | PROOF OF SERVICE filed by plaintiff DC Comics, re Notice of Manual Filing (G–92), Notice of Manual Filing (G–92) 189 served on 3/29/2010. (Petrocelli, Daniel) (Entered: 03/29/2011) |
| 03/29/2011 | 191 | REPLY In Support of Renewed MOTION to Dismiss and/or Stay Plaintiffs' First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)Renewed MOTION to Dismiss and/or Stay Plaintiffs' First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) 148 filed by Defendants Mark Warren Peary, Jean Adele Peavy. (Attachments: # 1 Proposed Order)(Toberoff, Marc) (Entered: 03/29/2011) |
| 03/29/2011 | 192 | REPLY in support of Renewed MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)Renewed MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) 147 filed by Defendant Laura Siegel Larson. (Attachments: # 1 Supplemental Request for Judicial Notice, # 2 Exhibits A–C, # 3 Proposed Order)(Toberoff, Marc) (Entered: |

| | | 03/29/2011) |
|---|---|---|
| 03/29/2011 | 193 | Evidentiary Objections in support of re: Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16)Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16)Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16) 145 filed by Defendants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy, Marc Toberoff. (Attachments: # 1 Declaration of Marc Toberoff, # 2 Exhibits A–F)(Toberoff, Marc) (Entered: 03/29/2011) |
| 03/29/2011 | 194 | SUPPLEMENT to Renewed MOTION to Dismiss and/or Stay Plaintiffs' First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)Renewed MOTION to Dismiss and/or Stay Plaintiffs' First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) 148 filed by Defendants Mark Warren Peary, Jean Adele Peavy. (Toberoff, Marc) (Entered: 03/29/2011) |
| 03/29/2011 | 195 | REPLY support Renewed MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)Renewed MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)Renewed MOTION to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) 146 filed by Defendants IP Worldwide, LLC, IPW, LLC, Pacific Pictures Corporation, Marc Toberoff. (Attachments: # 1 Proposed Order)(Daum, Nicholas) (Entered: 03/29/2011) |
| 03/29/2011 | 196 | REPLY support Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16)Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16)Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16) 145 filed by Defendants IP Worldwide, LLC, IPW, LLC, Pacific Pictures Corporation, Marc Toberoff. (Attachments: # 1 Declaration of Nicholas F. Daum and Exhibits A–D, # 2 Declaration of Nicholas F. Daum Exhibits D–H, # 3 Declaration of Kevin S. Marks and Exhibit A, # 4 Proposed Order)(Daum, Nicholas) (Entered: 03/29/2011) |
| 03/29/2011 | 197 | SUPPLEMENT / [Redacted] DC Comics' Court–Ordered Supplemental Brief in Support of Motion to Compel Production of Documents and Amended Privilege Logs 180 filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 03/29/2011) |
| 03/29/2011 | 198 | SUPPLEMENT to MOTION to Compel Production of Documents and Amended Privilege Logs 159 filed by Defendants Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Toberoff, Marc) (Entered: 03/29/2011) |
| 03/29/2011 | 199 | APPLICATION to Temporarily File Under Seal Court–Ordered Supplemental Brief In Support of Motion to Compel Production of Documents and Amended Privilege Logs Pursuant to 79.5–1 filed by plaintiff DC Comics. (ec) Modified on 9/20/2011 (ec). (Entered: 03/30/2011) |
| 03/29/2011 | 200 | DECLARATION of Cassandra Seto in support of Application to Seal 199 filed by Plaintiff DC Comics. (ec) Modified on 9/20/2011 (ec). (Entered: 03/30/2011) |
| 03/30/2011 | 201 | OBJECTION DC Comics Evidentiary Objections to and Motion to Strike New Evidence Submitted with Toberoff Defendants Reply Memorandum in Support of Motion to Strike Plaintiffs State Law Causes of Action Pursuant to Californias Anti–SLAPP Law (Cal. Code Div. Proc. Sect. 425.16) 193 196 re: Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16)Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16)Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16) 145 filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 03/30/2011) |

| 03/30/2011 | 202 | OPPOSITION / DC Comics Responses to Defendants Evidentiary Objections to the Declaration of Daniel M. Petrocelli in Support of DC Comics Renewed Initial Opposition to Defendants Renewed Motions to Dismiss and to Strike under Californias Anti–SLAPP Statute 193 filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 03/30/2011) |
| --- | --- | --- |
| 03/31/2011 | 203 | OBJECTION TO PLAINTIFF DC COMICS' IMPROPER SUR–REPLY AND DC COMICS' MOTION TO STRIKE EVIDENCE re Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16)Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16)Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16) 145 filed by Defendants IP Worldwide, LLC, IPW, LLC, Pacific Pictures Corporation, Marc Toberoff. (Daum, Nicholas) (Entered: 03/31/2011) |
| 04/01/2011 | 204 | DC Comics' Objection to Defendants' Court–Ordered Supplemental Brief re: Motion to Compel Production of Documents and Amended Privilege Logs 198 re: MOTION to Compel Production of Documents and Amended Privilege Logs 159 filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 04/01/2011) |
| 04/04/2011 | 205 | NOTICE OF MOTION AND MOTION to Compel the Production of Documents and Amended Privilege Logs from the Toberoff Defendants filed by Plaintiff DC Comics. Motion set for hearing on 4/25/2011 at 10:00 AM before Magistrate Judge Ralph Zarefsky. (Attachments: # 1 Proposed Order)(Petrocelli, Daniel) (Entered: 04/04/2011) |
| 04/04/2011 | 206 | NOTICE OF MOTION AND MOTION to Compel Answers to Interrogatories of Marc Toberoff filed by Plaintiff DC Comics. Motion set for hearing on 4/25/2011 at 10:00 AM before Magistrate Judge Ralph Zarefsky. (Attachments: # 1 Proposed Order)(Petrocelli, Daniel) (Entered: 04/04/2011) |
| 04/04/2011 | 207 | DECLARATION of Daniel M. Petrocelli in support of MOTION to Compel the Production of Documents and Amended Privilege Logs from the Toberoff Defendants 205 , MOTION to Compel Answers to Interrogatories of Marc Toberoff 206 filed by Plaintiff DC Comics. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M)(Petrocelli, Daniel) (Entered: 04/04/2011) |
| 04/04/2011 | 208 | DECLARATION of Matthew T. Kline Pursuant to Local Rule 37–2.4 Regarding MOTION to Compel Answers to Interrogatories of Marc Toberoff 206 , MOTION to Compel the Production of Documents and Amended Privilege Logs from the Toberoff Defendants 205 filed by Plaintiff DC Comics. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Petrocelli, Daniel) (Entered: 04/04/2011) |
| 04/11/2011 | 209 | ORDER ON PLAINTIFF'S MOTION TO COMPEL 159 by Magistrate Judge Ralph Zarefsky: Plaintiff's motion is granted in part and denied in part. (See document for details). Defendants' request for sanctions is denied. Matters placed under seal shall remain under seal. Plaintiff's objection re Supplemental Brief is sustained. (ib) (Entered: 04/11/2011) |
| 04/11/2011 | 210 | MEMORANDUM in Opposition to MOTION to Compel the Production of Documents and Amended Privilege Logs from the Toberoff Defendants 205 filed by Defendants IP Worldwide, LLC, IPW, LLC, Pacific Pictures Corporation, Marc Toberoff. (Daum, Nicholas) (Entered: 04/11/2011) |
| 04/11/2011 | 211 | MEMORANDUM in Opposition to MOTION to Compel Answers to Interrogatories of Marc Toberoff 206 filed by Defendants IP Worldwide, LLC, IPW, LLC, Pacific Pictures Corporation, Marc Toberoff. (Daum, Nicholas) (Entered: 04/11/2011) |
| 04/11/2011 | 212 | DECLARATION of Nicholas F. Daum Opposition MOTION to Compel Answers to Interrogatories of Marc Toberoff 206 , MOTION to Compel the Production of Documents and Amended Privilege Logs from the Toberoff Defendants 205 filed by Defendants IP Worldwide, LLC, IPW, LLC, Pacific Pictures Corporation, Marc Toberoff. (Daum, Nicholas) (Entered: 04/11/2011) |

| 04/11/2011 | 213 | DECLARATION of Richard B. Kendall in oppposition to MOTION to Compel Answers to Interrogatories of Marc Toberoff 206 , MOTION to Compel the Production of Documents and Amended Privilege Logs from the Toberoff Defendants 205 filed by Defendants IP Worldwide, LLC, IPW, LLC, Pacific Pictures Corporation, Marc Toberoff. (Daum, Nicholas) (Entered: 04/11/2011) |
|---|---|---|
| 04/11/2011 | 214 | DECLARATION of Marc Toberoff in opposition to MOTION to Compel Answers to Interrogatories of Marc Toberoff 206 , MOTION to Compel the Production of Documents and Amended Privilege Logs from the Toberoff Defendants 205 filed by Defendants IP Worldwide, LLC, IPW, LLC, Pacific Pictures Corporation, Marc Toberoff. (Daum, Nicholas) (Entered: 04/11/2011) |
| 04/18/2011 | 215 | REPLY support MOTION to Compel the Production of Documents and Amended Privilege Logs from the Toberoff Defendants 205 filed by Plaintiff DC Comics. (Attachments: # 1 Supplemental Declaration of Daniel M. Petrocelli in Support of Motion, # 2 Exhibit A to Petrocelli Declaration, # 3 Exhibit B to Petrocelli Declaration, # 4 Exhibit C to Petrocelli Declaration, # 5 Declaration of Jason H. Tokoro in Support of Motion, # 6 Exhibit 1 to Tokoro Declaration, # 7 Exhibit 2 to Tokoro Declaration, # 8 Exhibit 3 to Tokoro Declaration, # 9 Exhibit 4 to Tokoro Declaration, # 10 Exhibit 5 to Tokoro Declaration, # 11 Exhibit 6 to Tokoro Declaration, # 12 Exhibit 7 to Tokoro Declaration, # 13 Exhibit 8 to Tokoro Declaration)(Petrocelli, Daniel) (Entered: 04/18/2011) |
| 04/18/2011 | 216 | REPLY support MOTION to Compel Answers to Interrogatories of Marc Toberoff 206 filed by Plaintiff DC Comics. (Attachments: # 1 Declaration of Jason H. Tokoro in Support of Motion, # 2 Exhibit 1 to Tokoro Declaration, # 3 Exhibit 2 Tokoro Declaration, # 4 Exhibit 3 Tokoro Declaration, # 5 Exhibit 4 Tokoro Declaration, # 6 Exhibit 5 Tokoro Declaration, # 7 Exhibit 6 Tokoro Declaration, # 8 Exhibit 7 Tokoro Declaration, # 9 Exhibit 8 Tokoro Declaration)(Petrocelli, Daniel) (Entered: 04/18/2011) |
| 04/18/2011 | 217 | *DC Comics' Court−Ordered Supplemental Brief re: Joint−Interest Privilege in Support of Motion to Compel Production of Documents and Amended Privilege Logs* (Attachments: # 1 Declaration of Aaron Hayden in Support of Supplemental Brief, # 2 Exhibit A to Hayden Declaration, # 3 Exhibit B to Hayden Declaration, # 4 Exhibit C to Hayden Declaration, # 5 Exhibit D to Hayden Declaration, # 6 Exhibit E to Hayden Declaration, # 7 Exhibit F to Hayden Declaration 160 209 )(Petrocelli, Daniel) (Entered: 04/18/2011) |
| 04/19/2011 | 218 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Miscellaneous Document,, 217 . The following error(s) was found: Incorrect event selected. The correct event is: Miscellaneous Filings (Non−Motion)/Brief. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (mz) (Entered: 04/19/2011) |
| 04/20/2011 | 219 | MINUTE ORDER IN CHAMBERS by Magistrate Judge Ralph Zarefsky: On the Court's own motion, the hearing on Plaintiff's (1) MOTION to Compel the Production of Documents and Amended Privilege Logs from the Toberoff Defendants 205 and (2) MOTION to Compel Answers to Interrogatories of Marc Toberoff 206 is continued to 4/25/11 at 2:00PM. (ib) (Entered: 04/20/2011) |
| 04/21/2011 | 220 | EX PARTE APPLICATION to Continue Hearing on Plaintiff's Motions to Compel (Docket Nos. 205, 206) from April 25, 2011 Re: MOTION to Compel Answers to Interrogatories of Marc Toberoff 206 , MOTION to Compel the Production of Documents and Amended Privilege Logs from the Toberoff Defendants 205 filed by Defendants Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Attachments: # 1 Declaration of Marc Toberoff, # 2 Exhibits 1−3, # 3 Proposed Order)(Toberoff, Marc) (Entered: 04/21/2011) |
| 04/21/2011 | 221 | Opposition to Ex Parte re: EX PARTE APPLICATION to Continue Hearing on Plaintiff's Motions to Compel (Docket Nos. 205, 206) from April 25, 2011 Re: MOTION to Compel Answers to Interrogatories of Marc Toberoff 206 , MOTION to Compel the Production of Documents and Amended P EX PARTE APPLICATION to Continue Hearing on Plaintiff's Motions to Compel (Docket Nos. 205, 206) from April 25, 2011 Re: MOTION to Compel Answers to |

| | | Interrogatories of Marc Toberoff _206_ , MOTION to Compel the Production of Documents and Amended P _220_ filed by Plaintiff DC Comics. (Attachments: #_1_ Declaration of Daniel M. Petrocelli in Support of Opposition to Ex Parte Application to Continue The Hearing Date On Motion to Compel)(Petrocelli, Daniel) (Entered: 04/21/2011) |
|---|---|---|
| 04/22/2011 | _222_ | ORDER by Magistrate Judge Ralph Zarefsky DENYING _220_ Defendants' Ex Parte Application to Continue hearing on plaintiff's motions to compel _205 206_ . (See document for details). (ib) (Entered: 04/22/2011) |
| 04/25/2011 | _223_ | NOTICE of Manual Filing filed by Plaintiff DC Comics of DC Comcs' Notice of Motion and Motion for Review of Magistrates's Order On Plaintiff's Motion to Compel Pursuant to Fed. R. Civ. P. 72(a) ; DC Comics' Unopposed Applicatio to Temporarily File Under Seal Motion for Review of Magistrate's Order on Plaintiff's Motion to Compel Pursuant to Fed. R. Civ. P. 72(A) amd L. R. 72–2.1 ; Exhibit A to the Declaration of Cassandra Seto in Support of DC Comics' Motion for Review of Magistrate's Order on Plaintiff's Motion to Compel Pursuant to Fed. R. Civ. P. 72(A) and L. R. 72–2.1 ; Declaration of Cassandra Seto in Support of DC ComIcs' Unopposed Application to Temporarily File Under Seal Motion for Review of Magistrate's Order on Plaintiff's Motion to Compel Pursuant to Fed. R. Civ. P. 72(A) and L. R. 72–2.1 ; [Proposed] Order Granting DC Comics' Unopposed Application to Temporarily File Under Seal Motion for Review of Magistrate's Order on Plaintiff's Motion to Compel Pursuant to Fed. R. Civ. P. 72(a) and L. R, 72–2.1 ; The Application to Seal, Supporting Declaration, and Proposed Order are Required to be Manually Filed by Order General Order 10–7. (Petrocelli, Daniel) (Entered: 04/25/2011) |
| 04/25/2011 | _224_ | PROOF OF SERVICE filed by Plaintiff DC Comics, re Notice of Manual Filing (G–92), Notice of Manual Filing (G–92), Notice of Manual Filing (G–92), Notice of Manual Filing (G–92), Notice of Manual Filing (G–92), Notice of Manual Filing (G–92) _223_ served on 4/25/2011. (Petrocelli, Daniel) (Entered: 04/25/2011) |
| 04/25/2011 | _225_ | NOTICE OF MOTION AND MOTION for Review of Magistrate's Order on Plaintiff's Motion to Compel Pursuant to Fed. R. Civ. P. 72(A) and L.R. 72–2.1 re Order on Motion to Compel, _209_ *[Publically Redacted]* filed by Plaintiff DC Comics. Motion set for hearing on 5/23/2011 at 01:30 PM before Judge Otis D Wright II. (Attachments: #_1_ Proposed Order, #_2_ Declaration of Cassandra Seto in support, #_3_ Exhibit A to Seto Declaration [Redacted], #_4_ Exhibit B to Seto Declaraation)(Petrocelli, Daniel) (Entered: 04/25/2011) |
| 04/25/2011 | _226_ | APPLICATION for Order to temporarily file under seal motion for review of Magistrates order on motion to compel pursuant to FRCP 72(A) and LR 72–2.1 filed by plaintiff DC Comics. Lodged order. (lc) (Entered: 04/26/2011) |
| 04/25/2011 | _227_ | DECLARATION of Cassandra Seto in support APPLICATION for Order for to temporarily file under seal motion for review of Magistrates order on motion to compel pursuant to FRCP 72(A) and LR 72–2.1 _226_ filed by Plaintiff DC Comics. (lc) (Entered: 04/26/2011) |
| 04/25/2011 | _229_ | MINUTES OF Motion Hearing held before Magistrate Judge Ralph Zarefsky re _205_ Plaintiff's motion to compel production and _206_ Plaintiff's motion to compel interrogatory response. Motions are submitted. Recorded on Courtsmart. (ib) (Entered: 04/29/2011) |
| 04/26/2011 | _228_ | OBJECTIONS to Supplement(Motion related), Supplement(Motion related) _194_ filed by Plaintiff DC Comics. (Attachments: #_1_ Declaration of Cassandra Seto in support, #_2_ Exhibit A to Seto Declaration, #_3_ Proposed Order)(Petrocelli, Daniel) (Entered: 04/26/2011) |
| 04/26/2011 | _242_ | ORDER GRANTING DC COMICS' UNOPPOSED APPLICATION TO TEMPORARILY FILE UNDER SEAL MOTION FOR REVIEW OF MAGISTRATE'S ORDER ON PLAINTIFF'S MOTION TO COMPEL PURSUANT TO FED.R.CIV.P.72(A) AND L.R. 72–2.1. by Judge Otis D Wright, II: granting _226_ Application for Order (bp) (Entered: 05/09/2011) |
| 04/26/2011 | _244_ | SEALED DOCUMENT– [Unredacted] DC Comics' Notice of Motion and Motion for Review of Magistrate's Order on Plaintiff's Motion to Compel Pursuant to FED. |

| | | R. CIV. P. 72(A) and L.R. 72–2.1. (mat) Modified on 5/10/2011 (mat). (Entered: 05/09/2011) |
|---|---|---|
| 04/26/2011 | 245 | SEALED DOCUMENT– Exhibit A to Declaration of Cassandra Seto in Support of DC Comics' Motion for Review of Magistrate's Order on Plaintiff's Motion to Compel Pursuant to FED. R. CIV. P. 72(A) and L.R. 72–2.1(mat) (Entered: 05/10/2011) |
| 05/02/2011 | 230 | NOTICE OF MOTION AND MOTION for Reconsideration re Order on Motion to Compel, 209 / Motion for Reconsideration of April 11, 2011 Order filed by plaintiff DC Comics. Motion set for hearing on 6/6/2011 at 10:00 AM before Magistrate Judge Ralph Zarefsky. (Attachments: # 1 Declaration of Cassandra Seto in Support of Motion, # 2 Exhibit A to Seto Declaration, # 3 Exhibit B to Seto Declaration, # 4 Exhibit C to Seto Declaration, # 5 Exhibit D to Seto Declaration, # 6 Exhibit E to Seto Declaration, # 7 Exhibit F to Seto Declaration, # 8 Exhibit G to Seto Declaration, # 9 Exhibit H to Seto Declaration, # 10 Exhibit I to Seto Declaration, # 11 Exhibit J to Seto Declaration, # 12 Exhibit K to Seto Declaration, # 13 Exhibit L to Seto Declaration, # 14 Exhibit M to Seto Declaration, # 15 Exhibit N to Seto Declaration, # 16 Exhibit O to Seto Declaration, # 17 Exhibit P to Seto Declaration, # 18 Exhibit Q to Seto Declaration, # 19 Exhibit R to Seto Declaration, # 20 Exhibit S to Seto Declaration, # 21 Exhibit T to Seto Declaration, # 22 Exhibit U to Seto Declaration, # 23 Exhibit V to Seto Declaration, # 24 Supplement W to Seto Declaration, # 25 Proposed Order)(Petrocelli, Daniel) (Entered: 05/02/2011) |
| 05/02/2011 | 231 | OPPOSITION re: MOTION for Review of Magistrate's Order on Plaintiff's Motion to Compel Pursuant to Fed. R. Civ. P. 72(A) and L.R. 72–2.1 re Order on Motion to Compel, 209 [Publically Redacted] MOTION for Review of Magistrate's Order on Plaintiff's Motion to Compel Pursuant to Fed. R. Civ. P. 72(A) and L.R. 72–2.1 re Order on Motion to Compel, 209 [Publically Redacted] MOTION for Review of Magistrate's Order on Plaintiff's Motion to Compel Pursuant to Fed. R. Civ. P. 72(A) and L.R. 72–2.1 re Order on Motion to Compel, 209 [Publically Redacted] 225 filed by Defendants Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Attachments: # 1 Declaration of Keith G. Adams, # 2 Exhibit A to the Declaration of Keith G. Adams, # 3 Proposed Order)(Toberoff, Marc) (Entered: 05/02/2011) |
| 05/03/2011 | 232 | TRANSCRIPT for proceedings held on 4/25/2011 2:20 p.m.. Court Reporter/Electronic Court Recorder: Babykin Courthouse Services, phone number (626) 963–0566. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 5/24/2011. Redacted Transcript Deadline set for 6/3/2011. Release of Transcript Restriction set for 8/1/2011. (mo) (Entered: 05/03/2011) |
| 05/03/2011 | 233 | NOTICE OF FILING TRANSCRIPT filed for proceedings 4/25/2011 2:20 p.m. (mo) (Entered: 05/03/2011) |
| 05/03/2011 | 234 | EX PARTE APPLICATION to Vacate DC Comics' Notice of Motion and Motion for Reconsideration of April 11, 2011 Order (Docket No. 230) filed by Defendants Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Attachments: # 1 Declaration of Marc Toberoff, # 2 Exhibits A–E to the Declaration of Marc Toberoff, # 3 Proposed Order)(Toberoff, Marc) (Entered: 05/03/2011) |
| 05/04/2011 | 235 | MINUTE ORDER IN CHAMBERS by Magistrate Judge Ralph Zarefsky: Any opposition to 234 defendants' Ex Parte Application to Vacate DC Comics Notice of Motion and Motion for Reconsideration of 4/11/11 Order shall be efiled and a courtesy copy delivered to Magistrate Judge Ralph Zarefsky no later than Thursday, 5/5/11 at 10:00AM. (ib) (Entered: 05/04/2011) |
| 05/05/2011 | 236 | OPPOSITION re: EX PARTE APPLICATION to Vacate DC Comics' Notice of Motion and Motion for Reconsideration of April 11, 2011 Order (Docket No. 230) EX PARTE APPLICATION to Vacate DC Comics' Notice of Motion and Motion for Reconsideration of April 11, 2011 Order (Docket No. 230) 234 filed by Plaintiff DC Comics. (Attachments: # 1 Declaration of Matthew T. Kline in support of Opposition, # 2 Exhibit A to Kline Declaration, # 3 Exhibit B to Kline |

| | | Declaration, #_4 Exhibit C to Kline Declaration, #_5 Exhibit D to Kline Declaration, #_6 Exhibit E to Kline Declaration, #_7 Exhibit F to Kline Declaration, #_8 Exhibit G to Kline Declaration, #_9 Proposed Order)(Petrocelli, Daniel) (Entered: 05/05/2011) |
|---|---|---|
| 05/05/2011 | 237 | MINUTES (IN CHAMBERS) ORDER by Magistrate Judge Ralph Zarefsky denying 234 Defendants' Ex Parte Application to Vacate DC Comics' Notice of Motion and Motion for Reconsideration of 4/11/11 Order. (See document for details). (ib) (Entered: 05/05/2011) |
| 05/05/2011 | 238 | DECLARATION of Richard Kendall (Supplemental ) In Opposition To MOTION to Compel Answers to Interrogatories of Marc Toberoff 206 , MOTION to Compel the Production of Documents and Amended Privilege Logs from the Toberoff Defendants 205 filed by Defendants IP Worldwide, LLC, IPW, LLC, Pacific Pictures Corporation, Marc Toberoff. (Daum, Nicholas) (Entered: 05/05/2011) |
| 05/05/2011 | 239 | ORDER RE DOCUMENTS SUBMITTED IN CAMERA by Magistrate Judge Ralph Zarefsky denying 205 Plaintiff's Motion to Compel as to documents submitted in camera. (See document for details). (ib) (Entered: 05/06/2011) |
| 05/06/2011 | 240 | OBJECTIONS to Declaration (Motion related), Declaration (Motion related) 238 / DC Comics' Objection To Defendants' Improper "Supplemental Declaration" filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 05/06/2011) |
| 05/09/2011 | 241 | RESPONSE filed by Defendants IP Worldwide, LLC, IPW, LLC, Pacific Pictures Corporation, Marc Toberoffto Objections – non–motion 240 (Daum, Nicholas) (Entered: 05/09/2011) |
| 05/09/2011 | 243 | REPLY in support of MOTION for Review of Magistrate's Order on Plaintiff's Motion to Compel Pursuant to Fed. R. Civ. P. 72(A) and L.R. 72–2.1 re Order on Motion to Compel, 209 [Publically Redacted] MOTION for Review of Magistrate's Order on Plaintiff's Motion to Compel Pursuant to Fed. R. Civ. P. 72(A) and L.R. 72–2.1 re Order on Motion to Compel, 209 [Publically Redacted] MOTION for Review of Magistrate's Order on Plaintiff's Motion to Compel Pursuant to Fed. R. Civ. P. 72(A) and L.R. 72–2.1 re Order on Motion to Compel, 209 [Publically Redacted] 225 filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 05/09/2011) |
| 05/10/2011 | 246 | REPLY filed by Plaintiff DC Comics to Response (non–motion) 241 (Petrocelli, Daniel) (Entered: 05/10/2011) |
| 05/11/2011 | 247 | MINUTE ORDER IN CHAMBERS by Judge Otis D Wright, II:The hearing on DC Comics' Motion for Review of Magistrate's Order on Plaintiff's Motion to Compel 225 scheduled for May 23, 2011 at 1:30 p.m., is CONTINUED to Monday, June 20, 2011 at 1:30 p.m. (lc) (Entered: 05/11/2011) |
| 05/11/2011 | 248 | ORDER by Judge Otis D Wright, II: denying Motion for Review of magistrates order on plaintiffs motion to compel. (lc) Modified on 5/12/2011 (lc). (Entered: 05/12/2011) |
| 05/16/2011 | 249 | Notice of Withdrawal of Motion for Reconsideration of Discovery Matter,,,, 230 filed by plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 05/16/2011) |
| 05/18/2011 | 250 | Joint STIPULATION to SUBSTITUTE Laura Siegel Larson for Joanne Siegel Pursuant to Fed. R. Civ. P. 25(a) filed by Defendants Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Attachments: #_1 Proposed Order)(Toberoff, Marc) (Entered: 05/18/2011) |
| 05/23/2011 | 251 | ORDER by Judge Otis D Wright, II, granting Stipulation 250 to SUBSTITUTE Laura Siegel Larson for Joanne Siegel as defendant Pursuant to Fed. R. Civ. P. 25.(a). (lc) (Entered: 05/23/2011) |
| 05/23/2011 | 252 | ORDER by Judge Otis D Wright, II: denying 225 Motion for Review of Magistrates order on plaintiffs motion to compel pursuant to FRCP 72(A) and Lr 72–2.1. (lc) Modified on 5/23/2011 (lc). (Entered: 05/23/2011) |
| 05/23/2011 | 253 | NOTICE OF MOTION AND MOTION for Reconsideration re Order on Motion to Compel, 209 filed by plaintiff DC Comics. Motion set for hearing on 6/20/2011 at |

| | | |
|---|---|---|
| | | 10:00 AM before Magistrate Judge Ralph Zarefsky. (Attachments: #1 Declaration of Cassandra Seto In Support of Motion, #2 Exhibit A to Seto Declaration, #3 Exhibit B to Seto Declaration, #4 Exhibit C to Seto Declaration, #5 Exhibit D to Seto Declaration, #6 Exhibit E to Seto Declaration, #7 Exhibit F to Seto Declaration, #8 Exhibit G to Seto Declaration, #9 Exhibit H to Seto Declaration, #10 Exhibit I to Seto Declaration, #11 Exhibit J to Seto Declaration, #12 Exhibit K to Seto Declaration, #13 Exhibit L to Seto Declaration, #14 Exhibit M to Seto Declaration, #15 Exhibit N to Seto Declaration, #16 Exhibit O to Seto Declaration, #17 Proposed Order)(Petrocelli, Daniel) (Entered: 05/23/2011) |
| 05/23/2011 | 254 | (WITHDRAWN) EX PARTE APPLICATION to Compel Deposition of Mark Warren Peary and Laura Siegel Larson */ Or, In The Alternative, Setting DC Comics' Motion to Compel For Hearing On June 20, 2011* filed by plaintiff DC Comics. (Attachments: #1 Declaration of Daniel M. Petrocelli in Support of Ex Parte Application to Compel Depositions, #2 Exhibit A to Petrocelli Declaration, #3 Exhibit B to Petrocelli Declaration, #4 Exhibit C to Petrocelli Declaration, #5 Exhibit D to Petrocelli Declaration, #6 Exhibit E to Petrocelli Declaration, #7 Exhibit F to Petrocelli Declaration, #8 Exhibit G to Petrocelli Declaration, #9 Exhibit H to Petrocelli Declaration, #10 Exhibit I to Petrocelli Declaration, #11 Exhibit J to Petrocelli Declaration, #12 Exhibit K to Petrocelli Declaration, #13 Exhibit L to Petrocelli Declaration, #14 Exhibit M to Petrocelli Declaration, #15 Exhibit N to Petrocelli Declaration, #16 Proposed Order)(Petrocelli, Daniel) Modified on 5/27/2011 (ib). (Entered: 05/23/2011) |
| 05/24/2011 | 255 | (STRICKEN) APPLICATION for Order for re : Depositions of Defendants Mark Warren Peary and Laura Siegel Larson *Stipulation and Court Order Re : Depositions of Defendants Mark Warren Peary and Laura Siegel Larson* filed by plaintiff DC Comics. (Petrocelli, Daniel) Modified on 5/25/2011 (ib). (Entered: 05/24/2011) |
| 05/24/2011 | 256 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents Re: Stipulation and Court Order Re: Depositions of Defendants Mark Warren Peary and Laura Siegel Larson 255 . The following errors were found: Incorrect event selected (The correct event is: Stipulation); Proposed Order was not submitted as a separate attachment; Does not comply with General Order 08−02 as to proposed orders. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (ib) (Entered: 05/24/2011) |
| 05/24/2011 | 257 | RESPONSE BY THE COURT TO NOTICE TO FILER OF DEFICIENCIES IN E−FILED DOCUMENTS by Magistrate Judge Ralph Zarefsky: In accordance with the Notice to Filer of Deficiencies in Electronically Filed Documents, the document is stricken. RE: APPLICATION for Order re Depositions of Defendants Mark Warren Peary and Laura Siegel Larson Stipulation and Court Order 255 . (ib) (Entered: 05/24/2011) |
| 05/24/2011 | 258 | RESPONSE BY THE COURT TO NOTICE TO FILER OF DEFICIENCIES IN E−FILED DOCUMENTS. ORDER by Magistrate Judge Ralph Zarefsky: In accordance with the Notice to Filer of Deficiencies in E−Filed Documents, the document 255 is stricken. RE: APPLICATION for Order re Depositions of Defendants Mark Warren Peary and Laura Siegel Larson Stipulation and Court Order. (ib) (Entered: 05/24/2011) |
| 05/24/2011 | 259 | NOTICE OF CLERICAL ERROR: Due to clerical error the Response By the Court to Notice of Deficiencies referred to in docket entry 257 was not attached to the docket entry. It has been correctly efiled as document 258 . (ib) (Entered: 05/24/2011) |
| 05/24/2011 | 260 | STIPULATION for Discovery as to Depositions of Defendants Mark Warren Peary and Laura Siegel Larson filed by plaintiff DC Comics. (Attachments: #1 Proposed Order)(Petrocelli, Daniel) (Entered: 05/24/2011) |
| 05/24/2011 | 261 | Notice of Withdrawal of Ex Parte Application to Compel Deposition,,, 254 filed by plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 05/24/2011) |

| 05/25/2011 | 262 | ORDER ON PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND PLAINTIFF'S MOTION TO COMPEL FURTHER ANSWERS TO INTERROGATORIES 205 206 by Magistrate Judge Ralph Zarefsky. (See document for details.) (ib) (Entered: 05/25/2011) |
|---|---|---|
| 05/25/2011 | 265 | ORDER by Magistrate Judge Ralph Zarefsky granting 199 Plaintiff's Application to Temporarily Seal Supplememtal Brief in Support of Motion to Compel Production of Documents and Amended Privilege Logs. (ib) (Entered: 05/27/2011) |
| 05/25/2011 | 273 | SEALED DOCUMENT– [Unredacted] DC Comics' Court–Ordered Supplemental Brief in Support of Motion to Compel Production of Documents and Amended Privilege Logs. (mat) (Entered: 06/06/2011) |
| 05/26/2011 | 263 | STATUS REPORT *Re: Discovery* filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 05/26/2011) |
| 05/26/2011 | 264 | Joint STIPULATION for Extension of Time to File Opposition to Motion for Reconsideration filed by Defendants Laura Siegel Larson(an individual), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel), Mark Warren Peary, Jean Adele Peavy. (Attachments: # 1 Proposed Order)(Toberoff, Marc) (Entered: 05/26/2011) |
| 05/27/2011 | 266 | ORDER by Magistrate Judge Ralph Zarefsky granting Stipulation for Extension of Time to File Defendant's opposition to Plaintiff's Motion for Reconsideration 264 . Opposition due 5/31/11. Plaintiff's reply due 6/7/11. (ib) (Entered: 05/27/2011) |
| 05/27/2011 | 267 | NOTICE OF MOTION AND MOTION to Compel The Further Production Of Documents (Issues 12–14) filed by Plaintiff DC Comics. Motion set for hearing on 6/20/2011 at 10:00 AM before Magistrate Judge Ralph Zarefsky. (Attachments: # 1 Joint Stipulation, # 2 Declaration Of Jason Tokoro, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F – Part 1 of 2, # 9 Exhibit F – Part 2 of 2, # 10 Exhibit G, # 11 Exhibit H, # 12 Exhibit I, # 13 Exhibit J, # 14 Exhibit K, # 15 Exhibit L, # 16 Declaration Of Marc Toberoff, # 17 Exhibits To M. Toberoff Declaration, # 18 Declaration Of G. Ruttenberg, # 19 Proposed Order of Plaintiffs, # 20 Proposed Order of Defendants)(Petrocelli, Daniel) (Entered: 05/27/2011) |
| 05/31/2011 | 268 | OBJECTIONS to Status Report 263 *Defendants' Objections and Response to DC Comics' Ex Parte Status Report* filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary. (Toberoff, Marc) (Entered: 05/31/2011) |
| 05/31/2011 | 269 | Opposition re: MOTION for Reconsideration re Order on Motion to Compel, 209 MOTION for Reconsideration re Order on Motion to Compel, 209 MOTION for Reconsideration re Order on Motion to Compel, 209 MOTION for Reconsideration re Order on Motion to Compel, 209 253 filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Attachments: # 1 Proposed Order)(Toberoff, Marc) (Entered: 05/31/2011) |
| 06/01/2011 | 270 | MINUTE ORDER IN CHAMBERS by Judge Otis D Wright, II: Order Re: Defendants Pending Motions 145 146 , 147 , 148 . The Court is in receipt of DC Comics Report Re: Status of Discovery, wherein DC Comics expresses its intent to file supplemental Oppositions to several pending motionswith evidence obtained in discovery in approximately 60 days. (Docket No. 263 at 1.) Given the trouble previously encountered in maintaining an orderly and fluid calendar, especially with the parties compilation of nearly three (300) docket entries in about a year, the Court finds it prudent to STRIKE all Oppositions and Replies on record for the subject motions and set a new briefing schedule. Accordingly, Plaintiffs shall file their Oppositions on or before August 8, 2011 and Defendants shall file their Replies on or before August 29, 2011. The Court will not entertain supplemental briefs. (lc) (Entered: 06/01/2011) |
| 06/02/2011 | 271 | ORDER by Magistrate Judge Ralph Zarefsky granting Stipulation re depositions of defendants Mark Warren Peary and Laura Siegel Larson. 260 (ib) (Entered: 06/02/2011) |
| 06/03/2011 | 272 | Joint STIPULATION for Leave to to File on Shortened Time re: Defendants' Motion for a Protective Order filed by Defendants Laura Siegel Larson(an |

| | | individual), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel), Mark Warren Peary, Jean Adele Peavy. (Attachments: #_1 Proposed Order)(Toberoff, Marc) (Entered: 06/03/2011) |
|---|---|---|
| 06/06/2011 | 274 | REPLY in support of MOTION for Reconsideration re Order on Motion to Compel_209 MOTION for Reconsideration re Order on Motion to Compel_209 MOTION for Reconsideration re Order on Motion to Compel_209 MOTION for Reconsideration re Order on Motion to Compel_209 253 filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 06/06/2011) |
| 06/06/2011 | 275 | MEMORANDUM in Support / Supplemental Memorandum in Support of DC Comics' Motion to Compel the Further Production of Documents (Issues 12−14) [267−1] filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 06/06/2011) |
| 06/07/2011 | 276 | NOTICE OF MOTION AND MOTION for Review of May 25, 2011 Order Waiving Privilege on Stolen Documents Produced to the United States Attorneys Office Pursuant to a Grand Jury Subpoena as Part of a Criminal Investigation re Order on Motion to Compel Answers to Interrogatories_262 filed by Defendants Laura Siegel Larson(an individual), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel), Mark Warren Peary, Jean Adele Peavy. Motion set for hearing on 7/11/2011 at 01:30 PM before Judge Otis D Wright II. (Attachments: #_1 Declaration of Keith G. Adams, #_2 Exhibits A to the Adams Declaration, #_3 Proposed Order)(Toberoff, Marc) (Entered: 06/07/2011) |
| 06/10/2011 | 277 | ORDER GRANTING_272 STIPULATION TO SHORTEN TIME RE DEFENDANTS' MOTION FOR A PROTECTIVE ORDER by Magistrate Judge Ralph Zarefsky: Motion to be filed by 6/13/11 for hearing on 6/20/11 at 10:00AM. Any supplemental memoranda due 6/15/11 at 12:00noon. (Note changes made by the court). (ib) (Entered: 06/10/2011) |
| 06/13/2011 | 278 | NOTICE OF MOTION AND MOTION for Protective Order for Staying Certain Depositions Pending Review of May 25, 2011 Order filed by Defendants Laura Siegel Larson(an individual), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel), Mark Warren Peary, Jean Adele Peavy. Motion set for hearing on 6/20/2011 at 10:00 AM before Magistrate Judge Ralph Zarefsky. (Attachments: #_1 Joint Stipulation, #_2 Declaration of Marc Toberoff, #_3 Exhibits A−D to the Declaration of Marc Toberoff, #_4 Declaration of Aaron Hayden, #_5 Exhibit 1 to the Declaration of Aaron Hayden, #_6 Exhibit 2 to the Declaration of Aaron Hayden, #_7 Exhibit 3 to the Declaration of Aaron Hayden, #_8 Exhibit 4 to the Declaration of Aaron Hayden, #_9 Defendants' Proposed Order)(Toberoff, Marc) (Entered: 06/13/2011) |
| 06/13/2011 | 279 | ORDER by Judge Otis D Wright, II: DENYING_276 Defendants MOTION for Review of May 25, 2011 Order Waiving Privilege on Stolen Documents Produced to the United States Attorneys Office Pursuant to a Grand Jury Subpoena as Part of a Criminal Investigation. (lc) (Entered: 06/14/2011) |
| 06/15/2011 | 280 | MEMORANDUM in Opposition to MOTION for Protective Order for Staying Certain Depositions Pending Review of May 25, 2011 Order_278 //Supplemental Memorandum in Opposition to Motion filed by Plaintiff DC Comics. (Attachments: #_1 Declaration of Cassandra Seto in support of Supplemental Memorandum in Opposition to Motion, #_2 Exhibit A to Cassandra Seto's Declaration)(Petrocelli, Daniel) (Entered: 06/15/2011) |
| 06/15/2011 | 281 | SUPPLEMENT to MOTION for Protective Order for Staying Certain Depositions Pending Review of May 25, 2011 Order_278 pursuant to L.R. 37−2.3 filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Attachments: #_1 Declaration of Marc Toberoff and Exhibits A−B)(Toberoff, Marc) (Entered: 06/15/2011) |
| 06/17/2011 | 282 | NOTICE OF MOTION AND MOTION for Reconsideration re Minutes of In Chambers Order/Directive − no proceeding held, Set/Reset Motion Hearing and RRDeadlines,,,,,,_270 Insofar As It Strikes Oppositions and Replies re: Defendants' Motions to Dismiss filed by Defendants Laura Siegel Larson(an individual), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel), Mark Warren Peary, Jean Adele Peavy. Motion set for hearing on 7/18/2011 at 01:30 PM before Judge Otis D Wright II. (Attachments: #_1 Declaration of Keith Adams and |

| | | Exhibits A–E, # 2 Proposed Order)(Toberoff, Marc) (Entered: 06/17/2011) |
|---|---|---|
| 06/20/2011 | 285 | MINUTES OF Motion Hearing held before Magistrate Judge Ralph Zarefsky: Plaintiff's motion for reconsideration of 4/11/11 order 253 is denied. Plaintiff's motion to compel the further production of documents (Issues 12–14) 267 is denied. Defendants' motion for a protective order 278 is denied. No further order shall issue. Recorded on Courtsmart. (ib) (Entered: 06/23/2011) |
| 06/22/2011 | 283 | EX PARTE APPLICATION for Order for Clarification of the Courts May 25, 2011 Order 262 filed by Plaintiff DC Comics. (Attachments: # 1 Proposed Order, # 2 Declaration of Cassandra Seto, # 3 Exhibit A to the Declaration of Cassandra Seto, # 4 Exhibit B to the Declaration of Cassandra Seto, # 5 Exhibit C to the Declaration of Cassandra Seto, # 6 Exhibit D to the Declaration of Cassandra Seto, # 7 Exhibit E to the Declaration of Cassandra Seto, # 8 Exhibit F to the Declaration of Cassandra Seto, # 9 Exhibit G to the Declaration of Cassandra Seto, # 10 Exhibit H to the Declaration of Cassandra Seto, # 11 Exhibit I to the Declaration of Cassandra Seto)(Petrocelli, Daniel) (Entered: 06/22/2011) |
| 06/23/2011 | 284 | MINUTE ORDER IN CHAMBERS by Magistrate Judge Ralph Zarefsky: Any response to plaintiff's Ex Parte Application to Clarify Court's 5/25/11 Order 283 shall be efiled and a courtesy copy shall be delivered to the Court no later than 12:00noon on 6/24/11. (ib) (Entered: 06/23/2011) |
| 06/24/2011 | 286 | Opposition re: EX PARTE APPLICATION for Order for Clarification of the Courts May 25, 2011 Order 262 EX PARTE APPLICATION for Order for Clarification of the Courts May 25, 2011 Order 262 EX PARTE APPLICATION for Order for Clarification of the Courts May 25, 2011 Order 262 283 filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Attachments: # 1 Proposed Order)(Toberoff, Marc) (Entered: 06/24/2011) |
| 06/27/2011 | 287 | ORDER by Magistrate Judge Ralph Zarefsky denying 283 Plaintiff's Ex Parte Application for Clarification of Court's Stay Order. The Court modifies its stay; the stay will expire if Defendants have not filed an application for review with the Ninth Circuit by the close of business on 6/30/11; if they file such an application by that time, the stay will continue until further order of the Court. (See document for details). (ib) (Entered: 06/27/2011) |
| 06/27/2011 | 288 | TRANSCRIPT for proceedings held on 6/20/11 10:38 a.m.. Court Reporter/Electronic Court Recorder: Babykin Courthouse Servicees, phone number (626) 963–0566. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/18/2011. Redacted Transcript Deadline set for 7/28/2011. Release of Transcript Restriction set for 9/25/2011. (ha) (Entered: 06/27/2011) |
| 06/27/2011 | 289 | NOTICE OF FILING TRANSCRIPT filed for proceedings 6/20/11 10:38 a.m. (ha) (Entered: 06/27/2011) |
| 06/27/2011 | 290 | OPPOSITION re: MOTION for Reconsideration re Minutes of In Chambers Order/Directive – no proceeding held, Set/Reset Motion Hearing and RRDeadlines,,,,,, 270 *Insofar As It Strikes Oppositions and Replies re: Defendants' Motions to Dismiss* MOTION for Reconsideration re Minutes of In Chambers Order/Directive – no proceeding held, Set/Reset Motion Hearing and RRDeadlines,,,,,, 270 *Insofar As It Strikes Oppositions and Replies re: Defendants' Motions to Dismiss* MOTION for Reconsideration re Minutes of In Chambers Order/Directive – no proceeding held, Set/Reset Motion Hearing and RRDeadlines,,,,,, 270 *Insofar As It Strikes Oppositions and Replies re: Defendants' Motions to Dismiss 282 / DC Comics Opposition to Defendants' Motion for Reconsideration of June1, 2011 Order* filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 06/27/2011) |
| 07/01/2011 | 291 | REPLY in support of MOTION for Reconsideration re Minutes of In Chambers Order/Directive – no proceeding held, Set/Reset Motion Hearing and RRDeadlines,,,,,, 270 *Insofar As It Strikes Oppositions and Replies re: Defendants' Motions to Dismiss* MOTION for Reconsideration re Minutes of In Chambers |

| | | Order/Directive – no proceeding held, Set/Reset Motion Hearing and RRDeadlines,,,,,, 270 *Insofar As It Strikes Oppositions and Replies re: Defendants' Motions to Dismiss* MOTION for Reconsideration re Minutes of In Chambers Order/Directive – no proceeding held, Set/Reset Motion Hearing and RRDeadlines,,,,,, 270 *Insofar As It Strikes Oppositions and Replies re: Defendants' Motions to Dismiss* 282 filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Toberoff, Marc) (Entered: 07/01/2011) |
|---|---|---|
| 07/07/2011 | 292 | MINUTES (IN CHAMBERS) by Judge Otis D Wright, II: Defendants motion for reconsideration of this Courts June 1, 2011 order is GRANTED 282 . If Defendants do not wish to refresh their briefs, they are free to rest on theirpreviously filed papers. However, the parties are hereby ORDERED to submit a joint report identifying by docket number each pending motion, along with its attendant opposition and reply. Each motion shall be accompanied by no more than one opposition and one reply brief. (lc) (Entered: 07/07/2011) |
| 07/11/2011 | 293 | NOTICE OF MOTION AND MOTION for Consideration of Reference For a Report and Recommendation Pursuant to 28 U.S.C. § 636(b)(1)(B) and F.R.C.P. 72(b) Re: Defendants Dispositive Motions filed by Defendants Laura Siegel Larson(an individual), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel), Mark Warren Peary, Jean Adele Peavy. Motion set for hearing on 8/8/2011 at 01:30 PM before Judge Otis D Wright II. (Attachments: # 1 Declaration of Keith G. Adams, # 2 Proposed Order)(Toberoff, Marc) (Entered: 07/11/2011) |
| 07/13/2011 | 294 | ORDER by Judge Otis D Wright, II: DENYING 293 defendants Motion of Reference For a Report and Recommendation Pursuant to 28 U.S.C. § 636(b)(1)(B) and F.R.C.P. 72(b) Re: Defendants Dispositive Motions (lc) (Entered: 07/13/2011) |
| 07/18/2011 | 295 | NOTICE of Manual Filing filed by Plaintiff DC Comics of Exhibit A to Declaration of Aaron Hayden In Support of Motion to Compel the Production of Dennis Larson Documents; Application to Seal; Supporting Declaration; and [Proposed] Order. (Attachments: # 1 Proof of Service)(Petrocelli, Daniel) (Entered: 07/18/2011) |
| 07/18/2011 | 296 | NOTICE OF MOTION AND MOTION to Compel filed by plaintiff DC Comics. Motion set for hearing on 8/8/2011 at 10:00 PM before Magistrate Judge Ralph Zarefsky. (Attachments: # 1 Joint Stipulation Regarding DC Comics' Motion To Compel The Production Of All Copies Of The May 13, 2003 Letter, # 2 Declaration of Jason H. Tokoro In Support Of DC Comics' Motion To Compel, # 3 Exhibit 1 to Tokoro Declaration, # 4 Exhibit 2 to Tokoro Declaration, # 5 Exhibit 3 to Tokoro Declaration, # 6 Exhibit 4 to Tokoro Declaration, # 7 Exhibit 5 to Tokoro Declaration, # 8 Exhibit 6 to Tokoro Declaration, # 9 Exhibit 7 to Tokoro Declaration, # 10 Proposed Order)(Petrocelli, Daniel) (Entered: 07/18/2011) |
| 07/18/2011 | 297 | NOTICE OF MOTION AND MOTION to Compel filed by plaintiff DC Comics. Motion set for hearing on 8/8/2011 at 10:00 AM before Magistrate Judge Ralph Zarefsky. (Attachments: # 1 Joint Stipulation Regarding DC Comics' Motion To Compel The Production Of Dennis Larson Documents, # 2 Declaration of Aaron Hayden in Support of DC Comics' Motion to Compel, # 3 Exhibit A to Hayden Declaration, # 4 Exhibit B to Hayden Declaration, # 5 Exhibit C to Hayden Declaration, # 6 Exhibit D to Hayden Declaration, # 7 Exhibit E to Hayden Declaration, # 8 Exhibit F to Hayden Declaration, # 9 Proposed Order)(Petrocelli, Daniel) (Entered: 07/18/2011) |
| 07/18/2011 | 298 | NOTICE OF MOTION AND MOTION to Compel filed by plaintiff DC Comics. Motion set for hearing on 8/8/2011 at 10:00 AM before Magistrate Judge Ralph Zarefsky. (Attachments: # 1 Joint Stipulation Regarding DC Comics' Motion To Compel The Production Of All Communications With The Government Re: Toberoff Timeline, # 2 Declaration of Aaron Hayden in Support of DC Comics' Motion to Compel, # 3 Exhibit A to Hayden Declaration, # 4 Exhibit B to Hayden Declaration, # 5 Exhibit C to Hayden Declaration, # 6 Exhibit D to Hayden Declaration, # 7 Proposed Order)(Petrocelli, Daniel) (Entered: 07/18/2011) |

| 07/18/2011 | 299 | DC COMICS' UNOPPOSED APPLICATION TO SEAL EXHIBIT A TO DECLARATION OF AARON HAYDEN IN SUPPORT OF MOTION TO COMPEL THE PRODUCTION OF DENNIS LARSON DOCUMENTS filed by Plaintiff DC Comics. Lodged Proposed Order. (mz) (Entered: 07/19/2011) |
|---|---|---|
| 07/18/2011 | 300 | DECLARATION OF JASON H. TOKORO IN SUPPORT OF DC COMICS' UNOPPOSED APPLICATION TO SEAL EXHIBIT A TO DECLARATION OF AARON HAYDEN IN SUPPORT OF MOTION TO COMPEL THE PRODUCTION OF DENNIS LARSON DOCUMENTS, 299 filed by Plaintiff DC Comics. (mz) (Entered: 07/19/2011) |
| 07/20/2011 | 302 | ORDER GRANTING DC COMICS' UNOPPOSED APPLICATION TO SEAL EXHIBIT A TO DECLARATIONOF AARON HAYDEN IN SUPPORT OF MOTION TO COMPEL THE PRODUCTION OF DENNIS LARSON DOCUMENTS by Magistrate Judge Ralph Zarefsky: granting 299 Application to Seal. IT IS SO ORDERED. (mz) (Entered: 07/26/2011) |
| 07/20/2011 | 303 | SEALED DOCUMENT– Exhibit A to Declaration of Aaron Hayden in Support of Motion to Compel the Production of Dennis Larson Documents. (Attachments: Part 2)(mat) (Entered: 07/28/2011) |
| 07/25/2011 | 301 | MEMORANDUM in Support of MOTION to Compel 298 , MOTION to Compel 297 , MOTION to Compel 296 / *Supplemental Memorandum In Support of Motions To Compel (1) The Production of All Communications With the Government re: Toberoff Timeline; (2) All Copies of the May 13, 2003, Letter; and (3) Dennis Larson Documents* filed by Plaintiff DC Comics. (Attachments: # 1 Declaration of Jason H. Tokoro in Support of Motions, # 2 Exhibit A to Tokoro Declaration, # 3 Exhibit B to Tokoro Declaration)(Petrocelli, Daniel) (Entered: 07/25/2011) |
| 08/08/2011 | 304 | Opposition re: Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16)Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16)Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16) 145 filed by Plaintiff DC Comics. (Attachments: # 1 Proposed Order )(Petrocelli, Daniel) (Entered: 08/09/2011) |
| 08/08/2011 | 309 | MINUTES OF Motion Hearing held before Magistrate Judge Ralph Zarefsky denying 296 Plaintiff's Motion to Compel; denying 297 Plaintiff's Motion to Compel; granting 298 Plaintiff's Motion to Compel. (See document for details.) Recorded on Courtsmart. (ib) (Entered: 08/11/2011) |
| 08/09/2011 | 305 | DECLARATION of Daniel M. Petrocelli in support of Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16)Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16)Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti–SLAPP Law (Cal. Code Civ. P. Sec. 425.16) 145 filed by Plaintiff DC Comics. (Attachments: # 1 Exhibit 1 to Petrocelli Declaration, # 2 Exhibit 2 to Petrocelli Declaration, # 3 Exhibit 3 to Petrocelli Declaration, # 4 Exhibit 4 to Petrocelli Declaration, # 5 Exhibit 5 to Petrocelli Declaration, # 6 Exhibit 6 to Petrocelli Declaration, # 7 Exhibit 7 to Petrocelli Declaration, # 8 Exhibit 8 to Petrocelli Declaration, # 9 Exhibit 9 to Petrocelli Declaration, # 10 Exhibit 10 to Petrocelli Declaration, # 11 Exhibit 11 to Petrocelli Declaration, # 12 Exhibit 12 to Petrocelli Declaration, # 13 Exhibit 13 to Petrocelli Declaration, # 14 Exhibit 14 to Petrocelli Declaration, # 15 Exhibit 15 to Petrocelli Declaration, # 16 Exhibit 16 to Petrocelli Declaration, # 17 Exhibit 17 to Petrocelli Declaration, # 18 Exhibit 18 to Petrocelli Declaration, # 19 Exhibit 19to Petrocelli Declaration, # 20 Exhibit 20 to Petrocelli Declaration, # 21 Exhibit 21 to Petrocelli Declaration, # 22 Exhibit 22 to Petrocelli Declaration, # 23 Exhibit 23 to Petrocelli Declaration, # 24 Exhibit 24 to Petrocelli Declaration, # 25 Exhibit 25 to Petrocelli Declaration, # 26 Exhibit 26 to Petrocelli Declaration, # 27 Exhibit 27 to Petrocelli Declaration, # 28 Exhibit 28 to Petrocelli Declaration, # 29 Exhibit 29 to Petrocelli Declaration, # 30 Exhibit 30 to Petrocelli Declaration, # 31 Exhibit 31 to Petrocelli Declaration, # 32 Exhibit 32 to Petrocelli Declaration, # 33 Exhibit 33 to Petrocelli Declaration, # 34 |

| | | |
|---|---|---|
| | | Exhibit 34 to Petrocelli Declaration, #_35 Exhibit 35 to Petrocelli Declaration, #_36 Exhibit 36 to Petrocelli Declaration, #_37 Exhibit 37 to Petrocelli Declaration, #_38 Exhibit 38 to Petrocelli Declaration, #_39 Exhibit 39 to Petrocelli Declaration, #_40 Exhibit 40 to Petrocelli Declaration, #_41 Exhibit 41 to Petrocelli Declaration, #_42 Exhibit 42 to Petrocelli Declaration, #_43 Exhibit 43 to Petrocelli Declaration, #_44 Exhibit 44 to Petrocelli Declaration, #_45 Exhibit 45 to Petrocelli Declaration, #_46 Exhibit 46 to Petrocelli Declaration, #_47 Exhibit 47 to Petrocelli Declaration, #_48 Exhibit 48 to Petrocelli Declaration, #_49 Exhibit 49 to Petrocelli Declaration, #_50 Exhibit 50 to Petrocelli Declaration, #_51 Exhibit 51 to Petrocelli Declaration, #_52 Exhibit 52 to Petrocelli Declaration, #_53 Exhibit 53 to Petrocelli Declaration, #_54 Exhibit 54 to Petrocelli Declaration, #_55 Exhibit 55 to Petrocelli Declaration, #_56 Exhibit 56 to Petrocelli Declaration, #_57 Exhibit 57 to Petrocelli Declaration, #_58 Exhibit 58 to Petrocelli Declaration, #_59 Exhibit 59 to Petrocelli Declaration_304 )(Petrocelli, Daniel) (Entered: 08/09/2011) |
| 08/09/2011 | 306 | NOTICE OF ERRATA filed by Plaintiff DC Comics. correcting Declaration (Motion related), Declaration (Motion related), Declaration (Motion related), Declaration (Motion related), Declaration (Motion related), Declaration (Motion related), Declaration (Motion related), Declaration (Motion related), Declaration (Motion related), Declaration (Motion related), Declaration (Motion related)_305 , Objection/Opposition (Motion related), Objection/Opposition (Motion related), Objection/Opposition (Motion related)_304 / *Notice of Errata in DC Comics' Updated, Initial Opposition to Defendants' Motion to Strike Under California's Anti−SLAPP Statute and Declaration of Daniel M. Petrocelli Filed on August 8, 2011* (Attachments: #_1 Exhibit A to Notice of Errata, #_2 Exhibit B to Notice of Errata)(Petrocelli, Daniel) (Entered: 08/09/2011) |
| 08/09/2011 | 307 | CORRECTED OPPOSITION re: Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti−SLAPP Law (Cal. Code Civ. P. Sec. 425.16)Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti−SLAPP Law (Cal. Code Civ. P. Sec. 425.16)Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti−SLAPP Law (Cal. Code Civ. P. Sec. 425.16)_145 filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 08/09/2011) |
| 08/09/2011 | 308 | DECLARATION of Daniel M. Petrocelli re Objection/Opposition (Motion related), Objection/Opposition (Motion related), Objection/Opposition (Motion related)_307 *Corrected Declaration of Daniel M. Petrocelli in Support of DC Comics' Corrected Opposition to Defendants' Motion to Strike Under California's Anti−SLAPP Statute* filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 08/09/2011) |
| 08/16/2011 | 310 | TRANSCRIPT for proceedings held on 8/8/11 9:50 a.m.. Court Reporter/Electronic Court Recorder: Babykin Courthouse Services, phone number (626) 963−0566. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 9/6/2011. Redacted Transcript Deadline set for 9/16/2011. Release of Transcript Restriction set for 11/14/2011. (ha) (Entered: 08/16/2011) |
| 08/16/2011 | 311 | NOTICE OF FILING TRANSCRIPT filed for proceedings 8−8−11 9:50 a.m. (ha) (Entered: 08/16/2011) |
| 08/29/2011 | 312 | REPLY in support Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti−SLAPP Law (Cal. Code Civ. P. Sec. 425.16)Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti−SLAPP Law (Cal. Code Civ. P. Sec. 425.16)Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti−SLAPP Law (Cal. Code Civ. P. Sec. 425.16)_145 filed by Defendants IP Worldwide, LLC, IPW, LLC, Pacific Pictures Corporation, Marc Toberoff. (Attachments: #_1 Proposed Order, #_2 Declaration)(Brill, Laura) (Entered: 08/29/2011) |

| 08/29/2011 | 313 | Objection in Support of re: Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti−SLAPP Law (Cal. Code Civ. P. Sec. 425.16)Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti−SLAPP Law (Cal. Code Civ. P. Sec. 425.16)Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti−SLAPP Law (Cal. Code Civ. P. Sec. 425.16) 145 ; *Objection to the Declaration of Daniel Petrocelli 305* filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Toberoff, Marc) (Entered: 08/29/2011) |
| 08/29/2011 | 314 | DECLARATION of Marc Toberoff in Further Support of Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti−SLAPP Law (Cal. Code Civ. P. Sec. 425.16)Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti−SLAPP Law (Cal. Code Civ. P. Sec. 425.16)Renewed MOTION to Strike Plaintiff's State Law Causes of Action Pursuant to California's Anti−SLAPP Law (Cal. Code Civ. P. Sec. 425.16) 145 filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Attachments: # 1 Exhibits A−B, # 2 Exhibits C−I, # 3 Exhibits J−W)(Toberoff, Marc) (Entered: 08/29/2011) |
| 09/02/2011 | 315 | NOTICE OF MOTION AND MOTION for Order for Granting DC Comics' Comics Motion to Compel the Production of Documents or, in the Alternative, for Reconsideration of the Court's June 20 and April 11, 2011, Orders filed by plaintiff DC Comics. Motion set for hearing on 9/26/2011 at 10:00 AM before Magistrate Judge Ralph Zarefsky. (Attachments: # 1 Proposed Order)(Petrocelli, Daniel) (Entered: 09/02/2011) |
| 09/02/2011 | 316 | JOINT STIPULATION to MOTION for Order for Granting DC Comics' Comics Motion to Compel the Production of Documents or, in the Alternative, for Reconsideration of the Court's June 20 and April 11, 2011, Orders 315 filed by Plaintiff DC Comics. (Attachments: # 1 Declaration of Matthew T. Kline in Support of DC Comics' Motion to Compel the Production of Documents or, in the Alternative, for Reconsideration of the Court's June 20 and April 11, 2011, Orders, # 2 Exhibit A to Kline Declaration, # 3 Exhibit B to Kline Declaration, # 4 Exhibit C to Kline Declaration, # 5 Exhibit D to Kline Declaration, # 6 Exhibit E to Kline Declaration, # 7 Exhibit F to Kline Declaration, # 8 Exhibit G to Kline Declaration, # 9 Declaration of Cassandra Seto in Support of DC Comics' Motion to Compel the Production of Documents or, in the Alternative, for Reconsideration of the Court's June 20 and April 11, 2011, Orders)(Petrocelli, Daniel) (Entered: 09/02/2011) |
| 09/12/2011 | 317 | MEMORANDUM in Support of MOTION for Order for Granting DC Comics' Comics Motion to Compel the Production of Documents or, in the Alternative, for Reconsideration of the Court's June 20 and April 11, 2011, Orders 315 / *Supplemental Memorandum in Support of Motion* filed by Plaintiff DC Comics. (Attachments: # 1 Supplemental Declaration of Matthew T. Kline in Support of Motion, # 2 Exhibit 1 to Kline Declaration, # 3 Exhibit 2 to Kline Declaration, # 4 Exhibit 3 to Kline Declaration)(Petrocelli, Daniel) (Entered: 09/12/2011) |
| 09/12/2011 | 320 | ORDER from 9th CCA filed, CCA # 11−71844. This petition for writ of mandamus raises issues that warrant a response. Accordingly, within 14 days after the date of this order, the real party in interest shall file a response. Order received in this district on 9/12/11. (car) (Entered: 09/14/2011) |
| 09/13/2011 | 318 | STATUS REPORT of Re: the Court's July 7, 2011 Order (Docket No. 292) filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Toberoff, Marc) (Entered: 09/13/2011) |
| 09/13/2011 | 319 | RESPONSE filed by Plaintiff DC Comicsto Report 318 (Petrocelli, Daniel) (Entered: 09/13/2011) |
| 09/15/2011 | 321 | NOTICE OF ERRATA filed by Plaintiff DC Comics. correcting Joint Stipulation re Discovery Motion,,, 316 / *Notice of Errata re: Exhibits H−J to Declaration of Matthew T. Kline, Docket No. 316−1* (Attachments: # 1 Exhibit H to Matthew Kline Declaration, # 2 Exhibit I to Matthew Kline Declaration, # 3 Exhibit J to Matthew Kline Declaration)(Petrocelli, Daniel) (Entered: 09/15/2011) |

| 09/15/2011 | 322 | OBJECTIONS to Declaration (Motion related), Declaration (Motion related), Declaration (Motion related) 314 , Reply (Motion related), Reply (Motion related), Reply (Motion related) 312 / DC Comics' Evidentiary Objections To And Motion To Strike New Evidence Submitted With Toberoff Defendants' Reply Memorandum In Support Of Motion To Strike Plaintiff's State Law Causes Of Action Pursuant To California's Anti−Slapp Law (Cal. Code Civ. Proc. Sec. 425.16) filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 09/15/2011) |
|---|---|---|
| 09/15/2011 | 323 | ORDER ON PLAINTIFFS MOTION TO COMPEL OR FOR RECONSIDERATION [Doc 315] by Magistrate Judge Ralph Zarefsky: denying 315 Motion for Order. Plaintiffs motion to compel is denied. The matter has been ruled on, and there are no reasons within the rules to revisit the ruling. (mz) (Entered: 09/15/2011) |
| 09/21/2011 | 324 | RESPONSE filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavyto Objections − non−motion,, 322 Response to DC Comics' Objections and Motion to Strike New Evidence Re: Defendants' Anti−SLAPP Motion [Docket No. 145] (Attachments: # 1 Exhibit A)(Toberoff, Marc) (Entered: 09/21/2011) |
| 09/22/2011 | 325 | RESPONSE filed by Plaintiff DC Comicsto Objection/Opposition (Motion related), Objection/Opposition (Motion related), Objection/Opposition (Motion related) 313 /DC Comics' Responses to Defendants' Evidentiary Objections to the Declaration of Daniel M. Petrocelli in Support Of DC Comics' Updated, Initial Opposition to Defendants' Renewed Motion to Strike under California's Anti−Slapp Statute (Petrocelli, Daniel) (Entered: 09/22/2011) |
| 09/23/2011 | 326 | OBJECTIONS to Response (non−motion), Response (non−motion) 325 Objection to DC Comics' Second Sur−Reply in the Guise of Responses to Evidentiary Objections Re: Defendants' Anti−SLAPP Motion [Docket No. 145] filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Toberoff, Marc) (Entered: 09/23/2011) |
| 09/23/2011 | 327 | Joint Status REPORT of Docket Entries of Pending Motions Pursuant to the Court's July 7, 2011 Order filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Toberoff, Marc) (Entered: 09/23/2011) |
| 09/27/2011 | 328 | MINUTE ORDER IN CHAMBERS Striking Motions by Judge Otis D Wright, II: Defendants' piecemeal attacks in the form of three motions to dismiss are not welltaken 146 147 148 . Defendants' motions are ordered STRICKEN. Defendants may re−file one consolidated motion, not to exceed 25 pages. Defendants' motion to strike pursuant to California's Anti−SLAPP Statute 145 is taken under submission. (kpa) (Entered: 09/27/2011) |
| 09/28/2011 | 329 | NOTICE OF MOTION AND MOTION for Review of Magistrate's Order On Plaintiff's Motion To Compel Or, In The Alternative, For Reconsideration Of The Court's June 20 And April 11, 2011, Orders Pursuant To Fed. R. Civ. 72(A) and L.R. 72−2.1 re Order on Motion for Order, 323 filed by plaintiff DC Comics. Motion set for hearing on 10/31/2011 at 01:30 PM before Judge Otis D Wright II. (Attachments: # 1 Declaration of Jason H. Tokoro in Support of Motion, # 2 Exhibit A to Tokoro Declaration, # 3 Exhibit B to Tokoro Declaration, # 4 Proposed Order)(Petrocelli, Daniel) (Entered: 09/28/2011) |
| 10/04/2011 | 330 | STATUS REPORT in Response to the Court's September 27, 2011 Order (Docket No. 328) filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Toberoff, Marc) (Entered: 10/04/2011) |
| 10/08/2011 | 331 | Opposition to re: MOTION for Review of Magistrate's Order On Plaintiff's Motion To Compel Or, In The Alternative, For Reconsideration Of The Court's June 20 And April 11, 2011, Orders Pursuant To Fed. R. Civ. 72(A) and L.R. 72−2.1 re Order on Motion for MOTION for Review of Magistrate's Order On Plaintiff's Motion To Compel Or, In The Alternative, For Reconsideration Of The Court's June 20 And April 11, 2011, Orders Pursuant To Fed. R. Civ. 72(A) and L.R. 72−2.1 re Order on Motion for MOTION for Review of Magistrate's Order On Plaintiff's Motion To Compel Or, In The Alternative, For Reconsideration Of The Court's June 20 And April 11, 2011, Orders Pursuant To Fed. R. Civ. 72(A) and |

| | | L.R. 72–2.1 re Order on Motion for 329 filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Attachments: # 1 Proposed Order)(Toberoff, Marc) (Entered: 10/08/2011) |
|---|---|---|
| 10/13/2011 | 332 | REPLY in Support of Motion for Review of Magistrate's Order on Plaintiff's Motion to Compel or, in the Alternative, for Reconsideration of the Court's June 20 and April 11, 2011, Orders Pursuant to Fed. R. Civ. P. 72(A) and L.R. 72–2.1 329 filed by Plaintiff DC Comics. (Attachments: # 1 Supplemental Declaration of Jason H. Tokoro in Support of Motion for Review of Magistrate's Order, # 2 Exhibit 1 to Tokoro Declaration, # 3 Exhibit 2 to Tokoro Declaration)(Petrocelli, Daniel) (Entered: 10/13/2011) |
| 10/14/2011 | 333 | NOTICE OF MOTION AND MOTION to Dismiss Consolidated Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants Laura Siegel Larson(an individual), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel), Mark Warren Peary, Jean Adele Peavy. Motion set for hearing on 11/14/2011 at 01:30 PM before Judge Otis D Wright II. (Attachments: # 1 Request for Judicial Notice, # 2 Exhibits A–J to Request for Judicial Notice, # 3 Proposed Order)(Toberoff, Marc) (Entered: 10/14/2011) |
| 10/24/2011 | 334 | OPPOSITION re: MOTION to Dismiss Consolidated Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) MOTION to Dismiss Consolidated Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) 333 filed by Plaintiff DC Comics. (Attachments: # 1 Declaration of Matthew T. Kline in Support of Opposition, # 2 Exhibit 1 to Kline Declaration, # 3 Exhibit 2 to Kline Declaration, # 4 Exhibit 3 to Kline Declaration, # 5 Exhibit 4 to Kline Declaration, # 6 Request for Judicial Notice in Support of Opposition, # 7 Exhibit A to Request for Judicial Notice, # 8 Exhibit B to Request for Judicial Notice, # 9 Exhibit C to Request for Judicial Notice, # 10 Exhibit D to Request for Judicial Notice, # 11 Exhibit E to Request for Judicial Notice, # 12 Exhibit F to Request for Judicial Notice, # 13 Proposed Order)(Petrocelli, Daniel) (Entered: 10/24/2011) |
| 10/24/2011 | 335 | RESPONSE filed by Plaintiff DC Comics to Defendants' Request For Judicial Notice 333 (Petrocelli, Daniel) (Entered: 10/24/2011) |
| 10/24/2011 | 336 | ORDER by Judge Otis D Wright, II: granting 329 plaintiff DCComics Motion For Review Of Magistrates Order On Plaintiffs Motion ToCompel Or, In The Alternative, For Reconsideration Of The Courts June 20 AndApril 11, 2011, Orders Pursuant To Fed. R. Civ. P. 72(a) And L.R. 72–2.1 isGRANTED; and that defendants are hereby ordered to produce the July 2003 letterfrom Laura Siegel Larson to Michael Siegel identified by defendants as listed asLog Entry #82 on the Siegels supplemental privilege log in Case No. 04–8400ODW (RZx). (lc) (Entered: 10/25/2011) |
| 10/25/2011 | 337 | MINUTES (IN CHAMBERS) by Judge Otis D Wright, II: Order Denying Defendants Motion to Strike Pursuant to Anti–SLAPP Statute 145 . (lc) (Entered: 10/25/2011) |
| 10/31/2011 | 338 | REPLY in support of MOTION to Dismiss Consolidated Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) MOTION to Dismiss Consolidated Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) 333 filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Attachments: # 1 Supplemental Request for Judicial Notice and Exhibits A–B)(Toberoff, Marc) (Entered: 10/31/2011) |
| 11/02/2011 | 339 | NOTICE OF APPEAL to the 9th CCA filed by Defendants Laura Siegel Larson(an individual), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel), Mark Warren Peary, Jean Adele Peavy. Appeal of Order on Motion to Strike 337 (Appeal fee of $455 receipt number 0973–9457534 paid.) (Attachments: # 1 Representation Statement)(Toberoff, Marc) (Entered: 11/02/2011) |
| 11/02/2011 | 340 | NOTIFICATION by Circuit Court of Appellate Docket Number 10–56934, 9th CCA regarding Notice of Appeal to 9th Circuit Court of Appeals, 339 as to Defendants Laura Siegel Larson(an individual), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel), Mark Warren Peary, Jean Adele Peavy. (car) (Entered: 11/02/2011) |

| | | |
|---|---|---|
| 11/02/2011 | 341 | STATUS REPORT *Re : Case Status Pending Defendants' Latest Notice of Appeal on Slapp Issues* filed by Plaintiff DC Comics. (Attachments: # 1 Exhibit A to Status Report)(Petrocelli, Daniel) (Entered: 11/02/2011) |
| 11/03/2011 | 342 | MINUTES (IN CHAMBERS): ORDER Vacating Hearing on 333 Motion to Dismiss Consolidated Motion to Dismiss Pursuant to Fed.R.Civ.P.12(b)(6) by Judge Otis D Wright II: The hearing on the above–referenced motion, scheduled for November 14, 2011 is hereby VACATED. The matter stands submitted. An order will issue. (sch) (Entered: 11/03/2011) |
| 11/03/2011 | 343 | Notice of Withdrawal of Motion to Dismiss (cause or other), Motion to Dismiss (cause or other) 333 filed by Defendants Laura Siegel Larson(an individual), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel), Mark Warren Peary, Jean Adele Peavy. (Toberoff, Marc) (Entered: 11/03/2011) |
| 11/03/2011 | 344 | RESPONSE filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavyto Status Report 341 *Defendants' Response to DC Comics' November 2, 2011 Status Report* (Attachments: # 1 Exhibit 1)(Toberoff, Marc) (Entered: 11/03/2011) |
| 11/04/2011 | 345 | MINUTES (IN CHAMBERS): ORDER by Judge Otis D Wright II: AT THE REQUEST OF THE MOVING PARTY, the MOTION to Dismiss Consolidated Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) 333 is hereby WTHDRAWN. (sch) Modified on 8/30/2012 (lc). (Entered: 11/04/2011) |
| 11/14/2011 | 346 | ORDER from 9th CCA filed, CCA # 11–71844. The petition for a writ of mandamus, the response and rely to the petition and all pending motions are referred to the merits panel. Order received in this district on 11/14/2011. (dmap) (Entered: 11/16/2011) |
| 11/25/2011 | 347 | ANSWER to Amended Complaint, 49 filed by defendants IP Worldwide, LLC, IPW, LLC, Pacific Pictures Corporation, Marc Toberoff.(Daum, Nicholas) (Entered: 11/25/2011) |
| 11/25/2011 | 348 | ANSWER to Amended Complaint, 49 filed by Defendant Laura Siegel Larson(an individual), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel).(Toberoff, Marc) (Entered: 11/25/2011) |
| 11/25/2011 | 349 | ANSWER to Amended Complaint, 49 filed by Defendants Mark Warren Peary, Jean Adele Peavy.(Toberoff, Marc) (Entered: 11/25/2011) |
| 11/28/2011 | 350 | ORDER setting Scheduling Conference set for 2/6/2012 at 01:30 PM; compliance with FRCP 26(f) and filing of report and other instructions. Counsel for plaintiff shall immediately serve this Order on all parties, including any new parties to the action by Judge Otis D Wright II. (sch) (Entered: 11/28/2011) |
| 12/08/2011 | 351 | Joint STIPULATION for Order to Bifurcate DC Comics' First Claim For Relief Pursuant To Fed. R. Civ. P. 42(B) And To Schedule A Trial On That Claim filed by plaintiff DC Comics. (Attachments: # 1 Proposed Order)(Petrocelli, Daniel) (Entered: 12/08/2011) |
| 12/09/2011 | 352 | NOTICE of Change of address by Marc Toberoff attorney for Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. Changing attorneys address to 22631 Pacific Coast Highway #348, Malibu, California 90265. Filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Toberoff, Marc) (Entered: 12/09/2011) |
| 12/09/2011 | 353 | NOTICE of Change of address by Marc Toberoff attorney for Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. Changing attorneys address to 22631 Pacific Coast Highway #348, Malibu, California 90265. Filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Toberoff, Marc) (Entered: 12/09/2011) |
| 12/12/2011 | 354 | ORDER DENYING Stipulation to Bifurcate DC Comic's first claim for relief 351 by Judge Otis D Wright II. DENIED by Order of the Court. (sch) (Entered: 12/13/2011) |

| 01/03/2012 | 355 | NOTICE OF MOTION AND MOTION for Leave to Serve Excess Interrogatories / *Motion for Leave to Serve Six Additional Interrogatories on Defendant Marc Toberoff* filed by plaintiff DC Comics. Motion set for hearing on 1/30/2012 at 10:00 AM before Magistrate Judge Ralph Zarefsky. (Attachments: #_1 Proposed Order Granting DC Comics' Motion)(Petrocelli, Daniel) (Entered: 01/03/2012) |
|---|---|---|
| 01/03/2012 | 356 | JOINT STIPULATION to MOTION for Leave to Serve Excess Interrogatories / *Motion for Leave to Serve Six Additional Interrogatories on Defendant Marc Toberoff* 355 filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 01/03/2012) |
| 01/03/2012 | 357 | DECLARATION of Cassandra Seto in support of MOTION for Leave to Serve Excess Interrogatories / *Motion for Leave to Serve Six Additional Interrogatories on Defendant Marc Toberoff* 355 filed by Plaintiff DC Comics. (Attachments: #_1 Exhibits A through C, #_2 Exhibit D (Part 1 of 2), #_3 Exhibit D (Part 2 of 2), #_4 Exhibits E through R)(Petrocelli, Daniel) (Entered: 01/03/2012) |
| 01/03/2012 | 358 | DECLARATION of Keith Adams in opposition to MOTION for Leave to Serve Excess Interrogatories / *Motion for Leave to Serve Six Additional Interrogatories on Defendant Marc Toberoff* 355 filed by Defendants Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Attachments: #_1 Exhibit A, #_2 Exhibit B)(Petrocelli, Daniel) (Entered: 01/03/2012) |
| 01/06/2012 | 359 | MEMORANDUM in Support of MOTION for Leave to Serve Excess Interrogatories / *Motion for Leave to Serve Six Additional Interrogatories on Defendant Marc Toberoff* 355 *Supplemental Memorandum In Support* filed by Plaintiff DC Comics. (Attachments: #_1 Supplemental Declaration Of Cassandra Seto In Support, #_2 Exhibit A – To C. Seto Declaration)(Petrocelli, Daniel) (Entered: 01/06/2012) |
| 01/23/2012 | 360 | NOTICE OF MOTION AND MOTION for Leave to to Conduct Further Deposition of Dawn Peavy filed by Plaintiff DC Comics. Motion set for hearing on 2/13/2012 at 10:00 AM before Magistrate Judge Ralph Zarefsky. (Attachments: #_1 Declaration of Cassandra Seto in Support of Motion, #_2 Exhibit A – W to Seto Declaration, #_3 Proposed Order)(Petrocelli, Daniel) (Entered: 01/23/2012) |
| 01/23/2012 | 361 | NOTICE OF MOTION AND MOTION to Compel Production of Corporate Records and Other Documents From Toberoff Defendants filed by plaintiff DC Comics. Motion set for hearing on 2/13/2012 at 10:00 AM before Magistrate Judge Ralph Zarefsky. (Attachments: #_1 Declaration of Cassandra Seto in Support of Motion, #_2 Exhibit 1–32 to Seto Declaration, #_3 Exhibit 33–39 to Seto Declaration, #_4 Proposed Order)(Petrocelli, Daniel) (Entered: 01/23/2012) |
| 01/23/2012 | 362 | NOTICE OF MOTION AND MOTION to Compel Production of Documents filed by plaintiff DC Comics. Motion set for hearing on 2/13/2012 at 10:00 AM before Magistrate Judge Ralph Zarefsky. (Attachments: #_1 Declaration of Cassandra Seto in Support of Motion, #_2 Exhibits A–H to Seto Declaration, #_3 Proposed Order)(Petrocelli, Daniel) (Entered: 01/23/2012) |
| 01/23/2012 | 363 | DECLARATION of Matthew T. Kline MOTION to Compel Production of Corporate Records and Other Documents From Toberoff Defendants 361 , MOTION for Leave to to Conduct Further Deposition of Dawn Peavy 360 , MOTION to Compel Production of Documents 362 filed by Plaintiff DC Comics. (Attachments: #_1 Exhibits A–H to Kline Declaration)(Petrocelli, Daniel) (Entered: 01/24/2012) |
| 01/24/2012 | 364 | STATUS REPORT / *Joint Status Report* filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 01/24/2012) |
| 01/24/2012 | 365 | ORDER by Magistrate Judge Ralph Zarefsky granting 355 Plaintiff's Motion for Leave to Propound Additional Interrogatories. The hearing set 1/30/12 is vacated. (See document for details). (ib) (Entered: 01/24/2012) |
| 01/30/2012 | 366 | Opposition re: MOTION for Leave to to Conduct Further Deposition of Dawn Peavy 360 filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Attachments: #_1 Declaration of Keith Adams, #_2 Exhibits A–G)(Toberoff, Marc) (Entered: 01/30/2012) |

| 01/30/2012 | 367 | Opposition re: MOTION to Compel Production of Corporate Records and Other Documents From Toberoff Defendants 361 filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Attachments: # 1 Declaration of Keith Adams, # 2 Exhibits A–C)(Toberoff, Marc) (Entered: 01/30/2012) |
|---|---|---|
| 01/30/2012 | 368 | Opposition re: MOTION to Compel Production of Documents 362 filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Attachments: # 1 Declaration of Keith Adams, # 2 Exhibits A–D)(Toberoff, Marc) (Entered: 01/30/2012) |
| 01/30/2012 | 369 | OBJECTIONS to Declaration (Motion related), Declaration (Motion related) 363 *Objection to the Declaration of Matthew Kline re: February 13, 2012 Motions (Docket Nos. 360–362)* filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Toberoff, Marc) (Entered: 01/30/2012) |
| 01/30/2012 | 370 | ORDER from 9th CCA filed re: Notice of Appeal to 9th Circuit Court of Appeals, 339 filed by Mark Warren Peary, Jean Adele Peavy, Laura Siegel Larson, CCA # 11–71844, 11–56934. Order received in this district on 1/30/12. The time allocated for oral argument in this case shall be reduced. Each side shall now have ten minutes to present oral argument in Pasadena, California on February 7, 2012. (cbr) (Entered: 01/31/2012) |
| 02/01/2012 | 371 | REPLY in support of MOTION for Leave to to Conduct Further Deposition of Dawn Peavy 360 filed by Plaintiff DC Comics. (Attachments: # 1 Declaration of Jason H. Tokoro In Support Of, # 2 Exhibit A to Tokoro Declaration, # 3 Exhibit B to Tokoro Declaration, # 4 Exhibit C to Tokoro Declaration)(Petrocelli, Daniel) (Entered: 02/01/2012) |
| 02/01/2012 | 372 | REPLY In Support Of MOTION to Compel Production of Documents 362 filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 02/01/2012) |
| 02/02/2012 | 373 | MINUTE ORDER (IN CHAMBERS): Order Vacating Scheduling Conference by Judge Otis D Wright, II. The Court is in receipt of the parties' Joint Status Report re Rule 26. The Court has reviewed the report and deems a scheduling conference unnecessary. Accordingly, the scheduling conference presently set for February 6, 2012 at 1:30 p.m., is hereby VACATED, and no appearances are necessary. A Scheduling and Case Management Order will issue. (cch) (Entered: 02/02/2012) |
| 02/06/2012 | 374 | REPLY in support of MOTION to Compel Production of Corporate Records and Other Documents From Toberoff Defendants 361 filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 02/06/2012) |
| 02/09/2012 | 375 | Objection re: MOTION to Compel Production of Corporate Records and Other Documents From Toberoff Defendants 361 , MOTION for Leave to to Conduct Further Deposition of Dawn Peavy 360 , MOTION to Compel Production of Documents 362 *Objection to Replies in Support of DC Comics' Motions to Compel Set for Hearing on February 13, 2012* filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Toberoff, Marc) (Entered: 02/09/2012) |
| 02/10/2012 | 376 | RESPONSE IN SUPPORT of MOTION to Compel Production of Corporate Records and Other Documents From Toberoff Defendants 361 , MOTION for Leave to to Conduct Further Deposition of Dawn Peavy 360 , MOTION to Compel Production of Documents 362 */Response to Defendants' Objection to replies in support of DC Comics' Motion to Compel set for hearing on February 13, 2012 375* filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 02/10/2012) |
| 02/13/2012 | 377 | MINUTES OF Motion Hearing held before Magistrate Judge Ralph Zarefsky granting with limitations Plaintiff's 360 Motion to conduct further deposition; granting in part and denying in part Plaintiff's 361 Motion to Compel production of corporate records and other documents; Plaintiff's 362 Motion to Compel production of documents is submitted. Recorded on Courtsmart.(ib)Court Recorder: Recorded on Courtsmart. (ib) (Entered: 02/14/2012) |
| 02/15/2012 | 378 | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS 362 by Magistrate Judge Ralph Zarefsky. (See document for |

| | | details). (ib) (Entered: 02/15/2012) |
|---|---|---|
| 02/16/2012 | 379 | TRANSCRIPT ORDER for date of proceedings 02/13/2012 to 02/13/2012 as to plaintiff DC Comics Court Reporter Katie E. Thibodeaux. Court will contact Kevin Peralta at kperalta@omm.com with any questions regarding this order. Transcript portion requested: Pre–Trial Proceeding: 02/13/2012. Category: Expedited. Transcript preparation will not begin until payment has been satisfied with the court reporter/recorder. (Seto, Cassandra) (Entered: 02/16/2012) |
| 02/16/2012 | | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Transcript Order Form (AO–435) 379 . The following error(s) was found: Other Form AO435 Transcript Order Form must be amended to address: Incorrect reporter. The hearing you are requesting was a digitally recorded proceeding. Please select CourtSmart. You must electronically refile the above referenced Request for Transcript in this case to correct this deficiency. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY.(dc) TEXT ONLY ENTRY (Entered: 02/16/2012) |
| 02/16/2012 | 380 | TRANSCRIPT ORDER for date of proceedings 2/13/2012 to 2/13/2012 as to plaintiff DC Comics Court Smart (CS). Court will contact Kevin Peralta at kperalta@omm.com with any questions regarding this order. Transcript portion requested: Pre–Trial Proceeding: 2/13/2012. Category: Expedited. Transcript preparation will not begin until payment has been satisfied with the court reporter/recorder. (Seto, Cassandra) (Entered: 02/16/2012) |
| 02/17/2012 | 381 | AMENDMENT TO ORDER 378 DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS 362 by Magistrate Judge Ralph Zarefsky: Page 6, Line 3 of the Court's Order is amended as follows: change "Ms. Siegel" to "Ms. Larson". Except as so amended, the order remains the same. (ib) (Entered: 02/17/2012) |
| 02/24/2012 | 382 | TRANSCRIPT for proceedings held on FEBRUARY 13, 2012; 9:52 A.M. Court Reporter/Electronic Court Recorder: DOROTHY BABYKIN COURTHOUSE SERVICES, phone number (626) 963–0566. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 3/16/2012. Redacted Transcript Deadline set for 3/26/2012. Release of Transcript Restriction set for 5/24/2012. (mw) (Entered: 02/24/2012) |
| 02/24/2012 | 383 | NOTICE OF FILING TRANSCRIPT filed for proceedings FEBRUARY 13, 2012; 9:52 A.M (mw) (Entered: 02/24/2012) |
| 02/24/2012 | 384 | NOTICE of Change of Attorney Information for attorney Marc Toberoff counsel for Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. Adding Pablo D. Arredondo as attorney as counsel of record for Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy for the reason indicated in the G–06 Notice. Filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy (Toberoff, Marc) (Entered: 02/24/2012) |
| 02/27/2012 | 385 | NOTICE OF MOTION AND MOTION for Review of of Magistrate's Order on Plaintiff's Motion to Compel Production of Documents re Order on Motion to Compel 378 filed by plaintiff DC Comics. Motion set for hearing on 3/26/2012 at 01:30 PM before Judge Otis D Wright II. (Attachments: # 1 Declaration of Jason H. Tokoro in Support of Motion, # 2 Exhibit A to Tokoro Declaration, # 3 Exhibit B to Tokoro Declaration, # 4 Exhibit C to Tokoro Declaration, # 5 Exhibit D to Tokoro Declaration, # 6 Exhibit E to Tokoro Declaration, # 7 Exhibit F to Tokoro Declaration, # 8 Proposed Order)(Petrocelli, Daniel) (Entered: 02/27/2012) |
| 03/05/2012 | 386 | Opposition re: MOTION for Review of of Magistrate's Order on Plaintiff's Motion to Compel Production of Documents re Order on Motion to Compel 378 MOTION for Review of of Magistrate's Order on Plaintiff's Motion to Compel Production of Documents re Order on Motion to Compel 378 MOTION for Review of of Magistrate's Order on Plaintiff's Motion to Compel Production of Documents re Order on Motion to Compel 378 385 filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Attachments: # 1 |

| | | |
|---|---|---|
| | | Declaration of Keith Adams and Exhibit A, #_2 Proposed Order)(Toberoff, Marc) (Entered: 03/05/2012) |
| 03/07/2012 | 387 | REPLY IN SUPPORT OF MOTION for Review of of Magistrate's Order on Plaintiff's Motion to Compel Production of Documents re Order on Motion to Compel 378 MOTION for Review of of Magistrate's Order on Plaintiff's Motion to Compel Production of Documents re Order on Motion to Compel 378 MOTION for Review of of Magistrate's Order on Plaintiff's Motion to Compel Production of Documents re Order on Motion to Compel 378 385 filed by Plaintiff DC Comics. (Attachments: #_1 Supplemental Declaration of Cassandra Seto In Support of Motion, #_2 Exhibits A–D to Seto Supplemental Declaration)(Petrocelli, Daniel) (Entered: 03/07/2012) |
| 03/12/2012 | 388 | NOTICE of Change of address by Marc Toberoff attorney for Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. Changing attorneys address to 22337 Pacific Coast Highway, #348 Malibu, CA 90265. Filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Attachments: #_1 G–06 Keith G. Adams, #_2 G–06 Pablo D. Arredondo)(Toberoff, Marc) (Entered: 03/12/2012) |
| 03/21/2012 | 389 | ORDER by Judge Otis D Wright, II DENIED DC Comics' Notice of Motion and Motion for Review of Magistrate's Order on Plaintiff's Motion to Compel Production of Documents re Order on Motion to Compel Production of Documents FRCP 72(A) and L.R. 72–2.1 385 . (jp) (Entered: 03/21/2012) |
| 04/11/2012 | 390 | ORDER from 9th CCA filed, CCA # 11–71844. The Order Order received in this district on 4/11/12. Plaintiff–Real Party in Interest D.C. Comics' Motion to Strike One Paragraph of Defendants–Petitioners Reply in Support of Petition for Writ of Mandamus is DENIED. (cbr) (Entered: 04/12/2012) |
| 04/25/2012 | 391 | EX PARTE APPLICATION for Order for lifting temporary stay on court's May 25, 2011, and August 8, 2011, orders filed by plaintiff DC Comics. (Attachments: #_1 Proposed Order, #_2 Declaration of Cassandra Seto in support of, #_3 Exhibits A through H to Seto Declaration)(Petrocelli, Daniel) (Entered: 04/25/2012) |
| 04/25/2012 | 392 | REQUEST FOR AN EXTENSION OF TIME TO RESPOND TO APRIL 30, 2012 RE: re EX PARTE APPLICATION for Order for lifting temporary stay on court's May 25, 2011, and August 8, 2011, orders 391 filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Attachments: #_1 Declaration of Keith Adams and Exhibit A)(Toberoff, Marc) (Entered: 04/25/2012) |
| 04/26/2012 | 393 | NOTICE of Manual Filing filed by Plaintiff DC Comics of Unopposed Application to Have Exhibit A to Tokoro Declaration in Support of Motion to Enforce the Courts February 13, 2012 Order Placed Under Seal; Exhibit A to Tokoro Declaration, Declaration of Cassandra Seto in Support of Unopposed Application, [Proposed Order] Granting Unopposed Application. (Petrocelli, Daniel) (Entered: 04/26/2012) |
| 04/26/2012 | 394 | NOTICE OF MOTION AND MOTION to Compel Production of Documents and for Reconsideration of the Court's June 27, 2011, Ruling filed by Plaintiff DC Comics. Motion set for hearing on 5/21/2012 at 10:00 AM before Magistrate Judge Ralph Zarefsky. (Attachments: #_1 Proposed Order)(Petrocelli, Daniel) (Entered: 04/26/2012) |
| 04/26/2012 | 395 | DECLARATION of Ashley K. Pearson in support of MOTION to Compel Production of Documents and for Reconsideration of the Court's June 27, 2011, Ruling 394 filed by Plaintiff DC Comics. (Attachments: #_1 Exhibit A–P)(Petrocelli, Daniel) (Entered: 04/26/2012) |
| 04/26/2012 | 396 | NOTICE OF MOTION AND MOTION to Enforce the Court's February 13, 2012, Order filed by Plaintiff DC Comics. Motion set for hearing on 5/21/2012 at 10:00 AM before Magistrate Judge Ralph Zarefsky. (Attachments: #_1 Proposed Order)(Petrocelli, Daniel) (Entered: 04/26/2012) |
| 04/26/2012 | 397 | DECLARATION of Jason H. Tokoro in support of MOTION to Enforce the Court's February 13, 2012, Order 396 *[Publically Redacted]* filed by Plaintiff DC |

| | | |
|---|---|---|
| | | Comics. (Attachments: # 1 Exhibit A, # 2 Exhibit B – E)(Petrocelli, Daniel) (Entered: 04/26/2012) |
| 04/26/2012 | 398 | DECLARATION of Cassandra Seto Pursuant to Local Rule 37–2.4 Regarding MOTION to Enforce the Court's February 13, 2012, Order 396 , MOTION to Compel Production of Documents and for Reconsideration of the Court's June 27, 2011, Ruling 394 filed by Plaintiff DC Comics. (Attachments: # 1 Exhibit A – C)(Petrocelli, Daniel) (Entered: 04/26/2012) |
| 04/26/2012 | 399 | NOTICE OF ERRATA filed by Plaintiff DC Comics. correcting Declaration (Motion related), Declaration (Motion related) 398 (Attachments: # 1 Exhibit C)(Petrocelli, Daniel) (Entered: 04/26/2012) |
| 04/26/2012 | 400 | MINUTE ORDER IN CHAMBERS by Magistrate Judge Ralph Zarefsky re Plaintiff's EX PARTE APPLICATION to lift temporary stay on court's 5/25/11 and 8/8/11 orders 391 : Defendants shall have until 4/30/12 at 12:00pm to file a response to Plaintiff's ex parte application to lift temporary stay. Plaintiff's request for a hearing on 4/30/12 is denied. If the Court desires a hearing, it will set one after reviewing Defendants' response. (ib) (Entered: 04/26/2012) |
| 04/26/2012 | 402 | DC COMICS' UNOPPOSED APPLICATION UNDER L.R. 795.1 TO HAVE EXHIBIT A TO THE DECLARATION OF JASON H. TOKORO IN SUPPORT OF DC COMICS' MOTION TO ENFORCE THE COURT'S FEBRUARY 13,2012, ORDER PLACED UNDER SEAL filed by Plaintiff DC Comics. Lodged Proposed Order. (mz) (Entered: 04/30/2012) |
| 04/26/2012 | 403 | DECLARATION OF CASSANDRA SETO IN SUPPORT OF DC COMICS' UNOPPOSED APPLICATION UNDER L.R. 795.1 TO HAVE EXHIBIT A TO THE DECLARATION OF JASON H. TOKORO IN SUPPORT OF DC COMICS' MOTION TO ENFORCE THE COURT'S FEBRUARY 13, 2012, ORDERPLACED UNDER SEAL, 402 filed by Plaintiff DC Comics. (mz) (Entered: 04/30/2012) |
| 04/27/2012 | 406 | ORDER from 9th CCA filed, CCA # 11–71844. Petitioners' Motion for an Extension of Time to File Petition for Rehearing and for Rehearing En Banc is DENIED. Order received in this district on 4/27/12. (car) Modified on 5/2/2012 (car). (Entered: 05/02/2012) |
| 04/30/2012 | 401 | Opposition re: re: EX PARTE APPLICATION for Order for lifting temporary stay on court's May 25, 2011, and August 8, 2011, orders 391 filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Attachments: # 1 Declaration of Keith Adams and Exhibit A)(Toberoff, Marc) (Entered: 04/30/2012) |
| 04/30/2012 | | Notice of Electronic Filing re Objection/Opposition (Motion related), Objection/Opposition (Motion related) 401 e–mailed to pperkins@ptplaw.com bounced due to 5.1.0 – Unknown address error 550–'5.1.1 User unknown. The primary e–mail address associated with the attorney record has been deleted. Pursuant to the General Order and Local Rules it is the attorneys obligation to maintain all personal contact information including e–mail address in the CM/ECF system. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY.(tyw) TEXT ONLY ENTRY (Entered: 04/30/2012) |
| 04/30/2012 | 404 | MINUTE ORDER IN CHAMBERS by Magistrate Judge Ralph Zarefsky: The Court construes Plaintiff's EX PARTE APPLICATION for Order for lifting temporary stay on court's May 25, 2011, and August 8, 2011, orders 391 as an ex parte application to shorten time and, as so construed, grants the application. Hearing on the underlying motion to lift the stay is set for 5/7/12 at 10AM. Any reply by Plaintiff shall be filed by 5/2/12 at 12:00pm. (ib) (Entered: 04/30/2012) |
| 05/01/2012 | 407 | SEALED DOCUMENT– EXHIBIT A to the Declaration of Jason H. Tokoro in Support of DC Comics' MOTION to Enforce the Court's February 13, 2012, Order.(mat) (Entered: 05/02/2012) |
| 05/01/2012 | 417 | ORDER GRANTING DC COMICS' UNOPPOSED APPLICATION UNDER L.R. 79–5.1 TO HAVE EXHIBIT A TO THE DECLARATION OF JASON H. TOKORO IN SUPPORT OF DC COMICS' MOTION TO ENFORCE THE |

| | | COURT'S FEBRUARY 13, 2012, ORDER PLACED UNDER SEAL by Magistrate Judge Ralph Zarefsky: granting 402 Application to Seal. (mz) (Entered: 05/09/2012) |
|---|---|---|
| 05/02/2012 | 405 | REPLY in support of EX PARTE APPLICATION for Order for lifting temporary stay on court's May 25, 2011, and August 8, 2011, orders 391 filed by Plaintiff DC Comics. (Attachments: # 1 Declaration of Ashley K. Pearson, # 2 Exhibit A to Declaration of Ashley K. Pearson)(Petrocelli, Daniel) (Entered: 05/02/2012) |
| 05/06/2012 | 408 | DECLARATION of Daniel M. Petrocelli in support of EX PARTE APPLICATION for Order for lifting temporary stay on court's May 25, 2011, and August 8, 2011, orders 391 /Supplemental Declaration w/ Exhibit A filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 05/06/2012) |
| 05/07/2012 | 409 | TRANSCRIPT ORDER for date of proceedings 05/07/2012 to 05/07/2012 as to Defendant Laura Siegel Larson(an individual), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel), Mark Warren Peary, Jean Adele Peavy Court Smart (CS). Court will contact Pablo Arredondo at parredondo@ipwla.com with any questions regarding this order. Transcript portion requested: Pre–Trial Proceeding: 05/07/2012. Category: Hourly. Transcript preparation will not begin until payment has been satisfied with the court reporter/recorder. (Toberoff, Marc) (Entered: 05/07/2012) |
| 05/07/2012 | 410 | NOTICE of Manual Filing filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy of Exhibit B to Declaration of Pablo D. Arredondo in Support of Opposition to DC Motion to Enforce Court's February 13, 2012 Order. (Toberoff, Marc) (Entered: 05/07/2012) |
| 05/07/2012 | 411 | TRANSCRIPT ORDER for date of proceedings 05/07/2012 to 05/07/2012 as to plaintiff DC Comics Court Smart (CS). Court will contact Leonard Clark at lclark@omm.com with any questions regarding this order. Transcript portion requested: Pre–Trial Proceeding: 05/07/2012. Category: Hourly. Transcript preparation will not begin until payment has been satisfied with the court reporter/recorder. (Petrocelli, Daniel) (Entered: 05/07/2012) |
| 05/07/2012 | 412 | OPPOSITION Opposition re: MOTION to Compel Production of Documents and for Reconsideration of the Court's June 27, 2011, Ruling 394 filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Attachments: # 1 Declaration, # 2 Exhibit)(Toberoff, Marc) (Entered: 05/07/2012) |
| 05/07/2012 | 413 | OPPOSITION Opposition re: MOTION to Enforce the Court's February 13, 2012, Order 396 filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Attachments: # 1 Declaration, # 2 Exhibit)(Toberoff, Marc) (Entered: 05/07/2012) |
| 05/07/2012 | 416 | MINUTES OF Motion Hearing held before Magistrate Judge Ralph Zarefsky: The Court orders the temporary stays ordered on 5/25/11 and 8/8/11, lifted, effective 5/11/12 at 12:00pm. Re: 391 Plaintiff's Ex Parte Application to lift stays. Recorded on Courtsmart. (ib) (Entered: 05/08/2012) |
| 05/07/2012 | 418 | DEFENDANTS' UNOPPOSED APPLICATION UNDER L.R. 79–5.1 TO HAVE EXHIBIT B TO THE DECLARATION OF PABLO D. ARREDONDO IN SUPPORT OF DEFENDANTS' OPPOSITION TO DE COMICS' MOTION TO ENFORCE THE COURT'S FEBRUARY 13, 2012 ORDER PLACED UNDER SEAL filed by Defendants Laura Siegel Larson(an individual), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel), Mark Warren Peary, and Jean Adele Peavy. Lodged Proposed Order. (mz) (Entered: 05/09/2012) |
| 05/07/2012 | 419 | DECLARATION OF PABLO D. ARREDONDO IN SUPPORT OF DEFENDANTS' UNOPPOSED APPLICATION UNDER L.R. 795.1 TO THE DECLARATION OF PABLO D. ARREDONDO IN SUPPORT OF DEFENDANTS' OPPOSITION TO DC COMICS' MOTION TO ENFORCE THE COURT'S FEBURARY 1* 2012 ORDER PLACED UNDEK SEAL, 418 filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, and Jean Adele Peavy. (mz) (Entered: 05/09/2012) |

**ER-1664**

| 05/08/2012 | 414 | TRANSCRIPT for proceedings held on 5/7/12 10:03 a.m.. Court Reporter/Electronic Court Recorder: Babykin Courthouse Services, phone number (626) 963−0566. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 5/29/2012. Redacted Transcript Deadline set for 6/8/2012. Release of Transcript Restriction set for 8/6/2012. (ha) (Entered: 05/08/2012) |
|---|---|---|
| 05/08/2012 | 415 | NOTICE OF FILING TRANSCRIPT filed for proceedings 5/7/12 10:03 a.m. (ha) (Entered: 05/08/2012) |
| 05/09/2012 | 420 | EX PARTE APPLICATION for Protective Order for Regarding the Production of the "Stolen Documents" filed by Defendants Laura Siegel Larson(an individual), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel), Mark Warren Peary, Jean Adele Peavy. (Attachments: #_1 Declaration of Marc Toberoff and Exhibits A−J, #_2 Proposed Order and Exhibit A)(Toberoff, Marc) (Entered: 05/09/2012) |
| 05/09/2012 | 421 | ORDER GRANTING DEFENDANTS' UNOPPOSED APPLICATION UNDER L.R. 795.1 TO HAVE EXHIBIT B TO THE DECLARATION OF PABLO D. ARREDONDO IN SUPPORT OF DEFENDANTS' OPPOSITION TO DC COMICS' MOTION TO ENFORCE COURT'S FEBRUARY 13,2012 ORDER PLACED UNDER SEAL by Magistrate Judge Ralph Zarefsky: granting_418 Application to Seal. (mz) (Entered: 05/10/2012) |
| 05/09/2012 | 423 | SEALED DOCUMENT− EXHIBIT B to Declaration of Pablo D. arredondo in Support of Defendants' Opposition to DC Comics' Motion to Enforce the Court's February 13, 2012, Order. (mat) (Entered: 05/10/2012) |
| 05/10/2012 | 422 | OPPOSITION to EX PARTE APPLICATION for Protective Order for Regarding the Production of the "Stolen Documents"_420 filed by Plaintiff DC Comics. (Attachments: #_1 Declaration of Cassandra Seto in support of Opposition, #_2 Exhibit A to Declaration of Seto, #_3 Exhibits B through E to Declaration of Seto, #_4 Exhibit F to Declaration of Seto, #_5 Exhibit G to Declaration of Seto)(Petrocelli, Daniel) (Entered: 05/10/2012) |
| 05/10/2012 | 424 | MINUTES (IN CHAMBERS) ORDER by Magistrate Judge Ralph Zarefsky granting in part and denying in part_420 Defendants' Ex Parte Application for Protective Order. (See document for details). (ib) (Entered: 05/10/2012) |
| 05/10/2012 | 425 | ORDER AMENDING OPINION from 9th CCA filed, CCA # 11−71844. In the opinion filed in this case on 4/17/12, we referred to allegations of misconduct made against an attorney by the name of David Michaels. That opinion is hereby amended to reflect that there has been no finding of wrongdoing on the part of Mr. Michaels. The amended opinion is filed concurrently with this order. This order does not affect any petitions for rehearing currently before the court, but no further petitions for rehearing will be accepted. Order received in this district on 5/10/12. (car) Modified on 5/14/2012 (car). (Entered: 05/14/2012) |
| 05/10/2012 | 429 | ORDER from 9th CCA filed, CCA # 11−71844. Petitioner's Motion for Stay Pending Decision on Petition for Rehearing and Rehearing En Banc is DENIED. Petitioner's Motion to Exceed Word Limitation for Petition for Rehearing En Banc is GRANTED. Order received in this district on 5/10/12. (car) (Entered: 05/15/2012) |
| 05/14/2012 | 426 | REPLY in Support of MOTION to Enforce the Court's February 13, 2012, Order 396 filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 05/14/2012) |
| 05/14/2012 | 427 | REPLY in Support of MOTION to Compel Production of Documents and for Reconsideration of the Court's June 27, 2011, Ruling_394 filed by Plaintiff DC Comics. (Attachments: #_1 Supplemental Declaration of Jason H. Tokoro in Support of Reply in Support of Motion to Compel, #_2 Exhibits A thru F to Tokoro Declaration, #_3 Exhibit G Part 1 of 9 to Tokoro Declaration, #_4 Exhibit G Part 2 of 9 to Tokoro Declaration, #_5 Exhibit G Part 3 of 9 to Tokoro Declaration, #_6 Exhibit G Part 4 of 9 to Tokoro Declaration, #_7 Exhibit G Part 5 of 9 to Tokoro Declaration, #_8 Exhibit G Part 6 of 9 to Tokoro Declaration, #_9 Exhibit G Part 7 of 9 to Tokoro Declaration, #_10 Exhibit G Part 8 of 9 to Tokoro Declaration, #_11 |

| | | Exhibit G Part 9 of 9 to Tokoro Declaration, # 12 Exhibit H to Tokoro Declaration, # 13 Exhibit I to Tokoro Declaration)(Petrocelli, Daniel) (Entered: 05/14/2012) |
|---|---|---|
| 05/15/2012 | 428 | NOTICE of Manual Filing by Plaintiff DC Comics of Unopposed Application to have Exhibits H and I to Tokoro Declaration placed Under Seal; Exhibit H to Tokoro Declaration; Exhibit I to Tokoro Declaration; Declaration of Cassandra Seto; [Proposed] Order Granting Unopposed Application. (Petrocelli, Daniel) (Entered: 05/15/2012) |
| 05/15/2012 | 435 | DC COMICS' UNOPPOSED APPLICATION UNDER L.R. 795.1 TO HAVE EXHIBITS H AND I TO THE DECLARATION OF JASON H. TOKORO IN SUPPORT OF DC COMICS' REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FOR RECONSIDERATION OF THE COURT'S JUNE 27, 2011, RULING PLACED UNDER SEAL filed by Plaintiff DC Comics. Lodged Proposed Order. (mz) (Entered: 05/21/2012) |
| 05/15/2012 | 436 | DECLARATION OF CASSANDRA SETO IN SUPPORT OF DC COMICS' UNOPPOSED APPLICATION UNDER L.R. 795.1 TO HAVE EXHIBITS H AND I TO THE DECLARATION OF JASON H. TOKORO IN SUPPORT OF DC COMICS' REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OFDOCUMENTS AND FOR RECONSIDERATION OF THE COURT'S JUNE 27, 2011,RULING PLACED UNDER SEAL, 435 filed by Plaintiff DC Comics. (mz) (Entered: 05/21/2012) |
| 05/17/2012 | 430 | OBJECTION re: MOTION to Enforce the Court's February 13, 2012, Order 396 , MOTION to Compel Production of Documents and for Reconsideration of the Court's June 27, 2011, Ruling 394 filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Toberoff, Marc) (Entered: 05/17/2012) |
| 05/17/2012 | 431 | DECLARATION of Pablo D. Arredondo regarding MOTION to Enforce the Court's February 13, 2012, Order 396 , MOTION to Compel Production of Documents and for Reconsideration of the Court's June 27, 2011, Ruling 394 filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Toberoff, Marc) (Entered: 05/17/2012) |
| 05/17/2012 | 432 | MINUTE ORDER IN CHAMBERS by Magistrate Judge Ralph Zarefsky: On the Court's own motion, the hearings on Plaintiff's Motions to 1) Compel the Production of Documents and for Reconsideration of the Court's 6/27/11 Ruling 394 and 2) Enforce the Court's 2/13/12 Order 396 , concurrently set for hearing on 5/21/12 at 10:00AM are continued to 5/29/12 at 10:00AM. (ib) (Entered: 05/17/2012) |
| 05/18/2012 | 433 | RESPONSE IN SUPPORT of MOTION to Compel Production of Documents and for Reconsideration of the Court's June 27, 2011, Ruling 394 / DC Comic's Response To Defendants' Objection To Exhibits G – I Of Jason Tokoro's Declaration In Support Of DC Comic's Reply In Support Of Motion To Compel Production Of Documents And For Reconsideration Of The Court's June 27, 2011 Ruling filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 05/18/2012) |
| 05/18/2012 | 434 | DECLARATION of Ashley K. Pearson In Support Of MOTION to Compel Production of Documents and for Reconsideration of the Court's June 27, 2011, Ruling 394 / Declaration Of Ashley K. Pearson In Support Of DC Comic's Response To Defendants' Objection To Exhibits G – I Of Jason Tokoro's Declaration In Support Of DC Comics' Reply In Support Of Motion To Compel Production Of Documents And For Reconsideration Of The Court's June 27, 2011 Ruling 433 filed by Plaintiff DC Comics. (Attachments: # 1 Exhibits A – B To A. Pearson Declaration)(Petrocelli, Daniel) (Entered: 05/18/2012) |
| 05/23/2012 | 437 | ORDER GRANTING DC COMICS' UNOPPOSED APPLICATION UNDER L.R. 795.1 TO HAVE EXHIBITS H AND I TO THE DECLARATION OF JASON H. TOKORO IN SUPPORT OF DC COMICS' REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FOR RECONSIDERATION OF THE COURT'S JUNE 27, 2011, RULING PLACED UNDER SEAL by Magistrate Judge Ralph Zarefsky: granting 435 Application to Sea. IT IS SO ORDERED. (mz) (Entered: 05/23/2012) |

| 05/23/2012 | 438 | REPLY In Support Of MOTION to Compel Production of Documents and for Reconsideration of the Court's June 27, 2011, Ruling 394 / DC Comics' Corrected Reply In Support Of Motion To Compel The Production Of Documents And For Reconsideration Of The Court's June 27, 2011, Ruling (Per Request Of Court) filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 05/23/2012) |
| 05/23/2012 | 440 | SEALED DOCUMENT– Exhibit H to the Declaration of Jason H. Tokoro in Support of DC Comics' Reply in Support of Motion to Compel Production of Documents and for Reconsideration of the Court's June 27, 2011, Ruling. (mat) (Entered: 06/01/2012) |
| 05/23/2012 | 441 | SEALED DOCUMENT– EXHIBIT 1 to the Declaration of Jason H. Tokoro in Support of DC Comics' Reply in Support of Motion to Compel Production of Documents and for Reconsideration of the Court's June 27, 2011, Ruling.(mat) (Entered: 06/01/2012) |
| 05/25/2012 | 439 | ORDER ON PLAINTIFFS (1) MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FOR RECONSIDERATION OF THE COURTS JUNE 27, 2011 RULING; AND (2) MOTION TO ENFORCE COURTS FEBRUARY 13, 2012 ORDER by Magistrate Judge Ralph Zarefsky: taking under advisement 394 Motion to Compel and denying 396 Motion to Enforce. Not later than June 1, 2012, Defendants shall submit the following documents to the Court for in camera inspection: 1. The November 17, 2001 e–mail from Mr. Toberoff to Mr. Michael Siegel; 2. Unredacted versions of Mr. Bulsons billing records and calendars; and 3. The November 2, 2002 letter. The Court will determine if these documents are to be produced after reviewing them in camera.Defendants shall produce to Plaintiff a copy of the Renner Otto expert report,if they have it in their possession. If they do not have it in their possession, they shall so state to Plaintiff, simply and directly. DC Comics motion to enforce is denied. DC Comics request for attorneys fees also is denied. (mz) (Entered: 05/25/2012) |
| 06/01/2012 | 442 | NOTICE of Manual Filing filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy of En Camera Documents. (Toberoff, Marc) (Entered: 06/01/2012) |
| 06/01/2012 | 444 | DEFENDANTS' APPLICATION UNDER L.R. 79–5.1 TO HAVE DOCUMENTS PRODUCED FOR IN CAMERA INSPECTION PURSUANT TO THE COURT'S MAY 25, 2012 ORDER PLACED UNDER SEAL filed by Defendants Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. Lodged Proposed Order. (mz) (Entered: 06/05/2012) |
| 06/04/2012 | 443 | ORDER from 9th CCA filed, CCA # 11–71844. The petition for rehearing and the suggestion for rehearing en banc are denied. Order received in this district on 6/4/2012. (dmap) (Entered: 06/05/2012) |
| 06/11/2012 | 445 | Joint STIPULATION for Discovery as to October 2, 2004 Email filed by Defendant Laura Siegel Larson(an individual), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel), Mark Warren Peary, Jean Adele Peavy. (Attachments: # 1 Exhibit, # 2 Proposed Order)(Toberoff, Marc) (Entered: 06/11/2012) |
| 06/13/2012 | 446 | APPLICATION of Patrick T. Perkins to Withdraw as Attorney for Plaintiff DC Comics filed by Plaintiff DC Comics. (Attachments: # 1 Proposed Order)(Perkins, Patrick) (Entered: 06/13/2012) |
| 06/13/2012 | 448 | MANDATE of 9th CCA dismissing the petition for mandamus. (dmap) (Entered: 06/14/2012) |
| 06/14/2012 | 447 | ORDER GRANTING STIPULATION TO TREAT PORTIONS OF THE OCTOBER 2, 2004 EMAIL AS CONFIDENTIAL by Magistrate Judge Ralph Zarefsky, re: Stipulation for Discovery, 445 . IT IS SO ORDERED. (mz) (Entered: 06/14/2012) |
| 06/14/2012 | 449 | MINUTES OF Telephone Conference held before Magistrate Judge Ralph Zarefsky. Telephonic conference held. Court states that his step–daughter has a summer internship with the legal department of Warner Brothers. Court declines to self–recuse, and invites comments from counsel. Counsel for Plaintiff state that they do not have a problem with the Courts continuing. Counsel forDefendants will |

| | | confer will clients and will contact the Court and opposing counsel by no later than Monday, June 18, 2012 with Defendants position.Court Recorder: CS 6–14–12. (mz) (Entered: 06/15/2012) |
|---|---|---|
| 06/14/2012 | 450 | MINUTE ORDER RE FOLLOW UP TELEPHONE CONFERENCE, 449 by Magistrate Judge Ralph Zarefsky. Marc Toberoff, counsel for Defendants, has contacted the Courts clerk via telephone, and stated that he has conferred with his clients following the Courts disclosure that the Courts step–daughter has asummer internship with the legal department of Warner Brothers, and that Defendants have no problem with the Courts continuing on the case. (mz) (Entered: 06/15/2012) |
| 06/20/2012 | 453 | ORDER by Magistrate Judge Ralph Zarefsky granting 444 Defendants' Application Under L.R. 79–5.1 to have documents produced for In Camera Inspection pursuant to the Court's 5/25/02 order filed under seal. (ib) (Entered: 06/22/2012) |
| 06/21/2012 | 451 | ORDER RE DOCUMENTS REVIEWED IN CAMERA by Magistrate Judge Ralph Zarefsky. Re 394 Plaintiff's Motion to Compel. (See document for details). (ib) (Entered: 06/21/2012) |
| 06/21/2012 | 452 | ORDER by Judge Otis D Wright, II: granting 446 Unopposed Application to Withdraw as Attorney for DC Comics as to Patrick T Perkins. (lc) (Entered: 06/21/2012) |
| 07/05/2012 | 455 | NOTICE OF MOTION AND MOTION for Review of Magistrate's June 21, 2012, Order re Order on Motion to Compel 451 / for Partial Review, Pursuant to Fed. R. Civ. P. 72(A) and L.R. 72–2.1, of Magistrate's June 21, 2012, Order filed by plaintiff DC Comics. Motion set for hearing on 8/6/2012 at 01:30 PM before Magistrate Judge Ralph Zarefsky. (Attachments: # 1 Declaration of Jason H. Tokoro in Support of Motion for Partial Review, # 2 Exhibits A thru G to Tokoro Declaration, # 3 Proposed Order)(Petrocelli, Daniel) (Entered: 07/05/2012) |
| 07/06/2012 | 456 | NOTICE OF ERRATA filed by Plaintiff DC Comics. correcting MOTION for Review of Magistrate's June 21, 2012, Order re Order on Motion to Compel 451 / for Partial Review, Pursuant to Fed. R. Civ. P. 72(A) and L.R. 72–2.1, of Magistrate's June 21, 2012, Order MOTION for Review of Magistrate's June 21, 2012, Order re Order on Motion to Compel 451 / for Partial Review, Pursuant to Fed. R. Civ. P. 72(A) and L.R. 72–2.1, of Magistrate's June 21, 2012, Order MOTION for Review of Magistrate's June 21, 2012, Order re Order on Motion to Compel 451 / for Partial Review, Pursuant to Fed. R. Civ. P. 72(A) and L.R. 72–2.1, of Magistrate's June 21, 2012, Order 455 / Correcting the Judge to appear before (Petrocelli, Daniel) (Entered: 07/06/2012) |
| 07/16/2012 | 457 | ORDER by Judge Otis D Wright, II: granting 455 Motion for Partial Review if Nagistrates June 21 2012 order.Defendants are ordered to produce to DC by no later than August 13 2012, an unredacted copy of the November 17 2001, email from defendant Marc Toberoff to Michael Siegel identified as Entry No. 339 of the Privilege Log of Bulson Archive, Docket No. 362–2 at 309. (lc) (Entered: 07/16/2012) |
| 07/16/2012 | 458 | NOTICE OF MOTION AND MOTION for Partial Summary Judgment as to First and Third Claims for Relief filed by Plaintiff DC Comics. Motion set for hearing on 8/20/2012 at 01:30 PM before Judge Otis D Wright II. (Attachments: # 1 [Proposed] Statement of Uncontroverted Facts and Conclusions of Law, # 2 Proposed Order)(Petrocelli, Daniel) (Entered: 07/16/2012) |
| 07/16/2012 | 459 | DECLARATION of Daniel M. Petrocelli in support of MOTION for Partial Summary Judgment as to First and Third Claims for Relief 458 filed by Plaintiff DC Comics. (Attachments: # 1 Exhibit 1–14, # 2 Exhibit 15, # 3 Exhibit 16–40, # 4 Exhibit 41 (part 1 of 2), # 5 Exhibit 41 (part 2 of 2), # 6 Exhibit 42–52)(Petrocelli, Daniel) (Entered: 07/16/2012) |
| 07/16/2012 | 460 | DECLARATION of Paul Levitz in support of MOTION for Partial Summary Judgment as to First and Third Claims for Relief 458 filed by Plaintiff DC Comics. (Attachments: # 1 Exhibit 1–43, # 2 Exhibit 44–73, # 3 Exhibit 74–78)(Petrocelli, Daniel) (Entered: 07/16/2012) |

| 07/24/2012 | 461 | NOTICE OF MOTION AND MOTION to Compel Answers to Interrogatories of DC Comics filed by Defendants Laura Siegel Larson(an individual), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel), Mark Warren Peary, Jean Adele Peavy. Motion set for hearing on 8/13/2012 at 10:00 AM before Magistrate Judge Ralph Zarefsky. (Attachments: #_1 Notice, #_2 Declaration of Pablo D. Arredondo, #_3 Proposed Order, #_4 Declaration of Cassandra Seto, #_5 Exhibit to Declaration of Cassandra Seto, #_6 Proposed Order)(Toberoff, Marc) (Entered: 07/24/2012) |
|---|---|---|
| 07/30/2012 | 462 | MEMORANDUM in Opposition to MOTION for Partial Summary Judgment as to First and Third Claims for Relief 458 filed by Defendants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy, Marc Toberoff. (Toberoff, Marc) (Entered: 07/30/2012) |
| 07/30/2012 | 463 | DECLARATION of Keith G. Adams in opposition to MOTION for Partial Summary Judgment as to First and Third Claims for Relief 458 filed by Defendants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy, Marc Toberoff. (Attachments: #_1 Exhibit 1–5, #_2 Exhibit 6–10, #_3 Exhibit 11–18, #_4 Exhibit 19–28)(Toberoff, Marc) (Entered: 07/30/2012) |
| 07/30/2012 | 464 | OBJECTION in opposition to re: MOTION for Partial Summary Judgment as to First and Third Claims for Relief 458 filed by Defendants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy, Marc Toberoff. (Toberoff, Marc) (Entered: 07/30/2012) |
| 07/30/2012 | 465 | STATEMENT of Genuine Issues MOTION for Partial Summary Judgment as to First and Third Claims for Relief 458 filed by Defendants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy, Marc Toberoff. (Attachments: #_1 Proposed Order)(Toberoff, Marc) (Entered: 07/30/2012) |
| 08/02/2012 | 466 | NOTICE OF MOTION AND MOTION for Reconsideration re Order on Motion for Review, 457 filed by Defendants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson(an individual), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel), Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy, Marc Toberoff. Motion set for hearing on 9/10/2012 at 01:30 PM before Judge Otis D Wright II. (Attachments: #_1 Declaration of Marc Toberoff, #_2 Declaration of Laura Siegel Larson, #_3 Proposed Order)(Toberoff, Marc) (Entered: 08/02/2012) |
| 08/03/2012 | 467 | ORDER by Magistrate Judge Ralph Zarefsky denying 461 Defendants' Motion to Compel Answers to Interrogatories. The hearing set 8/13/12 is vacated. (See document for details). (ib) (Entered: 08/03/2012) |
| 08/06/2012 | 468 | REPLY in support of MOTION for Partial Summary Judgment as to First and Third Claims for Relief 458 filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 08/06/2012) |
| 08/06/2012 | 469 | DECLARATION of Cassandra Seto in support of MOTION for Partial Summary Judgment as to First and Third Claims for Relief 458 filed by Plaintiff DC Comics. (Attachments: #_1 Exhibit 1–9)(Petrocelli, Daniel) (Entered: 08/06/2012) |
| 08/06/2012 | 470 | NOTICE OF LODGING filed *[Proposed] Statement of further Uncontroverted Facts in support* re MOTION for Partial Summary Judgment as to First and Third Claims for Relief 458 (Attachments: #_1 [Proposed] Statement of further Uncontroverted Facts in support 458 )(Petrocelli, Daniel) (Entered: 08/06/2012) |
| 08/06/2012 | 471 | RESPONSE IN SUPPORT of MOTION for Partial Summary Judgment as to First and Third Claims for Relief 458 */ Response to Defendants' Statement of Genuine Issues* filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 08/06/2012) |
| 08/06/2012 | 472 | RESPONSE IN SUPPORT of MOTION for Partial Summary Judgment as to First and Third Claims for Relief 458 */ Response to Objections to Evidence* filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 08/06/2012) |

| | | |
|---|---|---|
| 08/06/2012 | 473 | OBJECTION to Evidence in Defendants' Statement of Additional Undisputed Facts re: MOTION for Partial Summary Judgment as to First and Third Claims for Relief 458 filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 08/06/2012) |
| 08/13/2012 | 474 | STATEMENT of Further Genuine Issues in Support of Opposition to MOTION for Partial Summary Judgment as to First and Third Claims for Relief 458 filed by Defendants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy, Marc Toberoff. (Toberoff, Marc) (Entered: 08/13/2012) |
| 08/13/2012 | 475 | REQUEST for Order for August 20, 2012 Hearing Date Taken Off Calendar filed by Plaintiff DC Comics. (Attachments: # 1 Proposed Order)(Petrocelli, Daniel) (Entered: 08/13/2012) |
| 08/13/2012 | 476 | MINUTES (IN CHAMBERS): by Judge Otis D Wright, II: Order Vacating Hearing on MOTION for Partial Summary Judgment 458 , scheduled for August 20, 2012 at 1:30 p.m., is hereby VACATED and taken off calendar. No appearances are necessary.The matter stands submitted, and will be decided upon without oral argument. An order will issue. (lc) (Entered: 08/14/2012) |
| 08/16/2012 | 477 | Opposition re: MOTION for Reconsideration re Order on Motion for Review, 457 MOTION for Reconsideration re Order on Motion for Review, 457 MOTION for Reconsideration re Order on Motion for Review, 457 466 / DC Comics' Opposition to Defendants' Motion for Reconsideration of the Court's July 16, 2012, Order filed by Plaintiff DC Comics. (Attachments: # 1 Declaration of Cassandra L. Seto in Support of DC Comics' Opposition to Defendants' Motion for Reconsideration of the Court's July 16, 2012, Order, # 2 Exhibits A – M to Seto Declaration, # 3 Proposed Order)(Petrocelli, Daniel) (Entered: 08/16/2012) |
| 08/20/2012 | 478 | NOTICE OF MOTION AND MOTION for Partial Summary Judgment as to First, Second and Third Claims for Relief filed by Defendants Laura Siegel Larson(an individual), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel), Mark Warren Peary, Jean Adele Peavy. Motion set for hearing on 10/15/2012 at 01:30 PM before Judge Otis D Wright II. (Attachments: # 1 Separate Statement of Uncontroverted Facts and Conclusions of Law, # 2 Proposed Order)(Toberoff, Marc) (Entered: 08/20/2012) |
| 08/20/2012 | 479 | DECLARATION of Keith G. Adams in support of MOTION for Partial Summary Judgment as to First, Second and Third Claims for Relief 478 filed by Defendants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy, Marc Toberoff. (Attachments: # 1 Exhibit A–D, # 2 Exhibit E–S, # 3 Exhibit T–AA, # 4 Exhibit BB (Part 1), # 5 Exhibit BB (Part 2), # 6 Exhibit CC–VV, # 7 Exhibit WW–ZZ)(Toberoff, Marc) (Entered: 08/20/2012) |
| 08/27/2012 | 480 | REPLY in support of MOTION for Reconsideration re Order on Motion for Review, 457 MOTION for Reconsideration re Order on Motion for Review, 457 MOTION for Reconsideration re Order on Motion for Review, 457 466 filed by Defendants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy, Marc Toberoff. (Attachments: # 1 Declaration of Pablo D. Arredondo)(Toberoff, Marc) (Entered: 08/27/2012) |
| 08/30/2012 | 481 | MINUTE ORDER IN CHAMBERS by Judge Otis D Wright, II: Order Re Motion for Summary judgment 458 . The parties are ordered to appear before this Court on Wednesday, September 5, 2012 at 1:30 pm, regarding the tentative decision on DCs motion for summary judgment. (lc) (Entered: 08/30/2012) |
| 08/30/2012 | 482 | OBJECTIONS to Portion of Defendants' Reply in Support of Motion For Reconsideration of the Court's July 16, 2012, Order filed by Plaintiff DC Comics. (Attachments: # 1 Declaration of Jason H. Tokoro in Support of Objection, # 2 Exhibit A to Tokoro Declaration)(Petrocelli, Daniel) (Entered: 08/30/2012) |
| 08/31/2012 | 483 | NOTICE of Appearance filed by attorney Dimitri D Portnoi on behalf of Plaintiff DC Comics (Portnoi, Dimitri) (Entered: 08/31/2012) |
| 09/04/2012 | 484 | MINUTES (IN CHAMBERS): ORDER by Judge Otis D Wright, II: Hearing on MOTION for Reconsideration re Order on Motion for Review 466 scheduled for |

| | | September 10, 2012 at 1:30 p.m., is hereby VACATED and taken off calendar. No appearances are necessary. The matter stands submitted, and will be decided upon without oral argument. An order will issue. (lc) (Entered: 09/04/2012) |
|---|---|---|
| 09/05/2012 | 485 | APPEAL RECORD sealed documents sent to Circuit Court re: Appeal number 11–56934. Two documents were sent with this transmittal. Document numbers S0454, S0423. Re: Notice of Appeal to 9th Circuit Court of Appeals 339 . (dmap) (Entered: 09/05/2012) |
| 09/05/2012 | 486 | MINUTES OF Motion Hearing held before Judge Otis D Wright, II: RE MOTION for Partial Summary Judgment as to First and Third Claims for Relief 458 . The case is called, appearances are made. The Court hears argument from counsel. The matter is submitted. An order will issue.Court Reporter: Katie Thibodeaux. (lc) (Entered: 09/05/2012) |
| 09/06/2012 | 487 | TRANSCRIPT ORDER for date of proceedings 09–05–2012 to 09–05–2012 as to plaintiff DC Comics Court Reporter Katie E. Thibodeaux. Court will contact Kevin Peralta at kperalta@omm.com with any questions regarding this order. Transcript portion requested: Other: Motion for Partial Summary Judgment on 09–05–2012. Category: Daily. Transcript preparation will not begin until payment has been satisfied with the court reporter/recorder. (Tokoro, Jason) (Entered: 09/06/2012) |
| 09/10/2012 | 488 | ORDER by Judge Otis D Wright, II: denying 466 defendants Motion for Reconsideration of the Court's 7/16/2012 order. (lc) (Entered: 09/10/2012) |
| 09/11/2012 | 489 | TRANSCRIPT for proceedings held on 09–05–2012 1:30 p.m.. Court Reporter/Electronic Court Recorder: KATIE E. THIBODEAUX, CSR 9858, phone number 213–894–8676. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 10/2/2012. Redacted Transcript Deadline set for 10/12/2012. Release of Transcript Restriction set for 12/10/2012. (Duvall, Richard) (Entered: 09/11/2012) |
| 09/11/2012 | 490 | NOTICE OF FILING TRANSCRIPT filed for proceedings 09–05–2012 1:30 p.m. re Transcript 489 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY.(Duvall, Richard) TEXT ONLY ENTRY (Entered: 09/11/2012) |
| 09/21/2012 | 491 | OPPOSITION re: MOTION for Partial Summary Judgment as to First, Second and Third Claims for Relief 478 filed by Plaintiff DC Comics. (Attachments: # 1 Declaration of Damon Bonesteel In Support Of, # 2 Proposed Order)(Petrocelli, Daniel) (Entered: 09/21/2012) |
| 09/21/2012 | 492 | OBJECTIONS *to Evidence in Defendants' Statement of Uncontroverted Facts, Declaration, and Exhibits In Support Of Defendants' Motion for Partial Summary Judgment on First, Second and Third Claims for Relief* filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 09/21/2012) |
| 09/21/2012 | 493 | DECLARATION of Daniel M. Petrocelli re Objection/Opposition (Motion related) 491 filed by Plaintiff DC Comics. (Attachments: # 1 Exhibits 1 through 10, # 2 Exhibit 11, # 3 Exhibit 12 (part 1 of 2), # 4 Exhibit 12 (part 2 of 2), # 5 Exhibit 13 through 23, # 6 Exhibits 24 through 30, # 7 Exhibits 31 through 39)(Petrocelli, Daniel) (Entered: 09/21/2012) |
| 09/21/2012 | 494 | NOTICE OF LODGING filed re Objection/Opposition (Motion related) 491 (Attachments: # 1 Statement of Genuine Issues of Material Fact in Opposition to Defendants' Motion for Partial Summary Judgment)(Petrocelli, Daniel) (Entered: 09/21/2012) |
| 10/01/2012 | 495 | REPLY in support of MOTION for Partial Summary Judgment as to First, Second and Third Claims for Relief 478 filed by Defendants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy, Marc Toberoff. (Attachments: # 1 Defendants' Reply to Plaintiff's Statement of Genuine Issues, # 2 Defendants' Evidentiary Objections to Plaintiff's Statement of Genuine Issues, # 3 Defendants' Response to Plaintiff's Evidentiary Objections, # 4 Defendants' Objection to Rule |

| | | |
|---|---|---|
| | | 56(d) Declaration of Daniel Petrocelli, #_5_ Declaration of Keith G. Adams)(Toberoff, Marc) (Entered: 10/01/2012) |
| 10/01/2012 | 496 | NOTICE of Change of Attorney Information for attorney Marc Toberoff counsel for Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. Adding David Harris as attorney as counsel of record for Mark Warren Peary, Jean Adele Peavy, Laura Siegel Larson for the reason indicated in the G–06 Notice. Filed by Defendant Mark Warren Peary, Jean Adele Peavy, Laura Siegel Larson (Toberoff, Marc) (Entered: 10/01/2012) |
| 10/01/2012 | 497 | MINUTES (IN CHAMBERS)by Judge Otis D Wright, II: Hearing on MOTION for PartialSummary Judgment as to First, Second and Third Claims _478_ scheduled for October 15, 2012 at 1:30 p.m., is hereby VACATED and taken off calendar. No appearances are necessary. The matter stands submitted, and will be decided upon without oral argument. An order will issue. (lc) (Entered: 10/02/2012) |
| 10/04/2012 | 498 | RESPONSE filed by Plaintiff DC Comics *Response to Defendants' Objection to the Declaration of Damon Bonesteel submitted in support of DC Comics' Opposition to Motion for Partial Summary Judgment [495–2]* (Attachments: #_1_ Declaration of Jason H. Tokoro, #_2_ Exhibit 1–6 to Declaration of Jason H. Tokoro)(Petrocelli, Daniel) (Entered: 10/04/2012) |
| 10/05/2012 | 499 | OBJECTION RE: DC'S NEW EVIDENCE ON SUR–REPLY in support of re: MOTION for Partial Summary Judgment as to First, Second and Third Claims for Relief _478_ filed by Defendants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy, Marc Toberoff. (Attachments: #_1_ Declaration of Pablo D. Arredondo)(Toberoff, Marc) (Entered: 10/05/2012) |
| 10/10/2012 | 500 | NOTICE OF MOTION AND MOTION for Hearing Evidentiary,, MOTION for Sanctions re Discovery Misconduct, MOTION to Appoint Special Master filed by Plaintiff DC Comics. Motion set for hearing on 11/12/2012 at 01:30 PM before Judge Otis D Wright II. (Attachments: #_1_ Proposed Order, #_2_ Declaration Of Daniel M. Petrocelli In Support, #_3_ Exhibits 1 – 18 To D. Petrocelli Declaration, #_4_ Exhibits 19 – 23 To D. Petrocelli Declaration, #_5_ Exhibits 24 – 30 To D. Petrocelli Declaration, #_6_ Exhibits 31 – 32 To D. Petrocelli Declaration, #_7_ Exhibits 33 – 45 To D. Petrocelli Declaration, #_8_ Exhibits 46 – 50 To D. Petrocelli Declaration, #_9_SEALED DOCUMENT– Exhibits 51 – 55 To D. Petrocelli Declaration, #_10_ Exhibits 56 – 57 To D. Petrocelli Declaration, #_11_ Exhibits 58 – 61 To D. Petrocelli Declaration, #_12_ Exhibits 62 – 75 To D. Petrocelli Declaration, #_13_ Exhibit 76 Part 1 of 2 To D. Petrocelli Declaration, #_14_ Exhibit 76 Part 2 of 2 To D. Petrocelli Declaration, #_15_ Exhibits 77 – 87 To D. Petrocelli Declaration)(Petrocelli, Daniel) Modified on 10/31/2012 (lc). (Entered: 10/10/2012) |
| 10/10/2012 | 501 | NOTICE OF MOTION AND MOTION for Reconsideration re Order on Motion for Review _252_ filed by plaintiff DC Comics. Motion set for hearing on 11/12/2012 at 01:30 PM before Judge Otis D Wright II. (Attachments: #_1_ Proposed Order Granting Motion)(Petrocelli, Daniel) (Entered: 10/10/2012) |
| 10/10/2012 | 502 | DECLARATION of Daniel M. Petrocelli In Support Of MOTION for Reconsideration re Order on Motion for Review _252_ MOTION for Reconsideration re Order on Motion for Review _252_ _501_ filed by Plaintiff DC Comics. (Attachments: #_1_ Exhibits A through F, #_2_ Exhibit G (Part 1 of 2), #_3_ Exhibit G (Part 2 of 2), #_4_ Exhibits H through J, #_5_ Exhibits L through R)(Petrocelli, Daniel) (Entered: 10/10/2012) |
| 10/11/2012 | 503 | MINUTES: (IN CHAMBERS) NOTICE TO ALL PARTIES AND ORDER: On the Courts own motion, due to Court Holiday, the MOTION for Hearing Evidentiary _500_ and MOTION for Reconsideration _501_ set for November 12, 2012, is HEREBY CONTINUED to November 19, 2012 at 1:30 p.m. IT IS SO ORDERED by Judge Otis D Wright, II. (ir) (Entered: 10/11/2012) |
| 10/11/2012 | 504 | NOTICE OF ERRATA filed by Plaintiff DC Comics. correcting MOTION for Hearing Evidentiary, MOTION for Sanctions re Discovery Misconduct MOTION to Appoint Special Master _500_ *Notice of Errata Re: Exhibit 51–55 to Declaration of Petrocelli [500–9]* (Petrocelli, Daniel) (Entered: 10/11/2012) |

| 10/11/2012 | 505 | APPLICATION for Order for Sealing or, in the alternative, to Return to Counsel Exhibits 51–55 to Declaration of Daniel Petrocelli [500–9] filed by Plaintiff DC Comics. (Attachments: # 1 Proposed Order)(Petrocelli, Daniel) (Entered: 10/11/2012) |
|---|---|---|
| 10/11/2012 | 506 | NOTICE OF ERRATA filed by Plaintiff DC Comics. correcting Declaration (Motion related), Declaration (Motion related) 502 (Attachments: # 1 Exhibit K (part 1 of 2), # 2 Exhibit K (part 2 of 2))(Petrocelli, Daniel) (Entered: 10/11/2012) |
| 10/17/2012 | 507 | ORDER by Judge Otis D Wright, II: granting 458 DC's Motion for Partial Summary Judgment; denying 478 defendants cross Motion for Partial Summary Judgment (lc). Modified on 10/17/2012 (lc). (Entered: 10/17/2012) |
| 10/24/2012 | 508 | Joint STIPULATION to Continue Hearing on Motions (1) for an Evidentiary Hearing and Sanctions, including Terminating Sanctions, Appointment of Special Master, and other relief, and (2) for Reconsideration of May 23, 2011, Order Denying Motion for Review re: Production of Defendants' Consent Agreement from November 19, 2012 to December 10, 2012 Re: MOTION for Hearing Evidentiary, MOTION for Sanctions re Discovery Misconduct MOTION to Appoint Special Master 500 , MOTION for Reconsideration re Order on Motion for Review 252 MOTION for Reconsideration re Order on Motion for Review 252 501 filed by Plaintiff DC Comics. (Attachments: # 1 Proposed Order)(Petrocelli, Daniel) (Entered: 10/24/2012) |
| 10/29/2012 | 509 | ORDER by Judge Otis D Wright, II, re Stipulation 508 the November 19, 2012, hearing date for plaintiff DC Comics' Motions (1) For An Evidentiary Hearing And Sanctions, Including Terminating Sanctions, Appointment of SpecialMaster, And Other Relief, and (2) For Reconsideration of May 23, 2011, OrderDenying Motion For Review Re: Production of Defendants' Consent Agreement(collectively, "DC's Motions"), is continued until December 10, 2012, at 1:30 p.m.; and (b) defendants shall electronically file their opposition papers to DC's Motions on November 9, 2012, and DC Comics shall electronically file its reply papers regarding DC's Motions on November 19, 2012 500 . 501 . (lc) (Entered: 10/30/2012) |
| 10/29/2012 | 510 | ORDER by Judge Otis D Wright, II: granting 505 Application for Order that Exhibits 51–55 to the Declaration of Daniel M. Petrocelli at Docket 6 No. 500–9 shall be placed permanently under seal. (lc) (Entered: 10/31/2012) |
| 11/08/2012 | 511 | Joint STIPULATION for Extension of Time to File Opposition and Reply re: Plaintiff's Motion For Evidentiary Hearing And Sanctions filed by Defendants Laura Siegel Larson(an individual), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel), Mark Warren Peary, Jean Adele Peavy. (Attachments: # 1 Proposed Order)(Toberoff, Marc) (Entered: 11/08/2012) |
| 11/09/2012 | 512 | MEMORANDUM in Opposition to MOTION for Reconsideration re Order on Motion for Review 252 MOTION for Reconsideration re Order on Motion for Review 252 501 filed by Defendants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy, Marc Toberoff. (Toberoff, Marc) (Entered: 11/09/2012) |
| 11/12/2012 | 513 | NOTICE OF MOTION AND MOTION for Entry of Judgment pursuant to Rule 54(b) filed by Defendants Laura Siegel Larson(an individual), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel), Mark Warren Peary, Jean Adele Peavy. Motion set for hearing on 12/17/2012 at 01:30 PM before Judge Otis D Wright II. (Attachments: # 1 Declaration of Keith G. Adams, # 2 Proposed Order)(Toberoff, Marc) (Entered: 11/12/2012) |
| 11/12/2012 | 514 | NOTICE OF MOTION AND MOTION to Vacate Order on Motion for Partial Summary Judgment, 507 filed by Defendants Laura Siegel Larson(an individual), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel), Mark Warren Peary, Jean Adele Peavy. Motion set for hearing on 12/17/2012 at 01:30 PM before Judge Otis D Wright II. (Attachments: # 1 Declaration of Pablo D. Arredondo, # 2 Proposed Order)(Toberoff, Marc) (Entered: 11/12/2012) |
| 11/13/2012 | 515 | ORDER by Judge Otis D Wright, II, re Stipulation 511 defendants shall electronically file their opposition papers to DC's Motion For An Evidentiary Hearing And Sanctions, Including Terminating Sanctions, Appointment of SpecialMaster and other relief 500 on or before Wednesday, November 14, 2012, |

**ER-1673**

| | | and DC Comics shall electronically file its reply papers on or before Monday, November 26, 2012. (lc) (Entered: 11/13/2012) |
|---|---|---|
| 11/14/2012 | 516 | OPPOSITION to MOTION for Hearing Evidentiary, MOTION for Sanctions re Discovery Misconduct MOTION to Appoint Special Master 500 filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Toberoff, Marc) (Entered: 11/14/2012) |
| 11/14/2012 | 517 | OPPOSITION re: MOTION for Hearing Evidentiary, MOTION for Sanctions re Discovery Misconduct MOTION to Appoint Special Master 500 filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Toberoff, Marc) (Entered: 11/14/2012) |
| 11/14/2012 | 518 | DECLARATION of Marc Toberoff In Opposition To MOTION for Hearing Evidentiary, MOTION for Sanctions re Discovery Misconduct MOTION to Appoint Special Master 500 filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Toberoff, Marc) (Entered: 11/14/2012) |
| 11/14/2012 | 519 | DECLARATION of Laura Siegel Larson In Opposition To MOTION for Hearing Evidentiary, MOTION for Sanctions re Discovery Misconduct MOTION to Appoint Special Master 500 filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Toberoff, Marc) (Entered: 11/14/2012) |
| 11/14/2012 | 520 | DECLARATION of Keith G. Adams In Opposition To MOTION for Hearing Evidentiary, MOTION for Sanctions re Discovery Misconduct MOTION to Appoint Special Master 500 filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Toberoff, Marc) (Entered: 11/14/2012) |
| 11/15/2012 | 521 | REPLY in support of MOTION for Reconsideration re Order on Motion for Review 252 MOTION for Reconsideration re Order on Motion for Review 252 501 filed by Plaintiff DC Comics. (Attachments: # 1 Declaration of Cassandra Seto In Support Of, # 2 Exhibits 1 through 6 to Declaration of C. Seto)(Petrocelli, Daniel) (Entered: 11/15/2012) |
| 11/15/2012 | 522 | Opposition re: MOTION to Vacate Order on Motion for Partial Summary Judgment, 507 MOTION to Vacate Order on Motion for Partial Summary Judgment, 507 514 filed by Plaintiff DC Comics. (Attachments: # 1 Proposed Order, # 2 Declaration of Ashley Pearson In Support Of, # 3 Exhibits A through E to Declaration of A. Pearson)(Petrocelli, Daniel) (Entered: 11/15/2012) |
| 11/15/2012 | 523 | NOTICE OF ERRATA filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. correcting Response in Opposition to Motion 516 , Objection/Opposition (Motion related) 517 re: Defendants' Opposition To DC's Motion For An Evidentiary Hearing And For Sanctions (Attachments: # 1 Exhibit A)(Toberoff, Marc) (Entered: 11/15/2012) |
| 11/15/2012 | 524 | CORRECTED OPPOSITION re: MOTION for Hearing Evidentiary, MOTION for Sanctions re Discovery Misconduct MOTION to Appoint Special Master 500 filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Toberoff, Marc) (Entered: 11/15/2012) |
| 11/19/2012 | 525 | NOTICE OF ERRATA filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. correcting Declaration (Motion related), Declaration (Motion related) 519 re: Declaration Of Laura Siegel Larson In Opposition To Plaintiff DC Comics Motion For An Evidentiary Hearing And Sanctions (Toberoff, Marc) (Entered: 11/19/2012) |
| 11/19/2012 | 526 | DECLARATION of Laura Siegel Larson In Opposition To MOTION for Hearing Evidentiary, MOTION for Sanctions re Discovery Misconduct MOTION to Appoint Special Master 500 Corrected Declaration Of Laura Siegel Larson In Opposition To Plaintiff DC Comics' Motion For An Evidentiary Hearing And Sanctions filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Toberoff, Marc) (Entered: 11/19/2012) |

| 11/26/2012 | 527 | REPLY in support of MOTION for Hearing Evidentiary, MOTION for Sanctions re Discovery Misconduct MOTION to Appoint Special Master 500 filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 11/26/2012) |
|---|---|---|
| 11/26/2012 | 528 | OPPOSITION re: MOTION for Entry of Judgment pursuant to Rule 54(b) MOTION for Entry of Judgment pursuant to Rule 54(b) 513 filed by Plaintiff DC Comics. (Attachments: # 1 Proposed Order, # 2 Declaration of Dimitri Portnoi In Support Of, # 3 Exhibits 1 through 13 to Declaration of Dimitri Portnoi)(Petrocelli, Daniel) (Entered: 11/26/2012) |
| 12/03/2012 | 529 | REPLY in support of MOTION for Entry of Judgment pursuant to Rule 54(b) MOTION for Entry of Judgment pursuant to Rule 54(b) 513 filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Attachments: # 1 Declaration of Keith G. Adams)(Toberoff, Marc) (Entered: 12/03/2012) |
| 12/03/2012 | 530 | REPLY in support of MOTION to Vacate Order on Motion for Partial Summary Judgment, 507 MOTION to Vacate Order on Motion for Partial Summary Judgment, 507 514 filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Toberoff, Marc) (Entered: 12/03/2012) |
| 12/04/2012 | 531 | MINUTES (IN CHAMBERS) by Judge Otis D Wright, II:Hearing on MOTION for HearingEvidentiary 500 ; and MOTION for Reconsideration 501 scheduled for December 10, 2012 at 1:30 p.m., is hereby VACATED and taken off calendar. No appearances are necessary. The matter stands submitted, and will be decided upon without oral argument. An order will issue. (lc) (Entered: 12/04/2012) |
| 12/04/2012 | 532 | REQUEST FOR A HEARING re MOTION for Hearing Evidentiary, MOTION for Sanctions re Discovery Misconduct MOTION to Appoint Special Master 500 filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Toberoff, Marc) (Entered: 12/04/2012) |
| 12/05/2012 | 533 | ORDER DENYING DCS MOTION FOR EVIDENTIARY HEARING 500 AND FINDING MOOT MOTION FOR RECONSIDERATION 501 GRANTING DEFENDANTS MOTION FOR ENTRY OF RULE 54(b) JUDGMENT 513 AND FINDING MOOT MOTION TO VACATE ORDER 514 by Judge Otis D Wright, II (lc). Modified on 12/5/2012 (lc). (Entered: 12/05/2012) |
| 12/05/2012 | 534 | NOTICE OF LODGING filed *[Proposed] Judgment re: Court's December 5, 2012 Order* re MOTION for Entry of Judgment pursuant to Rule 54(b) MOTION for Entry of Judgment pursuant to Rule 54(b) 513 , Order on Motion for Hearing, Order on Motion for Sanctions, Order on Motion to Appoint Special Master, Order on Motion for Reconsideration, Order on Motion for Entry of Judgment pursuant to Rule 54(b) (Interlocutory Appeal), Order on Motion to Vacate,,,,, Order on Motion for Entry of Judgment pursuant to Rule 54(b) (Interlocutory Appeal), 533 (Attachments: # 1 Exhibit A (Proposed Judgment))(Toberoff, Marc) (Entered: 12/05/2012) |
| 12/05/2012 | 535 | NOTICE OF LODGING filed */Objection to Defendants' Proposed Judgment and Notice of Lodging of DC Comics' Proposed Judgment pursuant to F.R.C.P. 54(B)* re Notice of Lodging,, 534 (Attachments: # 1 [Proposed] Judgment pursuant to F.R.C.P. 54(B))(Petrocelli, Daniel) (Entered: 12/05/2012) |
| 12/05/2012 | 536 | OBJECTIONS to Notice of Lodging, 535 *Defendants' Objection to Plaintiff DC Comics' Notice of Lodging of [Proposed] Judgment* filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Toberoff, Marc) (Entered: 12/05/2012) |
| 12/05/2012 | 537 | RESPONSE filed by Plaintiff DC Comicsto Notice of Lodging, 535 */ DC Comics Response to Defendants' Objection to DC Comics' Notice of Lodging of [Proposed ] Judgment Pursuant to Fed. R. Civ. P. 54(B)* (Petrocelli, Daniel) (Entered: 12/05/2012) |
| 12/10/2012 | 538 | NOTICE OF MOTION AND MOTION for Protective Order filed by plaintiff DC Comics. Motion set for hearing on 1/7/2013 at 10:00 AM before Magistrate Judge Ralph Zarefsky. (Attachments: # 1 Declaration of Cassandra Seto Regarding Motion for Protective Order With Exhibits A−C, # 2 Declaration of Matthew T. Kline in Support of Motion for Protective Order with Exhibits 1−21, # 3 |

| | | Declaration of Wayne M. Smith in support of Motion for Protective Order with Exhibit A, #4 Proposed Order)(Petrocelli, Daniel) (Entered: 12/10/2012) |
|---|---|---|
| 12/10/2012 | 539 | Opposition re: MOTION for Protective Order 538 filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Attachments: #1 Declaration of Keith Adams and Exhibits A–P)(Toberoff, Marc) (Entered: 12/10/2012) |
| 12/11/2012 | 540 | JUDGMENT by Judge Otis D Wright, II: IT IS ORDERED AND ADJUDGED that DCs First Claim for Relief is GRANTED as set forth in the Courts October 17, 2012, order, and the copyright termination notice served by the Estate of Joseph Shuster on November 10, 2003, is deemed invalid and ineffective. IT IS FURTHER ORDERED AND ADJUDGED that DCs Third Claim for Relief is GRANTED as set forth in the Courts October 17, 2012, order, and defendants rights–encumbering agreementsincluding the 2001 Pacific Pictures agreement, 2003 Pacific Pictures agreement, and 2008 consent agreementare deemed invalid and unenforceable under section 304(c)(6)(D) of the Copyright Act. 17 U.S.C. § 304(c)(6)(D).IT IS FURTHER ORDERED AND ADJUDGED that, finding no just reason for delay, the Courts October 17, 2012, summary judgment order (Docket No. 507) is hereby certified as final, and partial final judgment is hereby entered pursuant to Federal Rule of Civil Procedure 54(b) on DCs First and Third Claims for Relief. (lc) (Entered: 12/11/2012) |
| 12/11/2012 | 541 | NOTICE OF APPEAL to the 9th CCA filed by Defendants Laura Siegel Larson(an individual), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel), Mark Warren Peary, Jean Adele Peavy. Appeal of Judgment,,,, 540 (Appeal fee of $455 receipt number 0973–11380798 paid.) (Attachments: #1 Representation Statement, #2 Proof of Service)(Toberoff, Marc) (Entered: 12/11/2012) |
| 12/12/2012 | 542 | NOTIFICATION by Circuit Court of Appellate Docket Number 12–57245 9th CCA regarding Notice of Appeal to 9th Circuit Court of Appeals 541 as to Defendants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson(an individual), Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy, Marc Toberoff. (dmap) (Entered: 12/12/2012) |
| 12/13/2012 | 543 | STATUS REPORT *re: Case Status Pending Defendants' Notice of Appeal of Rule 54(b) Judgment* filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Attachments: #1 Exhibit 1)(Toberoff, Marc) (Entered: 12/13/2012) |
| 12/13/2012 | 544 | OBJECTIONS to Status Report 543 filed by Plaintiff DC Comics. (Attachments: #1 Declaration of Ashley Pearson in Support of Objection to Status Report, #2 Exhibits A–G to Pearson Declaration)(Petrocelli, Daniel) (Entered: 12/13/2012) |
| 12/18/2012 | 545 | Joint STIPULATION to Continue filing Deadlines for Plaintiff DC Comics' Motion for Fees and Costs on its first and third Claims for Relief from December 26, 2012 to January 18, 2013 filed by Plaintiff DC Comics. (Attachments: #1 Proposed Order)(Petrocelli, Daniel) (Entered: 12/18/2012) |
| 12/18/2012 | 546 | ORDER by Judge Otis D Wright, II, re Stipulation 545 plaintiff DC Comics shall electronically file its Motion For Fees And Costs On Its First And Third Claims by January 18, 2013. Defendants may file their opposition by February 1, 2013. DC may file its reply by February 8, 2013. DC will notice the hearing for February 25, 2013. (lc) (Entered: 12/18/2012) |
| 12/20/2012 | 547 | Joint STIPULATION to Reschedule To Modify Schedule re: Defendants' Motion to Compel filed by Defendants Laura Siegel Larson(an individual), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel), Mark Warren Peary, Jean Adele Peavy. (Attachments: #1 Proposed Order)(Toberoff, Marc) (Entered: 12/20/2012) |
| 12/20/2012 | 548 | REPLY in support of MOTION for Protective Order 538 filed by Plaintiff DC Comics. (Attachments: #1 Declaration of Cassandra Seto, #2 Exhibit 1–5 to Declaration of Cassandra Seto)(Petrocelli, Daniel) (Entered: 12/20/2012) |

| 12/21/2012 | 549 | ORDER GRANTING JOINT STIPULATION TO MODIFY SCHEDULE RE: DEFENDANTS MOTION TO COMPEL by Magistrate Judge Ralph Zarefsky, re: Stipulation to Reschedule, 547 . IT IS HEREBY ORDERED that (1) DC shall serve Defendants with its opposition to the Motion at or before 6:00 p.m. on January 4, 2013; (2) Defendants shall file their motion and the combined joint stipulation in support of their Motion on January 4, 2013, with the hearing date left blank; (3) the parties shall file supplemental briefs, if any, by January 8, 2013; and (4) the Court will set any needed hearing on the Motion after it has reviewed the papers. (mz) (Entered: 12/21/2012) |
|---|---|---|
| 01/04/2013 | 550 | NOTICE OF MOTION AND MOTION to Compel Production of "Timeline"–Related Documents filed by Defendants Laura Siegel Larson(an individual), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel), Mark Warren Peary, Jean Adele Peavy. (Attachments: #_1 Joint Stipulation, #_2 Declaration of Keith Adams, #_3 Exhibits A–J to the Declaration of Keith Adams, #_4 Declaration of Cassandra Seto, #_5 Exhibits 1–7 to the Declaration of Cassandra Seto, #_6 Exhibits 8–9 to the Declaration of Cassandra Seto)(Toberoff, Marc) (Entered: 01/04/2013) |
| 01/07/2013 | 551 | TRANSCRIPT ORDER as to plaintiff DC Comics Court Smart (CS). Court will contact Kevin Peralta at kperalta@omm.com with any questions regarding this order. Transcript portion requested: Pre–Trial Proceeding: 1/7/2013. Transcript preparation will not begin until payment has been satisfied with the court reporter/recorder. (Petrocelli, Daniel) (Entered: 01/07/2013) |
| 01/07/2013 | 552 | MINUTES OF Motion Hearing held before Magistrate Judge Ralph Zarefsky re 538 Plaintiff's Motion for a Protective Order: Motion is submitted.Recorded on Courtsmart. (ib) (Entered: 01/08/2013) |
| 01/07/2013 | 553 | ORDER by Magistrate Judge Ralph Zarefsky: granting 538 Plaintiff's Motion for Protective Order. (See document for details). The Court will sign the order submitted by Plaintiff. (ib) (Entered: 01/08/2013) |
| 01/07/2013 | 554 | ORDER GRANTING DC COMICS' MOTION FOR A PROTECTIVE ORDER by Magistrate Judge Ralph Zarefsky re MOTION for Protective Order 538 . (Protective Order) (ib) (Entered: 01/08/2013) |
| 01/07/2013 | 556 | ORDER from 9th CCA filed, CCA # 12–57245. The briefing schedule in this case is expedited as follows: Appellants' opening brief is due 2/15/13. Appellee's answering brief is due March 15, 2013. Appellants' optional reply brief is due 14 days after service of the answering brief. Order received in this district on 1/7/13. (car) (Entered: 01/09/2013) |
| 01/08/2013 | 555 | SUPPLEMENT to MOTION to Compel Production of "Timeline"–Related Documents 550 filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Toberoff, Marc) (Entered: 01/08/2013) |
| 01/11/2013 | 557 | NOTICE of Defendants–Appellants Intent re: Ordering of Transcripts for Appeal filed by Defendants Laura Siegel Larson(an individual), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel), Mark Warren Peary, Jean Adele Peavy. (Toberoff, Marc) (Entered: 01/11/2013) |
| 01/16/2013 | 558 | ORDER by Magistrate Judge Ralph Zarefsky denying 550 Defendants' Motion to Compel Production of Documents. (See document for details). (ib) (Entered: 01/17/2013) |
| 01/17/2013 | 559 | NOTICE OF MOTION AND MOTION for Attorney Fees filed by Plaintiff DC Comics. Motion set for hearing on 7/1/2013 at 01:30 PM before Judge Otis D Wright II. (Attachments: #_1 Declaration of Matthew T. Kline in Support, #_2 Exhibit 1–3 to Declaration of Matthew T. Kline, #_3 Proposed Order)(Petrocelli, Daniel) (Entered: 01/17/2013) |
| 01/18/2013 | 560 | TRANSCRIPT for proceedings held on 1/7/13 10:15 a.m.. Court Reporter/Electronic Court Recorder: BABYKIN COURTHOUSE SERVICES, phone number (626) 963–0566. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. |

| | | |
|---|---|---|
| | | Redaction Request due 2/8/2013. Redacted Transcript Deadline set for 2/18/2013. Release of Transcript Restriction set for 4/18/2013. (ha) (Entered: 01/18/2013) |
| 01/18/2013 | 561 | NOTICE OF FILING TRANSCRIPT filed for proceedings 1/7/13 10:15 a.m. re Transcript 560 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY.(ha) TEXT ONLY ENTRY (Entered: 01/18/2013) |
| 01/18/2013 | 562 | NOTICE OF MOTION AND MOTION for Attorney Fees */ Amended Notice of Motion and Motion for Attorneys' Fees Under 17 U.S.C. Section 505 559* filed by plaintiff DC Comics. Motion set for hearing on 2/25/2013 at 01:30 PM before Judge Otis D. Wright II. (Petrocelli, Daniel) Modified on 1/22/2013 (lc). Modified on 1/22/2013 (lc). (Entered: 01/18/2013) |
| 01/22/2013 | 563 | MINUTES (IN CHAMBERS) by Judge Otis D. Wright, II: COUNSEL ARE NOTIFIED that the document entitled AMENDED MOTION for Attorney Fees, filed on January 18, 2013 docket number 562 was already filed, docket no. 559 and noticed for July 1, 2013. Therefore, said document is ordered STRICKEN from the docket. Counsel is ordered to file the amended motion correctly and NOT file it as a new motion with a new date. (lc) Modified on 1/22/2013 (lc). (ORDER WITHDRAWN PER 1/22/13 MINUTES) (Entered: 01/22/2013) |
| 01/22/2013 | 564 | MINUTE ORDER IN CHAMBERS by Judge Otis D. Wright, II: ON THE COURTS OWN MOTION, the Courts January 22, 2013 Minute Order 563 Striking Docket Number 562 is hereby WITHDRAWN. Plaintiff DC Comicss Amended Motion for Attorneys Fees (ECF No. 562) is hereby ACCEPTED for filing. Accordingly, DC Comicss Amended Motionwhich only advances the hearing date from July 1, 2013 (see ECF No. 559), to February 25, 2013 at 1:30pmsupersedes DC Comicss originally filed Motion for Attorneys Fees (ECF No. 559). Defendants Opposition is therefore due no later than February 4, 2013, and DC Comicss Reply (if any)is due no later than February 11, 2013. (lc) (Entered: 01/22/2013) |
| 01/25/2013 | 565 | NOTICE of Change of Attorney Information for attorney Marc Toberoff counsel for Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. Changing e−mail to mtoberoff@toberoffandassociates.com. Filed by defendants Mark Warren Peary, Jean Adele Peavy, Joanne Siegel (Toberoff, Marc) (Entered: 01/25/2013) |
| 01/25/2013 | 566 | NOTICE of Change of Attorney Information for attorney Marc Toberoff counsel for Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. Changing e−mail for attorney Keith G. Adams to kadams@toberoffandassociates.com. Filed by defendants Mark Warren Peary, Jean Adele Peavy, Laura Siegel Larson (Toberoff, Marc) (Entered: 01/25/2013) |
| 01/25/2013 | 567 | NOTICE of Change of Attorney Information for attorney Marc Toberoff counsel for Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. Changing e−mail for attorney Pablo D. Arredondo to parredondo@toberoffandassociates.com. Filed by defendants Mark Warren Peary, Jean Adele Peavy, Laura Siegel Larson (Toberoff, Marc) (Entered: 01/25/2013) |
| 01/25/2013 | 568 | NOTICE of Change of Attorney Information for attorney Marc Toberoff counsel for Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. Changing e−mail for attorney David Harris to dharris@toberoffandassociates.com. Filed by defendants Mark Warren Peary, Jean Adele Peavy, Laura Siegel Larson (Toberoff, Marc) (Entered: 01/25/2013) |
| 01/25/2013 | 570 | Notice of Electronic Filing re Notice of Change of Attorney Information (G−06), Notice of Change of Attorney Information (G−06) 567 , Notice of Change of Attorney Information (G−06), Notice of Change of Attorney Information (G−06) 568 e−mailed to dharris@toberoffandassociates.com bounced due to 5.1.2 − Bad destination host 'DNS Hard Error looking up toeroffandassociates.com. Primary e−mail address had already been corrected. Notice of Electronic Filing resent addressed to dharris@toberoffandassociates.com. Pursuant to the General Order and Local Rules it is the attorneys obligation to maintain all personal contact information including e−mail address in the CM/ECF system. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY.(tyw) TEXT ONLY ENTRY (Entered: 01/30/2013) |

| | | |
|---|---|---|
| 01/29/2013 | 569 | NOTICE OF MOTION AND MOTION for Review of January 16, 2013 Order Precluding Discovery re: Timeline–Related Documents re Order on Motion to Compel 558 filed by Defendants Laura Siegel Larson(an individual), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel), Mark Warren Peary, Jean Adele Peavy. Motion set for hearing on 3/11/2013 at 01:30 PM before Judge Otis D. Wright II. (Attachments: # 1 Declaration of Keith G. Adams, # 2 Proposed Order)(Toberoff, Marc) (Entered: 01/29/2013) |
| 01/29/2013 | 572 | Notice of Electronic Filing re Review of January 16, 2013 Order Precluding Discovery re: Timeline–Related Documents re Order on Motion to Compel 558 MOTION for Review of January 16, 2013 Order Precluding Discovery re: Timeline–Related Documents re Order on Motion to Compel 558 569 e–mailed to kdams@toberoffandassociates.com bounced due to The email account that you tried to reach does not exist. Primary e–mail address corrected. Notice of Electronic Filing resent addressed to kgadams@ipwla.com. Pursuant to the General Order and Local Rules it is the attorneys obligation to maintain all personal contact information including e–mail address in the CM/ECF system. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY.(tyw) TEXT ONLY ENTRY (Entered: 02/01/2013) |
| 02/01/2013 | 571 | MINUTE ORDER IN CHAMBERS by Judge Otis D. Wright, II:In light of the recent rulings from the Ninth Circuit and various other appeals still pending beforethe Ninth Circuit, the parties are hereby directed to file a joint status report providing the Court with a concise procedural history of this case and a summary of the current state of affairs in each of the above titled actions no later than 1/25/2013. (see document for specific requirements). (lc) (Entered: 02/01/2013) |
| 02/04/2013 | 573 | NOTICE OF MOTION AND Renewed MOTION for Hearing [Evidentiary] *and Sanctions, including Terminating Sanctions, Appointment of Special Master, and other relief* filed by plaintiff DC Comics. Motion set for hearing on 3/4/2013 at 01:30 PM before Judge Otis D. Wright II. (Petrocelli, Daniel) (Entered: 02/04/2013) |
| 02/04/2013 | 574 | MINUTES (IN CHAMBERS) by Judge by Judge Otis D. Wright, II : ON THE COURTS OWN MOTION, the February 25, 2013 hearing on Defendant DC Comicss Amended Motion for Attorneys Fees 562 is hereby CONTINUED to March 11, 2013, at 1:30 p.m. The briefing schedule shall remain the same. Defendants Opposition therefore remains due no later than February 4, 2013, and DC Comicss Reply (if any) is due no later than February 11, 2013. (lc) (Entered: 02/04/2013) |
| 02/04/2013 | 575 | MINUTE ORDER IN CHAMBERS by Judge Otis D. Wright, II: ON THE COURTS OWN MOTION, the March 4, 2013 hearing on Plaintiff DC Comicss Renewed Motion for Evidentiary Hearing and Sanctions 573 is hereby CONTINUED to March 11, 2013, at 1:30 p.m. Because this motion has already been fully briefed (ECF Nos. 500, 500–1 to 500–15, 504, 510, 51620, 523, 523–1, 52426, 527), the Court will not accept any further briefing on this matter absent leave of Court upon ashowing of good cause. (lc) (Entered: 02/04/2013) |
| 02/04/2013 | 576 | Opposition In Opposition To re: MOTION for Attorney Fees */ Amended Notice of Motion and Motion for Attorneys' Fees Under 17 U.S.C. Section 505 559* MOTION for Attorney Fees */ Amended Notice of Motion and Motion for Attorneys' Fees Under 17 U.S.C. Section 505 559 562* filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Attachments: # 1 Declaration of Keith Adams, # 2 Exhibit A)(Adams, Keith) (Entered: 02/04/2013) |
| 02/04/2013 | 577 | NOTICE OF MOTION AND MOTION for Partial Summary Judgment as to Fourth, Fifth and Sixth Claims for Relief filed by Defendants Laura Siegel Larson(an individual), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel), Mark Warren Peary, Jean Adele Peavy. Motion set for hearing on 3/11/2013 at 01:30 PM before Judge Otis D. Wright II. (Attachments: # 1 Statement of Undisputed Issues and Conclusions of Law, # 2 [Proposed] Order and Statement of Decision)(Adams, Keith) (Entered: 02/05/2013) |
| 02/05/2013 | 578 | DECLARATION of Keith Adams In Support Of MOTION for Partial Summary Judgment as to Fourth, Fifth and Sixth Claims for Relief 577 filed by Defendants |

| | | Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Attachments: #1 Exhibits A–L, #2 Exhibits M–W, #3 Exhibits X–Z, #4 Exhibits AA–FF)(Adams, Keith) (Entered: 02/05/2013) |
|---|---|---|
| 02/07/2013 | 579 | MEMORANDUM in Opposition to MOTION for Review of January 16, 2013 Order Precluding Discovery re: Timeline–Related Documents re Order on Motion to Compel 558 MOTION for Review of January 16, 2013 Order Precluding Discovery re: Timeline–Related Documents re Order on Motion to Compel 558 569 filed by Plaintiff DC Comics. (Attachments: #1 Proposed Order)(Petrocelli, Daniel) (Entered: 02/07/2013) |
| 02/08/2013 | 580 | MINUTES (IN CHAMBERS) by Judge Otis D. Wright, II: Hearing on MOTION for AttorneyFees 559 ; MOTION for Attorney Fees / Amended 562 ; MOTION forReview of January 16, 2013 Order 569 ; MOTION for Hearing [Evidentiary] 573 , scheduled for March 11, 2013 at 1:30 p.m., is hereby VACATED and taken off calendar. No appearances are necessary. The matter stands submitted, and will be decided upon without oral argument. An order will issue. (lc) (Entered: 02/08/2013) |
| 02/08/2013 | 581 | MINUTES (IN CHAMBERS) by Judge Otis D. Wright, II: Hearing on MOTION for PartialSummary Judgment 577 , scheduled for May 14, 2013 at 1:30 p.m., is herebyVACATED and taken off calendar. No appearances are necessary. The matter stands submitted, and will be decided upon without oral argument. An order will issue. (lc) (Entered: 02/08/2013) |
| 02/10/2013 | 582 | REPLY in Support of MOTION for Attorney Fees / Amended Notice of Motion and Motion for Attorneys' Fees Under 17 U.S.C. Section 505 559 MOTION for Attorney Fees / Amended Notice of Motion and Motion for Attorneys' Fees Under 17 U.S.C. Section 505 559 562 filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 02/10/2013) |
| 02/14/2013 | 583 | NOTICE OF RECENT AUTHORITY re MOTION for Partial Summary Judgment as to Fourth, Fifth and Sixth Claims for Relief 577 filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Adams, Keith) (Entered: 02/14/2013) |
| 02/14/2013 | 584 | NOTICE OF MOTION AND MOTION for Leave to Conduct Further Deposition, MOTION to Compel Defendants Marc Toberoff and Mark Warren Peary to Respond to Deposition Questions filed by Plaintiff DC Comics. Motion set for hearing on 3/11/2013 at 10:00 AM before Magistrate Judge Ralph Zarefsky. (Attachments: #1 Proposed Order)(Petrocelli, Daniel) (Entered: 02/14/2013) |
| 02/14/2013 | 585 | JOINT STIPULATION to MOTION for Leave to Conduct Further Deposition MOTION to Compel Defendants Marc Toberoff and Mark Warren Peary to Respond to Deposition Questions 584 filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 02/14/2013) |
| 02/14/2013 | 586 | DECLARATION of Matthew T Kline in support of MOTION for Leave to Conduct Further Deposition MOTION to Compel Defendants Marc Toberoff and Mark Warren Peary to Respond to Deposition Questions 584 filed by Plaintiff DC Comics. (Attachments: #1 Exhibit A, #2 Exhibit B (part 1 of 9), #3 Exhibit B (part 2 of 9), #4 Exhibit B (part 3 of 9), #5 Exhibit B (part 4 of 9), #6 Exhibit B (part 5 of 9), #7 Exhibit B (part 6 of 9), #8 Exhibit B (part 7 of 9), #9 Exhibit B (part 8 of 9), #10 Exhibit B (part 9 of 9), #11 Exhibit C – R, #12 Exhibit S (part 1 of 7), #13 Exhibit S (part 2 of 7), #14 Exhibit S (part 3 of 7), #15 Exhibit S (part 4 of 7), #16 Exhibit S (part 5 of 7), #17 Exhibit S (part 6 of 7), #18 Exhibit S (part 7 of 7), #19 Exhibit T – Y)(Petrocelli, Daniel) (Entered: 02/14/2013) |
| 02/14/2013 | 587 | DECLARATION of Keith G. Adams in opposition to MOTION for Leave to Conduct Further Deposition MOTION to Compel Defendants Marc Toberoff and Mark Warren Peary to Respond to Deposition Questions 584 filed by Defendants Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Petrocelli, Daniel) (Entered: 02/14/2013) |
| 02/15/2013 | 588 | MEMORANDUM in Opposition to MOTION for Partial Summary Judgment as to Fourth, Fifth and Sixth Claims for Relief 577 / ; And DC's Notice Of Motion And Cross–Motion For Judgment On These Same Claims filed by Plaintiff DC Comics. |

| | | (Attachments: # 1 Declaration Of Daniel M. Petrocelli Pursuant To Fed. R. Civ. P. 56(D), # 2 (Proposed) Statement Of Uncontroverted Facts And Conclusions Of Law, # 3 Proposed Order)(Petrocelli, Daniel) (Entered: 02/15/2013) |
|---|---|---|
| 02/15/2013 | 589 | STATEMENT of Genuine Issues Of Material Fact And Response To Defendants' Conclusions Of Law In Opposition To MOTION for Partial Summary Judgment as to Fourth, Fifth and Sixth Claims for Relief 577 filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 02/15/2013) |
| 02/15/2013 | 590 | OBJECTIONS to Motion Related Document 583 / DC Comics' Objection To Defendants' Notice Of Recent Authority Re: Defendants' Motion For Partial Summary Judgment On DC's Fourth, Fifth, and Sixth Claims (Dkt. 577) filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 02/15/2013) |
| 02/20/2013 | 591 | OBJECTION In Support Of re: MOTION for Partial Summary Judgment as to Fourth, Fifth and Sixth Claims for Relief 577 Defendants' Objection to Plaintiff DC Comics' Improper Cross−Motion for Summary Judgment 588 filed by Defendants Laura Siegel Larson, Laura Siegel Larson, Mark Warren Peary, Jean Adele Peavy. (Adams, Keith) (Entered: 02/20/2013) |
| 02/20/2013 | 592 | RESPONSE filed by Plaintiff DC Comicsto Objection/Opposition (Motion related), 591 /Response to Defendants' Objections to DC Comics' Improper Cross−Motion for Summary Judgment (Petrocelli, Daniel) (Entered: 02/20/2013) |
| 02/21/2013 | 593 | ORDER OVERRULING DEFENDANTS OBJECTIONS TO DC COMICS IMPROPER CROSS MOTION FOR SUMMARY JUDGMENT 591 by Judge Otis D. Wright, II. (lc) .Modified on 2/21/2013 (lc). (Entered: 02/21/2013) |
| 02/25/2013 | 594 | MEMORANDUM in Support of MOTION for Leave to Conduct Further Deposition MOTION to Compel Defendants Marc Toberoff and Mark Warren Peary to Respond to Deposition Questions 584 / Supplemental Memorandum in Support of Motion filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 02/25/2013) |
| 02/25/2013 | 595 | REPLY in support of MOTION for Partial Summary Judgment as to Fourth, Fifth and Sixth Claims for Relief 577 filed by Defendants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy, Marc Toberoff. (Attachments: # 1 Reply Statement of Undisputed Facts, # 2 Statement of Genuine Issues in Response to Cross−Motion, # 3 Response to Rule 56(d) Declaration, # 4 Declaration of Pablo D. Arredondo, # 5 Declaration of Ariel Emanuel)(Adams, Keith) (Entered: 02/25/2013) |
| 02/25/2013 | 596 | STATUS REPORT Joint Status Report Re: The Superman and Superboy Cases Pursuant to the Court's February 1, 2013, Orders filed by Plaintiff DC Comics. (Petrocelli, Daniel) (Entered: 02/25/2013) |
| 02/25/2013 | 597 | REPLY in support of MOTION for Review of January 16, 2013 Order Precluding Discovery re: Timeline−Related Documents re Order on Motion to Compel 558 569 filed by Defendants IP Worldwide, LLC, IPW, LLC, Laura Siegel Larson, Laura Siegel Larson, Pacific Pictures Corporation, Mark Warren Peary, Jean Adele Peavy, Marc Toberoff. (Adams, Keith) (Entered: 02/25/2013) |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing was served electronically by the Court's ECF system and by first class mail on those parties not registered for ECF pursuant to the rules of this court. Pursuant to Circuit Rule 31-1, submission of one original and seven copies of the brief was deferred. Pursuant to Circuit Rule 30-1.3, as modified by the Court's recent directives regarding electronic excerpts of record, submission of four paper copies of the excerpts of the record was deferred.

Dated: March 5, 2013      TOBEROFF & ASSOCIATES, P.C.

/s/ Keith G. Adams

Keith G. Adams