Case: 12-57245, 03/06/2013, ID: 8540237, DktEntry: 12-2, Page 1 of 4

1  DANIEL M. PETROCELLI (S.B. #97802)
   dpetrocelli@omm.com
2  MATTHEW T. KLINE (S.B. #211640)
   mkline@omm.com
3  CASSANDRA L. SETO (S.B. #246608)
   cseto@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
5  Los Angeles, CA 90067-6035
   Telephone: (310) 553-6700
6  Facsimile: (310) 246-6779

7  PATRICK T. PERKINS (admitted *pro hac vice*)
   pperkins@ptplaw.com
8  PERKINS LAW OFFICE, P.C.
   1711 Route 9D
9  Cold Spring, NY 10516
   Telephone: (845) 265-2820
10 Facsimile: (845) 265-2819

11 Attorneys for Defendants and Counterclaimant

12
13              **UNITED STATES DISTRICT COURT**
14              **CENTRAL DISTRICT OF CALIFORNIA**
15

16 JOANNE SIEGEL and LAURA          Case No. CV-04-8400 ODW (RZx)
   SIEGEL LARSON,
                                    **SECOND AMENDED**
17         Plaintiffs                **COUNTERCLAIMS**

18                                  The Hon. Otis D. Wright II
       v.
19
   WARNER BROS.
20 ENTERTAINMENT INC., DC
   COMICS, and DOES 1-10,
21
           Defendants
22
23 WARNER BROS
24 ENTERTAINMENT INC, DC
   COMICS, and DOES 1-10
25
26         COUNTERCLAIMANT
27     v.
28 JOANNE SIEGEL and LAURA
   SIEGEL LARSON
       COUNTERDEFENDANTS

**EXHIBIT 1**

SECOND AMENDED
COUNTERCLAIMS



82. Upon information and belief, Siegel, in collaboration with Shuster, prepared the Siegel Superboy Proposals without the prior knowledge or consent of DC Comics' predecessors.

83. Upon further information and belief, Siegel developed the contents of the Siegel Superboy Proposals within the scope of his employment contracts with DC Comics' predecessors and/or at their instance and expense and subject to their right to control.

84. As a result of the foregoing, the Siegel Superboy Proposals were derivative works based upon Superman, prepared without the authorization of the copyright owner, and/or were works made for hire, owned ab initio by the copyright owner in Superman.

85. Whether the Siegel Superboy Proposals were derivative works prepared without the prior authorization of the copyright owner, or were works made for hire, Siegel could not and did not own any copyright interest therein that would be subject to copyright termination pursuant to 17 U.S.C. § 304 (c). Thus, the Superboy Notice is ineffective.

### #5 The Superman Notices Were Not Timely Served

86. Upon information and belief, DC Comics' predecessor in interest first secured copyright in Action Comics No. 1 by publication with copyright notice prior to April 16, 1938.

87. All grants made by Siegel and Shuster or rights in Action Comics No. 1 are still in effect, and all rights under copyright granted therein are still owned exclusively by DC Comics, because the Superman Notices served by the Siegels are ineffective for failure to comply with the legal requirements therefore prescribed by section 304 (c) of the U.S. Copyright Act of 1976, 17 U.S.C. § 304 (c), in that: the "Effective date" of the Superman Notices, namely April 16, 1999, was too late to fall within the required period specified in 17 U.S.C. § 304 (c) (3) and such notices

1  of termination were served less than two years before the allowable effective date in
2  violation of 17 U.S.C. § 304 (c) (4) (A).

3  88.  On information and belief, plaintiffs deny DC Comics' contentions
4  and/or the legal effect ascribed thereto as set forth in paragraphs 66 – 87 above.
5  Accordingly, an actual controversy has arisen and now exists between
6  Plaintiffs/Counterclaim Defendants and DC Comics concerning the above issues.

7  89.  A justiciable controversy exists concerning the above issues and a
8  judicial declaration is necessary and appropriate to determine the parties' respective
9  rights with regard thereto.

## SECOND ALTERNATIVE COUNTERCLAIM FOR DECLARATION THAT ANY CLAIM BY THE SIEGELS FOR CO-OWNERSHIP OF SUPERMAN (INCLUDING ITS DERIVATIVE SUPERBOY) IS BARRED BY THE STATUTE OF LIMITATIONS

90.  DC Comics repeats and realleges paragraphs 1 - 89 above as if fully set forth herein.

91.  Since as early as 1998, Plaintiffs/Counterclaim Defendants were on notice of DC Comics' position that the Superman Notices contained legal defects. Moreover, effective at least as early as April 15, 1999, Plaintiffs/Counterclaim Defendants were on notice that DC Comics rejected the Superman Notices and asserted exclusive ownership of all copyright in Superman.

92.  Since April 16, 1999, the purported effective date of the Superman Notices, Plaintiffs/Counterclaim Defendants have been deprived of the benefits of their purported co-ownership of copyright in Action Comics No. 1.

93.  In response to DC Comics' above actions and assertion and such deprivation to the Siegels of the benefits of their alleged copyright co-ownership, Plaintiffs/Counterclaim Defendants took no action until filing the instant action on October 8, 2004, more than six years after DC Comics advised Plaintiffs/Counterclaim Defendants in writing of defects in the Superman Notices

- 24 -    SECOND AMENDED COUNTERCLAIMS

**EXHIBIT 1**

7.   Awarding DC Comics such other and further relief as may be just.

Dated:   February 17, 2011

Respectfully Submitted,

O'MELVENY & MYERS LLP

By: _____
Daniel M. Petrocelli
Attorneys for Defendants and
Counterclaimant

CC1:844136

**EXHIBIT 1**