1  WEISSMANN WOLFF BERGMAN
     COLEMAN GRODIN & EVALL LLP
2  Michael Bergman (SBN 37797)
   Anjani Mandavia (SBN 94092)
3  9665 Wilshire Boulevard, Ninth Floor
   Beverly Hills, California 90212
4  Telephone: 310-858-7888
   Fax:        310-550-7191
5
   FROSS ZELNICK LEHRMAN & ZISSU, P.C.
6  Roger L. Zissu (Admitted *pro hac vice*)
   866 United Nations Plaza
7  New York, New York 10017
   Telephone: 212-813-5900
8  Fax:        212-813-5901

9  PERKINS LAW OFFICE, P.C.
   Patrick T. Perkins (Admitted *pro hac vice*)
10 1711 Route 9D
   Cold Spring, NY 10516
11 Telephone: 845-265-2820
   Fax:        845-265-2819
12
   Attorneys for Defendants and Counterclaimant

13
14                UNITED STATES DISTRICT COURT

15        CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| JOANNE SIEGEL and LAURA SIEGEL LARSON,<br><br>Plaintiffs,<br><br>vs.<br><br>WARNER BROS. ENTERTAINMENT INC.; TIME WARNER INC.; DC COMICS; and DOES 1-10,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 04-8400 SGL (RZx)<br><br>Hon. Stephen G. Larson, U.S.D.J.<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Defendants' Opposition to Local Rule 56.1 Statement; Declaration of Michael Bergman and exhibits thereto]<br><br>Date: July 23, 2007<br>Time: 10:00 a.m.<br>Place: Courtroom 1 |

**EXHIBIT 2**

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

insurance coverage. (Bergman Decl. Exhs. MM-OO.) By letter dated December 18, 1997, Defendants placed Plaintiffs on notice that they considered the Superman Notices to be defective in several respects. (Bergman Decl. Exh. GG.)

By letter dated April 15, 1999, DC rejected the efficacy of the Superman Notices, including the Notice pertaining to the 1975 Agreement. (Toberoff Decl. Exh. Q.) The same day, DC's president Paul Levitz wrote to Joanne Siegel stating, *inter alia*, that "DC will continue to provide the income and insurance benefits you [sic] that you have been receiving under the [December 23,] 1975 agreement, without prejudice to our rights under that agreement, as long as we all continue to pursue the goal of working together." (Bergman Decl. Exh. P.) As promised, DC has continued to pay, and Joanne Siegel continued to accept the benefits of the 1975 Agreement after April 15, 1999 and to this day. (Levitz Decl. ¶¶ 8-10.)

Moreover, the Superman Notices purport to terminate Siegel's – but not Shuster's – participation in the copyright grants to Detective. (Toberoff Decl. Exhs. G-M, ¶ 2.) Therefore, even if the Superman Notices are effective, DC remains (through Shuster's unterminated interests) a co-owner of the copyrights which are the subject of the Notices, and retains all the rights of a co-owner to exploit those copyrights without being subject to a claim for infringement. Accordingly, in the Superman Action, filed on October 8, 2004,[10] Plaintiffs essentially seek an accounting and a one-half share in the profits from the exploitation of Superman after the effective date of their Notices. (FASMC, ¶¶ 54(c), 57-59, 66-73, 105(d), 106, 108-110.)

Plaintiffs' operative complaint and their present motion cast a wide – and Defendants believe excessive – net with respect to the profits they seek to share: Thus, Plaintiffs allege that they are entitled not only to a share of the profits arising from the domestic exploitation of Superman copyrights, but also to a share of the

---

[10] Plaintiffs' First Amended Complaint in the Superman Action (Bergman Decl. Exh. Q) is hereinafter referenced as the "FASMC."

**EXHIBIT 2**
17

circumstances of the parties' negotiations,[63] particularly since the parties had already previously reached agreement on all material points as documented in the Marks Letter, and were merely going through the later process of refining the provisions of that agreement into a long-form contract. Here, the actions of Plaintiffs' representative, Mr. Marks, objectively support only the conclusion that the parties had reached a deal, that the Schulman Letter was not materially inconsistent with that deal, and that what distinctions did exist would be addressed in the long-form documentation. Accordingly, whether the purportedly "different" terms in the Schulman Letter and the February Draft were material to the parties under the circumstances of this case, or impact in any way on the determination of the earlier formation of their agreement, are questions of fact to be resolved after the taking and weighing of evidence at trial.

\* \* \*

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs motion for partial summary judgment as to DC Comics' Third and Fourth Alternative Counterclaims in this action.

## CONCLUSION

For the reasons set forth herein, Plaintiffs' motion for partial summary judgment should be denied.

DATED: May 29, 2007        Respectfully submitted,

By _/s/ Michael Bergman/_
Michael Bergman
Attorneys for Defendants and Counterclaimant

---

[63] *See, e.g., Inamed, supra,* where the court held that items such as license termination, indemnification, sublicenses, transfer of rights, confidentiality, and dispute resolution were *not material* terms in the context of the parties' negotiations, because they were not the subject of much debate and discussion. 275 F. Supp. 2d at 1122.

**EXHIBIT 2**
85