Appellate Case No. 12-57245

# United States Court of Appeals
# for the Ninth Circuit

DC COMICS,

*Plaintiff – Appellee,*

v.

PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF; MARK WARREN PEARY, as personal representative of the Estate of Joseph Shuster; LAURA SIEGEL LARSON, individually and as personal representative of the Estate of Joanne Siegel; JEAN ADELE PEAVY,

*Defendants – Appellants.*

**Appellants' Reply in Support of Request for Judicial Notice**

Appeal From The United States District Court for the Central District of California,
Case No. CV-10-03633 ODW (RZx), Hon. Otis D. Wright II

TOBEROFF & ASSOCIATES, P.C.
Marc Toberoff (188547)
 *mtoberoff@toberoffandassociates.com*
Keith G. Adams (240497)
 *kadams@toberoffandassociates.com*
22337 Pacific Coast Highway #348
Malibu, California 90265
Telephone:  (310) 246-3333
Facsimile:   (310) 246-3101

*Attorneys for Defendants-Appellants*

DC Comics' opposition (Dkt. 19) to defendants-appellants' request for judicial notice (Dkt. 12) is premised on the fiction that defendants make a "new argument" on appeal not presented to the district court. DC's position in this case is that the 1992 Agreement was somehow intended to revoke Joe Shuster's 1938 Superman grant and other pre-1978 copyright grants on which DC has long relied, even though no one held any statutory termination rights in 1992 as to these grants. Defendants therefore requested judicial notice of two filings by DC from the closely-related *Siegel* litigation to demonstrate that DC continued to rely on Joe Shuster's pre-1978 grants long after the 1992 Agreement was signed, contrary to DC's newfound position. Dkt. 11 at 38, 45.

Defendants presented this argument directly to the district court. *See* ER-95 ("DC *never* claimed that its Superman chain-of-title rested on the flimsy 1992 Agreement, and instead consistently relied on the 1938 Grant and other pre- 1978 agreements DC now argues were supposedly 'revoked.'"); 136 ("The evidence cited by Defendants includes pleadings where DC directly alleges that its chain-of-title to Superman rests on the 1938 Grant and other pre-1978 agreements, while DC makes no mention whatsoever of the 1992 Agreement.").[1]

---

[1] *See also* ER-135 ¶37 ("DC has consistently relied on the 1938 Grant for it chain-of-title to Superman…."), 136 ("DC also cannot dispute that it has always relied on the 1938 Grant as the foundation for its chain-of-title to Superman."), 139-40 ¶40 ("Outside of and before filing this lawsuit in 2010, attacking the 2003 Shuster Termination, DC has not claimed or suggested that the 1992 Agreement revoked or

1

Furthermore, one of the two documents for which judicial notice is requested – DC's Second Amended Counterclaims in *Siegel*, dated February 17, 2011 (Dkt. 12, Ex. 1) – was cited to the district court on this very issue. *See* ER-135 ¶37 (citing counterclaims); ER-549, ¶43 (attaching counterclaims). The other document – DC's opposition to defendants' motion for summary judgment in *Siegel* (Dkt. 12, Ex. 2) – contained similar admissions as in its Second Amended Counterclaims. While DC's 2008 brief was not cited on summary judgment here, it was filed in the related *Siegel* case, before the same district court since 2009, and was directly referenced in defendants' summary judgment motion. ER-1013 ("In 2008, DC admitted, and the *Siegel* Court agreed, that DC co-owns the original Superman copyrights based on Shuster's 1938 Grant, not the 1992 Agreement.").

It is well-settled that the Court may properly take judicial notice of filings by a party in a related litigation, even where there is no indication that the documents were before the district court. *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1137 n.8 (9th Cir. 2012) (taking judicial notice of "certain pleadings and court

---

extinguished the 1938 Grant or any other Superman grants by Joseph Shuster."), 1013 ("DC has relied for decades on Siegel and Shuster's 1938 Grant ….."), 1125 ¶74 ("Prior to filing this lawsuit in 2010, DC never asserted that the 1992 Agreement was the basis for its chain- of-title to Superman."), 1125 ¶75 ("DC admitted, and the Court agreed, that it co-owns the original Superman copyrights based on Shuster's 1938 Grant (not the 1992 Agreement)."), 1218 ("DC's conduct over 18 years demonstrates that it never viewed the 1992 Agreement as the basis for its chain-of-title to Superman."), 1219 ("Moreover, in Siegel, DC admitted, and the Court agreed, that it co-owns the original Superman copyrights based on Shuster's 1938 Grant (not the 1992 Agreement).").

filings in the New York litigation submitted by plaintiffs and Iraq"); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of "briefs," the "transcript," and "other pleadings, memoranda, expert reports, etc." from related litigation); *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice "of pleadings filed in a related state court action" not before the district court).

     DC's citations are inapposite, as the cases largely concern new arguments made for the first time on appeal. *See Miles v. Ryan*, 691 F.3d 1127, 1143 n.19 (9th Cir. 2012) (rejecting "argument" made "for the first time on appeal"); *Ctr. for Bio-Ethical Reform, Inc. v. City & County of Honolulu*, 455 F.3d 910, 919 n.3 (9th Cir. 2006) (refusing to "consider issues for the first time on appeal"); *Moore v. Czerniak*, 574 F.3d 1092, 1115 (9th Cir. 2009) ("[W]e simply decline to base our decision on arguments and theories that the state has never offered …."); *Shotland v. City of Torrance*, 189 Fed. Appx. 615, 616 (9th Cir. 2006) (rejecting "argument" not made to the district court, and refusing to take judicial notice of one of two transcripts from another proceeding, as "[e]ven if we were to take judicial notice of the transcript of the second hearing, it would be next-to useless, for we would not know the evidence upon which the state judge based his ruling"). *See also In re Oracle Secs. Litig.*, 627 F.3d 376, 386 n.1 (9th Cir. 2010) (refusing to take judicial notice of "deposition testimony" as "the content of a deposition is not a clearly

3

established 'fact' of which this panel can take notice"); *Barcamerica Int'l USA Trust v. Tyfield Imps., Inc.*, 289 F.3d 589, 594 (9th Cir. 2002) (striking portions of excerpts of record that "were not filed with the district court").

As defendants argued to the district court that DC relied on Shuster's pre-1978 grants well after the 1992 Agreement, the argument is preserved and Defendants' request for judicial notice should be granted.

| | |
|---|---|
| Dated: March 21, 2013 | TOBEROFF & ASSOCIATES, P.C. |
| | /s/ Keith G. Adams |
| | Keith G. Adams |
| | Attorneys for Defendants-Appellants |

4

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rules of Appellate Procedure 27(d) and 32(a), I certify that Defendants-Appellants' reply brief is proportionately spaced, has a typeface of 14 points or more, and does not exceed 10 pages.

Dated: March 21, 2013        TOBEROFF & ASSOCIATES, P.C.

/s/ Keith G. Adams
Keith G. Adams

Attorneys for Defendants-Appellants

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was served electronically by the Court's ECF system and by first class mail on those parties not registered for ECF pursuant to the rules of this court.

Dated: March 21, 2013          TOBEROFF & ASSOCIATES, P.C.

/s/ Keith G. Adams
Keith G. Adams

Attorneys for Defendants-Appellants