FILED

NOV 21 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

<u>DC Comics v. Pacific Pictures Corp</u>; No. 12-57245

Thomas, Circuit Judge, dissenting:

I respectfully disagree with my colleagues.

1.  The 1992 Agreement could not have affected the statutory right of termination. The Copyright Act of 1976 gave the author of a copyrighted work, or his widow or surviving child, the ability to terminate a grant of copyrights in the author's work executed before January 1, 1978. 17 U.S.C. § 304(c); *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1040 (9th Cir. 2005). Thus, in 1992, no one except the surviving spouse or child could exercise the right of termination. In 1998—six years after the parties executed the agreement at the center of this appeal—Congress extended the termination right to authors' executors, administrators, personal representatives, and trustees. 17 U.S.C. § 304(a)(1)(C)(iii), (d), Pub. L. No. 105-298 (1998). Therefore, at the time the 1992 Agreement was executed, neither Frank nor Jean had the power to exercise the statutory right of termination.

Thus, the question is whether the 1992 Agreement was a novation that validly revoked and re-granted Joe Shuster's 1938 copyright grant. If not, then the agreement is either (1) simply a pension agreement that had no effect on the heirs' later-created statutory termination rights; or (2) an "agreement to the contrary" under 17 U.S.C. § 304(c)(5) because it waives the heirs' termination rights, *see*

Patry on Copyright § 7:46 (stating that section 304(c)(5)'s protection of termination rights "notwithstanding any agreement to the contrary" "is intended to make Congress's intent as clear as humanly possible: an author cannot agree to waive his or her termination right").

  2. Under New York law, proof of a novation requires four elements: "'(1) a previously valid obligation; (2) agreement of all parties to a new contract; (3) extinguishment of the old contract; and (4) a valid new contract.'" *Healy v. Healy*, 594 N.Y.S.2d 90, 91 (N.Y. App. Div. 1993) (quoting *Callanan v. Micheli Contr. Corp.*, 508 N.Y.S.2d 711, 712 (N.Y. App. Div. 1986)); *see also Wasserstrom v. Interstate Litho Corp.*, 495 N.Y.S.2d 217, 219 (N.Y. App. Div. 1985) (stating that these four elements "must be present" to establish a valid novation). In my view, the elements are not satisfied.

  First, there is no indication in the 1992 Agreement that the prior agreement was extinguished by the new agreement. There is no statement to that effect in the 1992 Agreement and, in fact, the prior copyright grant is not referenced at all. Thus, the third element is not satisfied. *See, e.g., First Call Friendly Note Buyers v. McMenamy*, 837 N.Y.S.2d 363, 364 (N.Y.App. Div. 2007) (holding that there was no novation "inasumuch as there is no indication that the original contract was extinguished"); *see also Wasserstrom*, 495 N.Y.S.2d at 219 (noting that allegedly

superseding agreement "makes absolutely no reference to" allegedly superseded agreement "and cannot be considered to have modified it in any way").

Further, this record is not sufficient to establish that Joe Shuster's siblings had the authority in 1992 to revoke and supersede his 1938 copyright grant. At that time, Frank was a third-party beneficiary of Joe's agreement with DC, under which DC agreed to pay Frank certain survivor benefits; Jean was a stranger to that agreement. Jean had identified herself as Joe's executrix and sole heir in state probate court and in her communications with DC, but Joe's estate hadn't been probated, nor had Jean been appointed his executrix. Although title to property transfers to heirs upon death, Cal. Probate Code § 7000, that transfer of title is subject to probate administration, Cal. Probate Code § 7001. In 1992, California law required probate of any estate in which the value of the personal property exceeded $60,000. Cal. Probate Code § 13100 (1992). Under California law, Jean could not dispose of Joe's copyright interests before probate. *See* 14 Witkin, Summary of Cal. Law, Wills § 405 (10th ed. 2005 Probate law). Thus, neither Frank nor Jean had the authority to enter into a novation of the original contract.

Therefore, I conclude that the 1992 Agreement did not effect a valid novation under New York law.

3. Given that the 1992 Agreement had no effect on the statutory right of

termination and did not effect a novation, the statutory right of termination became part of Joe Schuster's estate. The record is not developed fully enough for me to determine what consequences actually flow from that conclusion. It may well be, under California probate law, that the ultimate outcome is unchanged. But on the record before us, and the narrow question presented in this appeal, I must respectfully dissent.