# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

22337 PACIFIC COAST HIGHWAY #348
MALIBU, CALIFORNIA 90265

MARC TOBEROFF*
KEITH G. ADAMS

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

* Also admitted in New York

mtoberoff@ipwla.com

December 18, 2013

**VIA ECF SYSTEM**

Molly Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, California 94103-1518

**Re:** *DC Comics v. Pacific Pictures Corporation, et al.*, No. 12-57245;
November 21, 2013 Memorandum (Dkt. 34-1) and Dissent (Dkt. 34-2)

Dear Ms. Dwyer:

This is to provide notice of errata as to our letter filed on December 13, 2013 requesting publication, pursuant to 9th Circuit Rules 36-4 and 36-2, of the November 21, 2013 Memorandum (Dkt. 34-1) and Dissent (Dkt. 34-2) in the above appeal.

The letter contained a typographical error in referencing the appeal as No. 12-57425, instead of No. 12-57245. This error has been corrected in the letter requesting publication, re-filed with this notice of errata.

Respectfully submitted,

 /s/ Marc Toberoff

Marc Toberoff
TOBEROFF & ASSOCIATES
*Attorneys for Defendants-Appellants*

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

22337 PACIFIC COAST HIGHWAY #348
MALIBU, CALIFORNIA 90265

MARC TOBEROFF*
KEITH G. ADAMS

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

mtoberoff@ipwla.com

* Also admitted in New York

December 13, 2013

**VIA ECF SYSTEM**

Molly Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, California 94103-1518

**Re:** *DC Comics v. Pacific Pictures Corporation, et al.*, No. 12-57245;
November 21, 2013 Memorandum (Dkt. 34-1) and Dissent (Dkt. 34-2)

Dear Ms. Dwyer:

Pursuant to 9th Circuit Rule 36-4, Defendants-Appellants hereby respectfully request that the important Memorandum by Circuit Judge Reinhardt (Dkt. 34-1) accompanied by the separate Dissent by Circuit Judge Thomas (Dkt. 34-2), filed on November 21, 2013 in *DC Comics v. Pacific Pictures Corporation, et al.*, No. 12-57245 (together, the "Disposition") be designated as an Opinion and published.[1]

The reason for designation and publication is that the panel's written disposition satisfies the "Criteria for Publication" set forth in 9th Circuit Rule 36-2 under which "[a] written, reasoned disposition *shall be* designated as an OPINION" (italics added).

This major case concerns the Copyright Act's termination right, 17 U.S.C. §304(d), exercised by the Estate of *Superman's* co-creator, Joseph Shuster. The Memorandum eliminates, over a strong dissent, this critical intellectual property interest of the Estate, and involves important federal issues such as the construction of 17 U.S.C. §304(c)(5) ("Termination of the grant may be effected notwithstanding any agreement to the

---

[1] The Memorandum is a reasoned disposition eight pages in length with long detailed footnotes and numerous legal citations. *See* Dkt 34-1. The four page Dissent is equally analytical and likewise contains numerous legal citations. *See* Dkt. 34-2.

**TOBEROFF & ASSOCIATES, P.C.**

December 13, 2013
Re: *DC Comics v. Pacific Pictures Corporation , et al.*, No. 12-57245
Page: 2 of 3

contrary…"), the Copyright Act's legislative history and Congress' objectives in enacting the remedial termination right. Most importantly the Disposition implicates and construes two on-point decisions of this Court – *Milne v. Stephen Slesinger, Inc.*, 430 F.3d 1036 (9th Cir. 2005) and *Classic Media, Inc. v. Mewborn*, 532 F.3d 978 (9th Cir. 2008). *See* Dkt. 34-2 at 3-7.

In *Milne and Mewborn*, this Court consistently held that where a statutory heir could serve a termination notice but instead uses the "leverage of imminent [termination] vesting to revoke [a] pre-1978 grant and enter into a highly remunerative new grant of the same rights … it [is] tantamount to following the statutory formalities, and achieve[s] the exact policy objectives for which [the termination right] was enacted." *Mewborn*, 532 F.3d at 987, citing *Milne*, 430 F.3d at 1044-45.

*Milne* ruled that Christopher Milne's lucrative post-1978 revocation and regrant, although effectively eliminating the termination right, was not an "agreement to the contrary" under 17 U.S.C. §304(c)(5) because Christopher had used his termination right to re-negotiate the previous copyright grant, thereby achieving "the very result envisioned by Congress when it enacted the termination provisions." 430 F.3d at 1040-41, 1046-48.

Here, the record contained nothing like that. *See* Dkt 34-1. Unlike the agreement in *Milne*, F.3d at 1040, 1044, the 1992 agreement at issue contained no language revoking Shuster's Superman grants, nor re-granting the author's copyrights. *See* Dkt. 34-1 at 4; Dkt. 34-2 at 2. The Disposition nonetheless held, citing *Milne*, that a standard release and quitclaim in DC's 1992 pension agreement with Shuster's siblings, who have never held termination rights, impliedly eliminated the termination rights of his subsequently probated Estate under the 1998 CTEA. *Id.* at 4-6; §17 U.S.C. § 304(c)(2). The Disposition further held that the 1992 agreement, as so construed, was not "'an agreement to the contrary' within the meaning of 17 U.S.C.§ 304(c)(5)" (Dkt. 34-1 at 5) even though, as pointed out in Judge Thomas' dissent, no one in 1992 "had the power to exercise the statutory right of termination." Dkt. 34-2 at 1.

Accordingly, the Disposition plainly "alters, modifies or clarifies" the carefully circumscribed rule of federal law articulated in *Milne* and *Mewborn* regarding 17 U.S.C. §304(c)(5). 9th Cir. Rule 36-2 ("A written reasoned disposition shall be designated as an OPINION if it: (a) Establishes, alters, modifies or clarifies a rule of federal law…").

The Disposition should be designated as an Opinion because it also involves "a legal or factual issue of unique interest or substantial public importance." 9th Cir. Rule 36-2 (d).

**TOBEROFF & ASSOCIATES, P.C.**

December 13, 2013
Re: *DC Comics v. Pacific Pictures Corporation , et al.*, No. 12-57245
Page: 3 of 3

It is well known that Congress enacted the termination right "to benefit authors and their heirs" and that it is of exceptional importance to our creative community. *Mewborn,* 532 F.3d at 982. Together with the related case, *Laura Siegel Larson v. Warner Bros. Entertainment Inc.* (C.D. Cal. No. 04-CV-8400) concerning the parallel termination right of *Superman* co-creator, Jerome Siegel, these oft-cited "Superman cases" have resulted in multiple published opinions[2] and garnered tremendous attention in other court decisions, secondary legal sources (*e.g.*, *Nimmer on Copyright* and *Patry on Copyright*) dozens of law review articles and the media.

Finally, the Disposition should also be designated as an Opinion because it endorses "the published opinion by a lower court" (9th Cir. Rule 36-2 (e)), namely *DC Comics v. Pacific Pictures Corp.*, 2012 WL 4936588; 104 U.S.P.Q.2d 1596 (C.D. Cal. 2012).

Thank-you for considering this request.

Respectfully submitted,

/s/ Marc Toberoff

Marc Toberoff
TOBEROFF & ASSOCIATES
*Attorneys for Defendants-Appellants*

---

[2] *See e.g.*, *DC Comics v. Pacific Pictures Corp.,* 706 F.3d 1009 (9th Cir. 2013); *DC Comics v. Pacific Pictures Corp.*, 2012 WL 4936588 (C.D. Cal. 2012); *Siegel v. Warner Bros. Ent't Inc.*, 648 F. Supp.2d 1036 (C.D. Cal. 2009); *Siegel v. Warner Bros. Ent't Inc.*, 690 F. Supp.2d 1048 (C.D. Cal. 2009); *Siegel v. Warner Bros. Ent't Inc.*, 542 F. Supp.2d 1098 (C.D. Cal. 2008); *Siegel v. Warner Bros. Ent't Inc.*, 581 F. Supp.2d 1067 (C.D. Cal. 2008); *Siegel v. Warner Bros. Ent't Inc.*, 590 F. Supp.2d 1048 (C.D. Cal. 2007).

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing letters to the Clerk of Court, United States Court of Appeals for the Ninth Circuit, were served electronically by the Court's ECF system, and by first class mail on those parties not registered for ECF, pursuant to the rules of this Court.

Dated: December 18, 2013    TOBEROFF & ASSOCIATES, P.C.

                                              /s/ Marc Toberoff
                                                  Marc Toberoff